Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No & Email Address
Kevin T. Simon 180967
21241 Ventura Blvd
Suite 253
Woodland Hills, CA 91364
kevin@ktsimonlaw.com
(818)783-1674 Fax (818)783-6253
180967 CA
kevin@ktsimonlaw.com

☐ Individual appearing without attorney
☑ *Attorney for Debtor*

FOR COURT USE ONLY

FILED
FEB 19 2025
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: Deputy Clerk

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

In re

Douglas Alan Wain
Elisa Wain

Debtor(s)

CASE NO 1:24-bk-11814-MB

CHAPTER 13

**SUMMARY OF AMENDED SCHEDULES, MASTER MAILING LIST, AND/OR STATEMENTS**
**[LBR 1007-1(c)]**

A filing fee is required to amend Schedules D, or E/F (see Abbreviated Fee Schedule on the Court's website www.cacb.uscourts.gov). A supplemental master mailing list (do not repeat any creditors on the original) is also required as an attachment if creditors are being added to the Schedule D or E/F
Are one or more creditors being added? ☐ Yes ☑ No

The following schedules, master mailing list or statements (check all that apply) are being amended.

☑ Schedule A/B ☑ Schedule C ☐ Schedule D ☐ Schedule E/F ☐ Schedule G
☐ Schedule H ☐ Schedule I ☐ Schedule J ☐ Schedule J-2 ☐ Statement of Financial Affairs
☐ Statement About Your Social Security Number(s) ☐ Statement of Intentions ☐ Master Mailing List
☑ Other *(specify)* Official Form 122C-1 & 122C-2

I/we declare under penalty of perjury under the laws of the United States that the amended schedules, master mailing list, and or statements are true and correct.

Date December 30, 2024

Douglas Alan Wain
Debtor 1 Signature

Elisa Wain
Debtor 2 (Joint Debtor) Signature (if applicable)

***NOTE*:** It is the responsibility of the Debtor, or the Debtor's attorney, to serve copies of all amendments on all creditors listed in this Summary of Amended Schedules, Master Mailing List, and/or Statements, and to complete and file the attached Proof of Service of Document

**Fill in this information to identify your case and this filing:**

| | | | |
|---|---|---|---|
| Debtor 1 | Douglas Alan Wain | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | Elisa Wain | | |
| | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | 1:24-bk-11814-MB | | |

■ Check if this is an amended filing

# Official Form 106A/B
# Schedule A/B: Property

12/15

**In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

## Part 1: Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

**1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

■ No. Go to Part 2.

☐ Yes. Where is the property?

## Part 2: Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

**3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No

■ Yes

3.1 Make: Hyundai
Model: Elantra
Year: 2017
Approximate mileage: 113,579
Other information:

**Who has an interest in the property?** Check one
☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

■ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| **Current value of the entire property?** | **Current value of the portion you own?** |
|---|---|
| $7,500.00 | $7,500.00 |

3.2 Make: Hyundai
Model: Tucson
Year: 2017
Approximate mileage: 86,824
Other information:

**Who has an interest in the property?** Check one
☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

■ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| **Current value of the entire property?** | **Current value of the portion you own?** |
|---|---|
| $9,500.00 | $9,500.00 |

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No
☐ Yes

**5 Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here............................................................................=>** $17,000.00

**Part 3: Describe Your Personal and Household Items**

**Do you own or have any legal or equitable interest in any of the following items?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**6. Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
■ Yes. Describe.....

Furnitiure and Appliance — $600.00

**7. Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
☐ No
■ Yes. Describe.....

Misc. Electronics — $400.00

**8. Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
■ No
☐ Yes. Describe.....

**9. Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
■ No
☐ Yes. Describe.....

**10. Firearms**
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
■ No
☐ Yes. Describe.....

**11. Clothes**
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
☐ No
■ Yes. Describe.....

Clothing — $300.00

**12. Jewelry**
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
■ No
☐ Yes. Describe.....

Debtor 1 Douglas Alan Wain
Debtor 2 Elisa Wain
Case number *(if known)* 1:24-bk-11814-MB

**13. Non-farm animals**
*Examples:* Dogs, cats, birds, horses

■ No
☐ Yes. Describe.....

**14. Any other personal and household items you did not already list, including any health aids you did not list**

■ No
☐ Yes. Give specific information.....

**15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ............ $1,300.00

**Part 4: Describe Your Financial Assets**

**Do you own or have any legal or equitable interest in any of the following?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**16. Cash**
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

■ No
☐ Yes............

**17. Deposits of money**
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No
■ Yes........................ Institution name:

| | | Institution name | Current value |
|---|---|---|---|
| 17.1. | Checking | Bank of America | $8,584.00 |
| 17.2. | Brokerage | Charles Schwab | $10,000.00 |
| 17.3. | Brokerage | Vanguard | $10,997.00 |

**18. Bonds, mutual funds, or publicly traded stocks**
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

☐ No
■ Yes.................. Institution or issuer name:

| Institution or issuer name | Current value |
|---|---|
| Merrill Lynch | $46,000.00 |
| PNC Bank | $287,000.00 |

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

■ No
☐ Yes. Give specific information about them..................
Name of entity: % of ownership:

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

■ No
☐ Yes. Give specific information about them

Debtor 1 Douglas Alan Wain
Debtor 2 Elisa Wain

Case number *(if known)* 1:24-bk-11814-MB

Issuer name:

21. **Retirement or pension accounts**
*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
☐ No
■ Yes. List each account separately.

| Type of account: | Institution name: | |
|---|---|---|
| Pension | KTRA | $21,849.00 |

22. **Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
■ No
☐ Yes. .................... Institution name or individual:

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
■ No
☐ Yes............ Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
■ No
☐ Yes............ Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
☐ No
■ Yes. Give specific information about them...

| | |
|---|---|
| Elisa Wain potential beneficiary of a living trust<br>Value Unknown | Unknown |

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
■ No
☐ Yes. Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
■ No
☐ Yes. Give specific information about them...

**Money or property owed to you?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

28. **Tax refunds owed to you**
■ No
☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

29. **Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
■ No
☐ Yes. Give specific information......

Debtor 1 Douglas Alan Wain
Debtor 2 Elisa Wain
Case number *(if known)* 1:24-bk-11814-MB

**30. Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else

■ No
☐ Yes. Give specific information..

**31. Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☐ No
■ Yes. Name the insurance company of each policy and list its value.

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| Mutual of Omaha Term Life Policy (No Cash Value) | | $0.00 |

**32. Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

■ No
☐ Yes. Give specific information..

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

☐ No
■ Yes. Describe each claim.........

| | |
|---|---|
| Douglas and Elisa Wain vs. Moskvich, Central Bank and Trust et.al.; Case No. 23-CI-00097; Complaint for Damages | Unknown |
| Douglas and Elisa Wain vs. Moskvich, Central Bank and Trust et.al.; Case No. 23-CI-00097; Appeal | Unknown |
| Douglas and Elisa Wain vs. Central Bank and Trust; Case No. 5:23-cv-00139-REW-MAS; Fair Credit Reporting Act Claim | Unknown |
| Douglas and Elisa Wain vs. Central Bank and Trust et. al.; Case No. 2024-CA-0730-OA; Writ of Mandamus Judge Disqualification | Unknown |
| Douglas and Elisa Wain vs. Central Bank and Trust et. al.; Case No. 2024-CA-850-OA; Writ of Mandamus Compel Order of Satisfaction | Unknown |
| Douglas and Elisa Wain vs. Central Bank and Trust et. al.; Case No. 2024-CA-1090-OA; Writ of Mandamus Compel Conflict of Interest Disclosure | Unknown |
| Douglas and Elisa Wain vs. Central Bank and Trust et. al.; Case No. 2024-sc-0505; Motion For Emergency Relief | Unknown |

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

☐ No
■ Yes. Describe each claim.........

Debtor 1 Douglas Alan Wain
Debtor 2 Elisa Wain

Case number *(if known)* 1:24-bk-11814-MB

| | |
|---|---|
| Central Bank and Trust vs. Douglas and Elisa Wain; Case No. 19-CI-0812; Counterclaim | Unknown |

**35. Any financial assets you did not already list**

■ No
☐ Yes. Give specific information..

**36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here** ........ $384,430.00

**Part 5: Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.**

**37. Do you own or have any legal or equitable interest in any business-related property?**

■ No. Go to Part 6.
☐ Yes. Go to line 38.

**Part 6: Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.**
If you own or have an interest in farmland, list it in Part 1.

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

■ No. Go to Part 7.
☐ Yes. Go to line 47.

**Part 7: Describe All Property You Own or Have an Interest In That You Did Not List Above**

**53. Do you have other property of any kind you did not already list?**
*Examples:* Season tickets, country club membership

■ No
☐ Yes. Give specific information.........

**54. Add the dollar value of all of your entries from Part 7. Write that number here** ........ $0.00

**Part 8: List the Totals of Each Part of this Form**

| | | | | |
|---|---|---|---|---|
| 55. | **Part 1: Total real estate, line 2** ........ | | | $0.00 |
| 56. | **Part 2: Total vehicles, line 5** | $17,000.00 | | |
| 57. | **Part 3: Total personal and household items, line 15** | $1,300.00 | | |
| 58. | **Part 4: Total financial assets, line 36** | $384,430.00 | | |
| 59. | **Part 5: Total business-related property, line 45** | $0.00 | | |
| 60. | **Part 6: Total farm- and fishing-related property, line 52** | $0.00 | | |
| 61. | **Part 7: Total other property not listed, line 54** | + $0.00 | | |
| 62. | **Total personal property.** Add lines 56 through 61... | $402,730.00 | Copy personal property total | $402,730.00 |
| 63. | **Total of all property on Schedule A/B.** Add line 55 + line 62 | | | $402,730.00 |

Please See Attachment

**Fill in this information to identify your case:**

Debtor 1: Douglas Alan Wain
First Name / Middle Name / Last Name

Debtor 2 (Spouse if, filing): Elisa Wain
First Name / Middle Name / Last Name

United States Bankruptcy Court for the: CENTRAL DISTRICT OF CALIFORNIA

Case number (if known): 1:24-bk-11814-MB

■ Check if this is an amended filing

# Official Form 106C

## Schedule C: The Property You Claim as Exempt

4/22

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

### Part 1: Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ■ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| 2017 Hyundai Elantra 113,579 miles<br>Line from *Schedule A/B*: 3.1 | $7,500.00 | ■ $7,500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(2) |
| 2017 Hyundai Tucson 86,824 miles<br>Line from *Schedule A/B*: 3.2 | $9,500.00 | ■ $9,500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(5) |
| Furnitiure and Appliance<br>Line from *Schedule A/B*: 6.1 | $600.00 | ■ $600.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(3) |
| Misc. Electronics<br>Line from *Schedule A/B*: 7.1 | $400.00 | ■ $400.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(3) |
| Clothing<br>Line from *Schedule A/B*: 11.1 | $300.00 | ■ $300.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(3) |

Debtor 1 Douglas Alan Wain
Debtor 2 Elisa Wain

Case number (if known) 1:24-bk-11814-MB

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| Checking: Bank of America<br>Line from *Schedule A/B*: 17.1 | $8,584.00 | ■ $8,584.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(5) |
| Brokerage: Charles Schwab<br>Line from *Schedule A/B*: 17.2 | $10,000.00 | ■ $10,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(5) |
| Brokerage: Vanguard<br>Line from *Schedule A/B*: 17.3 | $10,997.00 | ■ $5,566.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(5) |
| Pension: KTRA<br>Line from *Schedule A/B*: 21.1 | $21,849.00 | ■ $21,849.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(10)(E) |
| Elisa Wain potential beneficiary of a living trust<br>Value Unknown<br>Line from *Schedule A/B*: 25.1 | Unknown | ■ $0.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(5) |

3. **Are you claiming a homestead exemption of more than $189,050?**
(Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.)

■ No

☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

☐ No

☐ Yes

**Fill in this information to identify your case:**

Debtor 1: Douglas Alan Wain

Debtor 2 (Spouse, if filing): Elisa Wain

United States Bankruptcy Court for the: Central District of California

Case number (if known): 1:24-bk-11814-MB

**Check as directed in lines 17 and 21:**

According to the calculations required by this Statement:

☐ 1. Disposable income is not determined under 11 U.S.C. § 1325(b)(3).

■ 2. Disposable income is determined under 11 U.S.C. § 1325(b)(3).

☐ 3. The commitment period is 3 years.

■ 4. The commitment period is 5 years.

■ Check if this is an amended filing

Official Form 122C-1

# Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period

10/19

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).**

## Part 1: Calculate Your Average Monthly Income

1. **What is your marital and filing status?** Check one only.

☐ **Not married.** Fill out Column A, lines 2-11.

■ **Married.** Fill out both Columns A and B, lines 2-11.

**Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case.** 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | | *Column A* Debtor 1 | *Column B* Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ 0.00 | $ 7,682.68 |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ 0.00 | $ 0.00 |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Do not include payments from a spouse. Do not include payments you listed on line 3. | $ 0.00 | $ 0.00 |
| 5. | **Net income from operating a business, profession, or farm** — Debtor 1 | | |
| | Gross receipts (before all deductions) $ 0.00 | | |
| | Ordinary and necessary operating expenses -$ 0.00 | | |
| | Net monthly income from a business, profession, or farm $ 0.00 Copy here -> | $ 0.00 | $ 0.00 |
| 6. | **Net income from rental and other real property** — Debtor 1 | | |
| | Gross receipts (before all deductions) $ 0.00 | | |
| | Ordinary and necessary operating expenses -$ 0.00 | | |
| | Net monthly income from rental or other real property $ 0.00 Copy here -> | $ 0.00 | $ 0.00 |

Debtor 1 Douglas Alan Wain
Debtor 2 Elisa Wain

Case number (*if known*) 1:24-bk-11814-MB

| | Column A Debtor 1 | Column B Debtor 2 or non-filing spouse |
|---|---|---|
| 7. **Interest, dividends, and royalties** | $ 0.00 | $ 0.00 |
| 8. **Unemployment compensation** | $ 0.00 | $ 0.00 |

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

For you $ 1,624.00

For your spouse $ 0.00

| | Column A | Column B |
|---|---|---|
| 9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. Also, except as stated in the next sentence, do not include any compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If you received any retired pay paid under chapter 61 of title 10, then include that pay only to the extent that it does not exceed the amount of retired pay to which you would otherwise be entitled if retired under any provision of title 10 other than chapter 61 of that title. | $ 0.00 | $ 2,653.71 |
| 10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act; payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism; or compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If necessary, list other sources on a separate page and put the total below. | | |
| | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| Total amounts from separate pages, if any. | + $ 0.00 | $ 0.00 |

11. **Calculate your total average monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B. $ 0.00 + $ 10,336.39 = $ 10,336.39 (Total average monthly income)

## Part 2: Determine How to Measure Your Deductions from Income

12. **Copy your total average monthly income from line 11.** $ 10,336.39

13. **Calculate the marital adjustment.** Check one:

- ☐ You are not married. Fill in 0 below.
- ■ You are married and your spouse is filing with you. Fill in 0 below.
- ☐ You are married and your spouse is not filing with you.

Fill in the amount of the income listed in line 11, Column B, that was NOT regularly paid for the household expenses of you or your dependents, such as payment of the spouse's tax liability or the spouse's support of someone other than you or your dependents.

Below, specify the basis for excluding this income and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page.

If this adjustment does not apply, enter 0 below.

$ ______
$ ______
+$ ______

Total $ 0.00 Copy here=> - 0.00

14. **Your current monthly income.** Subtract line 13 from line 12. $ 10,336.39

15. **Calculate your current monthly income for the year.** Follow these steps:

15a. Copy line 14 here=> $ 10,336.39

Debtor 1 Douglas Alan Wain
Debtor 2 Elisa Wain
Case number (if known) 1:24-bk-11814-MB

Multiply line 15a by 12 (the number of months in a year). x 12

15b. The result is your current monthly income for the year for this part of the form. $ 124,036.68

16 **Calculate the median family income that applies to you.** Follow these steps:

16a. Fill in the state in which you live. CA

16b. Fill in the number of people in your household. 2

16c. Fill in the median family income for your state and size of household. $ 96,600.00

To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

17 **How do the lines compare?**

17a ☐ Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined under 11 U.S.C. § 1325(b)(3)*. **Go to Part 3.** Do NOT fill out *Calculation of Your Disposable Income* (Official Form 122C-2).

17b ■ Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under 11 U.S.C. § 1325(b)(3)*. **Go to Part 3 and fill out Calculation of Your Disposable Income (Official Form 122C-2).** On line 39 of that form, copy your current monthly income from line 14 above.

## Part 3: Calculate Your Commitment Period Under 11 U.S.C. § 1325(b)(4)

18. **Copy your total average monthly income from line 11 .** $ 10,336.39

19 **Deduct the marital adjustment if it applies.** If you are married, your spouse is not filing with you, and you contend that calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your spouse's income, copy the amount from line 13.

19a. If the marital adjustment does not apply, fill in 0 on line 19a. -$ 0.00

19b. **Subtract line 19a from line 18.** $ 10,336.39

20. **Calculate your current monthly income for the year.** Follow these steps:

20a. Copy line 19b $ 10,336.39

Multiply by 12 (the number of months in a year). x 12

20b. The result is your current monthly income for the year for this part of the form $ 124,036.68

20c. Copy the median family income for your state and size of household from line 16c $ 96,600.00

21. **How do the lines compare?**

☐ Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 3, *The commitment period is 3 years*. Go to Part 4.

■ Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 4, *The commitment period is 5 years*. Go to Part 4.

## Part 4: Sign Below

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

X [signature]
Douglas Alan Wain
Signature of Debtor 1

Date December 30, 2024
MM / DD / YYYY

X [signature]
Elisa Wain
Signature of Debtor 2

Date December 30, 2024
MM / DD / YYYY

If you checked 17a, do NOT fill out or file Form 122C-2.

Debtor 1 Douglas Alan Wain
Debtor 2 Elisa Wain
Case number (*if known*) 1:24-bk-11814-MB

If you checked 17b, fill out Form 122C-2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

**Fill in this information to identify your case:**

Debtor 1 Douglas Alan Wain

Debtor 2 Elisa Wain
(Spouse, if filing)

United States Bankruptcy Court for the: Central District of California

Case number 1:24-bk-11814-MB
(if known)

■ Check if this is an amended filing

Official Form 122C-2

# Chapter 13 Calculation of Your Disposable Income

04/22

**To fill out this form, you will need your completed copy of *Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period* (Official Form 122C-1).**

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form, Include the line number to which additional information applies. On the top any additional pages, write your name and case number (if known).**

## Part 1: Calculate Your Deductions from Your Income

**The Internal Revenue Service (IRS) issues National and Local Standards for certain expense amounts. Use these amounts to answer the the questions in lines 6-15. To find the IRS standards, go online using the link specified in the separate instructions for this form. This information may also be available at the bankruptcy clerk's office.**

Deduct the expense amounts set out in lines 6-15 regardless of your actual expense. In later parts of the form, you will use some of your actual expenses if they are higher than the standards. Do not include any operating expenses that you subtracted from income in lines 5 and 6 of Form 122C–1, and do not deduct any amounts that you subtracted from your spouse's income in line 13 of Form 122C–1.

If your expenses differ from month to month, enter the average expense.

Note: Line numbers 1-4 are not used in this form. These numbers apply to information required by a similar form used in chapter 7 cases.

5. **The number of people used in determining your deductions from income**

   Fill in the number of people who could be claimed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. This number may be different from the number of people in your household. **2**

**National Standards** You must use the IRS National Standards to answer the questions in lines 6-7.

6. **Food, clothing, and other items:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for food, clothing, and other items. $ 1,411.00

7. **Out-of-pocket health care allowance:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for out-of-pocket health care. The number of people is split into two categories--people who are under 65 and people who are 65 or older--because older people have a higher IRS allowance for health car costs. If your actual expenses are higher than this IRS amount, you may deduct the additional amount on line 22.

Debtor 1 Douglas Alan Wain
Debtor 2 Elisa Wain

Case number (*if known*) 1:24-bk-11814-MB

**People who are under 65 years of age**

7a. Out-of-pocket health care allowance per person $ 83

7b. Number of people who are under 65 X 2

7c. **Subtotal.** Multiply line 7a by line 7b. $ 166.00 **Copy here=>** $ 166.00

**People who are 65 years of age or older**

7d. Out-of-pocket health care allowance per person $ 158

7e. Number of people who are 65 or older X 0

7f. Subtotal. Multiply line 7d by line 7e. $ 0.00 **Copy here=>** $ 0.00

7g. **Total.** Add line 7c and line 7f $ 166.00 **Copy total here=>** $ 166.00

**Local Standards** You must use the IRS Local Standards to answer the questions in lines 8-15.

**Based on information from the IRS, the U.S. Trustee Program has divided the IRS Local Standard for housing for bankruptcy purposes into two parts:**

- **Housing and utilities - Insurance and operating expenses**
- **Housing and utilities - Mortgage or rent expenses**

**To answer the questions in lines 8-9, use the U.S. Trustee Program chart. To find the chart, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.**

8. **Housing and utilities - Insurance and operating expenses:** Using the number of people you entered in line 5, fill in the dollar amount listed for your county for insurance and operating expenses. $ 769.00

9. **Housing and utilities - Mortgage or rent expenses:**

9a. Using the number of people you entered in line 5, fill in the dollar amount listed for your county for mortgage or rent expenses. $ 2,610.00

9b. Total average monthly payment for all mortgages and other debts secured by your home.

To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Next divide by 60.

| Name of the creditor | Average monthly payment |
|---|---|
| -NONE- | $ |

9b. Total average monthly payment $ 0.00 **Copy here=>** -$ 0.00 Repeat this amount on line 33a.

9c. Net mortgage or rent expense.

Subtract line 9b (*total average monthly payment*) from line 9a (*mortgage or rent expense*). If this number is less than $0, enter $0. $ 2,610.00 **Copy here=>** $ 2,610.00

10. **If you claim that the U.S. Trustee Program's division of the IRS Local Standard for housing is incorrect and affects the calculation of your monthly expenses, fill in any additional amount you claim.** $ 0.00

Explain why: ________

Debtor 1 Douglas Alan Wain
Debtor 2 Elisa Wain

Case number (*if known*) 1:24-bk-11814-MB

11. **Local transportation expenses:** Check the number of vehicles for which you claim an ownership or operating expense.

☐ 0. Go to line 14.

■ 1. Go to line 12.

☐ 2 or more. Go to line 12.

12. **Vehicle operation expense:** Using the IRS Local Standards and the number of vehicles for which you claim the operating expenses, fill in the *Operating Costs* that apply for your Census region or metropolitan statistical area. $ 331.00

13. **Vehicle ownership or lease expense:** Using the IRS Local Standards, calculate the net ownership or lease expense for each vehicle below. You may not claim the expense if you do not make any loan or lease payments on the vehicle. In addition, you may not claim the expense for more than two vehicles.

**Vehicle 1** **Describe Vehicle 1:**

13a. Ownership or leasing costs using IRS Local Standard.................................................. $ 0.00

13b. Average monthly payment for all debts secured by Vehicle 1.
Do not include costs for leased vehicles.

To calculate the average monthly payment here and on line 13e, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

| Name of each creditor for Vehicle 1 | Average monthly payment |
|---|---|
| -NONE- | $ |

Total Average Monthly Payment $ 0.00 **Copy here =>** -$ 0.00 Repeat this amount on line 33b.

13c. Net Vehicle 1 ownership or lease expense
Subtract line 13b from line 13a. if this number is less than $0, enter $0. .................... $ 0.00 **Copy net Vehicle 1 expense here =>** $ 0.00

**Vehicle 2** **Describe Vehicle 2:**

13d. Ownership or leasing costs using IRS Local Standard.................................................. $ 0.00

13e. Average monthly payment for all debts secured by Vehicle 2. Do not include costs for leased vehicles.

| Name of each creditor for Vehicle 2 | Average monthly payment |
|---|---|
| | $ |

Total average monthly payment $ **Copy here =>** -$ 0.00 Repeat this amount on line 33c.

13f. Net Vehicle 2 ownership or lease expense
Subtract line 13e from line 13d. if this number is less than $0, enter $0. ....................... $ 0.00 **Copy net Vehicle 2 expense here =>** $ 0.00

14. **Public transportation expense: If you claimed 0 vehicles in line 11, using the IRS Local Standards, fill in the *Public Transportation* expense allowance regardless of whether you use public transportation.** $ 0.00

15. **Additional public transportation expense:** If you claimed 1 or more vehicles in line 11 and if you claim that you may also deduct a public transportation expense, you may fill in what you believe is the appropriate expense, but you may not claim more than the IRS Local Standard for *Public Transportation*. $ 0.00

Debtor 1 Douglas Alan Wain
Debtor 2 Elisa Wain
Case number (*if known*) 1:24-bk-11814-MB

**Other Necessary Expenses** In addition to the expense deductions listed above, you are allowed your monthly expenses for the following IRS categories.

16. **Taxes:** The total monthly amount that you will actually pay for federal, state and local taxes, such as income taxes, self-employment taxes, social security taxes, and Medicare taxes. You may include the monthly amount withheld from your pay for these taxes. However, if you expect to receive a tax refund, you must divide the expected refund by 12 and subtract that number from the total monthly amount that is withheld to pay for taxes.
Do not include real estate, sales, or use taxes. $ 1,526.09

17. **Involuntary deductions:** The total monthly payroll deductions that your job requires, such as retirement contributions, union dues, and uniform costs.
Do not include amounts that are not required by your job, such as voluntary 401(k) contributions or payroll savings. $ 0.00

18. **Life Insurance:** The total monthly premiums that you pay for your own term life insurance. If two married people are filing together, include payments that you make for your spouse's term life insurance.
Do not include premiums for life insurance on your dependents, for a non-filing spouse's life insurance, or for any form of life insurance other than term. $ 0.00

19. **Court-ordered payments:** The total monthly amount that you pay as required by the order of a court or administrative agency, such as spousal or child support payments.
Do not include payments on past due obligations for spousal or child support. You will list these obligations in line 35. $ 0.00

20. **Education:** The total monthly amount that you pay for education that is either required:
■ as a condition for your job, or
■ for your physically or mentally challenged dependent child if no public education is available for similar services. $ 0.00

21. **Childcare:** The total monthly amount that you pay for childcare, such as babysitting, daycare, nursery, and preschool.
Do not include payments for any elementary or secondary school education. $ 0.00

22. **Additional health care expenses, excluding insurance costs:** The monthly amount that you pay for health care that is required for the health and welfare of you or your dependents and that is not reimbursed by insurance or paid by a health savings account. Include only the amount that is more than the total entered in line 7.
Payments for health insurance or health savings accounts should be listed only in line 25. $ 234.00

23. **Optional telephone and telephone services:** The total monthly amount that you pay for telecommunication services for you and your dependents, such as pagers, call waiting, caller identification, special long distance, or business cell phone service, to the extent necessary for your health and welfare or that of your dependents or for the production of income, if it is not reimbursed by your employer.
Do not include payments for basic home telephone, internet and cell phone service. Do not include self-employment expenses, such as those reported on line 5 of Official Form 122C-1, or any amount you previously deducted. +$ 0.00

24. **Add all of the expenses allowed under the IRS expense allowances.**
Add lines 6 through 23. $ 7,047.09

**Additional Expense Deductions** These are additional deductions allowed by the Means Test.
*Note:* Do not include any expense allowances listed in lines 6-24.

25. **Health insurance, disability insurance, and health savings account expenses.** The monthly expenses for health insurance, disability insurance, and health savings accounts that are reasonably necessary for yourself, your spouse, or your dependents.

| | | |
|---|---|---|
| Health insurance | $ 827.99 | |
| Disability insurance | $ 0.00 | |
| Health savings account | + $ 0.00 | |
| Total | $ 827.99 | Copy total here=> $ 827.99 |

Do you actually spend this total amount?
☐ No. How much do you actually spend? $
■ Yes

26. **Continuing contributions to the care of household or family members.** The actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. These expenses may include contributions to an account of a qualified ABLE program. 26 U.S.C. § 529A(b) $ 0.00

27. **Protection against family violence.** The reasonably necessary monthly expenses that you incur to maintain the safety of you and your family under the Family Violence Prevention and Services Act or other federal laws that apply.
By law, the court must keep the nature of these expenses confidential. $ 0.00

Debtor 1 Douglas Alan Wain
Debtor 2 Elisa Wain
Case number (*if known*) 1:24-bk-11814-MB

28. **Additional home energy costs.** Your home energy costs are included in your insurance and operating expenses on line 8.

If you believe that you have home energy costs that are more than the home energy costs included in expenses on line 8, then fill in the excess amount of home energy costs

You must give your case trustee documentation of your actual expenses, and you must show that the additional amount claimed is reasonable and necessary. $ 0.00

29. **Education expenses for dependent children who are younger than 18.** The monthly expenses (not more than $189.58* per child) that you pay for your dependent children who are younger than 18 years old to attend a private or public elementary or secondary school.

You must give your case trustee documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in lines 6-23.

* Subject to adjustment on 4/01/25, and every 3 years after that for cases begun on or after the date of adjustment. $ 0.00

30. **Additional food and clothing expense.** The monthly amount by which your actual food and clothing expenses are higher than the combined food and clothing allowances in the IRS National Standards. That amount cannot be more than 5% of the food and clothing allowances in the IRS National Standards.

To find a chart showing the maximum additional allowance, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.

You must show that the additional amount claimed is reasonable and necessary. $ 0.00

31. **Continuing charitable contributions.** The amount that you will continue to contribute in the form of cash or financial instruments to a religious or charitable organization. 11 U.S.C. § 548(d)(3) and (4).

Do not include any amount more than 15% of your gross monthly income. $ 100.00

32. **Add all of the additional expense deductions.**
Add lines 25 through 31. $ 927.99

**Deductions for Debt Payment**

33. **For debts that are secured by an interest in property that you own, including home mortgages, vehicle loans, and other secured debt, fill in lines 33a through 33e.**

To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

| | | Average monthly payment |
|---|---|---|
| **Mortgages on your home** | | |
| 33a. Copy line 9b here | => | $ 0.00 |
| **Loans on your first two vehicles** | | |
| 33b. Copy line 13b here | => | $ 0.00 |
| 33c. Copy line 13e here | => | $ 0.00 |

33d. List other secured debts:

| Name of each creditor for other secured debt | Identify property that secures the debt | Does payment include taxes or insurance? | |
|---|---|---|---|
| -NONE- | | ☐ No ☐ Yes | $ |
| | | ☐ No ☐ Yes | $ |
| | | ☐ No ☐ Yes | + $ |

33e Total average monthly payment. Add lines 33a through 33d $ 0.00 Copy total here=> $ 0.00

Debtor 1 Douglas Alan Wain
Debtor 2 Elisa Wain
Case number (*if known*) 1:24-bk-11814-MB

34. **Are any debts that you listed in line 33 secured by your primary residence, a vehicle, or other property necessary for your support or the support of your dependents?**

■ No. Go to line 35.

☐ Yes. State any amount that you must pay to a creditor, in addition to the payments listed in line 33, to keep possession of your property (called the *cure amount*). Next, divide by 60 and fill in the information below.

| Name of the creditor | Identify property that secures the debt | Total cure amount | | Monthly cure amount |
|---|---|---|---|---|
| -NONE- | | $ | ÷ 60 = | $ |
| | Total | $ 0.00 | Copy total here=> | $ 0.00 |

35. **Do you owe any priority claims - such as a priority tax, child support, or alimony - that are past due as of the filing date of your bankruptcy case?** 11 U.S.C. § 507.

■ No. Go to line 36.

☐ Yes. Fill in the total amount of all of these priority claims. Do not include current or ongoing priority claims, such as those you listed in line 19.

Total amount of all past-due priority claims ........ $ 0.00 ÷ 60 $ 0.00

36. **Projected monthly Chapter 13 plan payment** $ 200.00

Current multiplier for your district as stated on the list issued by the Administrative Office of the United States Courts (for districts in Alabama and North Carolina) or by the Executive Office for United States Trustees (for all other districts). X 11.00

To find a list of district multipliers that includes your district, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

Average monthly administrative expense $ 22.00 Copy total here=> $ 22.00

37. **Add all of the deductions for debt payment.** Add lines 33e through 36. $ 22.00

**Total Deductions from Income**

38. **Add all of the allowed deductions.**

| | | |
|---|---|---|
| Copy line 24, *All of the expenses allowed under IRS expense allowances* | $ | 7,047.09 |
| Copy line 32, *All of the additional expense deductions* | $ | 927.99 |
| Copy line 37, *All of the deductions for debt payment* | +$ | 22.00 |
| Total deductions | $ | 7,997.08 |

Copy total here=> $ 7,997.08

Debtor 1 Douglas Alan Wain
Debtor 2 Elisa Wain
Case number (*if known*) 1:24-bk-11814-MB

**Part 2: Determine Your Disposable Income Under 11 U.S.C. § 1325(b)(2)**

39. **Copy your total current monthly income from line 14 of Form 122C-1, *Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period.*** $ 10,336.39

40. **Fill in any reasonably necessary income you receive for support for dependent children.** The monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I of Form 122C-1, that you received in accordance with applicable nonbankruptcy law to the extent reasonably necessary to be expended for such child. $ 0.00

41. **Fill in all qualified retirement deductions.** The monthly total of all amounts that your employer withheld from wages as contributions for qualified retirement plans, as specified in 11 U.S.C. § 541(b)(7) plus all required repayments of loans from retirement plans, as specified in 11 U.S.C. § 362(b)(19). $ 383.34

42. **Total of all deductions allowed under 11 U.S.C. § 707(b)(2)(A).** Copy line 38 here => $ 7,997.08

43. **Deduction for special circumstances.** If special circumstances justify additional expenses and you have no reasonable alternative, describe the special circumstances and their expenses. You must give your case trustee a detailed explanation of the special circumstances and documentation for the expenses.

| Describe the special circumstances | Amount of expense |
|---|---|
| | $ |
| | $ |
| | $ |
| **Total** | $ 0.00 |

Copy here=> $ 0.00

44. **Total adjustments.** Add lines 40 through 43. => $ 8,380.42 Copy here=> -$ 8,380.42

45. **Calculate your monthly disposable income under § 1325(b)(2).** Subtract line 44 from line 39. $ 1,955.97

**Part 3: Change in Income or Expenses**

46. **Change in income or expenses.** If the income in Form 122C-1 or the expenses you reported in this form have changed or are virtually certain to change after the date you filed your bankruptcy petition and during the time your case will be open, fill in the information below. For example, if the wages reported increased after you filed your petition, check 122C-1 in the first column, enter line 2 in the second column, explain why the wages increased, fill in when the increase occurred, and fill in the amount of the increase.

| Form | Line | Reason for change | Date of change | Increase or decrease? | Amount of change |
|---|---|---|---|---|---|
| ☐ 122C-1<br>☐ 122C-2 | | | | ☐ Increase<br>☐ Decrease | $ |
| ☐ 122C-1<br>☐ 122C-2 | | | | ☐ Increase<br>☐ Decrease | $ |
| ☐ 122C-1<br>☐ 122C-2 | | | | ☐ Increase<br>☐ Decrease | $ |
| ☐ 122C-1<br>☐ 122C-2 | | | | ☐ Increase<br>☐ Decrease | $ |

Debtor 1 Douglas Alan Wain
Debtor 2 Elisa Wain

Case number (if known) 1:24-bk-11814-MB

**Part 4: Sign Below**

By signing here, under penalty of perjury you declare that the information on this statement and in any attachments is true and correct.

X Douglas Alan Wain
Signature of Debtor 1

Date December 30, 2024
MM / DD / YYYY

X Elisa Wain
Signature of Debtor 2

Date December 30, 2024
MM / DD / YYYY

Attachments to Schedule A/B

**Attachment Sheet AA - Four Attachments - One Page**

**Amended Schedules February 18, 2025**

**Wain, Chapter 13 Bankruptcy Case No. 1:24-bk-11814-MB**

Wains four Letters to U.S. Trustee Office Dec 2024 - Jan 2025 12 pages

Wains Letter to Trustee and Creditors 5 pages 2.18.2025

Wains Letter to USDC Judge Stinnett Case No. 523-cv-00139-REW-MAS 2 pages 11.25.2024

Wains 42 U.S.C. Section 1983 filing USDC Case No. 524-cv-00305-GFVT 187 pages 10.28.2024

Respectfully submitted, February 18, 2025

*Douglas A. Wain*

Elisa Wain

*Elisa Wain*

*P. O. Box 7473*
*Westlake Village, CA 91359*
*douglaswain@gmail.com*
*859.494.3677*

**douglaswain@gmail.com**

| | |
|---|---|
| **Subject:** | FW: Attn Elizabeth F. Rojas/Chapter 13 Trustee - Re: Wains Objection to Central Bank's Proof of Claim. Three Attachments. 1.6.2024 |
| **Attachments:** | Wains 42 U.S.C. Section 1983 filing USDC Case No. 524-cv-00305-GFVT 187 pages 10.28.2024.pdf; Wains Letter to USDC Judge Stinnett Case No. 523-cv-00139-REW-MAS 2 pages 11.25.2024.pdf; Wains email to the Office of the U.S. Trustee 4 pages 12.30.2024.pdf |

**From:** douglaswain@gmail.com <douglaswain@gmail.com>
**Sent:** Monday, January 6, 2025 3:02 PM
**To:** lrojas@ch13wla.com
**Subject:** Attn Elizabeth F. Rojas/Chapter 13 Trustee - Re: Wains Objection to Central Bank's Proof of Claim. Three Attachments. 1.6.2024

January 6, 2025

Elizabeth F. Rojas
Chapter 13 Trustee
15260 Ventura Boulevard, Suite 830
Sherman Oaks, CA 91403

Dear Elizabeth F. Rojas, Chapter 13 Trustee for the San Fernando Valley and the Northern Division bankruptcy courts:

Reference: Douglas A. Wain and Elisa Wain, Case No. 1:24-bk-11814-MB, Chapter 13 Bankruptcy on October 30, 2024, in the United States Bankruptcy Court, Central District of California

We, Douglas A. Wain and Elisa Wain, are the debtors in the above-referenced Chapter 13 Bankruptcy case. The sole creditor, Central Bank & Trust Co. (CBT), 300 West Vine Street, Lexington, KY 40507, filed a Proof of Claim (POC) against us on December 20, 2024, for $357,990.91.

We respectfully request that Elizabeth F. Rojas, Chapter 13 Trustee for the San Fernando Valley and the Northern Division bankruptcy courts, **review** and **investigate** CBT's Proof of Claim (POC), which we believe contains material inaccuracies, omissions, and deficiencies, possibly rendering it improper for allowance in the current Chapter 13 Bankruptcy proceeding pursuant to 11 U.S.C. § 502(b). CBT's POC filing may also **possibly** be in violation of 18 U.S.C. § 152 and Federal Rule of Bankruptcy Procedure 9011.

We OBJECT to CBT's POC to this Bankruptcy Court on December 20, 2024. We believe CBT's, is improper due to **time-barred claims** (A - No Deficiency Judgment), **lack of standing** (B - CBT's one case is closed), **loss of collection rights** (C - Abandonment.) **subordination** (D - CBT released the first mortgage holder) and **material omissions** (E - Duty to Disclose.)

**A) OBJECTION - TIME-BARRED CLAIM - NO DEFICIENCY JUDGMENT - CBT did not obtain a Deficiency Judgment. CBT never made any court filings about a "Deficiency Judgement."** Kentucky is a recourse state, which means that if the foreclosure sale does not cover the full amount of the mortgage debt, the lender can pursue a "Deficiency Judgment" against the borrower. The time limit in Kentucky is that the lender has **6 months** from the date of the foreclosure sale to file a

deficiency judgment. This is specifically outlined in Kentucky Revised Statutes (KRS) 413.120. The lender must file a separate lawsuit within the 6-month window to obtain a deficiency judgment.

The date of the foreclosure auction/sale, in this case, was **February 8, 2021**, so the six-month filing deadline was **August 8, 2021**.This was over three years before CBT filed its POC. There was never a "Deficiency Judgment" order, hearing, lawsuit, filing, procedure, etc., in this case. CBT mentioned multiple 2024 documents in their "Declaration," but these documents are all irrelevant since they were long past the **August 8, 2021**, six-month statute of limitations date. CBT did not even mention "Deficiency Judgment" in their "Declaration" to this Bankruptcy Court on December 20. 2024.

**B) OBJECTION - LACK OF STANDING - CBT's foreclosure case against the Wains Case No. 19-CI-00812, filed on March 6, 2019, is closed**. CBT received a judgment of $358,412.72 on January 20, 2021, from the Fayette Circuit Court. This is the only case where CBT is the Plaintiff against us. CBT's foreclosure case, Case No. 19-CI-00812, was closed in November 2024, prior to their filing of the POC. As the case is no longer open, CBT lacks standing to assert a claim in this bankruptcy.

Central Bank & Trust Co. (CBT) original foreclosure action against us in Fayette Circuit Court, Lexington, KY, Case No. 19-CI-00812, filed on March 6, 2019, was closed by the presiding Judge Kimberly Bunnell sometime in the first two weeks of November 2024. The Disposition date Judge Bunnell put on it was March 7, 2024, the date of her Order where she ordered the distribution of the auction/sale proceeds to the two creditors, CBT and the first mortgage holder USB/NewRez. Judge Bunnell did not issue an Order associated with this November 2024 action, closing CBT's case as of March 7, 2024.

We discovered CBT's case closure because it was taken off the State of Kentucky "CourtNet" online system. I confirmed twice with the Kentucky Administrative Office of the Courts that this case was closed. I also confirmed that CBT's case against us was closed with two Fayette Circuit Court Clerks, including Fayette Circuit Court Supervisor Savanah Guerrero. I also noted this March 7, 2024, disposition date in our November 25, 2024, letter to the USDC EDKY Judge Magistrate in our Fair Credit Reporting Act (FCRA) action against CBT, Case No. 523-cv-00139-REW-MAS. I also noted this March 7, 2024 disposition date at our 341(a) meeting on December 18, 2024. CBT also showed the March 7, 2024, disposition date in their case history submission to this Judge Magistrate on November 15, 2024. CBT never challenged this disposition date in any filing to the Fayette Circuit Court, Lexington, KY. CBT never mentioned this disposition date in their December 20, 2024, POC filing.

**C) OBJECTION - CBT abandoned its collection rights against the Wains in their case by leaving the auction/sale proceeds with the Master Commissioner for over three years.**

CBT lost all its proceeds rights when it abandoned the auction/sale proceeds. The property sold for **$630,000.01** at the auction/sale on February 8, 2021, and the Master Commissioner held these funds. CBT could have asked the Court for a distribution of the auction/sale proceeds at any time after the February 8, 2021, auction/sale. They had no obstacle whatsoever. CBT did not receive their distribution until March 17, 2024, 1,133 days, over three years after they could have received the funds. Reference Kentucky Revised Statutes (KRS) Chapter 393A and Chapter 426.

From first mortgage holder USB/NewRez's filing to Fayette Circuit Court KY June 1, 2023:"*Central Bank could have moved for distribution of the sale proceeds at any time after the confirmation of the sale as there is no Civil Rule or Local Rule that would prohibit it from doing so or that would require the first lienholder to do so*."

From Fayette Circuit Court hearing, August 25, 2023. Judge Bunnell - "*See yours (CBT) is the difficult one. I know, but nobody did anything. I mean, no one. I mean, all you had to do is come to Court and go, two years ago, and say Hey let's make them do that, just do what you're doing right now." "Yea I mean I, no one came, it's kind of like Motions to Compel, you know, and so there was nothing in front of me to say let's move this along, let's get some deadlines, let's make it happen. Anybody can do that. I'm getting ready to have a case here in just a minute, Ms. Brooks, about Motions to Compel and making me do stuff and getting making me do all things. And so same thing for you guys. Nobody did that. And so had that happened, then I could have been like, oh yea like they deserve their fee, equity says you got to get your interest. But that's not what happened.*"

**D) OBJECTION - CBT lost its auction/sale proceeds rights by not challenging the first mortgage holder, USB/NewRez's Proceeds claim, although CBT blamed USB/NewRez. CBT instead issued USB/NewRez a release in a March 7, 2024, Order.**

From CBT's filing to Fayette Circuit Court on May 22, 2023: *"To The financial detriment of Central Bank, the other secured lienholder has failed to pursue any interest in these funds." "However since the sale of the Property, the inaction of NewRez has Interfered with Central Bank receiving the proceeds that it is entitled to from the sale of the property." "As a result of NewRez's total and complete inaction for two years, Central Bank faces an unjust result beyond its control."*

CBT subordinated their rights to auction/sale proceeds to the first mortgage company USB/NewRez, in the March 7, 2024, Order

From Fayette Circuit Court, Judge Bunnell's March 7, 2024. Order: *"Have seen: /s/ Christopher G. Colson (w/ em auth. 2/21/24) Hon. Christopher G. Colson Hon. Taft McKinstry FOWLER BELL PLLC 300 W. Vine Street, Suite 600 Lexington, KY 40507 Counsel for Plaintiff, Central Bank & Trust Co."*

**E) OBJECTION - CBT's POC filing dated December 20, 2024, omitted relevant case details. Their POC filing did not include the following material information.**

CBT, in their POC and at the 341(a) meeting on December 18, 2024, omitted the following facts essential to understanding this case.

Failure to pursue a deficiency judgment.
Closure of CBT's case.
Abandonment of proceeds with the Master Commissioner for over three years.
Lack of protest over distribution.
"Satisfaction by Execution."
CBT's written release in March 12, 2021 Order.
Federal foreclosure moratorium issue. The federal Coronavirus Aid, Relief, and Economic Security (CARES) Act," 15 U.S.C. §9056(c)(2).
CBT is not a "secured" creditor. They are an "unsecured "creditor as of March 12, 2021.
The first mortgage company USB/NewRez was paid in full, $538,150.82. CBT was the second lien holder.
Bias and prejudice issues.
Conflict of interest issues.
The Inspector General of the Kentucky Finance and Administration Cabinet is looking into the lack of escheatment to the State after two years. Kentucky Rules of Civil Procedure (CR), 53.06.
Kentucky Court of Appeals Order 24-CA-0850OAon September 23, 2024, in their citing in CBT's "Declaration" to this Court, stated, "*Nothing contained in this Order should be construed as a ruling on the merits of the allegations*." This statement in the Order was omitted in CBT's "Declaration."

Due process issues - Wains, on October 28, 2024, filed a lack of due process complaint in USDC EDKY for lack of Fayette Circuit Court, Lexington, KY due processes and lack of Kentucky Court of Appeals due processes. Case No. 5:24-cv-00305-GFVT.
A Fair Credit Reporting Act (FCRA) claim against CBT in U.S. District Court, Eastern District of Kentucky, which is active.
Counterclaims litigation against CBT is still active.
The three major credit reporting agencies agreed and sided with the Wains against CBT in Wain's FCRA claim.
"Fire sale" of auction/sale issues.
Contested lock-out issue.

Attached are two of our federal filings and our email to the U.S. Trustee with more detailed information on these subjects and more.

*Wains email to the Office of the U.S. Trustee 4 pages 12.30.2024*

*Wains Letter to USDC Judge Stinnett Case No. 523-cv-00139-REW-MAS 2 pages 11.25.2024*

*Wains 42 U.S.C. Section 1983 filing USDC Case No. 524-cv-00305-GFVT 187 pages 10.28.2024*

All statements are based on court records, official documents, and direct quotes from proceedings, copies of which are available upon request.

We appreciate your time and consideration of this matter. Should you require further documentation or clarification, please do not hesitate to contact us at the information provided below.

Douglas A. Wain and Elisa Wain
P.O. Box 7473
Westlake Village, CA 91359

859.494.3677

cc: Kevin T. Simon, Esq., Law Offices of Kevin T. Simon, APC

January 13, 2025

Chapter 13 Trustee
Elizabeth F. Rojas
15260 Ventura Blvd, Suite 710
Sherman Oaks, CA 91403

Reference: Wain Chapter 13 Bankruptcy filing on October 30, 2024, in the United States Bankruptcy Court, Central District of California, Case No. 1:24-bk-11814-MB

Subject: Notice of Attorney Withdrawal and Critical Information Regarding Central Bank & Trust Company's Claim

Dear Elizabeth F. Rojas:

We are writing to inform you of a change in our legal representation and to provide critical information regarding Central Bank & Trust Company's (CBT) claim in our Chapter 13 bankruptcy case.

Please be advised that as of January 11, 2025, the Law Offices of Kevin T. Simon, APC, no longer represent us in this referenced case. We request that all future communications be directed to us using P.O. Box 7473 Westlake Village, CA 91359 Phone: 859.494.3677 Email: douglaswain@gmail.com.

As debtors in possession of the above-referenced Chapter 13 case, we are writing to provide critical information regarding Central Bank & Trust Company's (CBT) claim and actions that materially affect our bankruptcy case. We understand our fiduciary duty to act in the best interest of all parties and to disclose relevant information about creditor claims and potential issues.

Request for Review

We respectfully request your review of the following matters as they directly affect the validity and amount of Central Bank & Trust Co.'s claim in our Chapter 13 case.

Specific Concerns

Our review has identified several significant issues regarding CBT's claim, including, but not limited to:

CBT's failure to file for a deficiency judgment within the required timeframe

The formal closure of CBT's case against us on March 7, 2024

CBT's improper retention of foreclosure funds with the master commissioner for over three years

CBT's acceptance of a subordinate position when the first lien holder claimed the majority of foreclosure funds

Material omissions in CBT's Proof of Claim affecting its validity

CBT's proceeding with foreclosure during a federal moratorium period while our first mortgage was held by Fannie Mae

Supporting Documentation

The following documents provide detailed evidence supporting our concerns:

1. Our email to Chapter 13 Trustee Elizabeth F. Rojas (4 pages, dated January 6, 2025)
2. Our email to the Office of the U.S. Trustee (4 pages, dated December 30, 2024)
3. Our Letter to USDC Judge Stinnett, Case No. 523-cv-00139-REW-MAS (2 pages, dated November 25, 2024)
4. Our 42 U.S.C. Section 1983 filing, USDC Case No. 524-cv-00305-GFVT (187 pages, dated October 28, 2024)

Additional documentation is available upon request. We believe these issues require immediate attention as they directly impact the administration of our Chapter 13 case.

Thank you for your attention to this matter.

Douglas A. Wain

Elisa Wain

Elisa Wain

Case No. 1:24-bk-11814-MB

5 attachments

January 20, 2025

Elizabeth F. Rojas
Chapter 13 Trustee
15260 Ventura Blvd, Suite 710
Sherman Oaks, CA 91403

**Subject:** Updated Information and Request for Review of Proof of Claim
**Case No.:** 1:24-bk-11814-MB
**Reference:** Wain Chapter 13 Bankruptcy Filing – October 30, 2024

**Dear Ms. Rojas,**

I hope this email finds you well. Please find attached an important letter regarding our Chapter 13 bankruptcy case (No. 1:24-bk-11814-MB). This communication includes:

Updated contact information

Confirmation of recent payment

Request for review of Central Bank & Trust Co.'s Proof of Claim

Information regarding Bank of America's Proof of Claim

List of previously submitted supporting documentation

We are in the process of securing new legal representation. Until further notice, kindly direct all communications to the following address:

Douglas A. Wain and Elisa Wain
P.O. Box 7473
Westlake Village, CA 91359
Phone: (859) 494-3677
Email: douglaswain@gmail.com

## I. Confirmation Hearing and Payment Status

We acknowledge the following:

- The Confirmation Hearing has been continued to Thursday, March 6, 2025, at 9:30 AM.
- The deadline for amended schedules is February 20, 2025.
- The required payments of $200 are due by January 29, 2025, and February 28, 2025.

Please be advised that the payment due on January 29, 2025, was completed on January 15, 2025, via Nationwide TFS, LLC. Our Chase Bank checking account confirms that this payment has been successfully processed.

## II. Central Bank & Trust Co. (CBT) Proof of Claim

We formally request a thorough review and investigation of the Proof of Claim submitted by Central Bank & Trust Co. (300 West Vine Street, Lexington, KY 40507) on December 20, 2024, in the amount of $357,990.91.

It is our assertion that this claim **does not comply with federal bankruptcy laws and procedural requirements**. As the Chapter 13 Trustee, we respectfully request your office to exercise its authority and fiduciary duty to investigate this matter and determine whether penalties or corrective actions are warranted.

**Violations Identified:**

1. **Failure to Obtain a Deficiency Judgment**
   - Failure to secure a deficiency judgment post-foreclosure should bar CBT from collecting the remaining debt.
   - Violations of:
     - Bankruptcy Rule 3001(c) (requirement for supporting documentation).
     - 11 U.S.C. § 501 (proper filing of proofs of claim).
2. **Foreclosure Case Closure (March 7, 2024)**
   - The POC lacks accurate representation of the case closure.
   - Violations of:
     - Federal Rule of Bankruptcy Procedure (FRBP) 3001(a) & (c).
     - 18 U.S.C. § 152(3) (false declarations under penalty of perjury).
3. **Unclaimed Funds Held by Master Commissioner for Over Three Years**
   - CBT failed to disclose available funds, violating:
     - 11 U.S.C. § 521(a)(1) (full disclosure requirement).
     - Bankruptcy Rule 3001(a) (accuracy in claims).
4. **Subordinate Lender Status**
   - CBT failed to disclose its status as a subordinate lender, violating:
     - Bankruptcy Rule 3001(f) (validity of claims).
     - 11 U.S.C. § 506 (secured status determination).
5. **Misclassification as a Secured Creditor**
   - False representation of secured status post-foreclosure, violating:
     - 11 U.S.C. § 506(a).
     - 18 U.S.C. § 152(3).
6. **CARES Act Violations**
   - The foreclosure executed on February 8, 2021, during the federal CARES Act moratorium, violated:

- 15 U.S.C. § 9056(c)(2) (prohibition on foreclosure of federally-backed loans).
- 12 C.F.R. § 1024.41(f) (loss mitigation requirements).
- CFPB COVID-19 emergency mortgage rules.

The following is a more complete list of CBT's omission violations in their POC filing on December 20, 2024, and their involvement and participation in the 341 (a) meeting on December 18, 2024.

Failure to pursue a deficiency judgment.
Closure of CBT's case.
Abandonment of proceeds with the Master Commissioner for over three years.
Lack of protest over distribution.
"Satisfaction by Execution."
CBT's written release on March 12, 2021, Order.
Federal foreclosure moratorium issue. The federal Coronavirus Aid, Relief, and Economic Security (CARES) Act," 15 U.S.C. §9056(c)(2).
CBT is not a "secured" creditor. They are an "unsecured "creditor as of March 12, 2021.
The first mortgage company USB/NewRez was paid in full, $538,150.82. CBT was the second lien holder.
Bias and prejudice issues.
Conflict of interest issues.
The Inspector General of the Kentucky Finance and Administration Cabinet is looking into the lack of escheatment to the State after two years. Kentucky Rules of Civil Procedure (CR), 53.06.
Kentucky Court of Appeals Order 24-CA-0850OA on September 23, 2024, in their citing in CBT's "Declaration" to this Court, stated, *"Nothing contained in this Order should be construed as a ruling on the merits of the allegations."* This statement in the Order was omitted in CBT's "Declaration."
Due process issues. Wains, on October 28, 2024, filed a lack of due process complaint in USDC EDKY for lack of Fayette Circuit Court, Lexington, KY due processes and lack of Kentucky Court of Appeals due processes. Case No. 5:24-cv-00305-GFVT.
A Fair Credit Reporting Act (FCRA) claim against CBT in U.S. District Court, Eastern District of Kentucky, which is active. Case No. 523-cv-00139-REW-MAS
Counterclaims litigation against CBT, which is still active.
The three major credit reporting agencies agreed and sided with Wains against CBT in Wain's FCRA claim.
"Fire sale" of February 8, 2021, auction/sale issues.
Contested lock-out issue.

## III. Bank of America Proof of Claim

Regarding the Proof of Claim filed by Bank of America in the amount of $12,434.37 on January 6, 2025, please note the following:

- The debt pertains to a corporate credit card issued to a U.S. corporation that ceased operations in 2011.
- The corporate credit card was not a personal liability.
- We have never received any direct personal communication regarding this debt, and this debt has never appeared on any of our personal credit reports.
- The statute of limitations under Kentucky law for credit card debt collection (five years) expired in 2016.

## Supporting Documentation Submitted

For your reference, we have previously submitted the following documents related to this case:

- Email to the Office of the U.S. Trustee (December 30, 2024, 4 pages).
- Email to Chapter 13 Trustee Elizabeth F. Rojas (January 6, 2025, 4 pages).
- 42 U.S.C. Section 1983 filing, USDC Case No. 524-cv-00305-GFVT (October 28, 2024, 187 pages).
- Letter to USDC Judge Magistrate Stinnett, Case No. 523-cv-00139-REW-MAS (November 25, 2024, 2 pages).
- Letter to Chapter 13 Trustee Elizabeth F. Rojas (January 13, 2025, 2 pages).

We appreciate your attention to this matter and look forward to your response. Should you require additional information or clarification, please do not hesitate to contact us.

Respectfully submitted,

Douglas A. Wain

Elisa Wain

Elisa Wain

cc: United States Trustee, 915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017

January 31, 2025

Elizabeth F. Rojas
Chapter 13 Trustee
15260 Ventura Blvd, Suite 710
Sherman Oaks, CA 91403

**Case No.:** 1:24-bk-11814-MB filed October 30, 2024
**Reference:** Follow-up on the validity of CBT's Proof of Claim

**Dear Ms. Rojas,**

We hope this letter finds you well. We am writing to follow up on our letter dated **January 20, 2025**, regarding the **Proof of Claim filed by Central Bank & Trust Co. (CBT) on December 20, 2024**. We would appreciate an update on your office's review and whether any action will be taken regarding the validity of this claim.

As outlined in our initial submission, we have provided substantial documentation indicating that **CBT's claim does not meet the legal threshold of a valid Proof of Claim** under applicable bankruptcy laws and procedural requirements. Specifically, we highlighted these omissions by CBT:

- The **foreclosure and sale of the property during the Federal COVID-19 Moratorium**;
- **CBT's position as a subordinate lender** and its acceptance of that role;
- The **absence of a deficiency judgment in Kentucky**, which is required for further collection efforts;
- **The three-year retention of funds by the Master Commissioner** and the state court judge's **closure of the case** and the **unsecured** status of CBT.

Given these factors, among others we have detailed, we believe that this claim should be **disallowed** and that your office, as part of its duty to ensure the integrity of the bankruptcy process, should take appropriate action.

We understand that your office receives many inquiries, but we respectfully request:

1. The current status of your review of our January 20 submission
2. Any additional information you may need from us
3. An estimated timeline for your office's determination

We are actively consulting with legal counsels on our next steps, including the potential filing of **adversary proceedings** if necessary. However, we believe this matter could be resolved more efficiently through your office's review and determination.

We appreciate your attention to this matter and look forward to your response.

Respectfully,

Douglas A. Wain

Elisa Wain

cc: United States Trustee, 915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017

February 18, 2025

Elizabeth F. Rojas
Chapter 13 Trustee
15260 Ventura Blvd, Suite 710
Sherman Oaks, CA 91403

Central Bank and Trust
c/o Haight, Brown & Bonesteel
555 S. Flower Street, 45th Fl.
Los Angeles, CA 90071
Attn: William E. Ireland

Bank of America N.A.
P.O. Box 673033
Dallas, Texas 75267-3033
Attn: Elliot Myers, Assistant Vice President

**Subject: Request for Continuance – Wain Chapter 13 Bankruptcy Case No. 1:24-bk-11814-MB**

Dear Ms. Rojas, Mr. Ireland, and Mr. Myers,

We are writing to formally request a continuance of our Payment Confirmation Court Hearing, currently scheduled for March 6, 2025. We respectfully ask that the hearing be rescheduled to April 2025, allowing us an additional month to secure new legal representation.

Enclosed is the Order issued by the Honorable Judge Martin R. Barash on February 7, 2025. We only received official notification of this Order on February 13, 2025, via U.S. Mail five days ago. We require additional time to retain appropriate legal counsel.

If both Proofs of Claim in this case proceed, we intend to request that they both be disallowed. However, we may submit different filings for each request. It is imperative that we have legal representation to assist with this process, as well as the Payment Confirmation Court Hearing.

We kindly request confirmation of the continuance by Thursday, February 20, 2025.

Thank you for your time and consideration. We appreciate your prompt attention to this matter.

Sincerely,

Douglas A. Wain

Elisa Wain

P.O. Box 7473
Westlake Village, CA 91359

859-494-3677
douglaswain@gmail.com

**Attachment:** Order on Motion to Withdraw as Attorney of Record, February 7, 2025 (three pages)

Kevin T. Simon - SBN 180967
The Law Offices of Kevin T. Simon, APC
21241 Ventura Blvd., Suite 253
Woodland Hills, CA 91364
Tel: (818) 783-1674
Facsimile: (818) 783-6253
Email: kevin@ktsimonlaw.com

Attorney for Debtors,
Douglas Alan Wain, Elisa Wain

FILED & ENTERED

FEB 07 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Cetullo DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION**

In re

DOUGLAS ALAN WAIN,
ELISA WAIN

Debtor(s).

CHAPTER 13
CASE NO.: 1:24-bk-11814-MB

**ORDER ON MOTION TO WITHDRAW AS ATTORNEY OF RECORD; DECLARATION OF KEVIN T. SIMON IN SUPPORT THEREON**

[No Notice Required Pursuant to 9013-1(p)(4)]

On January 8, 2025, Attorney for Debtor Kevin T. Simon of THE LAW OFFICES OF KEVIN T. SIMON, APC. filed a motion entitled: MOTION TO WITHDRAW AS ATTORNEY OF RECORD; DECLARATION OF KEVIN T. SIMON IN SUPPORT THEREON (Docket # 21). Upon review of the Motion to Withdraw as Attorney of Record, and good cause appearing therefore,



030757

53908030787019

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion to Withdraw as Attorney of Record is granted.
2. The Law Offices of Kevin T. Simon, APC, are hereby relieved as attorneys of record for the above-named Debtors in their Chapter 13 proceeding.

####

Date: February 7, 2025

Martin R Barash
United States Bankruptcy Judge



030757 53908030787019

SUN-53908-0973-1 pdf042 24-11814
BAE Systems
Bankruptcy Noticing Center
45479 Holiday Drive
Sterling, VA 20166-9411

030757 30757 1 AB 0.588 91359 2 4 10363-1-31102

Douglas Alan Wain
Elisa Wain
POB 7473
Westlake, CA 91359-7473

November 25, 2024

Matthew A. Stinnett
United State Magistrate Judge
Eastern District of Kentucky

**Dear Honorable Matthew A. Stinnett, Judge:**

Our position that Central Bank & Trust Co. (CBT)should be compelled to do Discovery in this **Case No. 5:23-cv-00139-REW-MAS as per** our Motion to this Court filed on November 4, 2024, is based on facts. These facts are:

CBT's case history document they submitted to this court on November 15, 2024, shows a "Disposition" date so on CBT's claims on March 7, 2024, on their claims against the Plaintiffs in Fayette Curic Court Case No. 19-CI00812. That is the date or the Order giving CBT their distribution of auction proceeds. These auction proceeds were from a foreclosure action CBT, the second mortgage holder, took against the Plaintiffs on March 6, 2019. CBT received a Judgment of $358,412.72 on Janunary20, 2021 by the Fayette Circuit Court.

We however we believe the final Disposition date of CBT claims, should have been earlier including February 8, 2021, the date the Plaintiff's completed a "Satisfaction of Execution," March 12, 2021 the date CBT gave a clear written release to the Plaintiffs simultaneously while give a release on their lien on the referenced property. Also on February 8, 2023, when the auction proceeds should have been escheated to the Commonwealth of Kentucky as per a standing Kentucky Supreme Court Order. The Plaintiff is continuing action on these "satisfaction" dates.

CBT abandoned the **$605,035.42** auction proceeds making their first Motion for Distribution only **after** we filed this action on May 15, 2023. Although CBT completely abandoned the auction proceeds for two years, continue to report to all three credit agencies that the Plaintiffs s owed CBT the amount in full. We successful took action against the three credit agencies in this case and we were completely successful in getting CBT off all three of our credit reports despite CBT vigorous opposition. CBT is the only Defendant left in this Case No. 5:23-cv-00139-REW-MAS. At no time did anyone or anything prevent CBT from making a Motion for Distribution and receiving a distribution. There was even an extended period where the 1st mortgage holder USB/NewRez was not even represented by counsel in this case. CBT had no opposition. In addition, the other first mortgage holder, USB/NewRez according to the January 20, 2021 Order needed to obtain a Judgment before making a Motion for Distribution. USB/NewRez did not receive their Judgment until **March 7, 2024**

**USB/New Rez's filing to Fayette Circuit Court KY June 1, 2023:** *"Central Bank could have moved for distribution of the sale proceeds* ***at any time after the confirmation of the sale*** *as there is no Civil Rule or Local Rule that would prohibit it from doing so or that would require the first lienholder to do so."*

**Testimony at Fayette Circuit Court Hearing June 2, 2023.** Judge Bunnell - "*So let me ask the question again so could the proceeds have been distributed prior to getting a final opinion from the Court of Appeals?*" CBT - "*Because there was no bond filed, it,* ***it could.***"

**From Fayette Circuit Court hearing, August 25, 2023.** Judge Bunnell - "*See yours is the difficult one.* ***I know but nobody did anything. I mean no one.*** *I mean all you had to do is come to Court and go, two years ago, and say Hey let's make them do that, just do what you're doing right now.*" "*Yea I mean I, no one came, it's kind of like Motions to Compel, you know and so there was nothing in front of me to say let's move this along, let's get some deadlines, let's make it happen. Anybody can do that. I'm getting ready, to have a case here in just a*

*minute Ms. Brooks about Motions to Compel and making me do stuff and getting making me do all things. And so same thing for you guys.* ***Nobody did that.*** *And so had that happened, then I could have been like oh yea like they deserve their fee, equity says you got to get your interest.* ***But that's not what happened.***

To give further credence to our assertion that CBT completely abandoned the $605,035.42 auction proceeds available to them on February 8, 2021, the Plaintiff's received direct notice from the Inspector General's Office of Finance and Administration Cabinet of the State of Kentucky on October 30, 2024 notifying them that their office looking into why the $$605,035.42 was not escheated to the Commonwealth of Kentucky on February 8, 2023. Regardless, the damage for CBT abandonment for the State and the Plaintiffs are different.

At no time in CBT recent filing has they ever address their "abandonment" to this Court. There is no denying that CBT continued to report the Plaintiffs amount owed in full to the three major credit agencies, after February 8, 2021.

CBT filing in U.S. District Court for the Eastern District of Kentucky, in this case August 24, 2023. *"As set forth above, Central Bank has not had an opportunity to reduce the amount owed by the Wains by obtaining proceeds from the sale of the Wains' property." "the Wains remain considerably indebted to Central Bank"*

CBT for nearly the last four years, since Febauyr 8, 2021, has been trying to collect a fraudulent claim of their against the Plaintiffs. Plaintiffs would have acquired legal representation for this case except for CBT's aggressive collection action on a non-existent "Deficiency Order. We have filed a claim with this Court about a violation of our civil rights and due process about this non-issued, non-entered, "Deficiency Judgment." That is Case No. 5:24-cv-00305-GFVT filed on October 28, 2024.

Included with this letter is an exhibit, three pages, which are recent retrievals of the Plaintiffs credit reports which show CBT is no longer a creditor to the Plaintiffs.

CBT will soon be in violation of Fayette Circuit Court October 23, 2024, Order previously submitted to this Court on November 4, 2024. Ordering CBT to comply with deposition in the Plaintiff's counterclaim case in Case No. 19-CI-00812. CBT has refused to not only comply with our discovery request in that action, but they are also not complying with the Court Order either as they are not complying with Discovery in this case.

We are represented by attorneys in our bankruptcy filing and they have told us the following, that at no time before or after the Plaintiffs filed for Chapter 13 Bankruptcy on October 30, 2024, in the United States Bankruptcy Court, Central District of California, Case No. 1:24-bk-11814-MB, did the Plaintiffs ever lose their standing or ability to peruse any **preexisting** legal claim they have in any pending court case or any legal action the Plaintiffs undertook, The "Stay" from the Wain's Chapter 13 Bankruptcy filing on October 30, 2024, is only regarding claims against the Wains. It is not a "Stay" of preexisting claims the Wains have against others. We believe CBT Motion for Summary Judgment might be barred according to Federal Bankruptcy Laws. We object to CNT Motion for Summary Judgment on many grounds, and we opposed a long term "Stay" in this case. However, we would like to request a thirty-day extension from the date of this for the Plaintiffs to learn more about their bankruptcy protection in regard to this case and possibly retain the service of an attorney.

Respectful Submitted,

Elisa Wain

Douglas A. Wain and Elisa Wain, Pro Se
Westlake Village, CA

# UNITED STATES DISTRICT COURT

for the

________ District of ________

________ Division

Douglas A. Wain and Elisa Wain

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Kimberly Nell Bunnell, Judge

Jacqueline M. Caldwell, Judge

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Case No. ________
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☑ Yes ☐ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Douglas A. Wain and Elisa Wain |
| Address | P.O. Box 7473 |
| | Westlake Village (*City*) CA (*State*) 91359 (*Zip Code*) |
| County | Ventura |
| Telephone Number | 859 494 3677 |
| E-Mail Address | douglaswain@gmail.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Kimberly Nell Bunnell |
| Job or Title *(if known)* | Judge Fayette County Circuit Court |
| Address | 120 North Limestone |
| | Lexington (*City*) KY (*State*) (*Zip Code*) |
| County | Fayette |
| Telephone Number | 859 246 2210 |
| E-Mail Address *(if known)* | |

☐ Individual capacity ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Jacqueline M. Caldwell |
| Job or Title *(if known)* | Judge Kentucky Court of Appeals |
| Address | 100 E. Main St, Suite 200 |
| | Springfield (*City*) KY (*State*) 40069 (*Zip Code*) |
| County | Washington County |
| Telephone Number | 859 336 1076 |
| E-Mail Address *(if known)* | |

☐ Individual capacity ☑ Official capacity

Defendant No. 3

Name ____________________
Job or Title *(if known)* ____________________
Address ____________________

____________________
City State Zip Code

County ____________________
Telephone Number ____________________
E-Mail Address *(if known)* ____________________

☐ Individual capacity ☐ Official capacity

Defendant No. 4

Name ____________________
Job or Title *(if known)* ____________________
Address ____________________

____________________
City State Zip Code

County ____________________
Telephone Number ____________________
E-Mail Address *(if known)* ____________________

☐ Individual capacity ☐ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

The Fifth and Fourteenth Amendment to the U.S. Constitution. We claim a "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983.

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Kimberly Nell Bunnell, Judge, Fayette County Circuit Court, for the Commonwealth of Kentucky and Jacqueline M. Caldwell Judge, Kentucky Court of Appeals, for the Commonwealth of Kentucky.

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

Foreclosure legal action against us by Central Bank & Trust Co. (CBT) Lexington, Kentucky, Fayette County Circuit Court, Lexington, Kentucky. Case No. 19-CI-00812. Filed March 6, 2019, and is ongoing.

B. What date and approximate time did the events giving rise to your claim(s) occur?

Between March 6, 2019, to today, the date of this filing to the U.S. District Court.

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

In Court filings we have documented due process violations by Judge Bunnell against us such as no notice or representation at hearings, not receiving motions or orders, being shut out of conversations during hearings, denying us critical information, and orders or rulings being changed without our knowledge. Many of these are listed in our Exhibit A to this filing which is our "Motion for Emergency Relief" to the Supreme Court of Kentucky which we have just filed. We have also claimed conflict of interest, bias and prejudice as possible factors in Judge Bunnell's denial of due process.

However, the most egregious due process violation and procedure is Judge Bunnell's incorrect claim that she "entered" a "Deficiency Judgment" in this case. There has never been a "deficiency"' hearing, motion, conversation, order, ruling, process, or procedure, etc. in this case. Exhibit B in this filing is a case history of the case for proof. The subject of "deficiency" was not once mentioned up in this case until we brought it up at the August 9, 2024 hearing as part of our defense. We have been denied due process and due process procedures by Judge and Bunnell and why we would be responsible to CBT

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

We have been deprived the basic rights afforded to us by the Commonwealth of Kentucky and the United States of America. One example is that Judge Bunnell is trying to enforce an "involuntary servitude" arrangement by us to CBT.

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

We request from this Honorable Court an immediate injunction to stop the Debtors Examination of us by Central Bank & Trust Co. (CBT) on October 31, 2024, which Judge Kimberly Bunnell compelled us to do in her August 19, 2024, Order. The result of this exam which would be irreparable damage to us, two senior citizens, bankrupting us and ruining us financially for the rest our lives given the nature of CBT unscrupulous activities against and in the past and which is continuing today. We hope this Honorable Court could enter such an Order by the end of day Wednesday, October 30, 2024. CBT's continued claims against us since the foreclosure and sale/auction of our property on February 8, 2021, is fraudulent. However, Judge Bunnell has allowed CBT to make claims and actions against us go forward based on a nonexistent "Deficiency Judgement" which Judge Bunnell erroneously claims was "entered" in this case. We may also seek punitive and compensatory damages which is ongoing. We also request to be allowed electronic communications with this Court and this Court's clerk.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 10/26/2024

Signature of Plaintiff [signature]

Printed Name of Plaintiff Douglas A. Wain and Elisa Wain

### B. For Attorneys

Date of signing: ______________

Signature of Attorney ______________

Printed Name of Attorney ______________

Bar Number ______________

Name of Law Firm ______________

Address ______________

*City* ______ *State* ______ *Zip Code* ______

Telephone Number ______________

E-mail Address ______________

Generated: 10/18/2024 2:39:35PM

# Case History

## CENTRAL BANK & TRUST CO, VS. WAIN, DOUGLAS A , ET AL

## Case# 19-CI-00812

**County** FAYETTE
**Court** CIRCUIT Court
**Opening Judge** HON. KIMBERLY BUNNELL
**Current Judge** HON. KIMBERLY BUNNELL
**Closing Judge**

| Date | Event | Amount / Reference | Page # |
|---|---|---|---|
| 03/06/2019 | **Case Filed**<br>CONTRACT | | |
| 03/06/2019 | **Monetary Event**<br>Monetary Event<br>Civil Filing Fee | $ 150.00 | |
| 03/06/2019 | **Monetary Event**<br>Monetary Event<br>ATJ Fee | $ 20.00 | |
| 03/06/2019 | **Monetary Event**<br>Monetary Event<br>Collected For Others (Court Technology) | $ 20.00 | |
| 03/06/2019 | **Monetary Event**<br>Monetary Event<br>Collected For Others (Att Tax Fee) | $ 5.00 | |
| 03/06/2019 | **Monetary Event**<br>Monetary Event<br>Court Facilities Fee | $ 25.00 | |
| 03/06/2019 | **Monetary Event**<br>Monetary Event<br>Library Fee | $ 1.00 | |
| 03/06/2019 | **Summons Filed - WAIN, DOUGLAS A**<br>PERSONAL SERVICE | @00000844268 | |
| 03/06/2019 | **Summons Filed - WAIN, ELISE**<br>PERSONAL SERVICE | @00000844270 | |
| 03/06/2019 | **Document Filed**<br>COMPLAINT / PETITION | | |
| 03/06/2019 | **Document Filed**<br>RECEIPT | | |
| 03/26/2019 | **Summons Served/Recalled - WAIN, DOUGLAS A**<br>PERSONAL SERVICE | @00000844268 | |
| 03/26/2019 | **Summons Served/Recalled - WAIN, ELISE**<br>PERSONAL SERVICE | @00000844270 | |
| 04/19/2019 | **Document Filed**<br>ANSWER<br>AD | | |
| 04/22/2019 | **Document Filed**<br>RECEIPT<br>*REC#27-0030552-A $70.00* | | |
| 04/22/2019 | **Monetary Event**<br>Monetary Event<br>Charges For Services (Jury Demand / 12) | $ 70.00 | |

**CENTRAL BANK & TRUST CO, VS. WAIN, DOUGLAS A , ET AL**

**Case# 19-CI-00812**

**County** FAYETTE
**Court** CIRCUIT Court
**Opening Judge** HON. KIMBERLY BUNNELL
**Current Judge** HON. KIMBERLY BUNNELL
**Closing Judge**

| | | Page # |
|---|---|---|
| 05/03/2019 | **Document Filed**<br>NOTICE - OTHER<br>AP<br>*NOTICE OF SERVICE OF PLAINTIFF S INTERROGATORIES REQUESTS FOR ADMISSION AND REQUEST FOR PRODUCTION OF DOCUMENTS TO THE DEFENDANTS* | |
| 05/03/2019 | **Document Filed**<br>NOTICE - OTHER<br>AP<br>*NOTICE OF ELECTION OF SERVICE VIA ELECTRONIC MEANS PURSUANT TO CR 5.02 (2)* | |
| 05/28/2019 | **Motion Filed**<br>MOTION - OTHER<br>ATTORNEY FOR DEFENDANT<br>*TO FILE AMNEDED ANSWER AND COUNTERCLAIM* | |
| 05/28/2019 | **Document Filed**<br>EXHIBIT<br>AD | |
| 06/05/2019 | **Document Filed**<br>OBJECTION<br>AP<br>*VERIFIED OBJECTION TO MOTION FORLEAVE TO FILE AMENDED ANSWER ANDCOUNTERCLAIM* | |
| 06/05/2019 | **Document Filed**<br>EXHIBIT<br>AP<br>*EXHIBIT A* | |
| 06/05/2019 | **Document Filed**<br>EXHIBIT<br>AP<br>*EXHIBIT B* | |
| 06/05/2019 | **Document Filed**<br>EXHIBIT<br>AP<br>*EXHIBIT C* | |
| 06/05/2019 | **Document Filed**<br>EXHIBIT<br>AP<br>*EXHIBIT D* | |
| 06/05/2019 | **Document Filed**<br>EXHIBIT<br>AP<br>*EXHIBIT E* | |
| 06/05/2019 | **Document Filed**<br>EXHIBIT<br>AP<br>*EXHIBIT F* | |
| 06/05/2019 | **Document Filed**<br>EXHIBIT<br>AP<br>*EXHIBIT G* | |

**CENTRAL BANK & TRUST CO, VS. WAIN, DOUGLAS A , ET AL**

**Case# 19-CI-00812**

**County** FAYETTE
**Court** CIRCUIT Court
**Opening Judge** HON. KIMBERLY BUNNELL
**Current Judge** HON. KIMBERLY BUNNELL
**Closing Judge**

| | | Page # |
|---|---|---|
| 06/05/2019 | **Document Filed**<br>EXHIBIT<br>AP<br>*EXHIBIT H* | |
| 06/05/2019 | **Document Filed**<br>EXHIBIT<br>AP<br>*EXHIBIT I* | |
| 06/06/2019 | **Document Filed**<br>NOTICE OF FILING<br>AD<br>*NOTICE OF FILING SECOND AMENDED ANSWER AND COUNTERCLAIM* | |
| 06/06/2019 | **Document Filed**<br>EXHIBIT<br>AD<br>*SECOND AMENDED ANSWER AND COUNTERCLAIM* | |
| 06/07/2019 | **Scheduled Event** Jun 07 2019 at 08:30 AM<br>MOTION HOUR<br>HON. KIMBERLY BUNNELL | |
| 06/07/2019 | **Document Filed**<br>VIDEO LOG<br>*22-9-19-CD-75* | |
| 06/07/2019 | **Document Filed**<br>TENDERED DOCUMENT<br>AP<br>*ORDER OVERRULING MOTION FOR LEAVE* | |
| 06/10/2019 | **Document Filed**<br>ORDER OVERRULING<br>*DEF. MOTION IS OVERRULED DEF. SHALL HAVE BY 6/21/2019 TO RESPOND TO DISCOVERY REQUESTS SUBMITTED BY CENTRAL BANK AND AFTER 6/21/2019 DEF MAY FILE A NEW MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTER* | |
| 06/10/2019 | **NOE to All Counsel of Record and Parties N Represented by Counsel.**<br>ORDER OVERRULING<br>FIRST CLASS MAIL<br>*DEF. MOTION IS OVERRULED DEF. SHALL HAVE BY 6/21/2019 TO RESPOND TO DISCOVERY REQUESTS SUBMITTED BY CENTRAL BANK AND AFTER 6/21/2019 DEF MAY FILE A NEW MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTER* | |
| 07/03/2019 | **Document Filed**<br>EXHIBIT<br>AD | |
| 07/03/2019 | **Document Filed**<br>AFFIDAVIT<br>AD | |
| 07/03/2019 | **Motion Filed**<br>MOTION TO AMEND<br>ATTORNEY FOR DEFENDANT | |

# CENTRAL BANK & TRUST CO, VS. WAIN, DOUGLAS A , ET AL

## Case# 19-CI-00812

**County** FAYETTE
**Court** CIRCUIT Court
**Opening Judge** HON. KIMBERLY BUNNELL
**Current Judge** HON. KIMBERLY BUNNELL
**Closing Judge**

| | | | Page # |
|---|---|---|---|
| 07/10/2019 | **Document Filed**<br>OBJECTION<br>AP<br>*PLAINTIFF'S OBJECTION TO MOTION FOR LEAVE TO FILE SECOND AMENDED ANSWERAND COUNTERCLAIM* | | |
| 07/12/2019 | **Scheduled Event**<br>MOTION HOUR<br>HON. KIMBERLY BUNNELL | Jul 12 2019 at 08:30 AM | |
| 07/12/2019 | **Document Filed**<br>VIDEO LOG<br>*22-9-19-CD-93* | | |
| 07/15/2019 | **Document Filed**<br>TENDERED DOCUMENT<br>AD | | |
| 07/29/2019 | **Motion Filed**<br>MOTION FOR EXTENSION OF TIME<br>ATTORNEY FOR PLAINTIFF | | |
| 07/30/2019 | **Document Filed**<br>TENDERED DOCUMENT<br>AP<br>*AGREED ORDER* | | |
| 07/31/2019 | **Document Filed**<br>ORDER FOR EXTENSION OF TIME<br>JUD<br>*PLAF WILL HAVE 30 DAYS TO RESPOND TO DEF. INTERROGATORIES AND REQUESTS 2 ATTY FCM* | | |
| 07/31/2019 | **NOE to All Counsel of Record and Parties N Represented by Counsel.**<br>ORDER FOR EXTENSION OF TIME<br>*PLAF WILL HAVE 30 DAYS TO RESPOND TO DEF. INTERROGATORIES AND REQUESTS 2 ATTY FCM* | | |
| 08/02/2019 | **Scheduled Event**<br>MOTION HOUR<br>HON. KIMBERLY BUNNELL | Aug 02 2019 at 08:30 AM | |
| 08/27/2019 | **Document Filed**<br>NOTICE OF SERVICE<br>AP<br>*NOTICE OF SERVICE OF PLAINTIFF S ANSWERS TO INTERROGATORIES AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS* | | |
| 10/29/2019 | **Document Filed**<br>EXHIBIT<br>AP<br>*PROPOSED FIRST AMENDED COMPLAINT* | | |
| 10/29/2019 | **Motion Filed**<br>MOTION TO FILE AMENDED COMPLAINT<br>ATTORNEY FOR PLAINTIFF | | |
| 11/08/2019 | **Scheduled Event**<br>MOTION HOUR<br>HON. KIMBERLY BUNNELL | Nov 08 2019 at 08:30 AM | |

**CENTRAL BANK & TRUST CO, VS. WAIN, DOUGLAS A , ET AL**

**Case# 19-CI-00812**

**County** FAYETTE
**Court** CIRCUIT Court
**Opening Judge** HON. KIMBERLY BUNNELL
**Current Judge** HON. KIMBERLY BUNNELL
**Closing Judge**

| | | Page # |
|---|---|---|
| 11/12/2019 | **Document Filed**<br>ORDER GRANTING<br>JUD<br>*ORDER GRANTING LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO JOIN ADDITIONAL PARTY* | |
| 11/13/2019 | **Document Filed**<br>AMENDED COMPLAINT<br>AP | |
| 11/14/2019 | **Monetary Event** $ 12.51<br>Monetary Event<br>Collected For Others (Postage) | |
| 11/14/2019 | **Summons Filed - DITECH FINANCIAL LI** @00000882661<br>CERTIFIED MAIL<br>*SIGNATURE STAMPED BY LA TONYA WASHINGTON* | |
| 11/18/2019 | **Summons Served/Recalled - DITECH FINANCIAL LLC,** @00000882661<br>CERTIFIED MAIL<br>*SIGNATURE STAMPED BY LA TONYA WASHINGTON* | |
| 12/02/2019 | **Document Filed**<br>ENTRY OF APPEARANCE<br>AD | |
| 12/02/2019 | **Document Filed**<br>ANSWER<br>AD<br>*ANSWER OF DEFENDANT DITECH FINANCIAL. LLC,SUCCESSOR BY MERGER TO GREEN TREE SERVICING, LLC* | |
| 12/04/2019 | **Document Filed**<br>ANSWER AND COUNTERCLAIM<br>AD | |
| 12/05/2019 | **Monetary Event** $ 70.00<br>Monetary Event<br>Charges For Services (Jury Demand / 12) | |
| 01/16/2020 | **Document Filed**<br>REPLY<br>AP | |
| 05/01/2020 | **Document Filed**<br>ENTRY OF APPEARANCE<br>AD<br>*Shannon O'Connell Egan* | |
| 07/13/2020 | **Document Filed**<br>MEMORANDUM<br>AP<br>*MEMORANDUM OF LAW IN SUPPORT OF MOTION* | |
| 07/13/2020 | **Document Filed**<br>AFFIDAVIT<br>AP<br>*AFFIDAVIT OF STEVE HALL* | |

**CENTRAL BANK & TRUST CO, VS. WAIN, DOUGLAS A , ET AL**

**Case# 19-CI-00812**

**County** FAYETTE
**Court** CIRCUIT Court
**Opening Judge** HON. KIMBERLY BUNNELL
**Current Judge** HON. KIMBERLY BUNNELL
**Closing Judge**

| | | Page # |
|---|---|---|
| 07/13/2020 | **Document Filed**<br>AFFIDAVIT<br>AP<br>*AFFIDAVIT OF GREGORY D PAVEY* | |
| 07/13/2020 | **Document Filed**<br>TENDERED DOCUMENT<br>AP | |
| 07/13/2020 | **Document Filed**<br>EXHIBIT<br>AP<br>*EXHIBIT 1 TO MEMORANDUM OF LAW* | |
| 07/13/2020 | **Document Filed**<br>EXHIBIT<br>AP<br>*EXHIBIT 2 TO MEMORANDUM OF LAW* | |
| 07/13/2020 | **Document Filed**<br>EXHIBIT<br>AP<br>*EXHIBIT 3 TO MEMORANDUM OF LAW* | |
| 07/13/2020 | **Document Filed**<br>EXHIBIT<br>AP<br>*EXHIBIT 4 TO MEMORANDUM OF LAW* | |
| 07/13/2020 | **Document Filed**<br>EXHIBIT<br>AP<br>*EXHIBIT A TO AFFIDAVIT OF STEVE HALL* | |
| 07/13/2020 | **Document Filed**<br>EXHIBIT<br>AP<br>*EXHIBIT B TO AFFIDAVIT OF STEVE HALL* | |
| 07/13/2020 | **Document Filed**<br>EXHIBIT<br>AP<br>*EXHIBIT C TO AFFIDAVIT OF STEVE HALL* | |
| 07/13/2020 | **Document Filed**<br>EXHIBIT<br>AP<br>*EXHIBIT D-1 TO AFFIDAVIT OF STEVE HALL* | |
| 07/13/2020 | **Document Filed**<br>EXHIBIT<br>AP<br>*EXHIBIT D-2 TO AFFIDAVIT OF STEVE HALL* | |
| 07/13/2020 | **Document Filed**<br>EXHIBIT<br>AP<br>*EXHIBIT E TO AFFIDAVIT OF STEVE HALL* | |

**CENTRAL BANK & TRUST CO, VS. WAIN, DOUGLAS A , ET AL**

**Case# 19-CI-00812**

**County** FAYETTE
**Court** CIRCUIT Court
**Opening Judge** HON. KIMBERLY BUNNELL
**Current Judge** HON. KIMBERLY BUNNELL
**Closing Judge**

| | | Page # |
|---|---|---|
| 07/13/2020 | **Motion Filed**<br>MOTION FOR JUDGMENT AND ORDER OF SALE<br>ATTORNEY FOR PLAINTIFF | |
| 07/14/2020 | **Document Filed**<br>ORDER REFERRING CASE TO MASTER COMMISSIONER FOR JUDI<br>SALE<br>JUD | |
| 07/14/2020 | **Monetary Event** $ 200.00<br>Monetary Event<br>Collected For Others (MC Jud. Sales Admin. Fee) | |
| 07/14/2020 | **NOE to All Counsel of Record and Parties N Represented by Counsel.**<br>ORDER REFERRING CASE TO MASTER COMMISSIONER FOR JUDI<br>SALE | |
| 07/15/2020 | **Document Filed**<br>RE-NOTICE OF HEARING<br>AP<br>*OF MOTION FOR JUDGMENT AND ORDER OF SALE RE-NOTICED FROM 07/24/20 TO 08/07/20* | |
| 07/24/2020 | **Scheduled Event** Jul 24 2020 at 08:30 AM<br>MOTION HOUR<br>HON. KIMBERLY BUNNELL<br>*MOTION FOR JUDGMENT AND ORDER FOR SALE FILED BY AP RE-NOTICED TO 08/07/20* | |
| 08/04/2020 | **Document Filed**<br>RESPONSE<br>AD | |
| 08/04/2020 | **Document Filed**<br>EXHIBIT<br>AD | |
| 08/04/2020 | **Document Filed**<br>EXHIBIT<br>AD | |
| 08/04/2020 | **Document Filed**<br>EXHIBIT<br>AD | |
| 08/04/2020 | **Document Filed**<br>EXHIBIT<br>AD | |
| 08/04/2020 | **Document Filed**<br>EXHIBIT<br>AD | |
| 08/04/2020 | **Document Filed**<br>EXHIBIT<br>AD | |
| 08/04/2020 | **Document Filed**<br>EXHIBIT<br>AD | |

**CENTRAL BANK & TRUST CO, VS. WAIN, DOUGLAS A , ET AL**

**Case# 19-CI-00812**

**County** FAYETTE
**Court** CIRCUIT Court
**Opening Judge** HON. KIMBERLY BUNNELL
**Current Judge** HON. KIMBERLY BUNNELL
**Closing Judge**

| | | Page # |
|---|---|---|
| 08/04/2020 | **Document Filed**<br>EXHIBIT<br>AD | |
| 08/04/2020 | **Document Filed**<br>EXHIBIT<br>AD | |
| 08/04/2020 | **Document Filed**<br>EXHIBIT<br>AD | |
| 08/04/2020 | **Document Filed**<br>TENDERED DOCUMENT<br>AD | |
| 08/07/2020 | **Scheduled Event** Aug 07 2020 at 08:30 AM<br>MOTION HOUR<br>HON. KIMBERLY BUNNELL<br>*MOTION FOR JUDGMENT AND ORDER OF SALE FILED BY AP RE-NOTICED FROM 07/24/20* | |
| 10/26/2020 | **Document Filed**<br>MEMORANDUM<br>AD | |
| 10/26/2020 | **Document Filed**<br>EXHIBIT<br>AD | |
| 10/26/2020 | **Document Filed**<br>EXHIBIT<br>AD | |
| 10/26/2020 | **Document Filed**<br>EXHIBIT<br>AD | |
| 10/26/2020 | **Document Filed**<br>EXHIBIT<br>AD | |
| 10/26/2020 | **Document Filed**<br>EXHIBIT<br>AD | |
| 10/26/2020 | **Document Filed**<br>EXHIBIT<br>AD | |
| 10/26/2020 | **Document Filed**<br>EXHIBIT<br>AD | |
| 10/26/2020 | **Document Filed**<br>EXHIBIT<br>AD | |
| 10/26/2020 | **Document Filed**<br>RE-NOTICE OF HEARING<br>AP | |

**CENTRAL BANK & TRUST CO, VS. WAIN, DOUGLAS A , ET AL**

**Case# 19-CI-00812**

**County** FAYETTE
**Court** CIRCUIT Court
**Opening Judge** HON. KIMBERLY BUNNELL
**Current Judge** HON. KIMBERLY BUNNELL
**Closing Judge**

| | | Page # |
|---|---|---|
| 10/26/2020 | **Motion Filed**<br>MOTION FOR PARTIAL SUMMARY JUDGMENT<br>ATTORNEY FOR DEFENDANT | |
| 11/03/2020 | **Document Filed**<br>RE-NOTICE OF HEARING<br>AP | |
| 11/04/2020 | **Motion Filed**<br>MOTION FOR PARTIAL SUMMARY JUDGMENT<br>ATTORNEY FOR DEFENDANT | |
| 11/06/2020 | **Scheduled Event** **Nov 06 2020 at 08:30 AM**<br>MOTION HOUR<br>HON. KIMBERLY BUNNELL | |
| 12/07/2020 | **Document Filed**<br>RESPONSE<br>AP<br>*of Central Bank TO DEF MOTION for PSJ on counterclaims REPLY IN SUPPORT OF motion for PSJ , Judg. on the pleadings and order of sale* | |
| 12/10/2020 | **Document Filed**<br>MEMORANDUM<br>AD | |
| 12/11/2020 | **Scheduled Event** **Dec 11 2020 at 08:30 AM**<br>MOTION HOUR<br>HON. KIMBERLY BUNNELL<br>*re-notice motion for partial summary judgment* | |
| 12/11/2020 | **Document Filed**<br>VIDEO LOG<br>*22-9-20-CD-146* | |
| 01/11/2021 | **Document Filed**<br>TENDERED DOCUMENT<br>AP<br>*PROPOSED 141S ORDER REFERRING CASE TO MASTER COMMI* | |
| 01/13/2021 | **Document Filed**<br>ORDER REFERRING CASE TO MASTER COMMISSIONER FOR JUDI<br>SALE<br>JUD<br>*NOE ES : EGAN, SHANNON O, HEMMINGER, DAVID WILLIAM, NALEPKA, PAUL, PAVEY, GREGORY D.,\|NOE FCM : NALEPKA, PAUL* | |
| 01/13/2021 | **NOE to All Counsel of Record and Parties N Represented by Counsel.**<br>ORDER REFERRING CASE TO MASTER COMMISSIONER FOR JUDI<br>SALE<br>FIRST CLASS MAIL<br>*NOE ES : EGAN, SHANNON O, HEMMINGER, DAVID WILLIAM, NALEPKA, PAUL, PAVEY, GREGORY D.,\|NOE FCM : NALEPKA, PAUL* | |
| 01/20/2021 | **Document Filed**<br>JUDGMENT AND ORDER OF SALE<br>*PARTIAL* | |

**CENTRAL BANK & TRUST CO, VS. WAIN, DOUGLAS A , ET AL**

**Case# 19-CI-00812**

**County** FAYETTE
**Court** CIRCUIT Court
**Opening Judge** HON. KIMBERLY BUNNELL
**Current Judge** HON. KIMBERLY BUNNELL
**Closing Judge**

| | | | Page # |
|---|---|---|---|
| 01/20/2021 | **NOE to All Counsel of Record and Parties N Represented by Counsel.**<br>JUDGMENT AND ORDER OF SALE<br>FIRST CLASS MAIL<br>*PARTIAL* | | |
| 01/29/2021 | **Document Filed**<br>APPRAISAL<br>COM<br>*2711 BARBADOS LANE* | | |
| 02/04/2021 | **Motion Filed**<br>MOTION - OTHER<br>ATTORNEY FOR DEFENDANT | | |
| 02/04/2021 | **Motion Filed**<br>MOTION - OTHER<br>ATTORNEY FOR DEFENDANT | | |
| 02/10/2021 | **Document Filed**<br>REPORT OF SALE<br>COM | | |
| 02/10/2021 | **Document Filed**<br>RE-NOTICE OF HEARING<br>AD | | |
| 02/12/2021 | **Scheduled Event**<br>MOTION HOUR<br>HON. KIMBERLY BUNNELL | Feb 12 2021 at 08:30 AM | |
| 02/17/2021 | **Document Filed**<br>NOTICE OF APPEAL<br>AD<br>*COPIES BY FIRST CLASS MAIL TO: COURT OF APPEALS, DIETCH FINALCIAL LLC, GREGORY PAVEY, PAUL NALEPKA, DAVID WILLIAM HEMMINGER, SHANNON O. EGAN ON FEB. 19, 2021* | | |
| 02/17/2021 | **Document Filed**<br>EXHIBIT<br>AD | | |
| 02/17/2021 | **Monetary Event**<br>Monetary Event<br>Civil Filing Fee | $ 150.00 | |
| 02/17/2021 | **Monetary Event**<br>Monetary Event<br>Court Facilities Fee | $ 25.00 | |
| 02/17/2021 | **Monetary Event**<br>Monetary Event<br>Collected For Others (Attorney Tax Fee - Appeals) | $ 10.00 | |
| 02/17/2021 | **Monetary Event**<br>Monetary Event<br>Collected For Others (Postage) | $ 6.65 | |
| 02/17/2021 | **Monetary Event**<br>Monetary Event<br>Charges For Services (Copy - Photocopy) | $ 9.10 | |

**CENTRAL BANK & TRUST CO, VS. WAIN, DOUGLAS A , ET AL**

**Case# 19-CI-00812**

**County** FAYETTE
**Court** CIRCUIT Court
**Opening Judge** HON. KIMBERLY BUNNELL
**Current Judge** HON. KIMBERLY BUNNELL
**Closing Judge**

| | | | Page # |
|---|---|---|---|
| 02/24/2021 | **Document Filed**<br>ORDER CONFIRMING SALE | | |
| 02/24/2021 | **NOE to All Counsel of Record and Parties N Represented by Counsel.**<br>ORDER CONFIRMING SALE<br>FIRST CLASS MAIL | | |
| 02/24/2021 | **Motion Filed**<br>MOTION CONFIRMING SALE, TAKING CREDIT & ORDERING DEEE<br>ATTORNEY FOR PLAINTIFF<br>*and distribution of proceeds* | | |
| 03/03/2021 | **Monetary Event**<br>Monetary Event<br>Charges For Services (Garnishment) | $ 15.00 | |
| 03/03/2021 | **Monetary Event**<br>Monetary Event<br>Charges For Services (Garnishment) | $ 15.00 | |
| 03/03/2021 | **Document Filed**<br>GARNISHMENT - AFFIDAVIT FOR NONWAGE | | |
| 03/03/2021 | **Document Filed**<br>GARNISHMENT - NONWAGE | | |
| 03/03/2021 | **Document Filed**<br>GARNISHMENT - AFFIDAVIT FOR WAGE | | |
| 03/03/2021 | **Document Filed**<br>GARNISHMENT - WAGE | | |
| 03/04/2021 | **Document Filed**<br>OBJECTION<br>AD | | |
| 03/04/2021 | **Document Filed**<br>EXHIBIT<br>AD | | |
| 03/04/2021 | **Document Filed**<br>EXHIBIT<br>AD | | |
| 03/04/2021 | **Document Filed**<br>EXHIBIT<br>AD | | |
| 03/05/2021 | **Scheduled Event**<br>MOTION HOUR<br>HON. KIMBERLY BUNNELL<br>*RE-NOTICE OF HEARING ON NEWREZ LLCD/B/A SHELLPOINT MORTGAGESERVICING'S MOTION TO SUBSTITUTE PARTY DEFENDANT, AND MOTIONFOR LEAVE TO FILE AMENDED ANSWER AND CROSS-CLAIM* | Mar 05 2021 at 08:30 AM | |
| 03/05/2021 | **Document Filed**<br>VIDEO LOG<br>*CD# 22-9-21-CD-25 9:01:56 AM TO 9:14:13 AM* | | |

**CENTRAL BANK & TRUST CO, VS. WAIN, DOUGLAS A , ET AL**

**Case# 19-CI-00812**

**County** FAYETTE
**Court** CIRCUIT Court
**Opening Judge** HON. KIMBERLY BUNNELL
**Current Judge** HON. KIMBERLY BUNNELL
**Closing Judge**

| | | Page # |
|---|---|---|
| 03/11/2021 | **Document Filed**<br>RETURN OF SERVICE<br>*GARNISHMENT SERVED TO MICHELLE HAS FCPS PAYROLL 3/5/21* | |
| 03/12/2021 | **Document Filed**<br>ORDER CONFIRMING SALE, TAKING CREDIT AND ORDERING DEI<br>*DEED PLACED IN MC BOX* | |
| 03/12/2021 | **NOE to All Counsel of Record and Parties N Represented by Counsel.**<br>ORDER CONFIRMING SALE, TAKING CREDIT AND ORDERING DEI<br>FIRST CLASS MAIL<br>*DEED PLACED IN MC BOX* | |
| 03/15/2021 | **Document Filed**<br>TENDERED DOCUMENT<br>AD<br>*order granting* | |
| 03/15/2021 | **Document Filed**<br>TENDERED DOCUMENT<br>AD<br>*PROPOSED ORDER GRANTING MOTION FOR LEAVE TO FILE* | |
| 03/16/2021 | **Document Filed**<br>ORDER GRANTING<br>JUD<br>*motion to substitute party def. newrez llc d/b/a shellpoint mtg is substituted in place of Ditech Financial NOE ES : EGAN, SHANNON O, HEMMINGER, DAVID WILLIAM, NALEPKA, PAUL, PAVEY, GREGORY D.,* | |
| 03/16/2021 | **Document Filed**<br>ORDER GRANTING<br>JUD<br>*substituted def. Newrez LLC motion to file amended answer and crossclaim NOE ES : EGAN, SHANNON O, HEMMINGER, DAVID WILLIAM, NALEPKA, PAUL, PAVEY, GREGORY D.,* | |
| 03/16/2021 | **NOE to All Counsel of Record and Parties N Represented by Counsel.**<br>ORDER GRANTING<br>ELECTRONIC SERVICE<br>*motion to substitute party def. newrez llc d/b/a shellpoint mtg is substituted in place of Ditech Financial NOE ES : EGAN, SHANNON O, HEMMINGER, DAVID WILLIAM, NALEPKA, PAUL, PAVEY, GREGORY D.,* | |
| 03/16/2021 | **NOE to All Counsel of Record and Parties N Represented by Counsel.**<br>ORDER GRANTING<br>ELECTRONIC SERVICE<br>*substituted def. Newrez LLC motion to file amended answer and crossclaim NOE ES : EGAN, SHANNON O, HEMMINGER, DAVID WILLIAM, NALEPKA, PAUL, PAVEY, GREGORY D.,* | |
| 03/26/2021 | **Document Filed**<br>ORDER - OTHER<br>*FROM COURT OF APPEALS TO COUNT TIME NO2021-CA-202-MR* | |
| 04/05/2021 | **Document Filed**<br>DESIGNATION OF RECORD<br>AD | |

**CENTRAL BANK & TRUST CO, VS. WAIN, DOUGLAS A , ET AL**

**Case# 19-CI-00812**

**County** FAYETTE
**Court** CIRCUIT Court
**Opening Judge** HON. KIMBERLY BUNNELL
**Current Judge** HON. KIMBERLY BUNNELL
**Closing Judge**

| | | Page # |
|---|---|---|
| 04/09/2021 | **Document Filed**<br>DESIGNATION OF RECORD<br>AP | |
| 04/15/2021 | **Document Filed**<br>ANSWER AND CROSSCLAIM<br>AD | |
| 04/15/2021 | **Monetary Event** $ 70.00<br>Monetary Event<br>Charges For Services (Jury Demand / 12) | |
| 04/22/2021 | **Document Filed**<br>NOTICE OF CERTIFICATION OF RECORD ON APPEAL<br>*HON REBECCA COMBS LYON,DAVID W HEMMINGER, GREGORY D PAVEY, PAUL NALEPKA, SHANNON OCONNELL EGAN* | |
| 04/28/2021 | **Document Filed**<br>NOTICE - OTHER<br>AD | |
| 04/29/2021 | **Motion Filed**<br>MOTION TO FILE<br>ATTORNEY FOR DEFENDANT | |
| 05/18/2021 | **Motion Filed**<br>MOTION NOT FILED TIMELY<br>ATTORNEY FOR DEFENDANT<br>*MOTION FOR LEAVE TO FILE AMENDED ANSWER* | |
| 05/21/2021 | **Scheduled Event** May 21 2021 at 08:30 AM<br>MOTION HOUR<br>HON. KIMBERLY BUNNELL | |
| 05/26/2021 | **Document Filed**<br>EXHIBIT<br>AD | |
| 05/26/2021 | **Document Filed**<br>TENDERED DOCUMENT<br>AD | |
| 05/27/2021 | **Document Filed**<br>ORDER GRANTING<br>JUD<br>*Deft's Crossclaim Defts Motion for leave tofile an Amended Answer to the Crossclaim filed by Deft/Crossclaim Plf. is herebyGRANTED* | |
| 05/27/2021 | **NOE to All Counsel of Record and Parties N Represented by Counsel.**<br>ORDER GRANTING<br>ELECTRONIC SERVICE<br>*Deft's Crossclaim Defts Motion for leave tofile an Amended Answer to the Crossclaim filed by Deft/Crossclaim Plf. is herebyGRANTED* | |
| 09/20/2021 | **Document Filed**<br>REQUEST / APPLICATION<br>*FROM COURT OF APPEALS TO TRANSMIT RECORD ON APPEAL 2021-CA-0202-MR* | |

**CENTRAL BANK & TRUST CO, VS. WAIN, DOUGLAS A , ET AL**

**Case# 19-CI-00812**

**County** FAYETTE
**Court** CIRCUIT Court
**Opening Judge** HON. KIMBERLY BUNNELL
**Current Judge** HON. KIMBERLY BUNNELL
**Closing Judge**

| | | Page # |
|---|---|---|
| 09/23/2021 | **Document Filed**<br>MISCELLANEOUS<br>*MAILED TO COURT OF APPEALS VIA UPS TRACKING #1ZOXW6960399354209 5 VOLUMES OF PLEADINGS 1 CD* | |
| 01/21/2022 | **Motion Filed**<br>MOTION - OTHER<br>DEFENDANT / RESPONDENT<br>*TO ORDER A REPLACEMENT DEED* | |
| 01/26/2022 | **Document Filed**<br>ORDER - OTHER<br>*TO ISSUE REPLACEMENT DEED DEED ACKNOWLEDGED AND PLACED IN THE MC BOX* | |
| 01/26/2022 | **NOE to All Counsel of Record and Parties N Represented by Counsel.**<br>ORDER - OTHER<br>FIRST CLASS MAIL<br>*TO ISSUE REPLACEMENT DEED DEED ACKNOWLEDGED AND PLACED IN THE MC BOX* | |
| 11/07/2022 | **Document Filed**<br>OPINION<br>*OPINION AFFIRMING FROM THE COURT OF APPEALS RENDERED 11/01/22 : 2021-CA-0202-MR* | |
| 05/22/2023 | **Document Filed**<br>ENTRY OF APPEARANCE<br>AP | |
| 05/22/2023 | **Motion Filed**<br>MOTION FOR DISTRIBUTION OF FUNDS<br>ATTORNEY FOR PLAINTIFF<br>*FUNDS OF $358,412.72 BEING HELD BY THE MASTER COMMISISONER OFFICE* | |
| 05/22/2023 | **Motion Filed**<br>MOTION FOR DISTRIBUTION OF FUNDS<br>ATTORNEY FOR PLAINTIFF | |
| 05/22/2023 | **Motion Filed**<br>MOTION FOR DISTRIBUTION OF FUNDS<br>ATTORNEY FOR PLAINTIFF<br>*DUPLICATE MOTION* | |
| 05/25/2023 | **Document Filed**<br>ENTRY OF APPEARANCE<br>AD | |
| 05/25/2023 | **Document Filed**<br>EXHIBIT<br>AD | |
| 05/25/2023 | **Document Filed**<br>RESPONSE<br>AD | |
| 05/25/2023 | **Motion Filed**<br>MOTION - OTHER<br>ATTORNEY FOR DEFENDANT<br>*TO SUBSTITUTE PARTY DEFENDANT/CROSS-CLAIMANT U. S BANK IN PLACE OF SHELLPOINT* | |

**CENTRAL BANK & TRUST CO, VS. WAIN, DOUGLAS A , ET AL**

**Case# 19-CI-00812**

**County** FAYETTE
**Court** CIRCUIT Court
**Opening Judge** HON. KIMBERLY BUNNELL
**Current Judge** HON. KIMBERLY BUNNELL
**Closing Judge**

| | | Page # |
|---|---|---|
| 05/26/2023 | **Scheduled Event** May 26 2023 at 08:30 AM<br>MOTION HOUR<br>HON. KIMBERLY BUNNELL | |
| 05/26/2023 | **Document Filed**<br>VIDEO LOG<br>*22-9-23-CD-76 START - 8:49:04 AM END 8:58:37 AM* | |
| 05/26/2023 | **Document Filed**<br>TENDERED DOCUMENT<br>AP | |
| 06/01/2023 | **Document Filed**<br>ORDER - OTHER<br>JUD<br>*AP MOTION FOR DISTRIBUTION OF PROCEEDS IS PASSED TO 6/2/23 AT 8:30AMNOE ES : EGAN, SHANNON O, HEMMINGER, DAVID WILLIAM, NALEPKA, PAUL, COLSON, CHRISTOPHER, PAVEY, GREGORY D... WISEMAN, TIMOTHY R* | |
| 06/01/2023 | **Document Filed**<br>RESPONSE<br>AD | |
| 06/01/2023 | **Document Filed**<br>EXHIBIT<br>AD | |
| 06/01/2023 | **Document Filed**<br>EXHIBIT<br>AD | |
| 06/01/2023 | **NOE to All Counsel of Record and Parties N Represented by Counsel.**<br>ORDER - OTHER<br>ELECTRONIC SERVICE<br>*AP MOTION FOR DISTRIBUTION OF PROCEEDS IS PASSED TO 6/2/23 AT 8:30AMNOE ES : EGAN, SHANNON O, HEMMINGER, DAVID WILLIAM, NALEPKA, PAUL, COLSON, CHRISTOPHER, PAVEY, GREGORY D... WISEMAN, TIMOTHY R* | |
| 06/02/2023 | **Scheduled Event** Jun 02 2023 at 08:30 AM<br>MOTION HOUR<br>HON. KIMBERLY BUNNELL<br>*MOTION TO SUBSTITUTE PARTY DEFENDANT/CROSS-CLAIMANT* | |
| 06/02/2023 | **Document Filed**<br>VIDEO LOG<br>*22-9-23-CD-78 START 8:55:22 END 9:09:29* | |
| 06/05/2023 | **Document Filed**<br>TENDERED DOCUMENT<br>AD | |
| 06/06/2023 | **Document Filed**<br>ORDER GRANTING<br>JUD<br>*ORDER GRANTING MOTION TO SUBSTITUTEPARTY DEFENDANT/CROSS-CLAIMANT* | |

**CENTRAL BANK & TRUST CO, VS. WAIN, DOUGLAS A , ET AL**

**Case# 19-CI-00812**

**County** FAYETTE
**Court** CIRCUIT Court
**Opening Judge** HON. KIMBERLY BUNNELL
**Current Judge** HON. KIMBERLY BUNNELL
**Closing Judge**

| | | Page # |
|---|---|---|
| 06/06/2023 | **NOE to All Counsel of Record and Parties N Represented by Counsel.**<br>ORDER GRANTING<br>OTHER<br>*ORDER GRANTING MOTION TO SUBSTITUTEPARTY DEFENDANT/CROSS-CLAIMANT* | |
| 06/21/2023 | **Document Filed**<br>TENDERED DOCUMENT<br>AP | |
| 06/23/2023 | **Document Filed**<br>ORDER - OTHER<br>JUD<br>*parties shall have 30 days from June 2, 2023 to file any Motions\| MOTION FOR DISTRIBUTION OF PROCEEDS IS PASSED* | |
| 06/23/2023 | **NOE to All Counsel of Record and Parties N Represented by Counsel.**<br>ORDER - OTHER<br>OTHER<br>*parties shall have 30 days from June 2, 2023 to file any Motions\| MOTION FOR DISTRIBUTION OF PROCEEDS IS PASSED* | |
| 07/03/2023 | **Document Filed**<br>TENDERED DOCUMENT<br>AD | |
| 07/03/2023 | **Motion Filed**<br>MOTION FOR JUDGMENT AND ORDER OF SALE<br>ATTORNEY FOR DEFENDANT | |
| 07/05/2023 | **Monetary Event** $ 200.00<br>Monetary Event<br>Collected For Others (MC Jud. Sales Admin. Fee) | |
| 07/07/2023 | **Document Filed**<br>ORDER REFERRING CASE TO MASTER COMMISSIONER FOR JUDI<br>SALE<br>JUD<br>*NOE ES : EGAN, SHANNON O, HEMMINGER, DAVID WILLIAM, NALEPKA, PAUL, COLSON, CHRISTOPHER, PAVEY, GREGORY D.., WISEMAN, TIMOTHY R.NOE eMail : MASTER COMMISSIONER* | |
| 07/07/2023 | **Document Filed**<br>NOTICE OF FILING<br>AD<br>*Affidavit In Support of U.S. Bank's Motion For Summary Judgment* | |
| 07/07/2023 | **Document Filed**<br>NOTICE OF HEARING<br>AD | |
| 07/07/2023 | **NOE to All Counsel of Record and Parties N Represented by Counsel.**<br>ORDER REFERRING CASE TO MASTER COMMISSIONER FOR JUDI<br>SALE<br>ELECTRONIC SERVICE<br>*NOE ES : EGAN, SHANNON O, HEMMINGER, DAVID WILLIAM, NALEPKA, PAUL, COLSON, CHRISTOPHER, PAVEY, GREGORY D.., WISEMAN, TIMOTHY R.NOE eMail : MASTER COMMISSIONER* | |

**CENTRAL BANK & TRUST CO, VS. WAIN, DOUGLAS A , ET AL**

**Case# 19-CI-00812**

**County** FAYETTE
**Court** CIRCUIT Court
**Opening Judge** HON. KIMBERLY BUNNELL
**Current Judge** HON. KIMBERLY BUNNELL
**Closing Judge**

| | | Page # |
|---|---|---|
| 08/02/2023 | **Document Filed**<br>RE-NOTICE OF HEARING<br>AP | |
| 08/03/2023 | **Document Filed**<br>RE-NOTICE OF HEARING<br>AD | |
| 08/03/2023 | **Document Filed**<br>RE-NOTICE OF HEARING<br>AP<br>*OF THE PLT. S MOTION FOR DISTRIBUTION OF PROCEEDS ON 8/18/23* | |
| 08/04/2023 | **Scheduled Event** Aug 04 2023 at 08:30 AM<br>MOTION HOUR<br>HON. KIMBERLY BUNNELL | |
| 08/15/2023 | **Document Filed**<br>RE-NOTICE OF HEARING<br>AD | |
| 08/15/2023 | **Motion Filed**<br>MOTION - OTHER<br>ATTORNEY FOR DEFENDANT<br>*AD/cross claimant US Bank Trust Motion for summary judgment on it scross claim* | |
| 08/16/2023 | **Document Filed**<br>RE-NOTICE OF HEARING<br>AP | |
| 08/18/2023 | **Scheduled Event** Aug 18 2023 at 08:30 AM<br>MOTION HOUR<br>HON. KIMBERLY BUNNELL<br>*AD/cross claimant US Bank Trust Motion for summary judgment on it s cross claim* | |
| 08/22/2023 | **Document Filed**<br>RESPONSE<br>AD<br>*CROSS-CLAIM DEFENDANTS' RESPONSE AND OBJECTION TODEFENDANT/CROSS-CLAIMANT'S MOTION FOR SUMMARYJUDGMENT ON ITS CROSS-CLAIM* | |
| 08/22/2023 | **Document Filed**<br>EXHIBIT<br>AD<br>*MSJ RESPONSE EXHIBITS* | |
| 08/22/2023 | **Document Filed**<br>REPLY<br>AP | |
| 08/25/2023 | **Scheduled Event** Aug 25 2023 at 08:30 AM<br>MOTION HOUR<br>HON. KIMBERLY BUNNELL | |
| 08/25/2023 | **Document Filed**<br>VIDEO LOG<br>*22-9-23-CD-118 START 8:53:58 END 9:20:19* | |

**CENTRAL BANK & TRUST CO, VS. WAIN, DOUGLAS A , ET AL**

**Case# 19-CI-00812**

**County** FAYETTE
**Court** CIRCUIT Court
**Opening Judge** HON. KIMBERLY BUNNELL
**Current Judge** HON. KIMBERLY BUNNELL
**Closing Judge**

| | | Page # |
|---|---|---|
| 01/15/2024 | **Motion Filed**<br>MOTION FOR PRETRIAL CONFERENCE<br>ATTORNEY FOR PLAINTIFF | |
| 01/19/2024 | **Scheduled Event** Jan 19 2024 at 08:30 AM<br>MOTION HOUR<br>HON. KIMBERLY BUNNELL | |
| 01/25/2024 | **Document Filed**<br>OPINION<br>*FINAL OPINION AFFIRMING. APPEAL #2021-CA-202* | |
| 01/25/2024 | **Document Filed**<br>MISCELLANEOUS<br>*RECEIVED FROM COURT OF APPEALS VIA UPS: 5 VOL. RECORD, 1 CD* | |
| 03/04/2024 | **Document Filed**<br>TENDERED DOCUMENT<br>COM<br>*SUMMARY JUDGMENT AND ORDER DISTRIBUTION* | |
| 03/07/2024 | **Case Disposed** 1828 Days<br>SUMMARY JUDGMENT | |
| 03/07/2024 | **Document Filed**<br>JUDGMENT - SUMMARY<br>JUD<br>*NOE ES : EGAN, SHANNON O, HEMMINGER, DAVID WILLIAM, NALEPKA, PAUL, COLSON, CHRISTOPHER, PAVEY, GREGORY D.,, WISEMAN, TIMOTHY R., FRAZIER, JAMES* | |
| 03/07/2024 | **NOE to All Counsel of Record and Parties N Represented by Counsel.**<br>JUDGMENT - SUMMARY<br>ELECTRONIC SERVICE<br>*NOE ES : EGAN, SHANNON O, HEMMINGER, DAVID WILLIAM, NALEPKA, PAUL, COLSON, CHRISTOPHER, PAVEY, GREGORY D.,, WISEMAN, TIMOTHY R., FRAZIER, JAMES* | |
| 03/18/2024 | **Motion Filed**<br>MOTION TO AMEND PRIOR ORDER<br>ATTORNEY FOR DEFENDANT<br>*ORDER GRANTING SUMMARY JUDGMENT AND ORDER OF DISTRIBUTION OF SALE PROCEEDS* | |
| 03/21/2024 | **Document Filed**<br>NOTICE - OTHER<br>AD<br>*NOTICE OF REMAND FOR MOTION TO AMEND ORDER GRANTING SUMMARY JUDGMENT AND ORDER OF DISTRIBUTON OF SALE RECORDS ON 3/22/24* | |
| 03/22/2024 | **Scheduled Event** Mar 22 2024 at 08:30 AM<br>MOTION HOUR<br>HON. KIMBERLY BUNNELL | |
| 03/26/2024 | **Document Filed**<br>EXHIBIT<br>AD | |
| 03/26/2024 | **Document Filed**<br>EXHIBIT<br>AD | |

**CENTRAL BANK & TRUST CO, VS. WAIN, DOUGLAS A , ET AL**

**Case# 19-CI-00812**

**County** FAYETTE
**Court** CIRCUIT Court
**Opening Judge** HON. KIMBERLY BUNNELL
**Current Judge** HON. KIMBERLY BUNNELL
**Closing Judge**

| Date | Entry | Page # |
|---|---|---|
| 03/26/2024 | **Document Filed**<br>EXHIBIT<br>AD | |
| 03/26/2024 | **Motion Filed**<br>MOTION TO AMEND<br>ATTORNEY FOR DEFENDANT<br>*ORDER GRANTING SUMMARY JUDGMENT AND ORDER OF DISTRIBUTION OF SALE PROCEEDS* | |
| 03/26/2024 | **Motion Filed**<br>MOTION FOR PROTECTIVE ORDER<br>ATTORNEY FOR DEFENDANT<br>*PREVENTING THE PLFF FROM PURSUING POST JUDGMENT DISCOVERY AGAISNT THE WAINS* | |
| 04/09/2024 | **Document Filed**<br>EXHIBIT<br>AD<br>*EXHIBIT A - 1/20/21 ORDER* | |
| 04/09/2024 | **Document Filed**<br>EXHIBIT<br>AD<br>*EXHIBIT B - DEED* | |
| 04/09/2024 | **Document Filed**<br>EXHIBIT<br>AD<br>*EXHIBIT C - CBT DISCOVERY REQUESTS* | |
| 04/09/2024 | **Document Filed**<br>EXHIBIT<br>AD<br>*EXHIBIT D - AFFIDAVITS* | |
| 04/09/2024 | **Motion Filed**<br>MOTION FOR PROTECTIVE ORDER<br>ATTORNEY FOR DEFENDANT<br>*AMENDED MOTION FOR PROTECTIVE ORDER PREVENTING THE PLFF CENTRAL BANK FROM PURSUING POST-JUDGMENT DISCOVERY AGIANST WAINS* | |
| 04/12/2024 | **Document Filed**<br>EXHIBIT<br>AD<br>*EXHIBIT A - AFFIDAVIT* | |
| 04/12/2024 | **Motion Filed**<br>MOTION TO AMEND PRIOR ORDER<br>ATTORNEY FOR DEFENDANT<br>*ORDER GRANTING SUMMARY JUDGMENT ANDF ORDER OF DISTRIBUTION OF SALE PROCEEDS* | |
| 04/17/2024 | **Document Filed**<br>RESPONSE<br>AP | |
| 04/18/2024 | **Document Filed**<br>OBJECTION<br>AD<br>*RESPONSE AND OBJECTION TO AMENDED MOTION TO AMEND* | |

**CENTRAL BANK & TRUST CO, VS. WAIN, DOUGLAS A , ET AL**

**Case# 19-CI-00812**

**County** FAYETTE
**Court** CIRCUIT Court
**Opening Judge** HON. KIMBERLY BUNNELL
**Current Judge** HON. KIMBERLY BUNNELL
**Closing Judge**

| | | Page # |
|---|---|---|
| 04/19/2024 | **Scheduled Event** Apr 19 2024 at 08:30 AM<br>MOTION HOUR<br>HON. KIMBERLY BUNNELL | |
| 04/19/2024 | **Document Filed**<br>VIDEO LOG<br>*CD#:222-9-CD-51 SESSION STARTED: 8:43:06 AM SESSION ENDED: 8:50:54 AM* | |
| 04/25/2024 | **Document Filed**<br>TENDERED DOCUMENT<br>AD | |
| 04/25/2024 | **Document Filed**<br>TENDERED DOCUMENT<br>AP | |
| 04/30/2024 | **Document Filed**<br>ORDER DENYING<br>JUD<br>*DEFENDANTS'AMENDED MOTION FOR PROTECTIVE ORDER\| WAINS SHALL HAVE THIRTY (30) DAYS FROM THIS ORDER'S ENTRY TO RESPOND* | |
| 04/30/2024 | **Document Filed**<br>ORDER DENYING<br>JUD<br>*DEFENDANTS DOUGLAS A. WAIN AND ELISA WAIN'SAMENDED MOTION TO AMEND ORDER GRANTING SUMMARY JUDGMENT ANDORDER OF DISTRIBUTION OF SALE PROCEEDS* | |
| 04/30/2024 | **NOE to All Counsel of Record and Parties N Represented by Counsel.**<br>ORDER DENYING<br>OTHER<br>*DEFENDANTS'AMENDED MOTION FOR PROTECTIVE ORDER\| WAINS SHALL HAVE THIRTY (30) DAYS FROM THIS ORDER'S ENTRY TO RESPOND* | |
| 04/30/2024 | **NOE to All Counsel of Record and Parties N Represented by Counsel.**<br>ORDER DENYING<br>OTHER<br>*DEFENDANTS DOUGLAS A. WAIN AND ELISA WAIN'SAMENDED MOTION TO AMEND ORDER GRANTING SUMMARY JUDGMENT ANDORDER OF DISTRIBUTION OF SALE PROCEEDS* | |
| 05/06/2024 | **Motion Filed**<br>MOTION TO WITHDRAW<br>ATTORNEY FOR DEFENDANT<br>*OF ATTY DAVID HEMMINGER* | |
| 05/07/2024 | **Motion Filed**<br>MOTION NOT FILED TIMELY<br>DEFENDANT / RESPONDENT<br>*MOTION FOR RECUSAL OF JUDGE BUNNELL* | |
| 05/07/2024 | **Motion Filed**<br>MOTION FOR SANCTIONS<br>DEFENDANT / RESPONDENT<br>*AGAINST CENTRAL BANK AND TRUST CO OR THEIR REPRESENTATIVES* | |

**CENTRAL BANK & TRUST CO, VS. WAIN, DOUGLAS A , ET AL**

**Case# 19-CI-00812**

**County** FAYETTE
**Court** CIRCUIT Court
**Opening Judge** HON. KIMBERLY BUNNELL
**Current Judge** HON. KIMBERLY BUNNELL
**Closing Judge**

| | | Page # |
|---|---|---|
| 05/07/2024 | **Motion Filed**<br>MOTION NOT FILED TIMELY<br>DEFENDANT / RESPONDENT<br>*MOTION TO VACATE ORDER DENYING DEF. AMENDED MOTION FOR PROTECTIVE ORDER* | |
| 05/07/2024 | **Motion Filed**<br>MOTION NOT FILED TIMELY<br>DEFENDANT / RESPONDENT<br>*MOTION FOR ORDER OF SATISFACTION TO THE WAINS FROM CENTRAL BANK TRUST* | |
| 05/07/2024 | **Motion Filed**<br>MOTION FOR SANCTIONS<br>DEFENDANT / RESPONDENT<br>***DUPLICATE MOTION* | |
| 05/07/2024 | **Document Filed**<br>MISCELLANEOUS<br>D<br>*ENVELOPE* | |
| 05/07/2024 | **Motion Filed**<br>MOTION NOT FILED TIMELY<br>DEFENDANT / RESPONDENT<br>*MOTION FOR ORDER OF SATISFACTION TO THE WAINS FROM CENTRAL BANK TRUST CO.* | |
| 05/08/2024 | **Document Filed**<br>RESPONSE<br>AP<br>*OF CENTRAL BANK TRUST CO. TO THE MOTION TO WITHDRAW* | |
| 05/08/2024 | **Document Filed**<br>OBJECTION<br>AP<br>*RESPONSE AND OBJECTION TO WAINS PRO SE MOTIONS* | |
| 05/08/2024 | **Motion Filed**<br>MOTION TO WITHDRAW<br>ATTORNEY FOR PLAINTIFF<br>*OF ATTY CHRISTOPHER COLSON* | |
| 05/09/2024 | **Motion Filed**<br>MOTION FOR SANCTIONS<br>DEFENDANT / RESPONDENT<br>*AGAINST CENTRAL BANK TRUST CO OR THEIR REPRESENTATIVES*<br>*AMENDED MOTION*<br>*WITH ATTACHMENT A* | |
| 05/09/2024 | **Document Filed**<br>MISCELLANEOUS<br>APS | |
| 05/10/2024 | **Scheduled Event** May 10 2024 at 08:30 AM<br>MOTION HOUR<br>HON. KIMBERLY BUNNELL | |
| 05/10/2024 | **Document Filed**<br>VIDEO LOG<br>*CD#:22-9-24-CD-57 SESSION STARTED: 8:40:14 AM SESSION ENDED: 8:48:05 AM* | |

**CENTRAL BANK & TRUST CO, VS. WAIN, DOUGLAS A , ET AL**

**Case# 19-CI-00812**

**County** FAYETTE
**Court** CIRCUIT Court
**Opening Judge** HON. KIMBERLY BUNNELL
**Current Judge** HON. KIMBERLY BUNNELL
**Closing Judge**

| | | Page # |
|---|---|---|
| 05/16/2024 | **Document Filed**<br>TENDERED DOCUMENT<br>AP<br>*ORDER DENYING SANCTIONS MOTION* | |
| 05/16/2024 | **Document Filed**<br>TENDERED DOCUMENT<br>AP<br>*ORDER DENYING RECUSAL MOTION* | |
| 05/16/2024 | **Document Filed**<br>TENDERED DOCUMENT<br>AP<br>*ORDER DENYING MOTION TO VACATE* | |
| 05/16/2024 | **Document Filed**<br>TENDERED DOCUMENT<br>AP<br>*ORDER DENYING MOTION FOR ORDER OF SATISFACTION* | |
| 05/16/2024 | **Document Filed**<br>TENDERED DOCUMENT<br>AP<br>*ORDER GRANTING MOTION TO WITHDRAW* | |
| 05/17/2024 | **Scheduled Event** May 17 2024 at 08:30 AM<br>MOTION HOUR<br>HON. KIMBERLY BUNNELL | |
| 05/19/2024 | **Document Filed**<br>ORDER DENYING<br>JUD<br>*the def. motion for sanctions against Central Bank or their representativesNOE ES : EGAN, SHANNON, PAVEY, GREGORY FCM : WAIN, DOUGLAS* | |
| 05/19/2024 | **Document Filed**<br>ORDER DENYING<br>JUD<br>*def. motion for recusal NOE ES : EGAN, SHANNON, PAVEY, GREGORY FCM : WAIN, DOUGLAS* | |
| 05/19/2024 | **Document Filed**<br>ORDER DENYING<br>JUD<br>*motion to vacate order denying def. amended motion for protective order NOE ES : EGAN, SHANNON, PAVEY, GREGORY FCM : WAIN, DOUGLAS* | |
| 05/19/2024 | **Document Filed**<br>ORDER DENYING<br>JUD<br>*def. motion for order of satisfaction to the Wains from Central Bank NOE ES : EGAN, SHANNON, PAVEY, GREGORY FCM : WAIN, DOUGLAS* | |
| 05/19/2024 | **Document Filed**<br>ORDER GRANTING<br>JUD<br>*Atty David Hemminger to withdraw and the wains have 45 days to obtain new counsel NOE ES : EGAN, SHANNON, PAVEY, GREGORY FCM : WAIN, DOUGLAS* | |

**CENTRAL BANK & TRUST CO, VS. WAIN, DOUGLAS A , ET AL**

**Case# 19-CI-00812**

**County** FAYETTE
**Court** CIRCUIT Court
**Opening Judge** HON. KIMBERLY BUNNELL
**Current Judge** HON. KIMBERLY BUNNELL
**Closing Judge**

| | | Page # |
|---|---|---|
| 05/19/2024 | **NOE to All Counsel of Record and Parties N Represented by Counsel.**<br>ORDER DENYING<br>FIRST CLASS MAIL<br>*the def. motion for sanctions against Central Bank or their representativesNOE ES : EGAN, SHANNON, PAVEY, GREGORY FCM : WAIN, DOUGLAS* | |
| 05/19/2024 | **NOE to All Counsel of Record and Parties N Represented by Counsel.**<br>ORDER DENYING<br>FIRST CLASS MAIL<br>*def. motion for recusal NOE ES : EGAN, SHANNON, PAVEY, GREGORY FCM : WAIN, DOUGLAS* | |
| 05/19/2024 | **NOE to All Counsel of Record and Parties N Represented by Counsel.**<br>ORDER DENYING<br>FIRST CLASS MAIL<br>*motion to vacate order denying def. amended motion for protective order NOE ES : EGAN, SHANNON, PAVEY, GREGORY FCM : WAIN, DOUGLAS* | |
| 05/19/2024 | **NOE to All Counsel of Record and Parties N Represented by Counsel.**<br>ORDER DENYING<br>FIRST CLASS MAIL<br>*def. motion for order of satisfaction to the Wains from Central Bank NOE ES : EGAN, SHANNON, PAVEY, GREGORY FCM : WAIN, DOUGLAS* | |
| 05/19/2024 | **NOE to All Counsel of Record and Parties N Represented by Counsel.**<br>ORDER GRANTING<br>FIRST CLASS MAIL<br>*Atty David Hemminger to withdraw and the wains have 45 days to obtain new counsel NOE ES : EGAN, SHANNON, PAVEY, GREGORY FCM : WAIN, DOUGLAS* | |
| 05/20/2024 | **Motion Filed**<br>MOTION FOR RECUSAL<br>DEFENDANT / RESPONDENT | |
| 05/20/2024 | **Motion Filed**<br>MOTION TO RECONSIDER<br>DEFENDANT / RESPONDENT | |
| 05/20/2024 | **Document Filed**<br>NOTICE OF SERVICE<br>AP<br>*ORDERS ENTERED BY COURT* | |
| 05/20/2024 | **Document Filed**<br>EXHIBIT<br>AP | |
| 05/20/2024 | **Document Filed**<br>TENDERED DOCUMENT<br>AP<br>*ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL* | |

**CENTRAL BANK & TRUST CO, VS. WAIN, DOUGLAS A , ET AL**

**Case# 19-CI-00812**

**County** FAYETTE
**Court** CIRCUIT Court
**Opening Judge** HON. KIMBERLY BUNNELL
**Current Judge** HON. KIMBERLY BUNNELL
**Closing Judge**

| | | Page # |
|---|---|---|
| 05/23/2024 | **Document Filed**<br>NOTICE OF CHANGE OF ADDRESS<br>APS | |
| 05/24/2024 | **Motion Filed**<br>MOTION TO RECONSIDER<br>DEFENDANT / RESPONDENT<br>*AMENDED MOTION TO RECONSIDER MOTION FOR RECUSAL* | |
| 05/28/2024 | **Document Filed**<br>ORDER ALLOWING ATTORNEY TO WITHDRAW<br>JUD<br>*of atty Christopher Colson and Taft McKinstry NOE ES :EGAN, SHANNON, NALEPKA, PAUL, COLSON, CHRISTOPHER, PAVEY, GREGORY FCM: Hemminger, David* | |
| 05/28/2024 | **NOE to All Counsel of Record and Parties N Represented by Counsel.**<br>ORDER ALLOWING ATTORNEY TO WITHDRAW<br>ELECTRONIC SERVICE<br>*of atty Christopher Colson and Taft McKinstry NOE ES :EGAN, SHANNON, NALEPKA, PAUL, COLSON, CHRISTOPHER, PAVEY, GREGORY FCM: Hemminger, David* | |
| 05/31/2024 | **Monetary Event** $ 175.00<br>Monetary Event<br>Civil Filing Fee | |
| 05/31/2024 | **Document Filed**<br>NOTICE OF APPEAL<br>APE<br>*ES: COA FCM: ELISE WAIN, DOUGLAS WAIN, TIMOTHY WISEMAN, CHRISTOPHER COLSON, SHANNON EGAN 2024-CA-0646-MR* | |
| 05/31/2024 | **Document Filed**<br>RECEIPT | |
| 06/04/2024 | **Document Filed**<br>ORDER DENYING<br>JUD<br>*MOTION FOR RECUSALNOE ES : EGAN, SHANNON O, NALEPKA, PAUL, PAVEY, GREGORY D.,, WISEMAN, TIMOTHY R., FRAZIER, JAMES II\|NOE FCM : WAIN, DOUGLAS A; WAIN, ELISE* | |
| 06/04/2024 | **NOE to All Counsel of Record and Parties N Represented by Counsel.**<br>ORDER DENYING<br>FIRST CLASS MAIL<br>*MOTION FOR RECUSALNOE ES : EGAN, SHANNON O, NALEPKA, PAUL, PAVEY, GREGORY D.,, WISEMAN, TIMOTHY R., FRAZIER, JAMES II\|NOE FCM : WAIN, DOUGLAS A; WAIN, ELISE* | |
| 07/01/2024 | **Motion Filed**<br>MOTION TO RECONSIDER<br>DEFENDANT / RESPONDENT | |
| 07/02/2024 | **Document Filed**<br>CORRESPONDENCE<br>JUD<br>*EMAIL DIRECTING CLERK TO PLACE MOTION TO RECONSIDER ON 7-12-24 DOCKET* | |

**CENTRAL BANK & TRUST CO, VS. WAIN, DOUGLAS A , ET AL**

**Case# 19-CI-00812**

**County** FAYETTE
**Court** CIRCUIT Court
**Opening Judge** HON. KIMBERLY BUNNELL
**Current Judge** HON. KIMBERLY BUNNELL
**Closing Judge**

| | | Page # |
|---|---|---|
| 07/05/2024 | **Document Filed**<br>RE-NOTICE OF HEARING<br>*AMENDED MOTION II TO RECONSIDER MOTION FOR RECUSAL* | |
| 07/09/2024 | **Document Filed**<br>RESPONSE<br>AP<br>*AND OBJECTION* | |
| 07/11/2024 | **Document Filed**<br>RESPONSE<br>AD | |
| 07/12/2024 | **Scheduled Event** Jul 12 2024 at 08:30 AM<br>MOTION HOUR<br>HON. KIMBERLY BUNNELL<br>*PLACED ON 7-12-24 PER JUDGE S OFFICE* | |
| 07/12/2024 | **Document Filed**<br>VIDEO LOG<br>*22-9-24-CD-87 SESSION STARTED: 8:39:17 AM SESSION ENDED: 8:43:43 AM* | |
| 07/15/2024 | **Document Filed**<br>TENDERED DOCUMENT<br>AP<br>*PROPOSED / TENDERED ORDER* | |
| 07/17/2024 | **Document Filed**<br>ORDER DENYING<br>JUD | |
| 07/17/2024 | **NOE to All Counsel of Record and Parties N Represented by Counsel.**<br>ORDER DENYING<br>FIRST CLASS MAIL | |
| 07/29/2024 | **Motion Filed**<br>MOTION TO DISMISS<br>DEFENDANT / RESPONDENT<br>*CENTRAL BANK TRUST CO. S CLAIMS, W/ PREJUDICE , AGAINST THE WAINS, CASE NO. 19-CI-812, IN ITS ENTIRETY* | |
| 08/02/2024 | **Document Filed**<br>NOTICE - OTHER<br>*ORDER DISMISSING APPEAL COA 2024-CA-646-MR.* | |
| 08/02/2024 | **Document Filed**<br>EXHIBIT<br>AP | |
| 08/02/2024 | **Document Filed**<br>EXHIBIT<br>AP | |
| 08/02/2024 | **Motion Filed**<br>MOTION TO COMPEL<br>ATTORNEY FOR PLAINTIFF<br>*THE DEF. DOUGLAS WAIN AND ELISA WAIN TO SUBJECT THEMSELVES TO JUDGMENT DEBTOR EXAMINATIONS AND DEPOSITIONS TO PROVIDE THE DOCUMETNS REQUESTED AND TO RESPOND TO CENTRAL BANKS INTERROGATORIES* | |

**CENTRAL BANK & TRUST CO, VS. WAIN, DOUGLAS A , ET AL**

**Case# 19-CI-00812**

**County** FAYETTE
**Court** CIRCUIT Court
**Opening Judge** HON. KIMBERLY BUNNELL
**Current Judge** HON. KIMBERLY BUNNELL
**Closing Judge**

| | | Page # |
|---|---|---|
| 08/07/2024 | **Document Filed**<br>RESPONSE<br>D<br>*AND OBJECTION TO CENTRAL BANK TRUST CO. S MOTION TO COMPEL* | |
| 08/07/2024 | **Document Filed**<br>RESPONSE<br>AP<br>*RESPONSE TO MOTION TO DISMISS* | |
| 08/09/2024 | **Scheduled Event** Aug 09 2024 at 08:30 AM<br>MOTION HOUR<br>HON. KIMBERLY BUNNELL | |
| 08/09/2024 | **Document Filed**<br>VIDEO LOG<br>*CD#22-9-24-102 SESSION STARTED: 8:53:21 AM SESSION ENDED: 9:13:18 AM* | |
| 08/13/2024 | **Document Filed**<br>TENDERED DOCUMENT<br>AP<br>*PROPOSED ORDER GRANTING MOTION TO COMPEL* | |
| 08/13/2024 | **Document Filed**<br>TENDERED DOCUMENT<br>AP<br>*PROPOSED ORDER DENYING MOTION TO DISMISS* | |
| 08/19/2024 | **Document Filed**<br>ORDER DENYING<br>JUD<br>*ORDER DENYING DEFENDANTS' MOTION TO DISMISS* | |
| 08/19/2024 | **Document Filed**<br>ORDER TO COMPEL<br>JUD<br>*NOE ES : EGAN, SHANNON O, NALEPKA, PAUL, PAVEY, GREGORY D.,, WISEMAN, TIMOTHY R., FRAZIER, JAMES H\|NOE FCM : WAIN, DOUGLAS* | |
| 08/19/2024 | **NOE to All Counsel of Record and Parties N Represented by Counsel.**<br>ORDER DENYING<br>ELECTRONIC SERVICE<br>*ORDER DENYING DEFENDANTS' MOTION TO DISMISS* | |
| 08/19/2024 | **NOE to All Counsel of Record and Parties N Represented by Counsel.**<br>ORDER TO COMPEL<br>FIRST CLASS MAIL<br>*NOE ES : EGAN, SHANNON O, NALEPKA, PAUL, PAVEY, GREGORY D.,, WISEMAN, TIMOTHY R., FRAZIER, JAMES H\|NOE FCM : WAIN, DOUGLAS* | |
| 08/30/2024 | **Motion Filed**<br>MOTION TO RECONSIDER<br>DEFENDANT / RESPONDENT<br>*AMENDED MOTION III TO RECONSIDER MOTION FOR RECUSAL OF DEF DOUGLAS AND ELISA WAIN* | |

**CENTRAL BANK & TRUST CO, VS. WAIN, DOUGLAS A , ET AL**

**Case# 19-CI-00812**

**County** FAYETTE
**Court** CIRCUIT Court
**Opening Judge** HON. KIMBERLY BUNNELL
**Current Judge** HON. KIMBERLY BUNNELL
**Closing Judge**

| | | Page # |
|---|---|---|
| 09/11/2024 | **Document Filed**<br>RE-NOTICE OF HEARING<br>*AMENDED MOTION III TO RECONSIDER MOTION FOR RECUSAL FROM 9/13/2024 - 9/20/2024* | |
| 09/12/2024 | **Document Filed**<br>NOTICE - OTHER<br>AP | |
| 09/13/2024 | **Scheduled Event** Sep 13 2024 at 08:30 AM<br>MOTION HOUR<br>HON. KIMBERLY BUNNELL | |
| 09/17/2024 | **Document Filed**<br>RESPONSE<br>AP | |
| 09/20/2024 | **Scheduled Event** Sep 20 2024 at 08:30 AM<br>MOTION HOUR<br>HON. KIMBERLY BUNNELL<br>*DEF. AMENDED MOTION III TO RECONSIDER MOTION FOR RECUSAL FROM 9/13/2024 - 9/20/2024* | |
| 09/20/2024 | **Document Filed**<br>VIDEO LOG<br>*22-9-24-CD-125 SESSION STARTED: 8:51:58AM SESSION ENDED 8:53:46 AM* | |
| 09/25/2024 | **Document Filed**<br>TENDERED DOCUMENT<br>AP<br>*PROPOSED / TENDERED ORDER* | |
| 10/02/2024 | **Document Filed**<br>ORDER DENYING<br>JUD | |
| 10/02/2024 | **Motion Filed**<br>MOTION TO COMPEL<br>DEFENDANT / RESPONDENT<br>*CENTRAL BANK TRUST TO FULLY COMPLY W/ WAIN S DISCOVERY REQUESTS* | |
| 10/02/2024 | **NOE to All Counsel of Record and Parties N Represented by Counsel.**<br>ORDER DENYING<br>ELECTRONIC SERVICE | |
| 10/07/2024 | **Motion Filed**<br>MOTION - OTHER<br>ATTORNEY-PRO SE<br>*FOR THE WAINS TO SEND AND RECEIVE ELECTRONIC COMMUNICATIONS BETWEEN THE WAINS AND THE FAYETTE CIRCUIT COURT, LEXINGTON , KY* | |
| 10/07/2024 | **Document Filed**<br>CORRESPONDENCE<br>APS<br>*LETTER TO THE CIRCUIT COURT CLERK* | |

**CENTRAL BANK & TRUST CO, VS. WAIN, DOUGLAS A , ET AL**

**Case# 19-CI-00812**

**County** FAYETTE
**Court** CIRCUIT Court
**Opening Judge** HON. KIMBERLY BUNNELL
**Current Judge** HON. KIMBERLY BUNNELL
**Closing Judge**

| Date | Entry | Page # |
|---|---|---|
| 10/07/2024 | **Motion Filed**<br>MOTION TO VACATE<br>ATTORNEY-PRO SE<br>*OR STAY ORDERS DATED APRIL 19,2024 AND AUGUST 19,2024, STILL DESIGNATING THE WAINS AS DEBTORS TO CENTRAL BANK TRUST CO. OVER THREE YEARS AFTER THE ORDER CONFIRMING REPORT OF SALE, FOR DELIVERY OF DEED, AND PARTIAL DISTRIBUTION ON PROCEEDS ON MARCH 12,2021* | |
| 10/08/2024 | **Document Filed**<br>RESPONSE<br>AP<br>*RESPONSE AND OBJECTION TO MOTION TO COMPEL* | |
| 10/09/2024 | **Document Filed**<br>RESPONSE<br>AP<br>*response and objection of ptf to defs. motion to vacate or stay orders* | |
| 10/10/2024 | **Document Filed**<br>RESPONSE<br>AD<br>*response and objection to motion to vacate or stay orders 4/19 and 8/19, request for sanctions against defs* | |
| 10/11/2024 | **Scheduled Event** Oct 11 2024 at 08:30 AM<br>MOTION HOUR<br>HON. KIMBERLY BUNNELL | |
| 10/11/2024 | **Document Filed**<br>VIDEO LOG<br>*CD#:22-9-24-CD-137 SESSION STARTED: 8:44:34 AM SESSION ENDED: 9:23:44 AM* | |

# SUPREME COURT OF KENTUCKY

**DOUGLAS A. WAIN AND ELISA WAIN**

Movant

**v.**

**HON. KIMBERLY NELL BUNNELL**
Chief Regional Circuit Judge
22nd Judicial Circuit, Division 9
Fayette County Circuit Court, Lexington, KY

Respondent

and

**CENTRAL BANK & TRUST CO.**
Lexington, KY

**U.S. BANK TRUST NATIONAL ASSOCIATION**
Not In Its Individual Capacity But Solely As Owner
Trustee For RCF 2 Acquisition Trust

---

## DOUGLAS A. WAIN AND ELISA WAIN'S MOTION FOR EMERGENCY RELIEF TO VACATE TO OVERRULE THE KENTUCKY COURT OF APPEAL ORDER ON OCT 21, 2024, AND VACATE OR STAY JUDGE BUNNELL'S AUGUST 19, 2024, ORDER COMPELLING THE WAINS TO COMPLY WITH CBT'S , REQUEST FOR DEBTOR EXAMINATION ON OCTOBER 31, 2024.

---

Pursuant Kentucky Rules of Appellate Procedure (RAP) 7 and 20 Douglas Wain and Elisa Wain respectfully ask the Supreme Court of Kentucky (KSC) to issue a **MOTION FOR EMERGENCY RELIEF TO VACATE**

**OR STAY JUDGE BUNNELL'S AUGUST 19, 2024, ORDER COMPELLING THE WAINS TO COMPLY WITH CBT'S REQUEST FOR DEBTOR EXAMINATION ON OCTOBER 31, 2024,** based on the following grounds.

## I. INTRODUCTION

Central Bank & Trust Co., Lexington, KY (CBT), as a second lien holder, filed a foreclosure lawsuit against us, the Wains, on our only Property and thirty-year home in Lexington, KY, five and one-half years ago on March 6, 2019. CBT filed this foreclosure action against us, the Wains, when we were only approximately four thousand dollars ($4,000) behind in monthly payments to CBT. We, the Wains, were late on these payments due to Covid conditions that negatively affected us. We, the Wains, were not in default on our first mortgage when CBT filed this action on March 6, 2019. CBT took this action all on its own. We, at that time, have had this account with CBT for seventeen years since 2002.

CBT, through a "Motion for Summary Judgment," obtained their Judgment from the Fayette County Circuit Court, KY, on January 20, 2021, for the amount of **$358,412. 72.** The Property was sold at auction nineteen days later, on February 8, 2021, **for the purpose of enforcing CBT's Judgement**. The Fayette County Master Commissioner, on February 8, 2021, received **$630,00.03** on the day of the auction from the highest bidder. This $630,000.03 was **sixty-nine percent, $271,587.31 more** than CBT's **$358,412.72** Judgment amount on January 20, 2021.

## II. THE KENTUCKY COURT OF APPEALS OCTOBER 21, 2024, ORDER DENEYING EMERGENCY RELIEF SHOULD BE OVERRULED

The October 21, 2024, Order by the Kentucky Court of Appeals (KCOA) is fatally flawed. The facts they use are incorrect, and the examples they use are irrelevant. The KCOA again as they did in the September 23, 2024, Order, which we are appealing, using Motions, events, and issues that have nothing to do with our Motion for Emergency Relief, our claims, or our facts which are indisputable. This Order is unrelated apple and orange mixed together that creating a potpourri of different issues for an argument that is not substantiated and hard to follow.

For example, the KCOA again mentions our Notice of Appeal we filed with the KOA on October 22, 2024. These Order and Motions have nothing to do with any satisfaction claims of the fictitious deficiency allegation. There is nothing in that Notice of Appeal or the March 7, 2024, Order which is being appealed that speak of these things either. We already pointed out these flaws in our "Discretionary Review" (Exhibit 2).

The Order also mentions no "supersedes bond" as still some right CBT has. The fact that there was no "supersedes bond" is the proof the CBT abandoned the proceeds by Kentucky law, not received any for over three years after the auction proceeds were available . And no "supersedes bond" that has nothing to do with our many completely valid arguments of satisfaction of debt to CBT. And **we will** suffer "irreputable injury" if our Motion for Emergency Relief is not granted. Bankruptcy

is just one of them.

Not one of the relevant facts on our Motion are addressed in this KCOA Order. Not our written release from CBT on March 12, 2021, which also released CBT lien, not our "satisfaction by execution" on February 8, 2021, not the nonexistent "Deficiency Judgment" this debtor exam is based. Not addressed was the clear on the abandonment of the auction proceeds by CBT, according to Kentucky, or the clear conflict of bias and prejudice against us. We are disappointed the KCOA address has not protected our Kentucky and U.S. Connotational Rights, especially regarding due process. We believe that was a solemn duty of theirs. The KCOA Order skirts over every important issue, disregards he facts and created an argument where not of the dot in the argument are not connected. We request with this Motion that his KCOA Order on October 21, 2024, should be overruled by the Supreme Court of Kentucky

## III. IRREPARABLE INJURY

**We, the Wains, will suffer irreparable injury under sections (B) of this rule if the Supreme Court of Kentucky l does not grant our Motion for Emergency Relief.**

As we stated to Judge Bunnell in our "*RESPONSE AND OBJECTION TO CENTRAL BANK & TRUST CO.'S MOTION TO COMPEL*" on August 4, 2024:

*"These two Orders force an immoral and illegal* ***involuntary servitude***

*arrangement by us to CBT, which was at CBT's request on April 18, 2024, over three years and two months after* ***we satisfied CBT's Judgment in full on February 8, 2021."***

*"These two Orders are of utmost importance to us and our one priority Since they are* ***severe violations of our Federal and sovereign civil rights and U.S. Constitutional rights****, as well as other rights. Not to mention our privacy rights.*

*"This recent and new element injected into this case, despite everything Else. It requires needs our immediate attention.* ***We unequivocally reject that we are "debtors" to CBT****, and we unequivocally object that we must submit to a deposition of our finances as "debtors" to CBT."*

***"These two Orders want us to give most of our personal information to the one party, CBT, who has been unconsciously unfair to us and relentlessly and inappropriately harassing us for years****. What is also ironically contradictory is that we have yet to adjudicate and vet the many, many damages CBT has done to us, which, with their latest "debtor" action, continues to this day. "These two rulings, unfortunately, cross many lines. These are Federal issues that transcend state issues."*

No doubt, with our personal financial information CBT will, without any documented legal basis, attempt to immediately strip us of any assets we

have.

This, despite the fact we satisfied CBT Judgment in full on February 8, 2021, "Satisfaction by Execution," March 12, 2021, "written release" to the Wains from CBT, CBT's total abandonment of the auction proceeds and no "Deficiency Judgment." In our arguments in his filing, we will detail these facts and several more.

CBT had already garnished Elisa Wain's pay as a teacher in 2021 without any documented legal basis forcing her early retirement. One could only imagine what lengths would CBT go to if they obtained our confidential financial information.

We have found CBT to be unethical, vengeful, and greedy. If the KSC does not grant our Motion for Emergency Relief CBT would immediately force us into bankruptcy, destroy our credit forever and harass us forever. Judge Bunnell has given CBT full support for this aggressive collection activity against us in the past and would surely support CBT actions in the future.

We wish to emphasize that Judge Bunnell's Motion to Compel on August 19, 2024, is based on a ruling that doesn't exist. We are asking the Suprme Court of Kentucky is this Motion to protect our Kentucky rights and our U.S. Constitutional civil rights.

## IV. ARGUMENT

**1. We satisfied CBT's January 20, 2021, Judgment of $358,412.72 in full, by "Satisfaction by Execution" on February 8, 2021. The day the Fayette County Master Commissioner received $630,000.03 from the auction of the Property. The Commonwealth of Kentucky recognizes "Satisfaction of Execution."**

**Kentucky Rules of Civil Procedure (CR) Rule 79.02, CR 79.02 Entry of <u>satisfaction</u> of Judgment:**

*"When a judgment has been* ***satisfied*** *such* ***satisfaction*** *may be certified upon the records of the Circuit Court as follows:"*

*"(1) Upon the return of an execution showing that a judgment has been* ***satisfied*** *the clerk shall thus enter* ***satisfaction*** *on the judgment: "****Satisfaction*** *by execution." A party or his attorney receiving* ***satisfaction*** *of a judgment otherwise than by execution may make, date and sign this entry on the margin of the judgment: "****Satisfaction*** *in full." The court may upon motion compel an entry of satisfaction to be made."*

*"(2) The* ***satisfaction*** *of the judgment may be shown by the entry of a document styled* ***satisfaction*** *of judgment indicated that it has been satisfied in full. The aforesaid* ***Satisfaction*** *of Judgment should be executed by the party of his attorney having received said* ***satisfaction****. The Court may upon motion compel an entry of* ***satisfaction*** *to be made."*

This "*Kentucky Rules of Civil Procedure (CR) Rule 79.02 Entry of* ***satisfaction*** *of judgment*" "***Satisfaction*** *by execution*" was effective **March 1, 2020.** Approximately **one year before** this case's January 20, 2021, Order and February 8, 2021, auction.

All Kentucky Revised Statutes, KRS documents, and procedures relevant to this case says either "**satisfy**" or "**satisfaction**." Satisfaction can be achieved in many ways, and not exclusively by "payment." If the Kentucky Legislature wanted it to be specifically "payment" only they would have written "payment" instead of "**satisfaction**." But the Kentucky legal documents, procedures, and records relevant to this case, say "**satisfaction**."

Legal dictionaries confirm this meaning of "**satisfaction**."

**Source: Merriam-Webster's Dictionary of Law ©1996. Merriam-"Webster, Incorporated. Published under license with Merriam-Webster, Incorporated." Retrieved June 23, 2024**

*"Satisfaction"*

*"1 a : the act or fact of satisfying"*

*"b : execution of an accord by performance of the substituted obligation often used in the phrase accord and satisfaction"*

*"c : a document indicating that an obligation has been satisfied [a of mortgage]"*

*"2 : the quality or state of being satisfied"*

**Cornell Law School, 477 Myron Taylor Hall, Ithaca, NY 14853, Legal Information Institute, Retrieved June 23, 2024"**

*"Satisfaction"*

*"Satisfaction is the fulfillment of an obligation. The term is often used in the context of contract law when one performs their duties under the contract. The term is also often found in the context of judgments in determining whether a party discharged their liability from a judgment."*

**CBT filing in U.S. District Court for the Eastern District of Kentucky, August 24, 2023:**

*"As set forth above, Central Bank has not had an opportunity to reduce the amount owed by the Wains by* ***obtaining proceeds*** *from the sale of the Wains' property." "the Wains remain considerably indebted to Central Bank"*

**Judge Bunnell, Fayette Circuit Court KY, Order January 20, 2021:**

*"The Property is a single residential lot with improvement thereon that cannot be divided without materially impairing the value thereof or the interest of the parties thereto, and the Property s<u>hall be sold</u> AS, WITH FAULTS, WITHOUT WARRANTIES OF ANY KIND as whole* ***for the purpose of enforcing the Judgment and Central Bank's mortgage lien herein adjudged against the Property****."*

*"**The duties and obligations of the Wains** under the Gold Equity Line Agreement and the Gold Equity Line Mortgage (attached as Exhibits "A" and "B" respectively, to the Banks Amended Complaint) **shall be fully enforced by this Judgment.***

Proof that there was an "***execution***" on February 8, 2021, is that $630,000.03 from the auction was in the possession of the Master Commissioner. Also, this $630,000.03 was **immediately** available to CBT.

Because of the Wain's "Satisfaction of Judgment" on February 8, 2021, there was not a deficiency to CBT's Judgment but **a sixty-nine percent, $271,587.31 surplus.**_CBT's Judgment was for $358,412.72, and the Fayette Master Commissioner received **$630,000.03** on February 8, 2021, from the auction.

By the auction of our home and applying the proceeds to the one and only judgment debt, we, the Wains, have **satisfied** our legal obligation to CBT. And, of course, the Wains **satisfied** CBT's Judgment personally. Douglas A. Wain and Elisa Wain were the only property owners, co-signers, and borrowers. There was no one else.

Case law: "*Smith v. Jones, 11 S.W.2d 937 (Ky. Ct. App. 1928)*" established that the sale of property to **satisfy** a **judgment terminates the debtor's obligation** absent clear evidence to the contrary.

https://casetext.com/case/smith-v-jones-561

**2. A written release by CBT to the Wains by in the March 12, 2021. CBT's written release of the Wains. This was a complete release without any additional conditions, exceptions or carve-outs, which, according to Kentucky Revised Statutes 382.365, represents "*payment in full.*"**

**Judge Bunnell, Fayette Circuit Court KY, Order March 12, 2021:**

*"4. The liens or interests of the parties hereto, and their successors in interest and any pendente lite lienholder or claimant, existing against the Property herein are hereby **released and discharged**"*

**Kentucky Revised Statutes, KRS Chapter 382, Includes enactments through the 2023 Regular Session:**

*"382.365 Release of lien, with notice to property owner, within thirty days of satisfaction -- Assignments of liens -- Proceeding against lienholder in District Court or Circuit Court -- Liability of lienholder when lien not released or notice not sent -- Notice to state or lienholder -- Damages."*

*"(4) Upon proof to the court of the lien being satisfied by **payment in full** to the final lienholder or final assignee, the court shall enter a judgment noting the identity of the final lienholder or final assignee and authorizing and directing the master commissioner of the court to execute and file with the county clerk the requisite release or assignments or both, as appropriate."* (Exhibit 9)

**Replacement Deed of the Master Commissioner filed with Fayette County Clerk, KY, January 24, 2022:**

"*WHEREAS, in the equitable action of CENTRAL BANK & TRUST CO., Plaintiff V. DOUGLAS A. WAIN; ELISA WAIN; and NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING, ASSIGNEE OF DITECH FINANCIAL LLC, SUCCESSOR BY MERGER TO GREEN TREE SERVICING LLC, Defendant(s), being Civil Action No. 19-CI-00812 now pending in the Ninth Division of the Fayette Circuit Court, an* ***Order was entered on January 20, 2021*** *directing the Master Commissioner of said Court to expose for sale the hereinafter described property; and whereas, said* ***property was sold in accordance with said Order*** *on February 8, 2021 and PAVEL MOSKVICH, a married person, became the purchaser at the price of Six Hundred Thirty Thousand Three And 00/100 Dollars ($630,003.00) which the undersigned Commissioner certifies to be the full consideration paid. Thereafter the report of said sale was approved and confirmed by said Court; and whereas, an Order was entered directing the Master Commissioner to execute a deed on behalf of all the parties to the above referenced action conveying all of their right, title and interest to PAVEL MOSKVICH, his heirs and assigns forever; and whereas said deed was delivered as ordered but was lost or misplaced and has not been filed of record in the Fayette County Clerk's Office.*"

After the **written release** of the Wains by CBT in the Marhc 12, 2021 Order, CBT was no longer a **secured creditor** of the Wains.

**3. CBT lost <u>all</u> of its auction proceeds rights by abandoning the proceeds that were available to them on February 8, 2021. It was <u>over two years</u> from when the auction proceeds were available before CBT made its first Motion for Distribution and <u>over three years</u> before CBT received a distribution of the proceeds.**

A change was made to the Kentucky Rules of Civil Procedure (CR), specifically Rule 53.06, which governs the handling of funds by Master Commissioners. The Kentucky Supreme Court amended CR 53.06 effective January 1, 2023. It had a two-year limit: The new rule states that any funds held by a Master Commissioner for **two years or more** shall be presumed **abandoned.** These abandoned funds are required to be **escheated** to the Commonwealth of Kentucky. Before escheating the funds, the Master Commissioner must make reasonable efforts to notify the owner of the funds.

**From CBT's Motion for Distribution of Proceeds May 22, 2024:**

*"On March 17, 2023, Central Bank's Council received communication from the Office of the Fayette County Master Commissioner (The "Commissioner") regarding the sale proceeds of $605,035.42, held by the Commissioner. The correspondence indicated that due to rule changes governing master*

*commissioners, funds held by the Commissioner for* ***two years*** *would* ***escheat to the State****. Upon further communication with the Commissioner that the funds are the subject of pending litigation, the Commissioner has agreed that the funds held by his office in his case are* ***not subject*** *to subject to escheat.*

CBT's reason for keeping the proceeds **beyond the** two-year limit is **invalid.** CBT had **absolutely no impediments** of any kind, legal or otherwise, to **immediately** ask for a Distribution of the Proceeds after February 8, 2021. Evidence that CBT's excuse was invalid is the CBT made their first Motion for Distribution around the same time they had they had this conversation with the Master Commissioner. When the Master Commisioner had his conversation with CBT on March 17, 2023, the two-year period, ending February 8, 2023, had already expired.

The Master Commissioner held these $605,035.42 funds for **over three years** after the February 8, 2021, auction. The actual distribution date by the Master Commissioner was ws **March 17, 2024.**

**CBT's filing to Fayette Circuit Court on May 22, 2023:**

*"3 On February 17, 2021, after the Master Commissioners Sale, the Wain's filed a Notice of Appeal of the Judgment. The Wain's did not post a supersedeas bond* ***to stay enforcement or execution of the Judgment."***

**USB/New Rez's filing to Fayette Circuit Court KY June 1, 2023:**

*"Central Bank could have moved for distribution of the sale proceeds* ***at any time after the confirmation of the sale*** *as there is no Civil Rule or Local Rule that would prohibit it from doing so or that would require the first lienholder to do so."*

**Testimony at Fayette Circuit Court Hearing June 2, 2023:**

Judge Bunnell - "*So let me ask the question again so could the proceeds have been distributed prior to getting a final opinion from the Court of Appeals?"*

CBT - "*Because there was no bond filed, it,* ***it could.****"*

**From Fayette Circuit Court hearing, August 25, 2023:**

Judge Bunnell - "***See yours is the difficult one****. I know but* ***nobody did anything. I mean no one.*** *I mean all you had to do is come to Court and go, two years ago, and say Hey let's make them do that, just do what you're doing right now."*

USB/NewRez - "*Exactly*"

Judge Bunnell - "*Yea I mean I,* ***no one came,*** *it's kind of like Motions to Compel, you know and so there was nothing in front of me to say let's move this along, let's get some deadlines, let's make it happen. Anybody can do that. I'm getting ready, to have a case here in just a minute Ms. Brooks about Motions to Compel and making me do stuff and getting making me do all things. And so same thing for you guys.* ***Nobody did that.*** *And so had that happened, then I could*

*have been like oh yea like they deserve their fee, equity says you got to get your interest.* ***But that's not what happened****. So, you think they should get none?"*

USB - "*No. The'll get what they get that's left over after we get paid in full.*"

Judge Bunnell - *"**I agree**. Mr. Colson I'm going to have to agree with her on this one. So, sorry. Place me an order guys.*"

CBT obtained its Judgment on January 20, 2021, and the proceeds we available to CBT February 8, 2021. CBT, however did not make its first Motion for Distribution **over two years later,** on May 22, 2023, although CBT had **no impediments** to do so at any time earlier.

CBT only made its first Motion for Distribution on May 22, 2023, after we were forced to file a Fair Credit Report Act (FCRA) claim against CBT in Federal Court in the Eastern District of Kentucky on May 15, 2023.

USB/NewRez did not obtain their Judgment or make its first Motion for Distribution for **over three years** after the auction proceeds were available. According to the January 20, 2021, Order, USB/NewRez could not obtain any proceeds **until they receive a Judgment. USB/NewRez did not obtain their Judgment until March 7, 2024**. Neither CBT nor USB/NewRez received **any** distribution within the **first three years** of the proceeds being available. Well after the two-year limit.

We believe USB/NewRez, as well as CBT, also abandoned all their rights to

the auction proceeds. USB has never offer an exacue or reason for the their three year delay The entire $605,035.42, left after the Master Commissioner commission of $24,967.58 was paid on March 12, 2021, should have gone, and still should **escheat** to the Commonwealth of Kentucky.

**Wains filing in U.S. District Court for the Eastern District of Kentucky, May 15, 2023:**

*"CBT, however, isn't entitled to any set-off or recoupment in this case because CBT has had access to funds to pay its judgment since March 2021 but, for some reason, failed to seek a distribution of those funds until May 2023, more than two years after the funds were available to CBT."*

*"The Fayette Circuit Court, in fact, confirmed that, as of March 12, 2021, the Fayette County Master Commissioner was holding $605,035.42 for payment of CBT's judgment –$246,622.70 more than CBT claims should be set-off in this case."*

**Wain's attorney's letter to the Federal Deposit Insurance Corporation (FDIC) on November 13, 2023, in response to CBT's Donna Craven's letter:**

*"In CBT's September 27, 2023 correspondence, Donna Craven of CBT falsely states that "Central Bank does not have access to these funds, and these funds are not sufficient to pay the debt owed to Central Bank." CBT's position, however, ignores the fundamental issue at stake in Mr. Wain's CFPB and FDIC*

*complaint, i.e., that CBT had access to these funds in September 2022 and December 2022 when CBT unlawfully accessed Mr. Wain's credit history.*" (Exhibit 11)

**4. There was no "Deficiency Judgment" or Deficiency motion, hearing, ruling, or Process.**

In Kentucky, a lien holder has **one year to file a deficiency judgment after a foreclosure sale.** This one-year limitation is based on Kentucky Revised Statute (KRS) 413.220, which states:

"*An action for the recovery of any unpaid balance due upon a written contract for the sale of real property shall be commenced within one (1) year after the date of sale under the foreclosure decree or power of sale.*"

This statute applies to both first and second lien holders. CBT had had **one year** from the date of the foreclosure sale on February 8, 2021, which would be **February 8, 2022**, to file for a deficiency judgment. But CBT did not. They bypassed this step.

However, Judge Bunnell has recently stated the following:

**From Fayette Circuit Court hearing August 9, 2024:**

Douglas Wain - "*If I may add, there is no "Deficiency Judgment" in this Case.*"

Judge Bunnell - "*I find there has been a "Deficiency Judgment" and there*

*is a Judgement entered."*

**The fact is there is no "Deficiency Judgment" in this case,** and there has not been a "*Deficiency Judgment*" "*entered*" in this case. The very first time the subject of "Deficiency Judgment" was brought up, in this case, was by us in the in the Court testimony at the hearing listed above on August 9, 2024.

Judge Bunnell used this "Deficiency Judgment" falsehood as grounds for us to comply with CBT debtor examination on October 31, 2024, at this August 9, 2024, hearing.

**These grounds are invalid**. The was never a hearing, motion, or ruling in this case about any deficiency and why we, the Wain's three and one-half years after the auction are responsible to CBT. It appeared out of thin air at the August 9, 2024, hearing. It was Judge Bunnell who, on August 25, 2023, denied CBT their distribution.

Because CBT gave us a **complete release** in the March 12, 2021, order, CBT is required by Kentucky law to get "Deficiency Judgment" within one year of the auction to make such a claim.

This **extreme violation of due process** by Judge Bunnell depriving us of the rights and protection afforded us in the Fifth and Fourteenth Amendment to the U.S. Constitution is a key reason why the KSC should vacate or stay Judge Bunnell 's August 19, 2024, Order. **We are requesting in this Motion for the**

**KSC to protect our civil rights.**

We have always maintained that we, the Wains, **are not responsible** for any alleged deficiency to CBT.

Despite this, on this subject of deficiency, Judge Bunnell has already found us guilty without a charge, trial, or process.

At our last hearing with Judge Bunnell on October 11, 2024, when we submitted a Motion asking Judge Bunnell to vacate or stay this August 19, 2021, Order because there is no "Deficiency Judgment," Judge Bunnell ruled our Motion was "*frivolous*" and sanctioned us **$800** to pay CBT and USB/NewRez's attorneys. The fact that there is no "Deficiency Judgment" or due process in this case is **not "*frivolous*."**

**5. This Court conducted a "Fire Sale" of the Property on February 8, 2021.**

Judge Bunnell, in a rushed attempt **to bypass the first mortgage company** to give CBT, the second mortgage holder, the first distribution, conducted a **"Fire Sale"** of our Property on February 8, 2021. The Property was auctioned for $630,000.03 and was resold for $1,275,000. More than **double** the auction amount. The situation created in haste can only be called a "Fire Sale."

**From Wains Complaint to the Kentucky Judicial Conduct Commission April 24, 2024:**

*"I am listing below a partial list of* ***possible*** *"judicial misconduct or wrongdoing" by Judge Kimberly Nell Bunnell."*

*"1 - Judge Bunnell was complicit in trying to help CBT, the second mortgage holder, circumvent the first mortgage holder, USB/NewRez, and is now trying to burden us financially with her failed attempt."*

*"This attempt by Judge Bunnell and CBT to upend the law to strictly benefit CBT failed. But to cover up her mistake of trying to cut out the first mortgage holder, Judge Bunnell incorrectly and in violation of her own January 20, 2021, Order, denied distribution to CBT. Now, to cover up her new error of denying CBT their just distribution, she said at an April 19, 2024 hearing that she would be saddling the $358,412.72 debt still owed to CBT, because she denied it distribution to them to me."*

**6. CBT lost its auction proceeds rights by not challenging USB/NewRez's proceeds claim and instead issued USB/NewRez a release in the March 7, 2024, Order.**

All our releases from CBT are aligned with this Courts January 20, 2021, and March 12, 2021, Orders supported by Kentucky Statutes and Kentucky case law. We, of course, assume that this Courts January 20, 2021, and March 12, 2021, Orders are supported by Kentucky Statutes as well. If they are not, these January 20, 2021, and March 12, 2021, Orders would need to be vacated

immediately.

In addition to be considered with our "Motion for Emergency Relief" we make these following arguments.

**7. The KSC vacate or stay this August 19, 2024, Order because we have no legal representation.**

**From Wains "*Amended Motion II to Reconsider Motion for Recusal,*" June 23, 2024:**

"*C) A stay so we have more time to secure* ***legal representation*** *in this case. We have been working very actively to get the legal representation we must have for this case. But we have not secured* ***legal representation*** *yet. For evidence of our activity, enclosed Exhibit D is a response from one of the law firms we contacted. One of the barriers for us is that many of the attorneys we have contacted have said it would not be productive for them to join this case until the bias, prejudice, conflict-of-interest, and recusal/disqualification issues regarding Your Honor are* ***fully resolved.***"

Today, in October 2024 our situation remains the same in hiring legal representation in this case. It was hoped that Judge Bunnell would recuse at the September 20, 2024, hearing, our third Motion for recusal, which we believe would have helped us retain counsel in this case. We did not have legal representation on April 19, 2024 when the Motion to Compel was issued and we

did not have legal representation when Judge Bunnell announced a "Deficiency Judgment" on August 9, 2024.

To be clear, we **must** have legal representation in this case, and we are trying to get legal representation in this case. We had legal representation in this case for over five years, from March 2019 through April 2024. We can do only some smaller things Pro Se, but the overwhelming majority of things we cannot. We have no legal education or training and only minimal experience. Although we are not attorneys, we are remarkably familiar with **facts.**

**8. The KSC should vacate or stay this August 19, 2024, Order Because Judge Bunnell has shown extreme bias and extreme prejudice against us.**

We have detailed in multiple filings, including: *"Wains Amended Motion III to Reconsider Motion for Recusal,"* "*Douglas A Wain and Elisa Wains Petition for a Writ of Mandamus to Disqualify Kimberly Nell Bunnell, Chief Regional Circuit Judge,*" "*Wains Affidavit supporting Disqualification" "Wain Correspondence with KY Judicial Conduct Commission April-May and September 2024,*" and "*Douglas A. Wain and Elisa Wain's Petition for a Writ of Mandamus to Compel Judge Kimberly Bunnell to Disclose her Associations with Central Bank & Trust Co.*" what we believe there has been extreme bias against us and extreme prejudice against us, the Wains, by Judge Bunnell since the beginning of this case

on March 6, 2019.

This includes almost **three hundred thousand dollars** of undeserved interest Judge Bunnell inexplicably awarded the two banks/creditors, in this case, at our expense, although Judge Bunnell admitted about the two banks/creditors, "*nobody did anything. I mean no one.*"

Judge Bunnell **violated the foreclosure moratorium** for federally backed mortgage loans, "*The federal Coronavirus Aid, Relief, and Economic Security (CARES) Act," 15 U.S.C. §9056(c)(2)*," which began March 18, 2020, and expired on December 31, 2021. On **December 11, 2020**, Judge Bunnell, in a rush to auction the Property for CBT ruled without any evidence that the Property was "*vacant.*" **The Property was not vacant.** We were still living there, in our thirty year home, with everything we owned.

Judge Bunnell allowed an early, unannounced, permanent **lock-out/eviction** of us from our Property on **February 26, 2021**, by the auction buyer. This was before there was an "Order to Vacate" issued, which was **March 19, 2021.** We are **still** in litigation with the auction buyer to try to get our belongings, files, furniture, and property back.

We have made approximately thirty-five motions to this Court as Defendants to CBT. Thirty-five were denied, and zero were granted. All our requests at the hearings were denied as well.

This severe, unfair, and unequal treatment by Judge Bunnell to us is

very much continuing today without any pause or apparent caution.

**9. The KSC should vacate or stay this August 19, 2024, Order because Judge Bunnell has denied us the Wains, due process, and protection of our due process rights, in the the Fifth and Fourtheth Amendment to the United States Constitution in this case.**

In addition to no due process regarding any alleged deficiency in this case, and why we, the Wains, are responsible to CBT for it, here are some additional examples:

**From Wains "*Amended Motion to Reconsider Motion for Recusal*" May 23, 2024:**

"*In addition, at the May 10, 2024, hearing, when addressing our attorney's "Motion to Withdraw," we had to fight to have legal representation against this action by CBT. After CBT requested it, Your Honor denied us any "stay," leaving us immediately without any legal representation and defenseless against CBT's actions. We consider this, too, a violation of our civil rights and U.S. Constitutional rights.*"

**From the Fayette Circuit Court hearing May 10, 2024:**

CBT - "*The only point of the motion for withdrawal we have no opposition to Mr. Hemminger withdrawing we just don't think there should be a stay in this case obviously the Wain's…*"

"Judge Bunnell - "*Absolutely. Overrule motion for a stay.*"

**From "*Douglas A Wain and Elisa Wains Petition for a Writ of Mandamus to disqualify Kimberly Nell Bunnell, Chief Regional Circuit Judge Fayette Circuit Court Lexington, KY,*" filed June 17, 2024:**

"*As indicated in one of our Exhibits, we made a Motion for "Sanctions" against the Plaintiff and their legal representatives. The presiding Judge denied this "Sanctions" Motion at the May 10, 2024, hearing, the last hearing in this case, and signed the Order on May 19, 2024. This "Sanctions" Motion was scheduled for a later hearing date, May 17, 2024. We did not argue this "Sanctions" Motion at the May 10, 2024, hearing, nor were we prepared to argue for this Motion at the May 10, 2024, hearing, and we had not yet submitted all our documents for our Motion by the May 10, 2024, hearing since it was not the hearing date.*"

We, the Wains, have also been having problems getting our Motions docketed for Judge Bunnell's Motion Hour on Fridays at 8:30 AM. The last two hearings we attempted after we made our proper Court filings were for the July 12, 2024, and August 19, 2024, hearings. In both cases, it necessitated a phone call between us and the Court to get our Motions docketed for Judge Bunnell's Motion Hour.

For our hearing on August 9, 2024, we had to call the Fayette Circuit

Court Clerk to get our Motion added to Judge Bunnell's Motion Hour docket. We spoke to Louise in the Clerk's office on August 2, 2024, and she said the reason our Motions were not docketed for the Motion Hour was "*clerical error*."

We also have not been receiving the Orders by this Court, including our "MOTION TO DISMISS CENTRAL BANK & TRUST CO.'S CLAIMS, WITH PREJUDICE AGAINST THE WAINS, CASE NO. 19-CI-00812, IN ITS ENTIRETY" filed July 29, 2024, within the ten days allowed for us to ask this Court for reconsideration. I spoke to Louise in the Fayette Circuit Court Office on August 30, 2024, about this problem.

We also recently learned that there was a hearing in our case with Judge Bunnell, on May 17, 2024, from a motion to withdraw from one of CBT's two attorneys in this case, Fowler Bell. We received no notice of the Motion filed May 8, 2024, we did not know about the hearing on May 17, 2024, so we had **no representation** at the May 17, 2024, hearing, and we did not receive the Judge Bunnell's Order granting Fowler Bell withdrawal on May 28, 2024.

**10. The KSC should vacate or stay the April 19, 2024, Order because of what a <u>clear conflict of interest</u> between Judge Bunnell and the Plaintiff, CBT. This involves Judge Bunnell's designation of Central Bank & Trust Co. as the Judges <u>Campaign Depository Financial Institution</u>.**

We believe **there is already**, and has been from the start of this case, a

**conflict of interest** between Judge Bunnell and the Plaintiff in the case, Central Bank & Trust Co. because of Judge Bunnell's designation of Central Bank & Trust Co. as her Campaign Depository Financial Institution. This Campaign Depository account by Judge Bunnell, on its own, regardless of any other potential conflict, are grounds for Judge Bunnell to recuse from this case.

This long-standing **financial relationship** between Judge Bunnell and CBT which we discovered on May 22, 2024, has not been denied by any party, and there is no reason to believe that this financial relationship between Judge Bunnell and CBT isn't continuing. This financial relationship was **never disclosed** to us by any party. Parties are also now vigorously fighting our attempts to obtain additional disclosure on this subject.

Judge Bunnell has never specifically addressed this or *any* of the concerns of ours in this case, other than the general "*disagree*" statement from Your Honor.

We believe **all** Orders in this case, since its inception, should be vacated because of this undisclosed, unresolved, and ignored conflict of interest between Judge Bunnell and CBT.

**From Wains "*Amended Motion to Reconsider Motion for Recusal*" May 23, 2024:**

*"Respectfully In this May 23, 2024 "Amended Motion to Reconsider Motion to Recuse" to The Honorable Judge Bunnell there are three exhibits. Each one is*

*evidence of a conflict of interest by the Honorable Judge Bunnell in this case. These exhibits are:*

*"A - Section 1. Candidate Information, Name of Candidate KIMBERLY BUNNELL, Section 4. Depository Information, Name of Financial Institution Intended for Use as Campaign Depository, CENTRAL BANK & TRUST COMPANY, Kentucky Registry of Election Finance, two pages, Retrieved May 22, 2024"*

*"B - Contributor Name, Stoll Kennon and Park Pac, Contribution Type, Kypac, Amount. $250, Made to, Kimberly Bunnell for District Judge, Kentucky Registry of Election Finance, two pages, Retrieved May 22, 2024"*

"C - *Contributor Name, S. Blanford, Employer, FOWLER, MEASLE & BELL, Contribution Mode, Direct, Amount $150.48, Made to, Kimberly Bunnell for District Judge, Kentucky Registry of Election Finance, one page, Retrieved May 22, 2024"*

This is public information provided by the Kentucky Registry of Election Finance. A candidate's campaign's depository bank is not a simple matter.

**Excerpts from Candidate Guide to Campaign Finance, Kentucky Registry of Campaign Finance, retrieved July 27, 2024:**

*"The treasurer is urged to contact the* ***Internal Revenue Service*** *prior to*

*opening a bank account."*

*"Deposit all contributions into the* ***campaign depository account****, including the* ***candidate's own personal funds****, which may be designated as loans to the campaign."*

*"To acknowledge these duties the campaign treasurer must sign the Appointment of Campaign Treasurer form (KREF 001/G). To appoint a campaign treasurer and designate the depository bank, the slate will complete a Slate of Candidates Appointment of Campaign Treasurer form (KREF 001/G). The original form will be retained by the Secretary of State and a copy will be forwarded to the Registry. The Secretary of State will also provide the slate with a copy of the form."*

**From Wains "*Amended Motion to Reconsider Motion for Recusal*" May 23, 2024:**

*"With all due respect, Your Honor, your dismissal and response on May 10, 2024, to our first "Motion to Recuse," which was filed on May 3, 2024, which you stated Your Honor had "legal basis to do so" seems to us like a standard response. Your Honor did not discuss or address any serious issues we had in our "Motion to Recuse." I can assure you that if we thought it was only subject to "legal basis to do so" we would not have filed the "Motion to Recuse." That is why we did not include all approximately twenty-five Motions we submitted in this case that Your*

*Honor summarily and immediately dismissed in their entirety in our "Motion to Recuse" filing.*"

**From Wain's "*Response and Objection to Central Banks & Trust Co.'s Motion to Compel*" August 4, 2024:**

"*With all due respect, I am not sure Your Honor fully appreciates one of our conflict of interest issues with this case. Your Honor said the following at the July 12, 2024 hearing.*"

"*Judge Bunnell - "So, I do not find that that relationship has, rises to the level of basis for me to recuse.*"

"*You know we think of Lexington of being a big old city, were not, we are a big old town, and so, you know, its small town, if they recuse everybody that they had any kind of relationship or knew there would be nobody left in the courthouse.*"

"*Your Honor's statement does not speak directly to our conflict-of-interest complaints. We are not talking about "everybody" and "any kind of relations" we first were speaking specifically about a presiding Judge over a case where the Plaintiff is the Judge's financial institution campaign's depository.*"

We believe Judge Bunnell is also violating the "**One Action/First Action**" rule by **improperly letting CBT double dip** and giving CBT "**a second bite at the apple" three-and-one-half years after the auction**. This also goes again the

**basic principle** of "double jeopardy" protected against in the Fifth Amendment of the U.S. Constitution.

A possible answer to why Judge Bunnell has had such extreme bias and extreme prejudice against us and has denied us due process **might** be that it is rooted in conflict of interest.

**From Wains "*Motion for Recusal – Exhibit A*" to Judge Bunnell, May 2, 2024:**

*"Respectfully, here are some of the issues and examples in this case where it is our opinion that Your Honor showed personal bias in favor of the local banks and the local attorneys and prejudice against us the Wains. 1 – Helping Central Bank & Trust. Co. (CBT), the second mortgage holder, preempt the first mortgage holder, USB/NewRez, 2 –Allowing and continuing to allow CBT to take aggressive collection actions against us, 3 – Awarding enormous interest fees to both banks when both were absent from this case for several years, 4 – Refusing to recognize our release from CBT, which you granted in your January 20, 2021, Order and creating an* ***involuntary servitude*** *arrangement between us and CBT.*

**Judge Bunnell addressed the Wains and the Wains complaints to Judicial Conduct Commission at the August 9, 2024, hearing:**

*"You have the right to file the complaint"*

**Letter to Wains from Judicial Conduct Commission, Frankfort Kentucky September 9, 2024:**

*"This is to acknowledge receipt of your complaint against Judge Kimberly N. Bunnell. Commission staff has forwarded copies to the members of the Commission for their consideration."*

In a KCOA Order on September 23, 2024, regarding our "*Douglas A Wain and Elisa Wains Petition for a Writ of Mandamus to Disqualify Kimberly Nell Bunnell, Chief Regional Circuit Judge*," the K did not rule on its merits but cited the following Statute, Kentucky Revised Statutes (KRS) 26A.020.

*"If either party files with the circuit clerk his affidavit that the judge will not afford him a fair and impartial trial, or will not impartially decide an application for change of venue, the circuit clerk shall at once certify the fact to the Chief Justice who shall immediately review the facts and determine whether to designate a regular or retied justice or judge of the Court of Justice as special judge."*

**11. The KCOA should vacate or stay this August 19, 2024, because Judge Bunnell has consistently, continuously, and purposely refused to explain to us in any setting why this Court has allowed CBT to still have undocumented claims against us without any Orders, rulings, or due process.**

**From Fayette Circuit Court hearing, August 9, 2024:**

Douglas Wain - "*Can I ask another question? What is the basis why we owe the money? I don't understand.*"

Judge Bunnell - "*People say I don't understand when they don't like it. And you don't like it and therefore you can say I don't understand.*"

Although we are the Defendants and although now, we represent ourselves Pro Se since May 2024, Judge Bunnel has not and will not explain CBT's claims or proceedings against us or the lack of them.

Judge Bunnell claims an explanation exists when it doesn't. No f**actual** or **documented** legal basis was ever addressed. As we said to Judge Bunnell at the October 11, 2024, hearing "*how do you appeal an order that doesn't exist.*"

**12. The KCOA should vacate or stay this August 19, 2024, Order because the three major credit agencies, Equifax, Experian, and TransUnion in 2023, all decided in our favor that after February 8, 2021, our debt to CBT had been satisfied.**

On May 15, 2023, we filed a Fair Credit Reporting Act (FCRA) claim against CBT and the three major credit agencies, Equifax, Experian, and TransUnion, in Federal Court in the Eastern District of Kentucky. We had the same exact fight in 2023 and that we are now having in 2024. CBT told the three credit agencies that we still owed CBT money after February 8, 2021, and we said we did not. With all three credit agencies, we won. CBT was removed from all our credit

reports with all three credit agencies, and CBT is still removed from all our credit reports with all three credit agencies. We have since released all three credit agencies from our FCRA complaint in Federal Court. Only CBT remains as a Defendant in this case. These credit agencies are all **experts** in debt, and they all **unanimously** sided with us. Their analysis is significant.

**13. The KCOA should vacate or stay this August 19, 2024, Order to ensure fairness and equity in our legal system.**

Asking us, the Wains, to pay additional sums beyond the proceeds of our home auction contradicting the Kentucky Statutes would impose an undue burden on us and contradict the fundamental principles of fairness and equity in our legal system.

In addition, to be considered with our "Motion for Emergency Relief" we state the following:

Although CBT abandoned the auction proceeds available to them on February 8, 2021, Judge Bunnell allowed CBT to **garnish Elisa Wain's pay as a teacher** in Fayette County Public Schools (FCPS) from March 2021 forward. This improper garnishment, which **CBT received in the amount of $4,185,** forced Elisa Wain's early retirement as a teacher in FCPS in 2021. Judge Bunnell also allowed additional aggressive collection action by CBT against Wains, although CBT had abandoned the auction proceeds for over two years.

## V. CONCLUSION

For the reasons stated, supplied, and supported by this Motion, we respectfully to the Supreme Court of Kentucky to protect our Kentucky rights and our U.S. Constitutional rights by vacating or staying Judge Bunnell's August 19, 2024 order compelling us to comply with CBT request for a debtor Examination on October 31, 2024.

## VI. EXHIBITS

There are fourteen Exhibits included with this filing:

Exhibit 1 - KCOA Order Denying Emergency Relief 2024-CA-1090-OA October 21 2024 received October 25 2024 4 pages

Exhibit 2 - Wain Notice of Appeal to KCOA NO. 2024-CA-0850-OA filed October 22 2024 22 pages

Exhibit 3 - Judge Bunnell Order to Compel Wains CBT Debtor Examination August 19 2024 3 pages

Exhibit 4 - Fayette Circuit Court KY January 20 2021 Order 9 pages

Exhibit 5 - Fayette Circuit Court KY March 12 2021 Order 3 pages

Exhibit 6 - Replacement Deed of the Master Commissioner January 24 2022 5 pages

Exhibit 7 - Wains Attorney Letter to the Federal Deposit Insurance Corporation (FDIC) November 13 2023 2 pages

Exhibit 8 - Judge Bunnell Order Granting Summary Judgment and Distribution of Proceeds March 7 2024 5 pages

Exhibit 9 - Wain email to Stoll Keenon Ogden PLLC, May 15 2024 2 pages

Exhibit 10 - Wains Affidavit supporting Judge Bunnell Disqualification Petition June 13 2024 4 pages

Exhibit 11 - Judge Bunnell three Orders Denying Recusal Motions May 19 2024 July 17 2024 and September 20 2024 7 pages

Exhibit 12 - Wains' Motion to Vacate or Stay Judge Bunnell August 19, 2024 to Compel Wains to CBT Debtor Examination October 4, 2024 33 pages

Exhibit 13 - Wains' Motion to Kentucky Supreme Court for Discretionary Review To Be Resubmitted Under Kentucky Rules of Appellate Procedure Rule 60 (I) October 8 2024 10 pages

Exhibit 14 - Credit Report Summaries Douglas A. Wain and Elisa Wain Equifax Experian, and TransUnion Retrieved June 17 2024 3 pages

Respectfully submitted, October 25, 2024

*Douglas A. Wain, Pro Se*
*Movant*
*P. O. Box 7473*
*Westlake Village, CA 91359*
*douglaswain@gmail.com*
*859.494.3677*

*Elisa Wain, Pro Se*
*Movant*
*P. O. Box 7473*
*Westlake Village, CA 91359*
*douglaswain@gmail.com*
*859.494.3677*

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing was duly served by email or mail on this 25th day of October 2024:

Judge Kimberly Nell Bunnell
Chief Regional Circuit Judge
22nd Judicial Circuit, Division 9
Robert F. Stephens Circuit Courthouse
120 N. Limestone Street
Suite C-103, First Floor
Lexington, Kentucky 40507
*Respondent*

Timothy R. Wiseman, Esq.
Gregory D. Pavey, Esq.
Stoll Keenon Ogden PLLC
300 W. Vine St., Ste. 2100
Lexington, Kentucky 40507
(859) 231-3000
(859) 231-3062
F: (859) 253-1093
tim.wiseman@skofirm.com
gregory.pavey@skofirm.com
*Counsel for Respondent, Central Bank & Trust Co.*

Shannon O'Connell Egan, Esq.
Nathan H. Blaske, Esq.
Dinsmore & Shohl LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
(513) 977-8261
shannon.egan@dinsmore.com
nathan.blaske@dinsmore.com
*Counsel for Respondent, U.S. Bank/NewRez,*
*LLC d/b/a Shellpoint Mortgage Servicing*

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1090-OA

DOUGLAS A. WAIN, ET AL. PETITIONERS

v.

AN ORIGINAL ACTION
ARISING FROM FAYETTE CIRCUIT COURT
ACTION NO. 19-CI-00812

HON. KIMBERLY N. BUNNELL,
JUDGE FAYETTE CIRCUIT COURT RESPONDENT

AND

CENTRAL BANK & TRUST
COMPANY, ET AL. REAL PARTIES IN INTEREST

## ORDER
## DENYING EMERGENCY RELIEF

* * * * * *

Petitioners filed a motion for emergency relief from the trial court's order entered August 19, 2024, compelling them to sit for depositions on October 31, 2024. While Petitioner's styled their motion as one for relief under Kentucky Rules of Procedure (RAP) 20, the Clerk of this Court characterized the motion as

one for relief under RAP 60(H).[1] Having reviewed the motion, and being otherwise sufficiently advised, the motion shall be, and hereby is, DENIED.

To merit relief on an emergency motion, the movant must prove: 1) an injury will occur in the absence of relief; 2) the injury will be suffered before the underlying petition can be heard by a full panel of the Court, *i.e.*, it will be immediate; and 3) the injury will be irreparable. "Irreparable injury" is defined as "incalculable damage to the applicant . . . either to the liberty of his person, or to his property rights, or other far-reaching and conjectural consequences." *Hoskins v. Maricle*, 150 S.W.3d 1, 19 (Ky. 2004) (internal quotation marks and citation omitted). The injury must be "something of a ruinous nature." *Robertson v. Burdette*, 397 S.W.3d 886, 891 (Ky. 2013).

Petitioners argue that they are not indebted to Real Party in Interest Central Bank & Trust Company (Central Bank) and therefore should not be required to sit for a deposition. As this Court has previously noted, however, Petitioners' appeal of the March 7, 2024 trial court order establishing Central Bank's deficiency judgment was dismissed as untimely. Therefore, this Court no longer has jurisdiction to consider this argument. Even if this appeal were still

[1] This case does not concern injunctive relief and is therefore not an appropriate subject of a RAP 20(B) or 20(D) motion. Nonetheless, because Petitioners currently have a RAP 60 original action pending, they are entitled to seek emergency relief under RAP 60(H) within the confines of that action.

pending, however, Petitioners have not posted a supersedeas bond and Central Bank would still be entitled to undertake collection efforts.

Finally, even if Petitioners' legal arguments concerning the validity of Central Bank's judgment were viable or had merit, their emergency motion would nonetheless fail because participating as a party in litigation, including sitting for an asset deposition, does not constitute "irreparable injury." *See, e.g., Fritch v. Caudill*, 146 S.W.3d 926, 930 (Ky. 2004) ("Inconvenience, expense, annoyance, and other undesirable aspects of litigation may be present, but great and irreparable injury is not."). "A great and irreparable injury under our precedent is not merely the high cost of time and money attendant with litigation but, instead, is 'something of a ruinous nature.'" *Romines v. Coleman*, 671 S.W.3d 269, 276 (Ky. 2023) (quoting *Bender v. Eaton*, 343 S.W.3d 799, 801 (Ky. 1961)). Accordingly, Petitioners do not meet the standard for emergency relief.[2]

WHERFORE, Petitioners' motion for emergency relief shall be, and

[2] This result would be the same even if this motion were considered under RAP 20(D); as that rule also requires a showing of "irreparable injury."

hereby is, DENIED. Their petition for a writ of mandamus remains pending and shall be decided by a three-Judge panel of this Court.

ENTERED: 10/21/2024

JUDGE, COURT OF APPEALS

**COMMONWEALTH OF KENTUCKY**

**COURT OF APPEALS**

**NO. 2024-CA-0850-OA**

**DOUGLAS A. WAIN and ELISA WAIN** — **PETITIONERS/APPELLANTS**

**AN ORIGINAL ACTION**
**ARISING FROM FAYETTE CIRCUIT COURT**
**ACTION NO. 19-CI-00812**

**NOTICE OF APPEAL**

**v.**

**HON. KIMBERLY NELL BUNNELL, JUDGE** — **RESPONDENT/ APPELLEES**

**AND**

**CENTRAL BANK & TRUST COMPANY and**
**U.S. BANK TRUST NATIONAL ASSOCIATION**
**Not in its Individual Capacity But Solely as Owner Trustee for RCF 2 Acquisition Trust**

***********

Come the Defendants Douglas and Elisa Wain ("the Wains"), and pursuant to The Rules of Appellate Procedure and paragraph RAP 2, 13 and 60(I), RAP 2 and 13 and 60 hereby file their Notice of Appeal of the Kentucky Court of Appeals

(KCOA) entry of "ORDER DENYING PETITIONS FOP A WRIT OF MANDUS," on September 23, 2024.

We will assert in this Appeal there were legal errors and evidentiary issues, and additional arguments as well.

Attached to this Notice of Appeal is KCOA "ORDER DENYING PETITIONS FOP A WRIT OF MANDAMUS," September 23, 2024, eight pages and our "MOTION FOR DISCRETIONARY REVIEW and RECORD ON MOTION" we submitted to the Supreme Court of Kentucky on October 8, 2024. This submission was rejected by the Kentucky Supreme Court as an unauthorized document and returned to us, but we are attaching this Motion only, ten pages, to this Notice of Appeal as well for background and informational purposes only.

The parties to this Appeal are as follows:

Petitioner/Appellant – Douglas A. and Elisa Wain

Respondents/Appellees – Hon. Kimberly Nell Bunnell, Judge; Central Bank & Trust Co.; U.S. Bank Trust National Association, Not In Its Individual Capacity But Solely as Owner Trustee For RCF 2 Acquisition Trust

Respectfully submitted, October 21, 2024

*Douglas A. Wain, Pro Se*
*Petitioner/Appelant*
*P. O. Box 7473*
*Westlake Village, CA 91359*
*douglaswain@gmail.com*
*859.494.3677*

Elisa Wain

*Elisa Wain, Pro Se*
*Petitioner/Appelant*
*P. O. Box 7473*
*Westlake Village, CA 91359*
*douglaswain@gmail.com*
*859.494.3677*

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing was duly served by email or mail on this 21st day of October 21, 2024:

Judge Kimberly Nell Bunnell
Chief Regional Circuit Judge
22nd Judicial Circuit, Division 9
Robert F. Stephens Circuit Courthouse
120 N. Limestone Street
Lexington, Kentucky 40507
*Respondent/Appellee*

Timothy R. Wiseman, Esq.
Gregory D. Pavey, Esq.
Stoll Keenon Ogden PLLC
300 W. Vine St., Ste. 2100
Lexington, Kentucky 40507
(859) 231-3000
(859) 231-3062

F: (859) 253-1093
tim.wiseman@skofirm.com
gregory.pavey@skofirm.com
*Counsel for Respondent/Appellee, Central Bank & Trust Co.*

Shannon O'Connell Egan, Esq.
Nathan H. Blaske, Esq.
Dinsmore & Shohl LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
(513) 977-8261
shannon.egan@dinsmore.com
nathan.blaske@dinsmore.com
*Counsel for Respondent/Appellee, U.S. Bank Trust National Association, Not in its Individual Capacity But Solely as Owner Trustee for RCF 2, Acquisition Trust*

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0730-OA

DOUGLAS A. WAIN and
ELISA WAIN — PETITIONERS

v.

AN ORIGINAL ACTION
ARISING FROM FAYETTE CIRCUIT COURT
ACTION NO. 19-CI-00812

HON. KIMBERLY NELL BUNNELL,
JUDGE — RESPONDENT

AND

CENTRAL BANK & TRUST
COMPANY and
U.S. BANK TRUST
NATIONAL ASSOCIATION
Not in its Individual Capacity But
Solely as Owner Trustee for RCF 2
Acquisition Trust — REAL PARTIES IN INTEREST

AND

NO. 2024-CA-0850-OA

DOUGLAS A. WAIN and
ELISA WAIN — PETITIONERS

AN ORIGINAL ACTION
v. ARISING FROM FAYETTE CIRCUIT COURT
ACTION NO. 19-CI-00812

HON. KIMBERLY NELL BUNNELL, JUDGE — RESPONDENT

AND

CENTRAL BANK & TRUST COMPANY and U.S. BANK TRUST NATIONAL ASSOCIATION Not in its Individual Capacity But Solely as Owner Trustee for RCF 2 Acquisition Trust — REAL PARTIES IN INTEREST

ORDER
DENYING PETITIONS FOR A
WRIT OF MADAMUS

* * * * * *

BEFORE: CETRULO, ECKERLE, AND GOODWINE, JUDGES.

Petitioners, Douglas and Elisa Wain (the "Wains"), filed two separate petitions for a writ of mandamus pursuant to Kentucky Rule of Appellate Procedure ("RAP") 60. In Action No. 2024-CA-0730-OA, the Wains seek an order mandating that Respondent, Hon. Kimberly Nell Bunnell, Judge ("Judge Bunnell") recuse herself from presiding over the case below. In Action No. 2024-CA-0850-OA, the Wains seek an order mandating that Judge Bunnell dismiss the

case below because the judgment entered against them has allegedly been satisfied. Real Party in Interest, Central Bank & Trust Company ("Central Bank"), filed a response to both petitions. Real Party in Interest, U.S. Bank Trust National Association, Not in its Individual Capacity but Solely as Owner Trustee for RCF 2 Acquisition Trust ("U.S. Bank"), filed a response only in Action No. 2024-CA-0730-OA. Having reviewed the petitions, responses, and being otherwise duly and sufficiently advised, it is hereby ORDERED that the petitions for a writ of mandamus shall be, and hereby are, DENIED.

**BACKGROUND**

The case below is a foreclosure action initiated by Central Bank, which held a mortgage on property owned by the Wains. Through a series of assignments, U.S. Bank became the holder of the first mortgage on the property. After an alleged default and a few years of litigation, on January 20, 2021, the Trial Court entered a judgment in favor of Central Bank and an order of sale. It awarded Central Bank $358,412.72, plus interest and attorneys' fees. The Wains appealed (Appeal No. 2021-CA-0202-MR), but did not post a supersedeas bond. This Court affirmed the Trial Court's January 20, 2021, Order, and the Kentucky Supreme Court denied discretionary review. The property was sold at a master commissioner's sale for $630,003.00, and the sale was confirmed.

At the time the first appeal was filed, U.S. Bank's lien had yet to be

adjudicated. On March 7, 2024, the Trial Court entered an order granting summary judgment in favor of U.S. Bank on its claim asserting a lien on the property and its claim that its lien was superior to Central Bank's. Further, the Trial Court ordered distribution of the sale proceeds. After payment to U.S. Bank and taking into account the fees associated with the sale, the Trial Court ordered the balance of $24,967.48 to the master commissioner and the remaining $66,884.60 to Central Bank.

On April 30, 2024, the Trial Court entered an order denying the Wains' motion to amend the judgment. The Wains once again filed a notice of appeal, initiating Appeal No. 2024-CA-0646-MR. This Court entered an Order dismissing that appeal on July 29, 2024, because the Wains' notice of appeal was not timely filed.

The Wains have now filed two writ petitions that raise separate issues. In Action No. 2024-CA-0730-OA, they seek an Order compelling Judge Bunnell to recuse herself from this matter, claiming that her rulings are contrary to law and represent evidence of bias. They cite two campaign contributions made by lawyers in law firms involved in this case to her campaign for Fayette District Court Judge in 1999.

In Action No. 2024-CA-0850-OA, the Wains seek an Order compelling the Trial Court to enter a satisfaction of judgment pursuant to

Kentucky Rule of Civil Procedure ("CR") 79.02 as to Central Bank's claim against them. The Wains appear to argue that they have satisfied their obligation to Central Bank because the total sale proceeds of their property exceeded the amount of their indebtedness.

**ANALYSIS**

A writ of prohibition is an extraordinary remedy. The Kentucky Supreme Court has held:

> A writ of prohibition *may* be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

*Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004) (emphasis original). A writ is an extraordinary remedy. *Ridgeway Nursing & Rehab. Facility, L.L.C. v. Lane*, 415 S.W.3d 635, 639 (Ky. 2013). Because of this extreme and specific nature of writs, courts are reluctant to issue them because the expedited procedure "necessitate[s] an abbreviated record which magnifies the chance of incorrect rulings that would prematurely and improperly cut off the rights of litigants." *Interactive Media Ent. Gaming Ass'n v. Wingate*, 320 S.W.3d 692, 695 (Ky. 2010).

In the context of a writ of the first class, the term "jurisdiction" refers

to subject matter jurisdiction. *See Appalachian Racing, L.L.C. v. Commonwealth*, 504 S.W.3d 1, 4 (Ky. 2016); *Goldstein v. Feeley*, 299 S.W.3d 549, 552 (Ky. 2009); *Davis v. Wingate*, 437 S.W.3d 720, 725 (Ky. 2014). "Whether a court has subject-matter jurisdiction is determined at the beginning of a case, based on the type of case presented." *Kelly v. Commonwealth*, 554 S.W.3d 854, 860 (Ky. 2018).

The Fayette Circuit Court is a court of general jurisdiction, "it has original jurisdiction of all justiciable causes not exclusively vested in some other court." Kentucky Revised Statute (KRS) 23A.010(1). Because the subject matter of the Trial Court is beyond reasonable dispute, the Wains are not entitled to a writ of the first class.

Regarding writs of the second class, a lack of an adequate remedy by appeal or otherwise is an absolute prerequisite to issuance. *Wyatt, Tarrant & Combs v. Williams*, 892 S.W.2d 584, 586 (Ky. 1995). Here, there remain ample avenues by which the Wains can challenge any alleged bias of the Trial Court. If the Wains in good faith believe that Judge Bunnell should not preside over the balance of their case, they may file an affidavit with the Circuit Clerk pursuant to KRS 26A.020. This statute reads, in relevant part:

> If either party files with the circuit clerk his affidavit that the judge will not afford him a fair and impartial trial, or will not impartially decide an application for a change of venue, the circuit clerk shall at once certify the facts to the Chief Justice who shall immediately review the facts and determine whether to designate a regular or retired

justice or judge of the Court of Justice as special judge.

KRS 26A.020 constitutes one adequate remedy, foreclosing the Wains' request that this Court should first consider their contention that Judge Bunnell should be disqualified from presiding over the case via a writ.

As to the Wains request that this Court declare their debt to Central Bank satisfied, they likewise have or had an adequate remedy by appeal. As an initial matter, the judgment in favor of Central Bank has already been the subject of an appeal, and this Court affirmed the Trial Court's judgment. "[A] decision of the appellate court, unless properly set aside, is controlling at all subsequent stages of the litigation, which includes the rule that on remand the trial court must strictly follow the mandate of the appellate court." *Inman v. Inman*, 648 S.W.2d 847, 849 (Ky. 1982) (quoting 5 Am. Jur.2d, Appeal and Error § 744).

As to their argument that the proceeds of the sale were sufficient to satisfy Central Bank's lien, it is not clear whether the Wains intended to mislead this Court, or whether they do not recognize that U.S. Bank, as a senior lienholder, was entitled to have its judgment satisfied by the proceeds of the sale prior to the Central Bank being paid. Regardless, any issues concerning U.S. Bank's lien could have been raised in the Wains' second appeal, had it been timely filed. Their failure to avail themselves properly to their sufficient remedies by appeal do not render those remedies inadequate. "This Court cannot approve of exercises of

original jurisdiction in cases where no remedy by appeal exists at the time of the request solely as a result of actions taken, or not taken, by the petitioner." *Wyatt, Tarrant & Combs*, 892 S.W.2d at 586.

Because the Wains do not meet the prerequisites for the issuance of a writ, we need not address their claims of error. Nothing contained in this Order should be construed as a ruling on the merits of the allegations.

## CONCLUSION

WHEREFORE, Petitioners' petitions for a writ of mandamus shall be, and hereby are, DENIED.

ENTERED: September 23, 2024

[signature]
JUDGE, COURT OF APPEALS

**SUPREME COURT OF KENTUCKY**
**No.______________________________**

DOUGLAS A. WAIN AND ELISA — MOVANTS

v.

HON KIMBERLY NELL BUNNELL, JUDGE — RESPONDENTS

CENTRAL BANK & TRUST CO. and U.S. BANK TRUST NATIONAL ASSOCIATION Not in its Individual Capacity But Solely for RCF 2 Acquisition Trust

* * * * * * * * *

**MOTION FOR DISCRETIONARY REVIEW**

**and**

**RECORD ON MOTION**

* * * * * * * * *

COURT OF APPEALS
No. 2024-CA-0850-OA

FAYETTE CIRCUIT COURT
No. 19-CI-00812

* * * * * * * * *

*Douglas A. Wain, Pro Se*
*Movant*

*P. O. Box 7473*
*Westlake Village, CA 91359*
*douglaswain@gmail.com*
*859.494.3677*

Elisa Wain

*Elisa Wain, Pro Se*
*Movant*
*P. O. Box 7473*
*Westlake Village, CA 91359*
*douglaswain@gmail.com*
*859.494.3677*

FOR MOVANTS

**SUPREME COURT OF KENTUCKY**
**No.______________________________**

DOUGLAS A. AND ELISA WAIN MOVANTS

v. **MOTION FOR DISCRETIONARY REVIEW**

CENTRAL BANK & TRUST CO., et al. RESPONDENTS

Movants, Douglas A. and Elisa Wain, pursuant to and in compliance with CR 76.20, hereby move this Court to grant Discretionary Review in this matter and state as follows:

## I. THE NAMES OF THE MOVANTS AND RESPONDENTS AND THE NAMES AND ADDRESSES OF THEIR COUNSEL

The Movants are Douglas and Elisa Wain, Pro Se, P.O. Box 7473, Westlake Village, CA 91356. The Respondents are (1) Kimberly Nell Bunnell, Judge, Robert F. Stephens Circuit Courthouse, 120 N. Limestone Street, Lexington, Kentucky 40507 (2) Central Bank & Trust Co., Timothy R. Wiseman, Esq. Stoll Keenon Ogden PLLC, 300 W. Vine Street, Lexington, Kentucky 40507; (3) U.S. Bank Trust National Association Not in its Individual Capacity But Solely for RCF 2 Acquisition Trust, Shannon O'Connell Egan, Dinsmore & Shohl LLP, 255 E. Fifth Street, Ste. 1900, Cincinnati, Ohio 45202.

## II. THE DATE OF THE FINAL DISPOSITION BY THE COURT OF APPEALS

The Court of Appeals rendered the "Order Denying Petitions For A Writ Of Mandamus" that is the subject of the Motion for Discretionary Review on September 23, 2024. (See Order, attached as **Exhibit A**). No petition for rehearing or reconsideration was filed.

## III. SUPERSEDEAS BOND

No supersedeas bond has been executed in this case.

## IV. STATEMENT OF THE CASE

### a. Material Facts

Central Bank & Trust Co., Lexington, KY (CBT), as a second lien holder, filed a foreclosure lawsuit against us, the Wains, on our only Property and thirty-year home in Lexington, KY, five and one-half years ago on March 6, 2019. CBT filed this foreclosure action against us, the Wains when we were only approximately four thousand dollars ($4,000) behind in monthly payments to CBT. We, the Wains, were late on these payments due to Covid conditions that negatively affected us. We, the Wains, were not in default on our first mortgage when CBT filed this action on March 6, 2019. CBT took this action all on its own. We, at that time, have had this account with CBT for seventeen years since 2002.

CBT, through a "Motion for Summary Judgment," obtained their Judgment from the Fayette Circuit Court, KY, on January 20, 2021 (Exhibit E) for the amount of **$358,412. 72.** The Property was sold at auction nineteen days later, on February 8, 2021, for the purpose of enforcing CBT's Judgement. The Fayette Master Commissioner, on February 8, 2021, received **$630,00.03** on the day of the auction from the highest bidder. This $630,000.03 was sixty-nine percent, **$271,587.31 more** than CBT's **$358,412. 72** Judgment amount on January 20, 2021.

The Order "Confirming Report of Sale" was entered on March 12, 2021.

However, for the last three and one-half years, without any clear or valid evidence to the contrary, CBT and Judge Kimberly Bunnell will not issue us the Wain's a "Satisfaction of Judgment" based on **"Satisfaction by execution"** on **February 8, 2021**, the date of the auction and **payment** to the Master Commissioner as per the January 20, 2021, Order or CBT's **written release of the Wains in the March 12, 2021, Order** (Exhibit F). Kentucky Revised Statutes KRS CR 79.02 "entry of satisfaction of judgment "confirms "Satisfaction of execution" in Kentucky law (Exhibit C) and Kentucky Revised Statutes KRS 382.365 (4) "Release of lien…." confirms our written release by as "payment in full" (Exhibit D). The Wains **should have been dismissed** from this foreclosure case as defendants of CBT over **three and one-half years ago.**

## III. ARGUMENT

We have serval serious complaints and issues with Judge Bunnell in this case which we believe are relevant to Judge Bunnell's continual denial of our **"Satisfaction of execution" release** from CBT as well as our **written release** from CBT. Some of our other complaints and issues are:

We believe **both** CBT and U.S. Bank Trust National Association completely and totally **abandoned <u>all</u> their rights to proceeds** from the auction on February 8, 2021, according to

Kentucky regulations. One example is CBT, obtained its Judgment on January 20, 2021. But CBT did not make its first "Motion for Distribution" over two years after the auction proceeds were available on February 8, 2021, although CBT had no impediments. CBT only made this "Motion for Distribution" **after** we filed a Fair Credit Report Act (FCRA) claim against CBT in Federal Court in the Eastern District of Kentucky.

USB did not obtain its Judgment or make its first "Motion for Distribution" for **over three years** after the auction proceeds were available. According to the January 20, 2021, Order, USB could not obtain any proceeds until they received a Judgment. USB did not obtain their Judgment until March 7, 2024. Neither party received any distribution **within the first three years** of the proceeds being available. We believe all these Property auction proceeds, $605,035.42 after the Master Commissioner commission of $24,967.58 was paid on March 12, 2021, should have gone to the State of Kentucky. We believe the Commonwealth of Kentucky coffers should have **$605,035.42 more** than it has now. If this is true, it is possible that the interests of the banks in this case were favored over the interests of the State of Kentucky.

Judge Bunnell claimed there is a "*Deficiency Order*" "*entered*" in this case. There is no "Deficiency Order" in this case. **There has never been a deficiency order, motion, hearing, or process in this case.**

We believe there has been **extreme bias and prejudice** against us by Judge Bunnell since the start of this case on March 6, 2019, especially in favor of CBT against us. This bias and prejudice by Judge Bunnell are continuing.

We believe our **U.S. Civil Rights,** including our **due process** rights and due process protection have been violated on numerous occasions by Judge Bunnell in this case. These serious

violations of our U.S. Civil Rights violations by Judge Bunnell are continuing and getting more egregious.

We believe there has been a **conflict of interest** between Judge Bunnell and CBT since the beginning of this case. The first issue we discovered was on May 22, 2024. Judge Bunnell has been using CBT as the financial institution for her camping depository account. This and possibly other conflict of interest issues between Judge Bunnell had **never been disclosed** to us and has never been denied. Parties now are trying to thwart us in our attempt to obtain additional discloser regarding other possible associations between Judge Bunnell and CBT.

Judge Bunnel **violated the foreclosure moratorium** for federally backed-mortgage loans, "The federal Coronavirus Aid, Relief, and Economic Security (CARES) Act," 15 U.S.C. §9056(c)(2), which began March 18, 2020, and expired on December 31, 2021. It was violated on December 11, 2020, when Judge Bunnell **incorrectly ruled** that our Property was "*vacant.*" Our first mortgage was held by Fannie Mae.

Judge Bunnell, in a rushed attempt **to bypass the first mortgage company** to give CBT, the second mortgage holder, the first distribution, conducted a "**Fire Sale**" of our Property on February 8, 2021. The Property was auctioned for $630,000.03 and was resold for $1,275,000. More than **double** the auction amount.

Judge Bunnell allowed an early, unannounced, permanent **lock-out/eviction** of us from our Property on February 26, 2021, by the auction buyer. There was no "Order to Vacate" at this time. We are still in litigation against the auction buyer to get our property back.

We have kept the Kentucky Judicial Conduct Commission current on our complaints against Judge Bunnell.

**b. The Questions of Law Involved**

Case law: "Smith v. Jones, 11 S.W.2d 937 (Ky. Ct. App. 1928)" established that the sale of property to satisfy a judgment **terminates the debtor's obligation absent clear evidence to the contrary.** https://casetext.com/case/smith-v-jones-561

**c. Reasons Why the Court of Appeals' Opinion Should be Reviewed**

We believe the Honorable Kentucky Court of Appeals (KCOA), in their September 23, 2024, Order made critical errors which were fundamental to our Petition.

We believe we met the Class 1 and Class 2 prerequisites for a Writ of Mandamus.

The KCOA citing serval times in their September 23, 2024 Order about our "Notice of Appeal" filed one day late with the Fayette County Court. This "Notice of Appeal" was due on May 30, 2024, but was filed on May 31, 2024. This "Notice of Appeal" was subsequently **dismissed** by the KCOA based on this one-day late filing. The only reason our "Notice of Appeal" was filed one day late, was because the United States Post Office (U.S.P.S.) had a **two-day delay** in our "**next day**" shipment due to "**severe weather**". We supplied this "delay" information timely to the KCOA. Our notice was scheduled to be delivered on May 29, 2024, one day before the May 30, 2024, thirty day filing deadline. This two-day delivery delay by the U.S.P.S., which caused the one-day late filing was not due to any negligence on our part.

KCOA, in their Order incorrectly cites this particular "Notice of Appeal" dismissal as negating our Writ of Mandamus, motion to compel satisfaction. This "Notice of Appeal" filed on May 31, 2024 has **nothing** to do with our "Satisfaction by execution" on February 8, 2021 or our written release by CBT in the March 12, 2021 Order. This "Notice of Appeal" was **only** for Judge Bunnell's **April 30, 2024** Order confirming Judge Bunnell's **March 7, 2024** Order. This Order was only regarding USB obtaining their first Judgment and the first distribution of auction proceeds to the two creditors (Exhibit H.) Nothing in this April 30, 2024, Order references anything

relevant in our Writ of Mandamus, motion to compel. Our name, the Wains, is not even mentioned in this April 30, 2024, Order. The dates in our Writ of Mandamus, motion to compel are **February 8. 2021,** and **March 12, 2021.** These was over **three years before** this April 30, 2024, Order was issued.

There was also a question in the KCOA Order whether our Writ of Mandamus Petition was consistent with Kentucky law. Our entire Petition is **one hundred percent** aligned and supported by **all** Kentucky Revised Statutes and **all** the Orders issued in this case. We are in compliance. The KCOA's Order on September 23, 20244, is in error by bringing up this question. We believe this error affects the Order.

In our filings to the KCOA we said there was a conflict of interest between Judge Bunnell and CBT. For this conflict of interest, we cited **one** conflict. That Judge Bunnell uses CBT as Judge Bunnell's financial institution for the Judges campaign depository. This one conflict we cited was **omitted** in the KCOA September 23, 2024, Order. Instead, the KOCA Order references the lawyers in this case and their contributions to Judge Bunnell's campaign. We did not cite those events as conflicts of interest.

## V. RECORD ON MOTION

The Court of Appeals' is attached as **Exhibit A**. Also attached are **Exhibits B-H**

## VI. CONCLUSION

Based on the foregoing, the Movants, Douglas and Elisa Wain, respectfully request that this Court grant discretionary review of the Court of Appeals' "Order Denying Petitions For A Writ Of Mandamus" on September 23, 2024.

We believe that there are many **special reasons** in this filing to grant discretionary review. This includes the public interest in and the principles of Wirt of Mandamus. The issue of whether

the Commonwealth of Kentucky should have, and still should, receive the $605,035.42 auction proceeds we believe on its own is a concerning issue for this Court grant discretionary review.

Respectfully submitted, October 8, 2024

*Douglas A. Wain, Pro Se*
*Movant*
*P. O. Box 7473*
*Westlake Village, CA 91359*
*douglaswain@gmail.com*
*859.494.3677*

*Elisa Wain, Pro Se*
*Movant*
*P. O. Box 7473*
*Westlake Village, CA 91359*
*douglaswain@gmail.com*
*859.494.3677*

FOR MOVANTS

**CERTIFICATE OF SERVICE**

I hereby certify that true copies of the foregoing Motion for Discretionary Review were sent by email, mail or FedEx, postage prepaid, this 8th day of October, 2024, to the following: Kimberly Nell Bunnell, Judge, Robert F. Stephens Circuit Courthouse, 120 N. Limestone Street, Lexington, Kentucky 40507, Central Bank & Trust Co., Timothy R. Wiseman, Esq. Stoll Keenon Ogden PLLC, 300 W. Vine Street, Lexington, Kentucky 40507, U.S. Bank Trust National Association Not in its Individual Capacity But Solely for RCF 2 Acquisition Trust, Shannon O'Connell Egan, Dinsmore & Shohl LLP, 255 E. Fifth Street, Ste. 1900, Cincinnati, Ohio 45202.

*Douglas A. Wain, Pro Se*
*Movant*
*P. O. Box 7473*
*Westlake Village, CA 91359*
*douglaswain@gmail.com*
*859.494.3677*

*Elisa Wain, Pro Se*
*Movant*
*P. O. Box 7473*
*Westlake Village, CA 91359*
*douglaswain@gmail.com*
*859.494.3677*

FOR MOVANTS

Entered 19-CI-00812 08/19/2024 Vincent Riggs, Fayette Circuit Clerk

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL BRANCH
NINTH DIVISION

CENTRAL BANK & TRUST CO. PLAINTIFF

V. **ORDER GRANTING MOTION TO COMPEL** NO. 19-CI-00812

DOUGLAS A. WAIN et al. DEFENDANTS

**** **** **** ****

This matter having come before the Court on August 9, 2024, on Motion to Compel (the "Motion") filed by Central Bank & Trust Co. ("Central Bank"); Douglas and Elisa Wain (the "Wains") having filed a response thereto; and the Court having heard arguments of counsel and the parties on August 9, 2024, and being otherwise sufficiently advised;

**IT IS HEREBY ORDERED** that the Motion is **GRANTED**.

**IT IS FURTHER HEREBY ORDERED** that the Wains shall appear for judgment debtor examinations to be conducted by Central Bank, via Zoom, at 1 p.m., Eastern time, on October 31, 2024. In advance of the examinations, Central Bank shall send information for joining the Zoom, and the Wains shall provide acknowledgement confirming their receipt of the same.

DATED this ___ day of ________________, 2024.

HON. KIMBERLY N. BUNNELL
electronically signed
8/14/2024 6:50:36 PM ET

HON. KIMBERLY N. BUNNELL
JUDGE, FAYETTE CIRCUIT COURT

Entered 19-CI-00812 08/19/2024 Vincent Riggs, Fayette Circuit Clerk

**TENDERED BY:**

STOLL KEENON OGDEN PLLC
300 W. Vine Street, Suite 2100
Lexington, Kentucky 40507
(859) 231-3000

BY: */s/ Timothy R. Wiseman*
GREGORY D. PAVEY, KBA 81049
TIMOTHY R. WISEMAN, KBA 95072
ATTORNEYS FOR CENTRAL BANK

**HAVE SEEN AND AGREED PURSUANT TO RFCC 19:**

*REFUSED TO SIGN*
DOUGLAS WAIN, *pro se*

*/s/ Shannon O'Connell Egan (with permission)*
SHANNON O'CONNELL EGAN
ATTORNEY FOR U.S. BANK
TRUST NATIONAL ASSOCIATION

**CLERK'S CERTIFICATE OF SERVICE**

This is to certify that a true copy of the foregoing was filed electronically and/or served by mail on _______________________ to:

Gregory D. Pavey, Esq.
STOLL KEENON OGDEN PLLC
300 W. Vine Street, Suite 2100
Lexington, Kentucky 40507
ATTORNEYS FOR CENTRAL BANK

Shannon O'Connell Egan
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Shannon.Egan@dinsmore.com
ATTORNEY FOR U.S. BANK
TRUST NATIONAL ASSOCIATION

Douglas A. Wain
P.O. Box 7473
Westlake Village, CA 91359
douglaswain@gmail.com

_______________________________
CLERK, FAYETTE CIRCUIT COURT

ENTERED
ATTEST, VINCENT RIGGS, CLERK
JAN 20 2021
FAYETTE CIRCUIT CLERK
BY__________ DEPUTY

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL BRANCH
NINTH DIVISION

CENTRAL BANK & TRUST CO. PLAINTIFF

V. NO. 19-CI-00812

**PARTIAL SUMMARY JUDGMENT, JUDGMENT ON THE PLEADINGS, AND ORDER OF SALE**

DOUGLAS A. WAIN;
ELISA WAIN; and DITECH
FINANCIAL LLC[1], successor by merger
to GREEN TREE SERVICING LLC DEFENDANTS

**** **** **** ****

THIS matter having been brought before the Court upon the motion of the Plaintiff, Central Bank & Trust Co. (hereinafter "Central Bank" or the "Bank"), for Partial Summary Judgment, Judgment on the Pleadings and Order of Sale (collectively the "Motion"), under Kentucky Civil Rules of Procedure 56 on the grounds, among others, that there is no genuine issue of material fact and it is entitled to judgment as a matter of law; the Court having conducted a hearing and heard arguments of counsel; and the Court being sufficiently advised and having thoroughly reviewed and considered the evidence, pleadings, papers and record herein, the Court finds, holds and rules as follows:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The following Defendants were each duly served with Summons according to law and service on each Defendant is approved:

[1] On May 1, 2020, Shannon O'Connell Egan and Nathan H. Blaske of Dinsmore & Shohl LLP, counsel for NewRez LLC d/b/a Shellpoint Mortgage Servicing ("NewRez"), assignee of Ditech Financial, LLC, successor by merger to Green Tree Servicing, LLC filed an entry of appearance, submitting NewRez to the jurisdiction of this Court.

| DEFENDANT | METHOD OF SERVICE | DATE SERVED | ANSWER FILED |
|---|---|---|---|
| Douglas A. Wain | Fayette Co. Constable | 03-26-19 | 04-19-19 and 12-04-19 |
| Elisa Wain | Fayette Co. Constable | 03-26-19 | 04-19-19 and 12-04-19 |
| Ditech Financial LLC, successor by merger to Green Tree Servicing, LLC | Certified Mail to Registered Agent | 11-18-19 | 12-02-19 |
| NewRez LLC d/b/a Shellpoint Mortgage Servicing, assignee of Ditech Financial, LLC, successor by merger to Green Tree Servicing, LLC | | | 05-01-20 (Entry of Appearance) |

Venue is proper as the real estate sought to be foreclosed lies within the Court's jurisdictional boundaries.

The Court finds that all necessary parties are properly before the Court and the Court has subject matter jurisdiction over the issues in this case.

Central Bank has met its burden of proof on its Motion and is entitled to judgment under Civil Rule 56 and an order of sale of the subject Property, as hereinafter defined, as herein awarded below.

**JUDGMENT**

**IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

1. The Motion of Plaintiff, Central Bank is sustained in its entirety.

2. Central Bank is awarded Judgment *in personam* against the Defendants, Douglas A. Wain and Elisa Wain (collectively, the "Wains"), jointly and severally, in the amount of $358,412.72, with interest thereon at the variable rate provided by the subject equity line agreement from March 6, 2019 until paid (currently 3.25% per annum, $31.13 per diem), late charges and such other costs, expenses and damages, including collection expenses, incurred or to be incurred, and attorneys' fees in an amount to be determined by the Court (hereinafter referred to as the "Judgment Amounts").

3. Securing the Judgment Amounts, Central Bank is adjudged to have a valid, enforceable, second mortgage lien on the certain real property described in the Complaint, Amended Complaint and the mortgage attached thereto as 2711 Barbados Lane, Lexington, Fayette County, Kentucky, which is more particularly described in **Exhibit A** attached hereto and incorporated herein by reference (the "Property"), which is only subject to the valid first mortgage lien of the Defendant, Ditech Financial, LLC ("Ditech"), successor by merger to Green Tree Servicing LLC, and/or its assignee, NewRez; and unpaid, delinquent *ad valorem* taxes, if any. Neither Ditech nor NewRez has filed or asserted a counterclaim or cross-claim in this action and neither party responded or disputed the Bank's Motion.

4. The duties and obligations of the Wains under the Gold Equity Line Agreement and the Gold Equity Line Mortgage (attached as Exhibits "A" and "B," respectively, to the Bank's Amended Complaint) shall be fully enforced by this Judgment.

**ORDER OF SALE**

5. The Property is a single residential lot with improvements thereon that cannot be divided without materially impairing the value thereof or the interest of the parties thereto, and the Property shall be sold **AS IS, WITH FAULTS, WITHOUT WARRANTIES OF ANY KIND**, as a whole for the purpose of enforcing the Judgment and Central Bank's mortgage lien herein adjudged against the Property.

6. The Property shall be immediately referred to the Master Commissioner of this Court for sale and shall be sold by the Master Commissioner upon the conditions set forth in RFCC 26(b)(4), which are incorporated herein by reference, and as follows:

A. The Master Commissioner is authorized, ordered and directed to advertise and appraise the Property and to offer the Property and any improvements and fixtures thereon at public auction, on the 8th day of February, 2021, at or about the hour of N/A, local time. The auction shall be held in person or, due to Covid-19, on-line on a secure, designated auction website open to the public.

B The Property shall be sold as a whole to the highest bidder on terms of 10% of the purchase price paid at the time of the sale with the balance to be paid within thirty (30) days, and, pursuant to KRS 426.705, any purchaser shall be required to execute bond with surety thereon to be approved by the Master Commissioner to secure the unpaid portion of the purchase price, with the bond to bear interest at the rate the judgment bears (3.25% per annum) from date of sale until paid, and the bond shall have the same force and effect as a judgment and shall remain and be a lien on the Property until fully paid.

C. The purchaser shall have the privilege of paying the entire purchase price in cash at time of sale or paying said bond before maturity by paying the principal amount thereof together with all interest accrued thereon until the date of said payment.

D. Before making sale of the Property, the Master Commissioner shall advertise the aforesaid time, terms and on-line location of the sale, together with a description of the Property to be sold, approximately 7 to 21 days prior to the date of sale by inserting an advertisement in a newspaper having general circulation in Fayette County.

E. Before making sale of the Property, the Master Commissioner shall have the Property appraised by two intelligent disinterested housekeepers of Fayette County, Kentucky, not related to any of the parties of this action. The appraisers shall be sworn by the Master Commissioner before making such appraisal and they shall return their appraisals in writing to the Master Commissioner, same to be a part of the record in this case.

F. The Master Commissioner shall, after making said sale, report same to this Court for further action herein.

G. In the event the purchaser of the Property fails to comply with the above terms of sale, then in such event the Master Commissioner shall immediately resell the Property upon further order of this Court, upon the same terms and conditions as hereinabove set forth.

H. The purchaser at the Master Commissioner's sale shall take the Property free and clear of the claims of the parties to this action and all existing liens recorded after the recording of Central Bank's Lis Pendens Notice, but subject to the following:

(1) Current year real estate taxes affecting the Property for which the purchaser shall take no credit on the purchase;

(2) Easements, restrictions and stipulations of record;

(3) Any matters that would be disclosed by an accurate survey or inspection of each of the Properties; and

(4) Any current assessments for public improvements levied against the Property.

I. In the event Central Bank purchases the Property, subparagraphs (B) and (C) of this paragraph shall not apply; provided, however, if Central Bank's bid exceeds its judgment amount, Central Bank will be required to pay the difference in full or provide deposit and pay interest until paid.

7. The Master Commissioner, the Court, and Central Bank shall not be deemed to warrant title of the Property to the purchaser.

8. Risk of loss shall pass to the successful bidder upon acceptance by the Master Commissioner of the final bid. The successful bidder/purchaser shall have an insurable interest in the purchased property immediately upon acceptance by the Master Commissioner of the final bid for the Property.

9. There are currently no delinquent *ad valorem* taxes due on the Property and therefore the proceeds of the sale shall be applied in the following order of priority:

A. The Master Commissioner's costs and fees;

B. The satisfaction of the mortgage lien of Ditech Financial, LLC, successor by merger to Green Tree Servicing, LLC, and/or its assignee, NewRez LLC d/b/a Shellpoint

Mortgage Servicing, which is required to obtain Judgment herein prior to its obtaining any proceeds;

C. The satisfaction of Central Bank's mortgage lien as adjudicated herein, including reimbursement for its costs, expenses and attorneys' fees as set forth herein; and

D. Any remaining proceeds of the sale shall be held by the Master Commissioner until further order of this Court for distribution to the Defendants as their interests may appear.

10. In the event the Property sells for less than the Judgment Amounts awarded to Central Bank herein, after payment of court costs, and fees, expenses, and costs of sale, the Defendants, Douglas A. Wain and Elisa Wain, shall be jointly and severally liable to Central Bank for any deficiency amount(s) which may remain after the sale of the Property and application of the net sale proceeds due to Central Bank.

11. Jurisdiction is retained for such further orders and proceedings as may be necessary, including but not limited to, a determination of reasonable attorney's fees under numerical paragraph 3 of this Judgment and, with respect to future attorneys' fees, expenses and costs incurred during the post-judgment process, including any appeal of this Judgment, Central Bank may apply for additional fees, expenses and costs as may be incurred in the future upon proper application to the Court related to the enforcement, collection and preservation of this Judgment on appeal. Further, the Wains have asserted a counterclaim that may be pursued separately from Central Bank's claims, as set forth in the Bank's motion and memorandum of law.

12. This is a final and appealable Judgment, and there is no just cause for the delay in the entry thereof.

13. Pursuant to CR 77.04, the Circuit Court Clerk shall serve notice of the entry of this Judgment and Order of Sale.

DATED this 19 day of Jan., 2021.

/S/ KIMBERLY N. BUNNELL
A TRUE COPY
ATTEST, VINCENT RIGGS, CLERK
FAYETTE CIRCUIT COURT
BY ______ D.C.

JUDGE, FAYETTE ~~CIRCUIT COURT~~

**TO BE ENTERED:**

STOLL KEENON OGDEN PLLC
300 W. Vine Street, Suite 2100
Lexington, Kentucky 40507
Phone: (859) 231-3000

By: ______
GREGORY D. PAVEY
ATTORNEYS FOR CENTRAL BANK

**HAVE SEEN AND APPROVED:**

/s/ JAMES H. FRAZIER, III
______
HON. JAMES H. FRAZIER, III
MASTER COMMISSIONER,
FAYETTE CIRCUIT COURT

**CLERK'S CERTIFICATE OF SERVICE**

This is to certify that a true copy of the foregoing was duly served by mail this 20 day of Jan., 2021, to:

James H. Frazier, III, Esq.
201 E. Main Street, Suite 770
Lexington, Kentucky 40507
MASTER COMMISSIONER

Gregory D. Pavey, Esq.
STOLL KEENON OGDEN PLLC
300 W. Vine Street, Suite 2100
Lexington, Kentucky 40507
ATTORNEYS FOR CENTRAL BANK

David W. Hemminger, Esq.
HEMMINGER LAW OFFICE, PSC
331 Townepark Circle, Suite 100-C
Louisville, Kentucky 40243
hemmingerlawoffice@gmail.com
ATTORNEY FOR DOUGLAS & ELISA WAIN

Paul M. Nalepka, Esq.
REISENFELD & ASSOCIATES LLC
3962 Red Bank Road
Cincinnati, OH 45227
KYE-Notifications@rslegal.com
ATTORNEYS FOR DITECH FINANCIAL, LLC,

Shannon O'Connell Egan
Nathan H. Blaske
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Shannon.Egan@dinsmore.com
Nathan.Blaske@dinsmore.com
ATTORNEYS FOR NEWREZ LLC d/b/a
SHELLPOINT MORTGAGE SERVICING,
ASSIGNEE OF DITECH FINANCIAL, LLC

Vincent Riggs

CLERK, FAYETTE CIRCUIT COURT

rdh/ 100443.163845
Doc#8403596.4

**PROPERTY DESCRIPTION**

Being all of Lot No. 17, Unit 1, of the Greenbriar Estates Subdivision, to the City of Lexington, Fayette County, Kentucky as shown by map or plat thereof of record in Plat Cabinet A, Slide 7, in the office of the Fayette County Clerk; said premises being known and designated as 2711 Barbados Lane, Lexington, Kentucky; and

Being the same property conveyed to Douglas A. Wain and Elisa Wain, husband and wife, by deed dated March 26, 1991 of record in Deed Book 1580, Page 347, in the office of the Fayette County Clerk.

**Parcel No. 22739900**

**EXHIBIT A**

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL BRANCH
NINTH DIVISION

CENTRAL BANK & TRUST CO. PLAINTIFF

V. NO. 19-CI-00812

**ORDER CONFIRMING REPORT OF SALE, FOR DELIVERY OF DEED AND PARTIAL DISTRIBUTION OF PROCEEDS**

DOUGLAS A. WAIN;
ELISA WAIN; and DITECH
FINANCIAL LLC[1], successor by merger
to GREEN TREE SERVICING LLC DEFENDANTS

ENTERED
ATTEST, VINCENT RIGGS, CLERK
MAR 12 2021
FAYETTE CIRCUIT CLERK
BY ___ DEPUTY

**** **** ****

This cause having been heard upon the Motion of the Plaintiff, Central Bank & Trust Co. (hereinafter "Central Bank"), and the Court being sufficiently advised and having considered the same;

It is hereby ORDERED as follows:

1. The Master Commissioner of the Fayette Circuit Court is hereby directed to deliver a Deed conveying fee simple title in the subject real property known as 2711 Barbados Lane, Lexington, Fayette County, Kentucky, a description of which is attached hereto as Exhibit A, to Pavel Moskvich, the purchaser of said property, who has paid the Master Commissioner the full purchase price.

2. The Master Commissioner is hereby directed to disburse his costs and fees from the sale proceeds as follows:

[1] On May 1, 2020, Shannon O'Connell Egan and Nathan H. Blaske of Dinsmore & Shohl LLP, counsel for NewRez LLC d/b/a Shellpoint Mortgage Servicing ("NewRez"), assignee of Ditech Financial, LLC, successor by merger to Green Tree Servicing, LLC, filed an entry of appearance, submitting NewRez to the jurisdiction of this Court. NewRez has filed a Motion to be substituted for Ditech Financial, LLC.

| | | | |
|---|---|---|---|
| Master Commissioner | | | $630,003.00 |
| (a) | Fees | | |
| (b) | Appraisal | $ 5,000.00 | |
| (c) | Advertising | 350.00 | |
| (d) | Auctioneer Fee | 57.52 | |
| (e) | Report Fee: | 20,000.00 | |
| (f) | Deed Fee: | 50.00 | |
| (g) | Copies: | 50.00 | |
| (h) | Postage: | 7.00 | |
| | | 3.06 | |
| Less Deposit Paid by Plaintiff | | < 550.00> | |
| Net due Master Commissioner | | $24,967.58 | |
| Balance to be held by the Master Commissioner until further Order of the Court | | | < 24,967.58> |
| | | | $605,035.42 |

3. It is further ordered that the Defendants, Douglas A. Wain and Elisa Wain, and/or any current occupant, shall vacate the Property within 14 days from March 5, 2021. Defendants/occupants shall not remove any fixtures or improvements to the Property as they are part of the mortgaged Property. ~~In the event the Defendants/occupants fail to vacate the Property as ordered, the Sheriff shall forthwith remove the Defendants/occupants from the Property without further order of the Court.~~ If the Defendants/occupants fail or refuse to vacate the Property as ordered, or if the Defendants/occupants remove any fixtures or improvements from the Property, they shall be subject to contempt of Court proceedings and damages.

4. The liens or interests of the parties hereto, and their successors in interest, and any *pendente lite* lienholder or claimant, existing against the Property herein are hereby released and discharged; provided, however, the mortgage liens of Central Bank and NewRez LLC d/b/a Shellpoint Mortgage Servicing, assignee of Ditech Financial LLC, shall attach to the sale proceeds held by the Master Commissioner in the same priority order of the original mortgage liens of each lender.

DATED this 12 day of March, 2021.

[signature]

JUDGE, FAYETTE CIRCUIT COURT

**HAVE SEEN AND APPROVED:**

JAMES H. FRAZIER III,
MASTER COMMISSIONER,
FAYETTE CIRCUIT COURT

**TENDERED BY:**

STOLL KEENON OGDEN PLLC
300 W. Vine Street, Suite 2100
Lexington, Kentucky 40507
(859) 231-3000

BY: GREGORY D. PAVEY, KBA 81049
ATTORNEYS FOR CENTRAL BANK

**HAVE SEEN:**

David W. Hemminger by permission GDP
DAVID W. HEMMINGER
ATTORNEY FOR DOUGLAS A. WAIN
AND ELISA WAIN

Shannon O'Connell Egan by permission GDP
SHANNON O'CONNELL EGAN
ATTORNEY FOR NEWREZ LLC d/b/a
SHELLPOINT MORTGAGE SERVICING,

**CLERK'S CERTIFICATE OF SERVICE**

This is to certify that a true copy of the foregoing was served by mail this 12 day of March, 2021 to:

James H. Frazier, III, Esq.
201 E. Main Street, Suite 770
Lexington, Kentucky 40507
MASTER COMMISSIONER

Gregory D. Pavey, Esq.
STOLL KEENON OGDEN PLLC
300 W. Vine Street, Suite 2100
Lexington, Kentucky 40507
ATTORNEYS FOR CENTRAL BANK

# REPLACEMENT DEED OF THE MASTER COMMISSIONER

WHEREAS, in the equitable action of CENTRAL BANK & TRUST CO., Plaintiff V. DOUGLAS A. WAIN; ELISA WAIN; and NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING, ASSIGNEE OF DITECH FINANCIAL LLC, SUCCESSOR BY MERGER TO GREEN TREE SERVICING LLC, Defendant(s), being Civil Action No. 19-CI-00812 now pending in the Ninth Division of the Fayette Circuit Court, an Order was entered on January 20, 2021 directing the Master Commissioner of said Court to expose for sale the hereinafter described property; and whereas, said property was sold in accordance with said Order on February 8, 2021 and PAVEL MOSKVICH, a married person, became the purchaser at the price of Six Hundred Thirty Thousand Three And 00/100 Dollars ($630,003.00) which the undersigned Commissioner certifies to be the full consideration paid. Thereafter the report of said sale was approved and confirmed by said Court; and whereas, an Order was entered directing the Master Commissioner to execute a deed on behalf of all the parties to the above referenced action conveying all of their right, title and interest to PAVEL MOSKVICH, his heirs and assigns forever; and whereas said deed was delivered as ordered but was lost or misplaced and has not been filed of record in the Fayette County Clerk's Office.

NOW THEREFORE, this Indenture made and entered into this the 24th day of January, 2022 by and between JAMES H. FRAZIER, III, MASTER

Mail recorded deed to Purchaser
or to ______________________

COMMISSIONER OF THE FAYETTE CIRCUIT COURT, 201 East Main Street, Suite 770, Chase Tower, Lexington, KY 40507, for and on behalf of the above named parties, party of the first part, and, PAVEL MOSKVICH, 217 Red Cedar Drive, Nicholasville, Kentucky, 40356, party of the second part. The address for the purpose of mailing the property tax bill is: 217 Red Cedar Dr., Nicholasville, Ky 40356.

WITNESS TO: That for and in consideration of the full payment of the purchase price aforesaid, as appears of record in the above described action, the party of the first part has sold and by this writing does hereby grant and convey unto the party of the second part, his heirs and assigns forever, the following described property, to wit:

2711 BARBADOS LANE

Being all of Lot No. 17, Unit 1, of the Greenbriar Estates Subdivision, to the City of Lexington, Fayette County, Kentucky as shown by map or plat thereof of record in Plat Cabinet A, Slide 7, in the office of the Fayette County Clerk; said premises being known and designated as 2711 Barbados Lane, Lexington, Kentucky; and

Being the same property conveyed to Douglas A. Wain and Elisa Wain, husband and wife, by deed dated March 26, 1991 of record in Deed Book 1580, Page 347, in the office of the Fayette County Clerk.

TO HAVE AND TO HOLD the said property, together with all the rights, privileges and appurtenances thereunto belonging unto the party of the second part, his heirs and assigns forever.

The property conveyed hereby is conveyed "as is" "where is" without warranty.

This conveyance is made by the Master Commissioner only in his official capacity without any personal liability therefore.

IN TESTIMONY WHEREOF, the said James H. Frazier, III, as Master

Commissioner has hereunto subscribed his name this the 24th day of January,

2022.

JAMES H. FRAZIER, III
MASTER COMMISSIONER
FAYETTE CIRCUIT COURT

Examined and approved this
the 24th day of JAN., 2022.

JUDGE, NINTH DIVISION
JUDGE KIMBERLY N. BUNNELL

PURSUANT TO R.F.C.C. 2(d)
STATE OF KENTUCKY
FAYETTE CIRCUIT COURT

DATED: 1-24-22

The Master Commissioner produced to the Court the foregoing Deed to PAVEL MOSKVICH which was examined and approved by the Court and the said Commissioner acknowledged the same to be its act and deed; whereupon the same was Ordered to be and is hereby certified to the proper office for record.

ATTEST:
VINCENT RIGGS, CLERK
FAYETTE CIRCUIT COURT

BY: ______________________
DEPUTY CLERK

The undersigned grantee(s) hereby certifies that the purchase price heretofore set forth to be the full consideration paid for the above described property.

Pavel Moskvich
PAVEL MOSKVICH

STATE OF North Carolina

COUNTY OF Mecklenburg

Subscribed and sworn to before me by PAVEL MOSKVICH on this the 26 day of January, 2022.

My commission expires: 10/01/2026.

NOTARY PUBLIC

OFFICIAL SEAL
NOTARY PUBLIC, NORTH CAROLINA
JOSEPH GUERRERO
IREDELL COUNTY

PREPARED BY:

JAMES H. FRAZIER, III, MCFCC
201 EAST MAIN STREET
SUITE 770, CHASE TOWER
LEXINGTON, KENTUCKY 40507

I, Donald W Blevins Jr, County Court Clerk of Fayette County, Kentucky, hereby certify that the foregoing instrument has been duly recorded in my office.

By: MELISSA STELTER ,dc

202201310002

January 31, 2022 8:17:43 AM

| | | | |
|---|---|---|---|
| Fees | $50.00 | Tax | $.00 |

Total Paid $50.00

THIS IS THE LAST PAGE OF THE DOCUMENT

5 Pages

31 - 35

November 13, 2023

Consumer Response Unit
National Center for Consumer and Depositor Assistance
1100 Walnut Street, Box #11
Kansas City, Missouri 64106

*Re: Douglas Wain / CFPB and FDIC Unlawful Credit Access and Credit Reporting Claim*

Dear Sir or Madam,

I represent Douglas Wain in connection with his Consumer Financial Protection Bureau ("CFPB") complaint involving Central Bank & Trust Co.'s ("CBT's") violations of the Fair Credit Reporting Act. Please accept this correspondence as Mr. Wain's response to CBT's September 27, 2023 correspondence to the National Center for Consumer and Depositor Assistance regarding Mr. Wain's complaint to the CFPB regarding CBT's unlawful access of Mr. Wain's credit history in September 2022 and December 2022, and CBT's inaccurate credit reporting of Mr. Wain's CBT account.

As stated in Mr. Wain's initial complaint to the CFPB, CBT accessed Mr. Wain's credit history via Equifax and Experian in late 2022 despite the availability from March 2021 of more than sufficient funds, held by the Fayette County Master Commissioner, to pay Mr. Wain's alleged outstanding indebtedness to CBT. Moreover, CBT has reported and continues to report Mr. Wain's CBT account as past due and in default despite the availability to CBT of funds sufficient to pay off the account.

In CBT's September 27 correspondence, Donna Craven of CBT falsely states that "Central Bank does not have access to these funds, and these funds are not sufficient to pay the debt owed to Central Bank." CBT's position, however, ignores the fundamental issue at stake in Mr. Wain's CFPB and FDIC complaint, i.e., **that CBT had access to these funds in September 2022 and December 2022 when CBT unlawfully accessed Mr. Wain's credit history.** The property at issue in the Fayette Circuit Court action was sold at auction on March 5, 2021 for an amount far in excess of the amount of the judgment CBT was awarded in 2019. The Fayette Circuit Court, in fact, confirmed that, as of March 12, 2021, the Fayette County Master Commissioner was holding $605,035.42 - $246,622.70 more than the amount of CBT's judgment.

CBT has had access to funds to pay its judgment since March 2021 but, for some reason, failed to seek a distribution of those funds from the Fayette Circuit Court until **May 2023**, more than two years **after** the funds were available to CBT and months after CBT unlawfully accessed

Mr. Wain's credit history. Mr. Wain is not responsible for CBT's unexplained delay and should not be forced to suffer damage to his credit rating due to CBT's delay in seeking a distribution of the judgment proceeds.

In its September 27 correspondence, CBT offers no explanation for its more than two- year delay in seeking distribution of the funds held by the Fayette County Master Commissioner. And it should be noted that CBT, not NewRez, was the first to seek distribution of the funds in May 2023, putting the lie to CBT's assertion that NewRez's interest in the funds trumps CBT's interest.

Based on the foregoing, Mr. Wain respectfully requests that the FDIC find that CBT violated the Fair Credit Reporting Act by accessing Mr. Wain's credit information without a permissible purpose in September 2022 and December 2022 and by continuing to report Mr. Wain's CBT account as past due and in default.

Respectfully submitted,

David W. Hemminger

cc: Donna Craven

Entered 19-CI-00812 03/07/2024 Vincent Riggs, Fayette Circuit Clerk

**COMMONWEALTH OF KENTUCKY**
**FAYETTE CIRCUIT COURT**
**DIVISION 9**
**CASE NO. 19-CI-00812**

***Electronically Filed***

**CENTRAL BANK & TRUST CO.** **PLAINTIFF**

**vs**

**DOUGLAS A. WAIN, *et al.*** **DEFENDANTS**

---

**ENTRY GRANTING SUMMARY JUDGMENT AND ORDER OF DISTRIBUTION OF SALE PROCEEDS**

---

This matter came before the Court on August 25, 2023, for a hearing on Substitute Defendant/Cross-Claimant U.S. Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For RCF 2 Acquisition Trust's ("U.S. Bank") *Motion For Summary Judgment On Its Cross-Claim* ("Motion for Summary Judgment") filed on July 3, 2023; Plaintiff Central Bank & Trust Co.'s ("Plaintiff") *Motion for Distribution* filed on May 22, 2023; and the parties' respective responses to and replies in support of the Motions. Central Bank, U.S. Bank, and Defendants Douglas A. Wain and Elisa Wain ("Defendants Wain") were represented by their respective counsel. The Court, having heard arguments of counsel, and having reviewed the pleadings, the Motions, the Affidavit of Jean Knowles, and other evidence, finds and orders as follows:

**<u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>**

1. U.S. Bank is the holder of a promissory note executed by Defendants Wain on March 5, 2008, in the original amount of $417,000.00 (the "Note"). The original, blank-endorsed Note was produced for inspection by U.S. Bank's counsel during the hearing on August 25, 2023.

Entered 19-CI-00812 03/07/2024 Vincent Riggs, Fayette Circuit Clerk

2. U.S. Bank is the mortgagee of record of a first mortgage that encumbered the real property commonly known as 2711 Barbados Lane, Lexington, Kentucky 40509 (the "Property"), along with all replacements and additions, and that was executed by Defendants Wain to secure the indebtedness evidenced by the Note (the "Mortgage"). The Mortgage was recorded in Book 6319, Page 226, and was assigned to U.S. Bank as evidenced by an Assignment of Mortgage recorded in Book 555, age 599, all in the office of the Clerk of Fayette County, Kentucky. The original Mortgage was produced for inspection by U.S. Bank's counsel during the hearing on August 25, 2023.

3. Defendants Wain are in default under the terms of the Note, as modified, and the terms of the Mortgage, and the sums due thereunder have been accelerated. There is due and owing to U.S. Bank on the Note and Mortgage the principal sum of $324,261.97, plus interest at the rate of 5.8750% per annum from July 1, 2019, as may be subsequently adjusted under the terms of the Note and 2019 Modification, together with a deferred principal balance of $106,431.58, plus late fees that continue to accrue, costs, attorney's fees, and other advances made pursuant to the terms of the Note as modified, Mortgage, and Kentucky law, for which U.S. Bank is entitled to a personal judgment against Defendants Wain.

4. On February 8, 2021, the Property was sold to a third party at a Master Commissioner's Sale pursuant to the *Partial Summary Judgment, Judgment on the Pleadings, and Order of Sale* entered in favor of Plaintiff on January 20, 2021. A portion of the sale proceeds were distributed under an *Order Confirming Report of Sale, For Delivery of Deed and Partial Distribution of Proceeds* entered on March 12, 2021, with the remaining sale proceeds of $605,035.42 being held pending further orders of the Court.

Entered 19-CI-00812 03/07/2024 Vincent Riggs, Fayette Circuit Clerk

5. There is no genuine issue of material fact, the equities favor U.S. Bank, and U.S. Bank is entitled to judgment on its Cross-Claim against Defendants Wain as a matter of law.

**SUMMARY JUDGMENT AND ORDER OF DISTRIBUTION**

6. IT IS ORDERED that U.S. Bank's Motion for Summary Judgment is GRANTED in its entirety.

7. IT IS FURTHER ORDERED that U.S. Bank is granted a *personal judgment* against Defendants Wain in the principal sum of $324,261.97, plus interest at the rate of 5.8750% per annum from July 1, 2019, as may be subsequently adjusted under the terms of the Note and 2019 Modification, together with a deferred principal balance of $106,431.58, plus late fees that continue to accrue, costs, attorney's fees, and other advances made pursuant to the terms of the Note as modified, Mortgage, and Kentucky law.

8. IT IS FURTHER ORDERED that Central Bank's Motion for Distribution is GRANTED IN PART AND DENIED IN PART. The Motion is granted to the extent that the remainder of the sale proceeds shall be distributed as set forth herein. The Motion is otherwise denied.

9. IT IS FURTHER ORDERED that the Master Commissioner is directed to disburse to U.S. Bank from the sale proceeds the following sums to satisfy its personal judgment against Defendants Wain:

| | |
|---|---|
| Unpaid principal balance: | $324,231.97 |
| Deferred balance: | $106,431.58 |
| Interest through 8/27/23: | $79,145.98 |
| Escrow/Other Advances: | $27,211.84 |
| Corporate Advance Balance: | $644.00 |
| Unpaid Late Charges: | $439.45 |
| Recording Fee: | $46.00 |
| **TOTAL:** | **$538,150.82** |

10. IT IS FURTHER ORDERED that after distribution of the sale proceeds to U.S. Bank as set forth herein, the remaining sale proceeds of $66,884.60 shall be distributed to Central Bank on its second mortgage lien as adjudicated in the *Partial Summary Judgment, Judgment on the Pleadings, and Order of Sale*.

11. Pursuant to CR 77.04, the Circuit Court Clerk shall serve notice of this Entry Granting Summary Judgment And Order Of Distribution Of Sale Proceeds.

12. There being no just cause for delay, this is a final and appealable matter.

HON. KIMBERLY BUNNELL
electronically signed
3/4/2024 6:30:46 PM ET

HON. KIMBERLY BUNNELL
JUDGE, FAYETTE CIRCUIT COURT

Prepared by:

/s/ *Shannon O'Connell Egan*
Shannon O'Connell Egan (87296)
Nathan H. Blaske (90369)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Tel: (513) 977-8261
Fax: (513) 977-8141
Email: shannon.egan@dinsmore.com
nathan.blaske@dinsmore.com

Have seen and approved:

/s/ James H. Frazier, III
Hon. James H. Frazier, III
Master Commissioner
Fayette Circuit Court

Have seen:

/s/ *Christopher G. Colson* (w/ em auth. 2/21/24)
Hon. Christopher G. Colson
Hon. Taft McKinstry
FOWLER BELL PLLC
300 W. Vine Street, Suite 600
Lexington, KY 40507
Email: CGColson@fowlerlaw.com
TMcKinstry@fowlerlaw.com
*Counsel for Plaintiff, Central Bank & Trust Co.*

Counsel refused to attest (per email 2/26/24)
Hon. David W. Hemminger
HEMMINGER LAW OFFICE, PSC
331 Townepark Circle, Suite 100-C
Louisville, KY 40243
Email: hemmingerlawoffice@gmail.com
*Counsel for Defendants Douglas and Elisa Wain*

**CLERK'S CERTIFICATE OF SERVICE**

I hereby certify that on _______________, 2024, a true and correct copy of the foregoing was served through first class mail, upon:

Shannon O'Connell Egan, Esq.
Nathan H. Blaske, Esq.
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202

Hon. David W. Hemminger
HEMMINGER LAW OFFICE, PSC
331 Townepark Circle, Suite 100-C
Louisville, KY 40243

Hon. Christopher G. Colson
Hon. Taft McKinstry
FOWLER BELL PLLC
300 W. Vine Street, Suite 600
Lexington, KY 40507

Hon. Gregory D. Pavey
Hon. Timothy R. Wiseman
STOLL KEENON OGDEN, PLLC
300 W. Vine Street, Suite 2100
Lexington, KY 40507

______________________________
Clerk, Fayette Circuit Court

**douglaswain@gmail.com**

**Subject:** Attn Timothy R. Wiseman/SKO - In response to your draft Orders sent today. Douglas A. Wain 5.15.2024 RE: 19-CI-812 Central Bank v. Wain

**From:** douglaswain@gmail.com <douglaswain@gmail.com>
**Sent:** Wednesday, May 15, 2024 5:23 PM
**To:** tim.wiseman@skofirm.com
**Cc:** shannon.egan@dinsmore.com; gregory.pavey@skofirm.com; Rhonda.Houston@skofirm.com
**Subject:** Attn Timothy R. Wiseman/SKO - In response to your draft Orders sent today. Douglas A. Wain 5.15.2024 RE: 19-CI-812 Central Bank v. Wain

Dear Timothy R. Wiseman, Attorney, Stoll Keenon Ogden PLLC, 300 W. Vine St., Suite 2100, Lexington, KY 40507

We agree to the draft order of the "*Order Granting Motion to Withdraw.*" We approve this "*Motion to Withdraw*" draft Order, and we give our permission to include our official signatures on it.

The Order Denying our MOTION FOR SANCTIONS AGAINST CENTRAL BANK & TRUST CO. OR THEIR REPRESENTATIVES, however, is out of place and should not have been included with your draft Orders sent to me today. The hearing date for this Sanctions Motion was May 17, 2024. This date was stated in our official Sanctions Motion filing and my emails to you. There were no requests to change the May 17, 2024, hearing date. I was not prepared to argue our Sanctions Motion on May 10, 2024. All our Sanctions Motion documents were not submitted in time for the May 10, 2024, hearing, of course, because the hearing was to be one week later on May 17, 2024.Consequently, our Sanctions Motion, which was not heard on May 10, 2024, is part of the forty-five-day stay in the "*Order Granting Motion to Withdraw*." Our MOTION FOR SANCTIONS AGAINST CENTRAL BANK & TRUST CO. OR THEIR REPRESENTATIVES will be heard after the forty-five days stay period. Again, our MOTION FOR SANCTIONS AGAINST CENTRAL BANK & TRUST CO. OR THEIR REPRESENTATIVES was not heard on May 10, 2024. It was to be heard on May 17, 2024, and is now subject to the stay period and this Sanction Motion and will be heard after the stay period ends.

The remaining three draft orders are as follows: "*Order Denying Motion for Order of Satisfaction,*" "*Order Denying Motion for Recusal,*" and "*Order Denying Motion to Vacate*." We do not agree with these remaining three draft Orders. We do not want our signatures, electronic or otherwise, on these draft Orders. We will not sign or approve any of these three draft Orders.

Although we have made our position clear in the past, including in our Federal Fair Credit Reporting Act (FCRA) claim against CBT, filed on May 15, 2023, in our latest filings, and my most recent emails to you, you have misrepresented our position in your official filings. I will once again state our position in this case for the record.

We demand that Central Bank & Trust Co. (CBT) immediately give the Court and subsequently us an Order of Satisfaction for any and all debts as of February 2021. We believe February 8, 2021, is the correct date of Satisfaction, the day the Fayette Master Commissioner in Lexington, KY, received $630,003 from the Property auction. An Order of Satisfaction to us from CBT on any day in February 2021 would be acceptable. It was the responsibility of CBT to issue this Order of Satisfaction. CBT was supposed to submit said Order of Satisfaction to the Court in February 2021 and may be required by law.

We demand that CBT immediately return to us the $4,185 CBT improperly garnished from my wife's pay at Fayette County Public Schools in Lexington, KY, with applicable interest.

All our business with CBT concluded in February 2021.

We have not been a debtor to CBT since February 2021.

We owe no money to CBT since February 2021.

As you know, since CBT, possibly unlawfully, has refused to give us an Order of Satisfaction for three years and three months, we are attempting to get this Order of Satisfaction through all possible legal avenues. We are confident we will be successful.

Please be aware we have been damaged and continue to be damaged by CBT and its representation for their actions after February 2021. We will seek compensation against CBT and its representation. Some of the damages we keep detailed records of are when CBT and their representatives falsely classified and treated us like debtors after February 2021. CBT and its representatives fought our legal right to get an Order of Satisfaction through the legal system after February 2021. We demand CBT and their representatives stop these practices immediately. Our damages continue; they are not limited in cost or scope, and we do not know where the liability ends.

Again, for the record.

We, the Wain's, have not given CBT and its representation ANY releases.
Nothing in this communication or any previous communication constitutes a release from the Wains to CBT and its representatives.
At this time, we, the Wains, are not considering any releases to CBT or their representatives.
In short, the Wains have not given CBT or any of its representatives ANY releases and have no plans to.

Respectfully,

Douglas A. Wain, Pro Se 5/15/2024 5:16 PM PST
P.O. Box 7473
Westlake Village, CA 91359

859.494.3677

douglaswain@gmail.com

**COMMONWEALTH OF KENTUCKY**
**COURT OF APPEALS**

**DOUGLAS A. WAIN AND ELISA WAIN**

Petitioner

v.

**HON. KIMBERLY NELL BUNNELL**
Chief Regional Circuit Judge
22nd Judicial Circuit, Division 9
Fayette County Circuit Court, Lexington, KY

Respondent

and

**CENTRAL BANK & TRUST CO.**
Lexington, KY

**U.S. BANK TRUST NATIONAL ASSOCIATION**
Not In Its Individual Capacity But Solely As Owner
Trustee For RCF 2 Acquisition Trust

---

**AFFIDAVIT OF PETITIONERS**

---

**Douglas A. Wain and Elisa Wain**, being first duly sworn, deposes and says that:

1. We are the **Defendants** in the entitled action, Central Bank & Trust Co. vs. Douglas A Wain and Elisa Wain, Fayette County Circuit Court, Lexington, KY, **Case No. 19-CI-00812**, and that the **Honorable Judge Kimberly Nell Bunnell, Judge of the Fayette County Circuit**

**Court, 22nd Judicial Circuit, Division 9**, before whom the present action is pending, is prejudiced against us to such an extent that we cannot receive a fair and impartial hearing or trial before her.

2. Judge Kimberly Nell Bunnell has refused to declare her disqualification and to request another judge to sit in her place in this action.

Witness my signature this the June 13, 2024

Douglas D. Wain

***Printed Name***

[signature]

***Signature***

Witness my signature this the June 13, 2024

ELISA WAIN

Elisa Wain

***Printed Name***

***Signature***

SWORN to and subscribed before me, this the ______ day of

____________, 20___.

NOTARY PUBLIC

My Commission Expires:

_______________ - See Attached Jurat -

**CALIFORNIA JURAT WITH AFFIANT STATEMENT** GOVERNMENT CODE § 8202

☐ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–6 to be completed only by document signer[s], not Notary)

1 ____________________
2 ____________________
3 ____________________
4 ____________________
5 ____________________
6 ____________________

*Signature of Document Signer No. 1* *Signature of Document Signer No. 2 (if any)*

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Ventura

Subscribed and sworn to (or affirmed) before me on this 13 day of June, 2024, by
*Date* *Month* *Year*
(1) Douglas A. Wain
(and (2) Elisa Wain).
*Name(s) of Signer(s)*

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

DEBORAH L. DEUTSCHER
Notary Public - California
Ventura County
Commission # 2458713
My Comm. Expires Aug 11, 2027

Signature [signature]
*Signature of Notary Public*

*Place Notary Seal and/or Stamp Above*

**OPTIONAL**

*Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: ____________________

Document Date: ____________________ Number of Pages: ____________________

Signer(s) Other Than Named Above: ____________________

©2019 National Notary Association

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL BRANCH
NINTH DIVISION

CENTRAL BANK & TRUST CO. PLAINTIFF

V. **ORDER DENYING DEFENDANTS' MOTION FOR RECUSAL** NO. 19-CI-00812

DOUGLAS A. WAIN et al. DEFENDANTS

**** **** **** ****

This matter having come before the Court on May 10, 2024, on the Motion for Recusal (the "Defendants' Motion") filed on May 7, 2024, by the Defendants, Douglas and Elisa Wain (the "Wains"); Central Bank & Trust Co. ("Central Bank") having filed an objection thereto on May 8, 2024; and the Court having heard arguments of counsel on May 10, 2024, and being otherwise sufficiently advised;

**IT IS HEREBY ORDERED** that, for the reasons stated on the record on May 10, 2024, Defendants' Motion is **DENIED** in full.

DATED this ___ day of ____________________, 2024.

HON. KIMBERLY N. BUNNELL
JUDGE, FAYETTE CIRCUIT COURT

Package : 000005 of 000016

Package : 000005 of 000016

Entered 19-CI-00812 05/19/2024 Vincent Riggs, Fayette Circuit Clerk

**TENDERED BY:**

STOLL KEENON OGDEN PLLC
300 W. Vine Street, Suite 2100
Lexington, Kentucky 40507
(859) 231-3000

BY: */s/ Timothy R. Wiseman*
GREGORY D. PAVEY, KBA 81049
TIMOTHY R. WISEMAN, KBA 95072
ATTORNEYS FOR CENTRAL BANK

**HAVE SEEN AND AGREED PURSUANT TO RFCC 19:**

*Pro Se Defendant refused to attest (per email on 5/15/24)*
DOUGLAS WAIN, *pro se*

*/s/ Shannon O'Connell Egan (per email authority on 5/15/24)*
SHANNON O'CONNELL EGAN
ATTORNEY FOR U.S. BANK
TRUST NATIONAL ASSOCIATION

Package : 000006 of 000016

Package : 000006 of 000016

## CLERK'S CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing was filed electronically and/or served by mail on ______________________ to:

Gregory D. Pavey, Esq.
STOLL KEENON OGDEN PLLC
300 W. Vine Street, Suite 2100
Lexington, Kentucky 40507
ATTORNEYS FOR CENTRAL BANK

Shannon O'Connell Egan
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Shannon.Egan@dinsmore.com
ATTORNEY FOR U.S. BANK
TRUST NATIONAL ASSOCIATION

Douglas A. Wain
P.O. Box 7473
Westlake Village, CA 91359
douglaswain@gmail.com

______________________________
CLERK, FAYETTE CIRCUIT COURT

Package : 000007 of 000016
Package : 000007 of 000016

Entered 19-CI-00812 07/17/2024 Vincent Riggs, Fayette Circuit Clerk

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL BRANCH
NINTH DIVISION

CENTRAL BANK & TRUST CO. PLAINTIFF

V. NO. 19-CI-00812

**ORDER DENYING DEFENDANTS' AMENDED MOTION II TO RECONSIDER MOTION FOR RECUSAL**

DOUGLAS A. WAIN et al. DEFENDANTS

**** **** **** ****

This matter having come before the Court on July 12, 2024, on the Amended Motion II to Reconsider Motion for Recusal (the "Defendants' Motion") filed on or around July 1, 2024, by the Defendants, Douglas and Elisa Wain (the "Wains"); Central Bank & Trust Co. and U.S. Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For RCF 2 Acquisition Trust, each having filed an objection thereto; and the Court having reviewed the record, heard arguments of counsel on July 12, 2024, and being otherwise sufficiently advised;

**IT IS HEREBY ORDERED** that, for the reasons stated on the record on July 12, 2024, Defendants' Motion is **DENIED** in full.

DATED this ___ day of ______________________, 2024.



HON. KIMBERLY N. BUNNELL
JUDGE, FAYETTE CIRCUIT COURT

**TENDERED BY:**

STOLL KEENON OGDEN PLLC
300 W. Vine Street, Suite 2100
Lexington, Kentucky 40507
(859) 231-3000

BY: *_/s/ Timothy R. Wiseman_*
GREGORY D. PAVEY, KBA 81049
TIMOTHY R. WISEMAN, KBA 95072
ATTORNEYS FOR CENTRAL BANK

**HAVE SEEN AND AGREED PURSUANT TO RFCC 19:**

*_/s/ Douglas Wain (with permission per email sent 7/12/2024)_*
DOUGLAS WAIN, *pro se*

*_/s/ Shannon O'Connell Egan (with permission per email sent 7/15/2024)_*
SHANNON O'CONNELL EGAN
ATTORNEY FOR U.S. BANK
TRUST NATIONAL ASSOCIATION

Entered 19-CI-00812 07/17/2024 Vincent Riggs, Fayette Circuit Clerk

**CLERK'S CERTIFICATE OF SERVICE**

This is to certify that a true copy of the foregoing was filed electronically and/or served by mail on ________________________to:

Gregory D. Pavey, Esq.
STOLL KEENON OGDEN PLLC
300 W. Vine Street, Suite 2100
Lexington, Kentucky 40507
ATTORNEYS FOR CENTRAL BANK

Shannon O'Connell Egan
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Shannon.Egan@dinsmore.com
ATTORNEY FOR U.S. BANK
TRUST NATIONAL ASSOCIATION

Douglas A. Wain
P.O. Box 7473
Westlake Village, CA 91359
douglaswain@gmail.com

______________________________
CLERK, FAYETTE CIRCUIT COURT

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL BRANCH
NINTH DIVISION

CENTRAL BANK & TRUST CO. PLAINTIFF

V. NO. 19-CI-00812

**ORDER DENYING DEFENDANTS' AMENDED MOTION III TO RECONSIDER MOTION FOR RECUSAL**

DOUGLAS A. WAIN et al. DEFENDANTS

**** **** **** ****

This matter having come before the Court on September 20, 2024, on the Amended Motion III to Reconsider Motion for Recusal (the "Defendants' Motion") filed by the Defendants, Douglas and Elisa Wain (the "Wains"); and the Court having reviewed the record including any responses to the Defendants' Motion, heard arguments of the parties, and being otherwise sufficiently advised;

**IT IS HEREBY ORDERED** that, for the reasons stated on the record on September 20, 2024, Defendants' Motion is **DENIED**.

DATED this ___ day of ______________________, 2024.

______________________________
HON. KIMBERLY N. BUNNELL
JUDGE, FAYETTE CIRCUIT COURT

**TENDERED BY:**

STOLL KEENON OGDEN PLLC
300 W. Vine Street, Suite 2100
Lexington, Kentucky 40507
(859) 231-3000

BY:_ *<u>/s/ Timothy R. Wiseman</u>*
GREGORY D. PAVEY, KBA 81049
TIMOTHY R. WISEMAN, KBA 95072
ATTORNEYS FOR CENTRAL BANK

**HAVE SEEN AND AGREED PURSUANT TO RFCC 19:**

*DRAFT*
DOUGLAS WAIN, *pro se*

*DRAFT*
SHANNON O'CONNELL EGAN
ATTORNEY FOR U.S. BANK
TRUST NATIONAL ASSOCIATION

**CLERK'S CERTIFICATE OF SERVICE**

This is to certify that a true copy of the foregoing was filed electronically and/or served by mail on ______________________________to:

Gregory D. Pavey, Esq.
STOLL KEENON OGDEN PLLC
300 W. Vine Street, Suite 2100
Lexington, Kentucky 40507
ATTORNEYS FOR CENTRAL BANK

Shannon O'Connell Egan
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Shannon.Egan@dinsmore.com
ATTORNEY FOR U.S. BANK
TRUST NATIONAL ASSOCIATION

Douglas A. Wain
P.O. Box 7473
Westlake Village, CA 91359
douglaswain@gmail.com

______________________________
CLERK, FAYETTE CIRCUIT COURT

**COMMONWEALTH OF KENTUCKY**
**FAYETTE CIRCUIT COURT**
**22ND JUDICIAL CIRCUIT DIVISION 9**
**CASE NO. 19-CI-00812**

**CENTRAL BANK & TRUST CO.** **PLAINTIFF/COUNTERCLAIM DEFENDANTS**

**MOTION TO VACATE OR STAY ORDERS DATED APRIL 19, 2024 AND AUGUST 19, 2024, STILL DESIGNATING THE WAINS AS DEBTORS TO CENTRAL BANK & TRUST CO. OVER THREE YEARS AFTER THE "ORDER CONFIRMING REPORT OF SALE, FOR DELIVERY OF DEED, AND PARTIAL DISTRIBUTION ON PROCEEDS" ON MARCH 12, 2021**

**v.**

**DOUGLAS A. WAIN, *et al.*** **DEFENDANTS/COUNTERCLAIM PLAINTIFFS**

Come the Defendants, Douglas A. Wain and Elisa Wain, in the above-captioned cause and respectfully move with this filing "*MOTION TO VACATE OR STAY ORDERS DATED APRIL 19, 2024 AND AUGUST 19, 2024, STILL DESIGNATING THE WAINS AS DEBTORS TO CENTRAL BANK & TRUST CO. OVER THREE YEARS AFTER THE "ORDER CONFIRMING REPORT OF SALE, FOR DELIVERY OF DEED, AND PARTIAL DISTRIBUTION ON PROCEEDS" ON MARCH 12, 2021,*" that Chief Regional Circuit Judge, 22nd Judicial Circuit, Division 9, Fayette County Circuit Court, Lexington, KY, Kimberly Nell Bunnell vacate of stay Orders dated April 19, 2024, and August 19, 2024, still designating

the Wains as debtors Central Bank & Trust over three years after the "ORDER CONFIRMING REPORT OF SALE, FOR DELIVERY OF DEED, AND PARTIAL DISTRIBUTION ON PROCEEDS" on March 12, 2021.

## I. INTRODUCTION

This Motion is a new filing with new and recent information which is detrimental to this case.

**From Fayette Circuit Court hearing August 9, 2024:**

Douglas Wain - "*If I may add, there is no "Deficiency Judgment" in this Case.*"

Judge Bunnell - "*I find there has been a "Deficiency Judgment" and there is a Judgement entered.*"

The fact is there is no "Deficiency Judgment" in this case, and there has not been a "*Deficiency Judgment*" "*entered*" in this case. The very first time the subject of "Deficiency Judgment" was brought up, in this case, was by us in the Court hearing listed above on August 9, 2024.

There was no "Deficiency Judgment." The was no hearing on any deficiency. There was no hearing on the Wain's being responsible for any deficiency. In short, this is another example of our claim of no due process by this Court in this case. This, however, may be the most damaging violation of our civil rights since it has kept us unnecessarily in this case as defendants for the last

three and one-half years.

For the record, as we have always maintained, we, the Wains, are not responsible for any alleged "deficiency" to CBT at any time.

The Kentucky Statute of Limitations for filing for a "Deficiency Judgment" in a foreclosure case has long passed. It is now 1,334 days since the sale/auction on February 8, 2021, and 1,302 days since the Order confirming sale on March 12, 2021. Despite this, on this subject, this Court has already found us guilty without a charge, trial, or process.

The rulings by this Court based on this falsehood over the last three and one years since the Order confirming sale on March 12, 2021, must all be vacated. We believe this begins with this Court's April 19, 2024, and August 19, 2024 Orders since they would be even more egregious and more permanent violations of our civil rights.

We want to inform this Court that we have not received or seen in any filings or Motions of the referenced Court Order from the April 19, 2024, hearing. This Order is also not listed in the "*Case History*" supplied to us by the Fayette Circuit Court Clerk on the Clerks reported generated on May 31, 2024. We believe this raises the question of whether this April 19, 2024, Order exists.

(Exhibit 1)

## II. ARGUMENT

First, we would like to note that on September 23, 2024, the Kentucky Court of Appeals (KCOA) issued an Order on our Writ of Mandamus Petitions. They were KCOA No.'s 2024-CA-0730-OA and 2024-CA-850-OA. In this Order, the KCOA stated:

*"Nothing contained in this Order should be construed as a ruling on the merits of the allegations."*

It was most probably at the KCOA discretion to deny our Petitions based on their merits. But the KCOA did not.

We believe that our merits in this case that we are no longer indebted to CBT is both indisputable and abundant. They are:

**1. We satisfied CBT's January 20, 2021, Judgment of $358,412.72 in full, one hundred percent by "Satisfaction by Execution" on February 8, 2021. The day the Master Commissioner received $630,000.03 from the sale/auction of the Property.**

**Kentucky Rules of Civil Procedure (CR) Rule 79.02, CR 79.02 Entry of <u>satisfaction</u> of Judgment:**

*"When a judgment has been satisfied such <u>satisfaction</u> may be certified upon the records of the Circuit Court as follows:"*

*"(1) Upon the return of an execution showing that a judgment has been <u>satisfied</u> the clerk shall thus enter <u>satisfaction</u> on the judgment: "<u>Satisfaction</u> by*

*execution." A party or his attorney receiving satisfaction of a judgment otherwise than by execution may make, date and sign this entry on the margin of the judgment: "Satisfaction in full." The court may upon motion compel an entry of satisfaction to be made."*

*"(2) The satisfaction of the judgment may be shown by the entry of a document styled satisfaction of judgment indicated that it has been satisfied in full. The aforesaid Satisfaction of Judgment should be executed by the party of his attorney having received said satisfaction. The Court may upon motion compel an entry of satisfaction to be made."* (Exhibit 6)

This "*Kentucky Rules of Civil Procedure (CR) Rule 79.02 Entry of satisfaction of judgment*" "*Satisfaction by execution*" was effective March 1, 2020. Approximately one year before this case's January 20, 2021, Order and February 8, 2021, sale/auction.

All Kentucky Revised Statutes, KRS documents, and procedures relevant to this case says either "satisfy" or "satisfaction." Satisfaction can be achieved in many ways, and not exclusively by "payment." If the Kentucky Legislature wanted it to be specifically "payment" only they would have written "payment" instead of "satisfaction." But the Kentucky legal documents, procedures, and records relevant to this case, say "satisfaction."

Legal dictionaries confirm this meaning of "satisfaction."

**Source: Merriam-Webster's Dictionary of Law ©1996. Merriam-"Webster, Incorporated. Published under license with Merriam-Webster, Incorporated." Retrieved June 23, 2024**

*"Satisfaction"*

*"1 a : the act or fact of satisfying"*

*"b : execution of an accord by performance of the substituted obligation often used in the phrase accord and satisfaction"*

*"c : a document indicating that an obligation has been satisfied [a of mortgage]"*

*"2 : the quality or state of being satisfied"*

**Cornell Law School, 477 Myron Taylor Hall, Ithaca, NY 14853, Legal Information Institute, Retrieved June 23, 2024"**

*"Satisfaction"*

*"Satisfaction is the fulfillment of an obligation. The term is often used in the context of contract law when one performs their duties under the contract. The term is also often found in the context of judgments in determining whether a party discharged their liability from a judgment."*

**CBT filing in U.S. District Court for the Eastern District of Kentucky, August 24, 2023:**

*"As set forth above, Central Bank has not had an opportunity to reduce the*

*amount owed by the Wains by obtaining proceeds from the sale of the Wains' property." "the Wains remain considerably indebted to Central Bank"*

**Judge Bunnell, Fayette Circuit Court KY, Order January 20, 2021:**

*"The Property is a single residential lot with improvement thereon that cannot be divided without materially impairing the value thereof or the interest of the parties thereto, and the Property shall be sold AS, WITH FAULTS, WITHOUT WARRANTIES OF ANY KIND as whole for the purpose of enforcing the Judgment and Central Bank's mortgage lien herein adjudged against the Property."*

*"The duties and obligations of the Wains under the Gold Equity Line Agreement and the Gold Equity Line Mortgage (attached as Exhibits "A" and "B" respectively, to the Banks Amended Complaint) shall be fully enforced by this Judgment.* (Exhibit 3)

Proof that there was an "*execution*" on February 8, 2021, is that $630,000.03 from the sale/auction was in the possession of the Master Commissioner. Also, this $630,000.03 was immediately available to CBT.

Because of the Wain's "Satisfaction of Judgment" on February 8, 2021, there was not a deficiency to CBT's Judgment but a $271,587.31 surplus. CBT's Judgment was for $358,412.72, and the Fayette Master Commissioner received $630,000.03 on Febauyr 8, 2021 from the sale/auction.

By the sale/auction of our home and applying the proceeds to the one and

only judgment debt, we, the Wains, have satisfied our legal obligation to CBT. And, of course, the Wains satisfied CBT's Judgment personally. Douglas A. Wain and Elisa Wain were the only property owners, co-signers, and borrowers. There was no one else.

Case law: "*Smith v. Jones, 11 S.W.2d 937 (Ky. Ct. App. 1928)*" established that the sale of property to satisfy a judgment terminates the debtor's obligation absent clear evidence to the contrary.

https://casetext.com/case/smith-v-jones-561

**2. A written release by CBT to the Wains by CBT in the March 12, 2021. CBT's written release of the Wains was a complete release without any additional conditions or carve-outs, which, according to Kentucky Revised Statutes "382.365, represents "*payment in full.*"**

**Judge Bunnell, Fayette Circuit Court KY, Order March 12, 2021:**

*"4. The liens or interests of the parties hereto, and their successors in interest and any pendente lite lienholder or claimant, existing against the Property herein are hereby released and discharged"* (Exhibit 4)

**Kentucky Revised Statutes, KRS Chapter 382, Includes enactments through the 2023 Regular Session:**

*"382.365 Release of lien, with notice to property owner, within thirty days of satisfaction -- Assignments of liens -- Proceeding against lienholder in District*

*Court or Circuit Court -- Liability of lienholder when lien not released or notice not sent -- Notice to state or lienholder -- Damages."*

*"(4) Upon proof to the court of the lien being satisfied by payment in full to the final lienholder or final assignee, the court shall enter a judgment noting the identity of the final lienholder or final assignee and authorizing and directing the master commissioner of the court to execute and file with the county clerk the requisite release or assignments or both, as appropriate."* (Exhibit 7)

**Replacement Deed of the Master Commissioner filed with Fayette County Clerk, KY, January 24, 2022:**

"*WHEREAS, in the equitable action of CENTRAL BANK & TRUST CO., Plaintiff V. DOUGLAS A. WAIN; ELISA WAIN; and NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING, ASSIGNEE OF DITECH FINANCIAL LLC, SUCCESSOR BY MERGER TO GREEN TREE SERVICING LLC, Defendant(s), being Civil Action No. 19-CI-00812 now pending in the Ninth Division of the Fayette Circuit Court, an Order was entered on January 20, 2021 directing the Master Commissioner of said Court to expose for sale the hereinafter described property; and whereas, said property was sold in accordance with said Order on February 8, 2021 and PAVEL MOSKVICH, a married person, became the purchaser at the price of Six Hundred Thirty Thousand Three And 00/100 Dollars ($630,003.00) which the undersigned*

*Commissioner certifies to be the full consideration paid. Thereafter the report of said sale was approved and confirmed by said Court; and whereas, an Order was entered directing the Master Commissioner to execute a deed on behalf of all the parties to the above referenced action conveying all of their right, title and interest to PAVEL MOSKVICH, his heirs and assigns forever; and whereas said deed was delivered as ordered but was lost or misplaced and has not been filed of record in the Fayette County Clerk's Office."* (Exhibit 5)

**3. CBT lost <u>all</u> of its sale/auction proceeds rights by abandoning the proceeds that were available to them on February 8, 2021. It was <u>over two years</u> from when the auction proceeds were available before CBT made its first Motion for Distribution and <u>over three years</u> before CBT received a distribution of the proceeds.**

**CBT's filing to Fayette Circuit Court on May 22, 2023:**

*"3 On February 17, 2021, after the Master Commissioners Sale, the Wain's filed a Notice of Appeal of the Judgment. The Wain's did not post a supersedeas bond <u>to stay enforcement or execution of the Judgment</u>."*

**USB/New Rez's filing to Fayette Circuit Court KY June 1, 2023:**

*"Central Bank could have moved for distribution of the sale proceeds <u>at any time after the confirmation of the sale</u> as there is no Civil Rule or Local Rule that would prohibit it from doing so or that would require the first lienholder to do so."*

**Testimony at Fayette Circuit Court Hearing June 2, 2023:**

Judge Bunnell – "*So let me ask the question again so could the proceeds have been distributed prior to getting a final opinion from the Court of Appeals?*"

CBT - "*Because there was no bond filed, it, it could.*"

**From Fayette Circuit Court hearing, August 25, 2023:**

Judge Bunnell - "*See yours is the difficult one. I know but nobody did anything. I mean no one. I mean all you had to do is come to Court and go, two years ago, and say Hey let's make them do that, just do what you're doing right now.*"

USB/NewRez - "*Exactly*"

Judge Bunnell - "*Yea I mean I, no one came, it's kind of like Motions to Compel, you know and so there was nothing in front of me to say let's move this along, let's get some deadlines, let's make it happen. Anybody can do that. I'm getting ready, to have a case here in just a minute Ms. Brooks about Motions to Compel and making me do stuff and getting making me do all things.*" "*And so same thing for you guys, Nobody did that. But that's not what happened. So, you think they should get none?*"

USB - "*No. The'll get what they get that's left over after we get paid in full.*"

Judge Bunnell - "*I agree. Mr. Colson I'm going to have to agree with her on*

*this one. So, sorry. Place me an order guys*."

We now believe that because of the years of inactivity in this case, this case is now approaching the six-year mark, that both CBT and USB/NewRez completely and totally abandoned all their rights to any proceeds for the Property auction on February 8, 2021, and that all the auction proceeds should have gone to the State of Kentucky.

One example is CBT obtaining their Judgment on January 20, 2021. CBT did not make its first Motion for Distribution over two years after the auction proceeds were available on February 8, 2021, although CBT had no impediments. CBT only made this Motion for Distribution after we filed a Fair Credit Report Act (FCRA) claim against CBT in Federal Court in the Eastern District of Kentucky.

USB/NewRez did not obtain their Judgment or make its first Motion for Distribution for over three years after the auction proceeds were available. According to the January 20, 2021, Order, USB/NewRez could not obtain any proceeds until they received a Judgment. USB/NewRez did not obtain their Judgment until March 7, 2024.

Neither party received any distribution within the first three years of the proceeds being available. We believe all these Property proceeds, $605, 035.42 may still eventually go to the Commonwealth of Kentucky.

**Wains filing in U.S. District Court for the Eastern District of Kentucky, May 15, 2023:**

*"CBT, however, isn't entitled to any set-off or recoupment in this case because CBT has had access to funds to pay its judgment since March 2021 but, for some reason, failed to seek a distribution of those funds until May 2023, more than two years after the funds were available to CBT."*

*"The Fayette Circuit Court, in fact, confirmed that, as of March 12, 2021, the Fayette County Master Commissioner was holding $605,035.42 for payment of CBT's judgment –$246,622.70 more than CBT claims should be set-off in this case."* (Exhibit 8)

**Wain's attorney's letter to the Federal Deposit Insurance Corporation (FDIC) on November 13, 2023, in response to CBT's Donna Craven's letter:**

*"In CBT's September 27, 2023 correspondence, Donna Craven of CBT falsely states that "Central Bank does not have access to these funds, and these funds are not sufficient to pay the debt owed to Central Bank." CBT's position, however, ignores the fundamental issue at stake in Mr. Wain's CFPB and FDIC complaint, i.e., that CBT had access to these funds in September 2022 and December 2022 when CBT unlawfully accessed Mr. Wain's credit history."* (Exhibit 9)

**4. There was no "Deficiency Judgment" or Deficiency hearing or**

**Process.**

As previously stated:

The fact is there is no "Deficiency Judgment" in this case, and there has not been a "*Deficiency Judgment*" "*entered*" in this case.

The was no hearing on any deficiency. There was no hearing on the Wain's being responsible for any deficiency. In short, this is another example of our claim of no due process by this Court in this case.

For the record, as we have always maintained, we, the Wains, are not responsible for any alleged "deficiency" to CBT.

The Kentucky Statute of Limitations for filing for a "Deficiency Judgment" in a foreclosure case has long passed. It is now 1,334 days since the sale/auction on February 8, 2021, and 1,302 days since the Order confirming sale on March 12, 2021. Despite this, on this subject, this Court seemingly has already found us guilty without a charge, trial, or process.

**5. This Court conducted a "Fire Sale" of the Property on February 8, 2021.**

**From Wains Complaint to the Kentucky Judicial Conduct Commission April 24, 2024:**

*"I am listing below a partial list of possible "judicial misconduct or wrongdoing" by Judge Kimberly Nell Bunnell."*

*"1 - Judge Bunnell was complicit in trying to help CBT, the second mortgage holder, circumvent the first mortgage holder, USB/NewRez, and is now trying to burden us financially with her failed attempt."*

*"This attempt by Judge Bunnell and CBT to upend the law to strictly benefit CBT failed. But to cover up her mistake of trying to cut out the first mortgage holder, Judge Bunnell incorrectly and in violation of her own January 20, 2021, Order, denied distribution to CBT. Now, to cover up her new error of denying CBT their just distribution, she said at an April 19, 2024 hearing that she would be saddling the $358,412.72 debt still owed to CBT, because she denied it distribution to them to me."*

For proof of this rushed effort to circumvent the first mortgage company, the sale/auction price the property on February 8, 2021, was $630,000.03. The property was then resold by the sale/auction buyer for $1,275,000. This was $644,997, over one hundred percent more than the sale/auction price. The situation created in haste can only be called a "Fire Sale."

**6. CBT lost its sale/auction proceeds rights by not challenging USB/NewRez's proceeds claim and instead issued USB/NewRez a release in the March 7, 2024, Order.** (Exhibit 10)

All our releases from CBT are aligned with this Courts January 20, 2021, and March 12, 2021, Orders and supported by Kentucky Statutes and Kentucky

case law. We, of course, assume that this Courts January 20, 2021, and March 12, 2021, Orders are supported by Kentucky Statutes as well. If they are not, these January 20, 2021, and March 12, 2021, Orders would need to be vacated immediately.

**Additional reasons why these two Orders dated April 19, 2024, and August 19, 2024, should be vacated or stayed.**

7. **Your Honor should vacate or stay these two Orders because we have no legal representation.**

**From Wains "*Amended Motion II to Reconsider Motion for Recusal,*" June 23, 2024:**

"*C) A stay so we have more time to secure legal representation in this case. We have been working very actively to get the legal representation we must have for this case. But we have not secured legal representation yet. For evidence of our activity, enclosed Exhibit D is a response from one of the law firms we contacted. One of the barriers for us is that many of the attorneys we have contacted have said it would not be productive for them to join this case until the bias, prejudice, conflict-of-interest, and recusal/disqualification issues regarding Your Honor are fully resolved.*"

Today, in October 2024 our situation remains the same in hiring legal representation in this case. It was hoped that Your Honor would recuse at the

September 20, 2024, hearing, our third motion for recusal, which we believe would have helped us retain counsel in this case. (Exhibit 15)

To be clear, we must have legal representation in this case, and we are trying to get legal representation in this case. This Court knows we had legal representation in this case for over five years from March 2019 through April 2024. We can do only some smaller things Pro Se, but the overwhelming majority of things we cannot. We have no legal education or training and only minimal experience. Although we are not attorneys, we are however remarkably familiar with

facts.

**7. Your Honor should vacate or stay these two Orders because we believe Your Honor has shown extreme bias and extreme prejudice against us.**

As we have detailed in multiple filings, including: *"Wains Amended Motion III to Reconsider Motion for Recusal,"* *"Douglas A Wain and Elisa Wains Petition for a Writ of Mandamus to Disqualify Kimberly Nell Bunnell, Chief Regional Circuit Judge,"* *"Wains Affidavit supporting Disqualification"* *"Wain Correspondence with KY Judicial Conduct Commission April-May and September 2024,"* and *"Douglas A. Wain and Elisa Wain's Petition for a Writ of Mandamus to Compel Judge Kimberly Bunnell to Disclose her Associations with Central Bank & Trust Co."* we believe there has been extreme bias against us and extreme

Prejudice against us, the Wains, by Your Honor, since the beginning of this case on March 6, 2019.

This includes almost three hundred thousand dollars of undeserved interest Your Honor inexplicably awarded the two banks/creditors, in this case, at our expense, although Your Honor admitted two and one-half years later about the two banks/creditors, "*nobody did anything. I mean no one*."

It also includes what we believe is Your Honors' violation of the foreclosure moratorium for federally backed mortgage loans, "*The federal Coronavirus Aid, Relief, and Economic Security (CARES) Act," 15 U.S.C. §9056(c)(2),* which started March 18, 2020, and expiring on December 31, 2021, since our first mortgage was held by Fannie Mae. On December 11, 2020, Your Honor in a rush to auction the Property for CBT ruled without any evidence that the Property was "v*acant*." The Property was not vacant. We were still living there, in our thirty year home, with everything we owned.

Your Honor, allowing the February 8, 2021, sale/auction buyer to, without warning, permanently lock us out of our Property on February 28, 2021with our Property still in it. This was before there was an "Order to Vacate" issued, which was March 19, 2021. We are still in litigation with the auction buyer to try to get our belongings, files, furniture, and property back.

We have made approximately thirty-five motions to this Court. Thirty-five were denied, and zero were granted. All our requests at the hearings were denied as well.

We believe this severe, unfair, unequal treatment by Your Honor to us is very much continuing today without any pause or apparent caution.

**8. Your Honor should vacate or stay these two Orders because we believe Your Honor has denied us the Wains, due process, and protection of our due process rights in this case.**

We believe that throughout this case, Your Hornor has not afforded us due process and protection of our due process rights.

**From Wains "*Amended Motion to Reconsider Motion for Recusal*" May 23, 2024:**

"*In addition, at the May 10, 2024, hearing, when addressing our attorney's "Motion to Withdraw," we had to fight to have legal representation against this action by CBT. After CBT requested it, Your Honor denied us any "stay," leaving us immediately without any legal representation and defenseless against CBT's actions. We consider this, too, a violation of our civil rights and U.S. Constitutional rights.*"

**From the Fayette Circuit Court hearing May 10, 2024:**

CBT - "*The only point of the motion for withdrawal we have no opposition to Mr. Hemminger withdrawing we just don't think there should be a stay in this case obviously the Wain's...*"

"Judge Bunnell - "*Absolutely. Overrule motion for a stay.*"

**From "*Douglas A Wain and Elisa Wains Petition for a Writ of Mandamus to disqualify Kimberly Nell Bunnell, Chief Regional Circuit Judge Fayette Circuit Court Lexington, KY,*" filed June 17, 2024:**

"*As indicated in one of our Exhibits, we made a Motion for "Sanctions" against the Plaintiff and their legal representatives. The presiding Judge denied this "Sanctions" Motion at the May 10, 2024, hearing, the last hearing in this case, and signed the Order on May 19, 2024. This "Sanctions" Motion was scheduled for a later hearing date, May 17, 2024. We did not argue this "Sanctions" Motion at the May 10, 2024, hearing, nor were we prepared to argue for this Motion at the May 10, 2024, hearing, and we had not yet submitted all our documents for our Motion by the May 10, 2024, hearing since it was not the hearing date.*"

We, the Wains, have also been having problems getting our Motions docketed for Your Honors Motion Hour on Fridays at 8:30 AM. The last two hearings we attempted after we made our proper Court filings were for the July 12, 2024, and August 19, 2024, hearings. In both cases, it necessitated a phone call between us and the Court to get our Motions docketed for Your Honor's Motion Hour.

For our hearing on August 9, 2024, we had to call the Fayette Circuit Court Clerk to get our Motion added to your Motion Hour docket. We spoke to

Louise in the Clerk's office on August 2, 2024, and she said the reason our Motions were not docketed for the Motion Hour was "*clerical error*."

We also have not been receiving the Orders by this Court, including our "MOTION TO DISMISS CENTRAL BANK & TRUST CO.'S CLAIMS, WITH PREJUDICE AGAINST THE WAINS, CASE NO. 19-CI-00812, IN ITS ENTIRETY" filed July 29, 2024, within the ten days allowed for us to ask this Court for reconsideration. I spoke to Louise in the Fayette Circuit Court Office on August 30, 2024, about this problem. However, the problem is continuing. With this Motion, we have also submitted a Motion to be heard to allow us to have electronic communications with the Fayette Circuit Court.

**9. Your Honor should vacate or stay these two Orders because of what we believe is a clear conflict of interest between Your Honor and the Plaintiff Central Bank & Trust Co. involving Your Honor's designation of Central Bank & Trust Co. as her Campaign Depository Financial Institution.**

We believe there is already, and has been from the start of this case, a conflict of interest between Your Honor and the Plaintiff in the case, Central Bank & Trust Co. because of Your Honor's designation of Central Bank & Trust Co. as her Campaign Depository Financial Institution. This Campaign Depository account by Your Honor, on its own, regardless of any other potential conflict, we believe is grounds for Your Honor to recuse from this case.

This long-standing financial relationship between Your Honor and CBT which we discovered on May 22, 2024, has not been denied by any party, and there is no reason to believe that this financial relationship between Your Honor and CBT isn't continuing. This financial relationship was never disclosed to us by any party. Parties are also now vigorously fighting our attempts to obtain disclosure on this subject.

Your Honor has never specifically addressed this or any of the concerns of ours in this case, other than the general "*disagree*" statement from Your Honor.

We believe all Orders in this case, since its inception, should be vacated because of this undisclosed, unresolved, and ignored conflict of interest between Your Honor and CBT.

**From Wains "*Amended Motion to Reconsider Motion for Recusal*" May 23, 2024:**

"*Respectfully In this May 23, 2024 "Amended Motion to Reconsider Motion to Recuse" to The Honorable Judge Bunnell there are three exhibits. Each one is evidence of a conflict of interest by the Honorable Judge Bunnell in this case. These exhibits are:*

"*A - Section 1. Candidate Information, Name of Candidate KIMBERLY BUNNELL, Section 4. Depository Information, Name of Financial Institution Intended for Use as Campaign Depository, CENTRAL BANK & TRUST*

*COMPANY, Kentucky Registry of Election Finance, two pages, Retrieved May 22, 2024"*

*"B - Contributor Name, Stoll Kennon and Park Pac, Contribution Type, Kypac, Amount. $250, Made to, Kimberly Bunnell for District Judge, Kentucky Registry of Election Finance, two pages, Retrieved May 22, 2024"*

"C - *Contributor Name, S. Blanford, Employer, FOWLER, MEASLE & BELL, Contribution Mode, Direct, Amount $150.48, Made to, Kimberly Bunnell for District Judge, Kentucky Registry of Election Finance, one page, Retrieved May 22, 2024"* (Exhibit 13)

This is public information provided by the Kentucky Registry of Election Finance. A candidate's campaign's depository bank is not a simple matter.

**"Excerpts from Candidate Guide to Campaign Finance, Kentucky Registry of Campaign Finance, retrieved July 27, 2024:"**

*"The treasurer is urged to contact the Internal Revenue Service prior to opening a bank account."*

*"Deposit all contributions into the campaign depository account, including the candidate's own personal funds, which may be designated as loans to the campaign."*

*"To acknowledge these duties the campaign treasurer must sign the*

*Appointment of Campaign Treasurer form (KREF 001/G). To appoint a campaign treasurer and designate the depository bank, the slate will complete a Slate of Candidates Appointment of Campaign Treasurer form (KREF 001/G). The original form will be retained by the Secretary of State and a copy will be forwarded to the Registry. The Secretary of State will also provide the slate with a copy of the form."*

**From Wains "*Amended Motion to Reconsider Motion for Recusal*" May 23, 2024:**

"*With all due respect, Your Honor, your dismissal and response on May 10, 2024, to our first "Motion to Recuse," which was filed on May 3, 2024, which you stated Your Honor had "legal basis to do so" seems to us like a standard response. Your Honor did not discuss or address any serious issues we had in our "Motion to Recuse." I can assure you that if we thought it was only subject to "legal basis to do so" we would not have filed the "Motion to Recuse." That is why we did not include all approximately twenty-five Motions we submitted in this case that Your Honor summarily and immediately dismissed in their entirety in our "Motion to Recuse" filing.*"

**From Wain's "*Response and Objection to Central Banks & Trust Co.'s Motion to Compel*" August 4, 2024:**

"*With all due respect, I am not sure Your Honor fully appreciates one of our*

*conflict of interest issues with this case. Your Honor said the following at the July 12, 2024 hearing."*

*"Judge Bunnell – "So, I do not find that that relationship has, rises to the level of basis for me to recuse."*

"*You know we think of Lexington of being a big old city, were not, we are a big old town, and so, you know, its small town, if they recuse everybody that they had any kind of relationship or knew there would be nobody left in the courthouse.*"

"*Your Honor's statement does not speak directly to our conflict-of-interest complaints. We are not talking about "everybody" and "any kind of relations" we first were speaking specifically about a presiding Judge over a case where the Plaintiff is the Judge's financial institution campaign's depository."*

We believe Your Honor is also violating the "<u>One Action/First Action</u>" rule by <u>improperly</u> giving CBT "<u>another bite at the apple</u>."

A <u>possible</u> answer on why Your Honor has had such extreme bias and extreme prejudice against us and has denied us due process <u>might</u> be that it is rooted in conflict of interest.

**From Wains "*Motion for Recusal – Exhibit A*" to Judge Bunnell, May 2, 2024:**

*"Respectfully, here are some of the issues and <u>examples</u> in this case where it*

*is our opinion that Your Honor showed personal bias in favor of the local banks and the local attorneys and prejudice against us the Wains. 1 – Helping Central Bank & Trust. Co. (CBT), the second mortgage holder, preempt the first mortgage holder, USB/NewRez, 2 –Allowing and continuing to allow CBT to take aggressive collection actions against us, 3 – Awarding enormous interest fees to both banks when both were absent from this case for several years, 4 – Refusing to recognize our release from CBT, which you granted in your January 20, 2021, Order and creating an involuntary servitude arrangement between us and CBT, 5 – Violated the Federal Moratorium on Foreclosures, 6 – Did not act to protect our property, rights, and safety when there was a break-in/theft/lockout at our Property."*

**Judge Bunnell addressed the Wains and the Wains complaints to Judicial Conduct Commission at the August 9, 2024, hearing:**

*"You have the right to file the complaint"*

**Letter to Wains from Judicial Conduct Commission, Frankfort Kentucky September 9, 2024:**

*"This is to acknowledge receipt of your complaint against Judge Kimberly N. Bunnell. Commission staff has forwarded copies to the members of the Commission for their consideration."*

In the previously mentioned KCOA Order on September 23, 2024, regarding

our "*Douglas A Wain and Elisa Wains Petition for a Writ of Mandamus to Disqualify Kimberly Nell Bunnell, Chief Regional Circuit Judge*," the KOCA did not rule on its merits but cited the following Statute. Kentucky Revised Statutes (KRS) 26A.020.

*"If either party files with the circuit clerk his affidavit that the judge will not afford him a fair and impartial trial, or will not impartially decide an application for change of venue, the circuit clerk shall at once certify the fact to the Chief Justice who shall immediately review the facts and determine whether to designate a regular or retied justice or judge of the Court of Justice as special judge."*

**10. Your Honor should vacate or stay these two Orders because we believe Your Honor has consistently, continuously, and purposely refused to explain to us in any setting why this Court has allowed CBT to still have claims against us.**

**From Fayette Circuit Court hearing, August 9, 2024:**

Douglas Wain - "*Can I ask another question? What is the basis why we owe the money? I don't understand.*"

Judge Bunnell - "*People say I don't understand when they don't like it. And you don't like it and therefore you can say I don't understand.*"

Although we are the Defendants and although now, we represent ourselves Pro Se since May 2024, Your Honor has not and will not explain CBT's claims or

proceedings against us or why in any setting to tell us why Your Honor believes we are now still debtors to CBT three and one-half years after the sale/auction.

Your Honor claims an explanation exists when it doesn't. No factual or documented legal basis was ever addressed.

**11. Your Honor should vacate or stay these two Orders because the three major credit agencies, Equifax, Experian, and TransUnion in 2023 all decided in our favor that after February 8, 2021, our debt to CBT had been satisfied.**

On May 15, 2023, we filed a Fair Credit Reporting Act (FCRA) claim against CBT and the three major credit agencies, Equifax, Experian, and TransUnion, in Federal Court in the Eastern District of Kentucky. We had the same exact fight in 2023 and that we are now having in 2024. CBT told the three credit agencies that we still owed CBT money after February 8, 2021, and we said we did not. With all three credit agencies, we won. CBT was removed from all our credit reports with all three credit agencies and CBT is still removed from all our credit reports with all three credit agencies. We have since released all three credit agencies from our FCRA complaint in Federal Court. Only CBT remains as a Defendant in this case. These credit agencies are all experts in debt, and they all unanimously sided with us. Their analysis is significant. (See Exhibit 16)

**12. Your Honor should vacate or stay these two Orders to ensure**

**fairness and equity in our legal system.**

Asking us, the Wains, to pay additional sums beyond the proceeds of our home sale/auction contradicting the Kentucky Statutes would impose an undue burden on us and contradict the fundamental principles of fairness and equity in our legal system.

## III. EXHIBITS

There are sixteen Exhibits included with this filing:

Exhibit 1- Case History CBT vs Wain, 19-CI-00812 March 26 2024 to May 31 2024 6 pages

Exhibit 2 - Judge Bunnell Order to Compel Wains August 19 2024 3 pages

Exhibit 3 - Fayette Circuit Court KY January 20 2021 Order 9 pages

Exhibit 4 - Fayette Circuit Court KY March 12 2021 Order 3 pages

Exhibit 5 - Replacement Deed of the Master Commissioner January 24 2022 5 pages

Exhibit 6 - Kentucky Revise Statutes CR 79.02 Entry of Satisfaction of Judgment 1 page

Exhibit 7 - Kentucky Revise Statutes KRS 382.365 Release of lien – with notice to property owner - within thirty days of satisfaction – Assignments of liens, Proceeding against lienholder in District Court or Circuit Court – Liability of lienholder when lien not

released or notice not sent - Notice to state or lienholder – Damages - 2 pages

Exhibit 8 - Wains Federal Filing Fair Credit Reporting Act (FCRA) against CBT May 15 2023 14 pages

Exhibit 9 - Wains Attorney Letter to the Federal Deposit Insurance Corporation (FDIC) November 13 2023 2 pages

Exhibit 10 - Judge Bunnell Order Granting Summary Judgment and Distribution of Proceeds March 7 2024 5 pages

Exhibit 11 - Wains "Motion to Recuse" to Judge Bunnell May 2 2024 5 pages

Exhibit 12 - Wain email to Stoll Keenon Ogden PLLC, May 15 2024 2 pages

Exhibit 13 - Kentucky Registry of Election Finance Excerpts Retrieved May 22 2024 May 22 2024 Name of Candidate - KIMBERLY BUNNELL – Campaign Depository - CENTRAL BANK & TRUST COMPANY 4 pages

Exhibit 14 - Wains Affidavit supporting Judge Bunnell Disqualification Petition June 13 2024 4 pages

Exhibit 15 - Judge Bunnell three Orders Denying Recusal Motions May 19 2024 July 17 2024 and September 20 2024 7 pages

Exhibit 16 - Credit Report Summaries Douglas A. Wain and Elisa Wain
Equifax Experian, and TransUnion Retrieved June 17 2024
3 pages

## IV. CONCLUSION

For the reasons stated, supplied, and supported by this Motion and our previous Motions for Recusal and submissions, we respectfully ask Chief Regional Circuit Judge Kimberly Nell Bunnell to vacate of stay Orders dated April 19, 2024 and August 19, 2024, still designating the Wains as debtors Central Bank & Trust over three years after the "ORDER CONFIRMING REPORT OF SALE, FOR DELIVERY OF DEED, AND PARTIAL DISTRIBUTION ON PROCEEDS" on March 12, 2021.

Respectfully submitted, October 4, 2024

*Douglas A. Wain, Pro Se*
*Defendant/Counterclaim Plaintiff*
*P. O. Box 7473*
*Westlake Village, CA 91359*
*douglaswain@gmail.com*
*859.494.3677*

Elisa Wain

*Elisa Wain, Pro Se*
*Defendant/Counterclaim Plaintiff*
*P. O. Box 7473*
*Westlake Village, CA 91359*
*douglaswain@gmail.com*
*859.494.3677*

**MOTION TO VACATE OR STAY ORDERS DATED APRIL19, 2024 AND AUGUST 19, 2024, STILL DESIGNATING THE WAINS AS DEBTORS TO CENTRAL BANK & TRUST CO. OVER THREE YEARS AFTER THE "ORDER CONFIRMING REPORT OF SALE, FOR DELIVERY OF DEED, AND PARTIAL DISTRIBUTION ON PROCEEDS" ON MARCH 12, 2021**

You are notified that on Friday, October 11, 2024, at 8:30 AM, or soon thereafter, Douglas A. Wain Pro Se can be heard in Courtroom B of Motion Hour of the Circuit Court for Fayette County, Kentucky, at the Robert F. Stephens Circuit Courthouse, 120 N. Limestone, Lexington, KY 40507.

Douglas A. Wain Pro Se will bring on for hearing his **MOTION TO VACATE OR STAY ORDERS DATED APRIL19, 2024 AND AUGUST 19, 2024, STILL DESIGNATING THE WAINS AS DEBTORS TO CENTRAL BANK & TRUST CO. OVER THREE YEARS AFTER THE "ORDER CONFIRMING REPORT OF SALE, FOR DELIVERY OF DEED, AND PARTIAL DISTRIBUTION ON PROCEEDS" ON MARCH 12, 2021,** for reasons stated in the above Motion.

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing was duly served by email or mail on this 4th day of October 2024:

Timothy R. Wiseman, Esq.
Gregory D. Pavey, Esq.
Stoll Keenon Ogden PLLC
300 W. Vine St., Ste. 2100
Lexington, Kentucky 40507
(859) 231-3000
(859) 231-3062
F: (859) 253-1093
tim.wiseman@skofirm.com
gregory.pavey@skofirm.com
*Counsel for Plaintiff/Counterclaim Defendant, Central Bank & Trust Co.*

Christopher G. Colson, Esq.
Taft McKinstry, Esq.
Fowler Bell PLLC
300 W. Vine Street, Suite 600
Lexington, KY 40507
(859) 252-6700
F: (859) 255-3735
CGColson@fowlerlaw.com
TMcKinstry@fowlerlaw.com
*Counsel for Plaintiff/Counterclaim Defendant, Central Bank & Trust Co.*

Shannon O'Connell Egan, Esq.
Nathan H. Blaske, Esq.
Dinsmore & Shohl LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
(513) 977-8261
shannon.egan@dinsmore.com
nathan.blaske@dinsmore.com
*Counsel for Defendant, U.S. Bank/NewRez, LLC d/b/a Shellpoint Mortgage Servicing*

**SUPREME COURT OF KENTUCKY**
**No.______________________________**

DOUGLAS A. WAIN AND ELISA — MOVANTS

v.

HON KIMBERLY NELL BUNNELL, JUDGE — RESPONDENTS

CENTRAL BANK & TRUST CO. and U.S. BANK TRUST NATIONAL ASSOCIATION Not in its Individual Capacity But Solely for RCF 2 Acquisition Trust

* * * * * * * * *

**MOTION FOR DISCRETIONARY REVIEW**

**and**

**RECORD ON MOTION**

* * * * * * * * *

COURT OF APPEALS
No. 2024-CA-0850-OA

FAYETTE CIRCUIT COURT
No. 19-CI-00812

* * * * * * * * *

*Douglas A. Wain, Pro Se*
*Movant*

*P. O. Box 7473*
*Westlake Village, CA 91359*
*douglaswain@gmail.com*
*859.494.3677*

Elisa Wain

*Elisa Wain, Pro Se*
*Movant*
*P. O. Box 7473*
*Westlake Village, CA 91359*
*douglaswain@gmail.com*
*859.494.3677*

FOR MOVANTS

**SUPREME COURT OF KENTUCKY**
**No.____________________________**

DOUGLAS A. AND ELISA WAIN MOVANTS

v. **MOTION FOR DISCRETIONARY REVIEW**

CENTRAL BANK & TRUST CO., et al. RESPONDENTS

Movants, Douglas A. and Elisa Wain, pursuant to and in compliance with CR 76.20, hereby move this Court to grant Discretionary Review in this matter and state as follows:

## I. THE NAMES OF THE MOVANTS AND RESPONDENTS AND THE NAMES AND ADDRESSES OF THEIR COUNSEL

The Movants are Douglas and Elisa Wain, Pro Se, P.O. Box 7473, Westlake Village, CA 91356. The Respondents are (1) Kimberly Nell Bunnell, Judge, Robert F. Stephens Circuit Courthouse, 120 N. Limestone Street, Lexington, Kentucky 40507 (2) Central Bank & Trust Co., Timothy R. Wiseman, Esq. Stoll Keenon Ogden PLLC, 300 W. Vine Street, Lexington, Kentucky 40507; (3) U.S. Bank Trust National Association Not in its Individual Capacity But Solely for RCF 2 Acquisition Trust, Shannon O'Connell Egan, Dinsmore & Shohl LLP, 255 E. Fifth Street, Ste. 1900, Cincinnati, Ohio 45202.

## II. THE DATE OF THE FINAL DISPOSITION BY THE COURT OF APPEALS

The Court of Appeals rendered the "Order Denying Petitions For A Writ Of Mandamus" that is the subject of the Motion for Discretionary Review on September 23, 2024. (See Order, attached as **Exhibit A**). No petition for rehearing or reconsideration was filed.

## III. SUPERSEDEAS BOND

No supersedeas bond has been executed in this case.

## IV. STATEMENT OF THE CASE

### a. Material Facts

Central Bank & Trust Co., Lexington, KY (CBT), as a second lien holder, filed a foreclosure lawsuit against us, the Wains, on our only Property and thirty-year home in Lexington, KY, five and one-half years ago on March 6, 2019. CBT filed this foreclosure action against us, the Wains when we were only approximately four thousand dollars ($4,000) behind in monthly payments to CBT. We, the Wains, were late on these payments due to Covid conditions that negatively affected us. We, the Wains, were not in default on our first mortgage when CBT filed this action on March 6, 2019. CBT took this action all on its own. We, at that time, have had this account with CBT for seventeen years since 2002.

CBT, through a "Motion for Summary Judgment," obtained their Judgment from the Fayette Circuit Court, KY, on January 20, 2021 (Exhibit E) for the amount of **$358,412. 72.** The Property was sold at auction nineteen days later, on February 8, 2021, for the purpose of enforcing CBT's Judgement. The Fayette Master Commissioner, on February 8, 2021, received **$630,00.03** on the day of the auction from the highest bidder. This $630,000.03 was sixty-nine percent, **$271,587.31 more** than CBT's **$358,412. 72** Judgment amount on January 20, 2021.

The Order "Confirming Report of Sale" was entered on March 12, 2021.

However, for the last three and one-half years, without any clear or valid evidence to the contrary, CBT and Judge Kimberly Bunnell will not issue us the Wain's a "Satisfaction of Judgment" based on **"Satisfaction by execution"** on **February 8, 2021**, the date of the auction and **payment** to the Master Commissioner as per the January 20, 2021, Order or CBT's **written release of the Wains in the March 12, 2021, Order** (Exhibit F). Kentucky Revised Statutes KRS CR 79.02 "entry of satisfaction of judgment "confirms "Satisfaction of execution" in Kentucky law (Exhibit C) and Kentucky Revised Statutes KRS 382.365 (4) "Release of lien...." confirms our written release by as "payment in full" (Exhibit D). The Wains **should have been dismissed** from this foreclosure case as defendants of CBT over **three and one-half years ago.**

**III. ARGUMENT**

We have serval serious complaints and issues with Judge Bunnell in this case which we believe are relevant to Judge Bunnell's continual denial of our **"Satisfaction of execution" release** from CBT as well as our **written release** from CBT. Some of our other complaints and issues are:

We believe **both** CBT and U.S. Bank Trust National Association completely and totally **abandoned <u>all</u> their rights to proceeds** from the auction on February 8, 2021, according to

Kentucky regulations. One example is CBT, obtained its Judgment on January 20, 2021. But CBT did not make its first "Motion for Distribution" over two years after the auction proceeds were available on February 8, 2021, although CBT had no impediments. CBT only made this "Motion for Distribution" **after** we filed a Fair Credit Report Act (FCRA) claim against CBT in Federal Court in the Eastern District of Kentucky.

USB did not obtain its Judgment or make its first "Motion for Distribution" for **over three years** after the auction proceeds were available. According to the January 20, 2021, Order, USB could not obtain any proceeds until they received a Judgment. USB did not obtain their Judgment until March 7, 2024. Neither party received any distribution **within the first three years** of the proceeds being available. We believe all these Property auction proceeds, $605,035.42 after the Master Commissioner commission of $24,967.58 was paid on March 12, 2021, should have gone to the State of Kentucky. We believe the Commonwealth of Kentucky coffers should have **$605,035.42 more** than it has now. If this is true, it is possible that the interests of the banks in this case were favored over the interests of the State of Kentucky.

Judge Bunnell claimed there is a "*Deficiency Order*" "*entered*" in this case. There is no "Deficiency Order" in this case. **There has never been a deficiency order, motion, hearing, or process in this case.**

We believe there has been **extreme bias and prejudice** against us by Judge Bunnell since the start of this case on March 6, 2019, especially in favor of CBT against us. This bias and prejudice by Judge Bunnell are continuing.

We believe our **U.S. Civil Rights,** including our **due process** rights and due process protection have been violated on numerous occasions by Judge Bunnell in this case. These serious

violations of our U.S. Civil Rights violations by Judge Bunnell are continuing and getting more egregious.

We believe there has been a **conflict of interest** between Judge Bunnell and CBT since the beginning of this case. The first issue we discovered was on May 22, 2024. Judge Bunnell has been using CBT as the financial institution for her camping depository account. This and possibly other conflict of interest issues between Judge Bunnell had **never been disclosed** to us and has never been denied. Parties now are trying to thwart us in our attempt to obtain additional discloser regarding other possible associations between Judge Bunnell and CBT.

Judge Bunnel **violated the foreclosure moratorium** for federally backed-mortgage loans, "The federal Coronavirus Aid, Relief, and Economic Security (CARES) Act," 15 U.S.C. §9056(c)(2), which began March 18, 2020, and expired on December 31, 2021. It was violated on December 11, 2020, when Judge Bunnell **incorrectly ruled** that our Property was "*vacant.*" Our first mortgage was held by Fannie Mae.

Judge Bunnell, in a rushed attempt **to bypass the first mortgage company** to give CBT, the second mortgage holder, the first distribution, conducted a "**Fire Sale**" of our Property on February 8, 2021. The Property was auctioned for $630,000.03 and was resold for $1,275,000. More than **double** the auction amount.

Judge Bunnell allowed an early, unannounced, permanent **lock-out/eviction** of us from our Property on February 26, 2021, by the auction buyer. There was no "Order to Vacate" at this time. We are still in litigation against the auction buyer to get our property back.

We have kept the Kentucky Judicial Conduct Commission current on our complaints against Judge Bunnell.

**b. The Questions of Law Involved**

Case law: "Smith v. Jones, 11 S.W.2d 937 (Ky. Ct. App. 1928)" established that the sale of property to satisfy a judgment **terminates the debtor's obligation absent clear evidence to the contrary**. https://casetext.com/case/smith-v-jones-561

**c. Reasons Why the Court of Appeals' Opinion Should be Reviewed**

We believe the Honorable Kentucky Court of Appeals (KCOA), in their September 23, 2024, Order made critical errors which were fundamental to our Petition.

We believe we met the Class 1 and Class 2 prerequisites for a Writ of Mandamus.

The KCOA citing serval times in their September 23, 2024 Order about our "Notice of Appeal" filed one day late with the Fayette County Court. This "Notice of Appeal" was due on May 30, 2024, but was filed on May 31, 2024. This "Notice of Appeal" was subsequently **dismissed** by the KCOA based on this one-day late filing. The only reason our "Notice of Appeal" was filed one day late, was because the United States Post Office (U.S.P.S.) had a **two-day delay** in our "**next day**" shipment due to "**severe weather**". We supplied this "delay" information timely to the KCOA. Our notice was scheduled to be delivered on May 29, 2024, one day before the May 30, 2024, thirty day filing deadline. This two-day delivery delay by the U.S.P.S., which caused the one-day late filing was not due to any negligence on our part.

KCOA, in their Order incorrectly cites this particular "Notice of Appeal" dismissal as negating our Writ of Mandamus, motion to compel satisfaction. This "Notice of Appeal" filed on May 31, 2024 has **nothing** to do with our "Satisfaction by execution" on February 8, 2021 or our written release by CBT in the March 12, 2021 Order. This "Notice of Appeal" was **only** for Judge Bunnell's **April 30, 2024** Order confirming Judge Bunnell's **March 7, 2024** Order. This Order was only regarding USB obtaining their first Judgment and the first distribution of auction proceeds to the two creditors (Exhibit H.) Nothing in this April 30, 2024, Order references anything

relevant in our Writ of Mandamus, motion to compel. Our name, the Wains, is not even mentioned in this April 30, 2024, Order. The dates in our Writ of Mandamus, motion to compel are **February 8. 2021,** and **March 12, 2021.** These was over **three years before** this April 30, 2024, Order was issued.

There was also a question in the KCOA Order whether our Writ of Mandamus Petition was consistent with Kentucky law. Our entire Petition is **one hundred percent** aligned and supported by **all** Kentucky Revised Statutes and **all** the Orders issued in this case. We are in compliance. The KCOA's Order on September 23, 20244, is in error by bringing up this question. We believe this error affects the Order.

In our filings to the KCOA we said there was a conflict of interest between Judge Bunnell and CBT. For this conflict of interest, we cited **one** conflict. That Judge Bunnell uses CBT as Judge Bunnell's financial institution for the Judges campaign depository. This one conflict we cited was **omitted** in the KCOA September 23, 2024, Order. Instead, the KOCA Order references the lawyers in this case and their contributions to Judge Bunnell's campaign. We did not cite those events as conflicts of interest.

## V. RECORD ON MOTION

The Court of Appeals' is attached as **Exhibit A**. Also attached are **Exhibits B-H**

## VI. CONCLUSION

Based on the foregoing, the Movants, Douglas and Elisa Wain, respectfully request that this Court grant discretionary review of the Court of Appeals' "Order Denying Petitions For A Writ Of Mandamus" on September 23, 2024.

We believe that there are many **special reasons** in this filing to grant discretionary review. This includes the public interest in and the principles of Wirt of Mandamus. The issue of whether

the Commonwealth of Kentucky should have, and still should, receive the $605,035.42 auction proceeds we believe on its own is a concerning issue for this Court grant discretionary review.

Respectfully submitted, October 8, 2024

*Douglas A. Wain, Pro Se*
*Movant*
*P. O. Box 7473*
*Westlake Village, CA 91359*
*douglaswain@gmail.com*
*859.494.3677*

*Elisa Wain, Pro Se*
*Movant*
*P. O. Box 7473*
*Westlake Village, CA 91359*
*douglaswain@gmail.com*
*859.494.3677*

FOR MOVANTS

**CERTIFICATE OF SERVICE**

I hereby certify that true copies of the foregoing Motion for Discretionary Review were sent by email, mail or FedEx, postage prepaid, this 8th day of October, 2024, to the following: Kimberly Nell Bunnell, Judge, Robert F. Stephens Circuit Courthouse, 120 N. Limestone Street, Lexington, Kentucky 40507, Central Bank & Trust Co., Timothy R. Wiseman, Esq. Stoll Keenon Ogden PLLC, 300 W. Vine Street, Lexington, Kentucky 40507, U.S. Bank Trust National Association Not in its Individual Capacity But Solely for RCF 2 Acquisition Trust, Shannon O'Connell Egan, Dinsmore & Shohl LLP, 255 E. Fifth Street, Ste. 1900, Cincinnati, Ohio 45202.

*Douglas A. Wain, Pro Se*
*Movant*
*P. O. Box 7473*
*Westlake Village, CA 91359*
*douglaswain@gmail.com*
*859.494.3677*

*Elisa Wain, Pro Se*
*Movant*
*P. O. Box 7473*
*Westlake Village, CA 91359*
*douglaswain@gmail.com*
*859.494.3677*

FOR MOVANTS

Mortgage Accounts

Installment Accounts

Other Accounts

Consumer Statement

Personal Information

Inquiries

Public Records

Collections

Your Rights

**YOUR IDENTITY**

Freeze

Fraud & Active Duty Alerts

Dispute Center

| | |
|---|---|
| **Report Date** | Jun 17, 2024 |
| **Credit File Status** | No indicator on file |
| **Average Account Age** | 13 Years, 10 Months |
| **Length of Credit History** | 24 Years, 9 Months |
| **Oldest Account** | CHASE CARD \| Sep 1999 |
| **Most Recent Account** | HYUNDAI MOTOR FINANCE \| Apr 2015 |
| **Alert Contacts** | 0 Records Found |
| **Accounts with Negative Information** | 7 |

## Credit Accounts

Your credit report includes information about activity on your credit accounts that may affect your credit scores.

| ACCOUNT TYPE | OPEN ACCOUNTS | ACCOUNTS WITH A BALANCE | BALANCE | AVAILABLE BALANCE | CREDIT LIMIT | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|---|---|
| REVOLVING | 0 | 0 | $0 | $0 | $0 | $0 |
| MORTGAGE | 0 | 0 | $0 | $0 | $0 | $0 |
| INSTALLMENT | 1 | 1 | $2,867 | $17,159 | $20,026 | $0 |
| OTHER | 0 | 0 | $0 | $0 | $0 | $0 |
| TOTAL | 1 | 1 | $2,867 | $17,159 | $20,026 | $0 |

Mortgage Accounts

Installment Accounts

Other Accounts

Consumer Statement

Personal Information

Inquiries

Public Records

Collections

Your Rights

**YOUR IDENTITY**

Freeze

Fraud & Active Duty Alerts

Dispute Center

| | |
|---|---|
| **Report Date** | Jun 05, 2024 |
| **Credit File Status** | No indicator on file |
| **Average Account Age** | 19 Years, 0 Month |
| **Length of Credit History** | 24 Years, 8 Months |
| **Oldest Account** | CHASE CARD \| Sep 1999 |
| **Most Recent Account** | SELENE FINANCE LLC \| Mar 2008 |
| **Alert Contacts** | 0 Records Found |
| **Accounts with Negative Information** | 3 |

## Credit Accounts

Your credit report includes information about activity on your credit accounts that may affect your credit scores.

| ACCOUNT TYPE | OPEN ACCOUNTS | ACCOUNTS WITH A BALANCE | BALANCE | AVAILABLE BALANCE | CREDIT LIMIT | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|---|---|
| REVOLVING | 0 | 0 | $0 | $0 | $0 | $0 |
| MORTGAGE | 0 | 0 | $0 | $0 | $0 | $0 |
| INSTALLMENT | 0 | 0 | $0 | $0 | $0 | $0 |
| OTHER | 0 | 0 | $0 | $0 | $0 | $0 |
| TOTAL | 0 | 0 | $0 | $0 | $0 | $0 |

experian.

Prepared For
**DOUGLAS A. WAIN**
Personal & confidential
Date generated: Jun 17, 2024

## At a glance

**Account summary**

| | |
|---|---|
| Open accounts | 1 |
| Self-reported accounts | 0 |
| Accounts ever late | 4 |
| Closed accounts | 0 |
| Collections | 0 |
| Average account age | 12 yrs 7 mos |
| Oldest account | 19 yrs 4 mos |

**Overall credit usage**

0 %

Credit used: $0
Credit limit: $0

**Debt summary**

| | |
|---|---|
| Credit card and credit line debt | $0 |
| Self-reported account balance | $0 |
| Loan debt | $2,867 |
| Collections debt | $0 |
| Total debt | $2,867 |



## Personal information

experian.

Prepared For
**ELISA WAIN**
Personal & confidential
Date generated: Jun 15, 2024

## At a glance

**Account summary**

| | |
|---|---|
| Open accounts | 1 |
| Self-reported accounts | 0 |
| Accounts ever late | 2 |
| Closed accounts | 0 |
| Collections | 0 |
| Average account age | 25 yrs 9 mos |
| Oldest account | 36 yrs 3 mos |

**Overall credit usage**

0 %

Credit used: $0
Credit limit: $0

**Debt summary**

| | |
|---|---|
| Credit card and credit line debt | $0 |
| Self-reported account balance | $0 |
| Loan debt | $0 |
| Collections debt | $0 |
| Total debt | $0 |



## Personal information

| Employer | Occupation |
|---|---|
| WAR AGAINST VIOLENCE CORP | CEO EXECUTIVE DIRECTO |
| DOUGLAS SAFETY CORP | PRES |
| SELF EMPLOYED | --- |

Expand All

## Accounts

Typically, creditors report any changes made to your account information monthly. This means that some accounts listed below may not reflect the most recent activity until the creditor's next reporting. This information may include things such as balances, payments, dates, remarks, ratings, etc. The rating key is provided to help you understand some of the account information that could be reported. Pay Status represents the current status of accounts and indicates how you are currently paying. For accounts that have been paid and closed, sold, or transferred, Pay Status represents the last reported status of the account.

### Accounts with Adverse Information

Adverse information typically remains on your credit file for up to 7 years from the date of the delinquency. To help you understand what is generally considered adverse, we have added >brackets< to those items in this report. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note. Accounts are reported as "Current; Paid or paying as agreed" if paid within 30 days of the due date. Accounts reported as Current may still incur late fees or interest charges if not paid on or before the due date.

| Account Name | Account Number | Balance | Monthly Payment |
|---|---|---|---|
| DITECH FINANCIAL LLC | 511003954**** | $0 | $0 |
| GMFINANCIAL | 17086**** | $0 | $0 |
| JPMCB CARD SERVICES | 426684130159**** | $0 | --- |
| MB FINANCIAL SERVICES | 700417650**** | $2,867 | $0 |
| SELENE FINANCE LP | 271200499**** | $0 | $0 |

### Satisfactory Accounts

The following accounts are reported with no adverse information. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note. Accounts are reported as "Current; Paid or paying as agreed" if paid within 30 days of the due date. Accounts reported as Current may still incur late fees or interest charges if not paid on or before the due date.

| Account Name | Account Number | Balance | Monthly Payment |
|---|---|---|---|
| HYUNDAI FINANCE | 151309**** | $0 | $0 |

| Employer | Occupation |
|---|---|
| FAYETTE CO PUBLIC SCHOOLS | TEACHER |
| FAYETTE COUNTY SCHOOLS | TEACHER |
| DOUGLAS SAFETY CORP | --- |
| LEXINGTON SCHOOLS | --- |

Expand All

## Accounts

Typically, creditors report any changes made to your account information monthly. This means that some accounts listed below may not reflect the most recent activity until the creditor's next reporting. This information may include things such as balances, payments, dates, remarks, ratings, etc. The rating key is provided to help you understand some of the account information that could be reported. Pay Status represents the current status of accounts and indicates how you are currently paying. For accounts that have been paid and closed, sold, or transferred, Pay Status represents the last reported status of the account.

### Accounts with Adverse Information

Adverse information typically remains on your credit file for up to 7 years from the date of the delinquency. To help you understand what is generally considered adverse, we have added >brackets< to those items in this report. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note. Accounts are reported as "Current; Paid or paying as agreed" if paid within 30 days of the due date. Accounts reported as Current may still incur late fees or interest charges if not paid on or before the due date.

| Account Name | Account Number | Balance | Monthly Payment |
|---|---|---|---|
| DITECH FINANCIAL LLC | 511003954**** | $0 | $0 |
| JPMCB CARD SERVICES | 426684130159**** | $0 | --- |
| SELENE FINANCE LP | 271200499**** | $0 | $0 |

### Satisfactory Accounts

The following accounts are reported with no adverse information. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note. Accounts are reported as "Current; Paid or paying as agreed" if paid within 30 days of the due date. Accounts reported as Current may still incur late fees or interest charges if not paid on or before the due date.

| Account Name | Account Number | Balance | Monthly Payment |
|---|---|---|---|
| JPMCB CARD SERVICES | 414720233597**** | $0 | --- |