the status of your client's attempts to obtain judgment against the Wains," stating that CBT was "most interested in a distribution of the sale proceeds as soon as possible" and asking when Ms. Egan's client "will be moving for judgment against the Wains"; (b) Ms. Egan's November 11, 2022 reply admits that "the Shellpoint mortgage loan was transferred to Selene Finance" while the appeal was pending, that Dinsmore did "not have a referral from it to proceed," and that she was "not aware of another attorney having been retained" — establishing that no senior-lienholder counsel was actively prosecuting any claim against the Wains as of November 2022; and (c) Ms. Egan's April 23, 2023 email states that Dinsmore was "just retained to represent the current mortgagee of the first mortgage" and would "soon be able to substitute it in for Shellpoint in the foreclosure and push forward on its claim for its share of the proceeds." I obtained these emails from the Fayette Circuit Court electronic file.

**[Pages: 3]**

### GROUP 4 — CREDIT BUREAU EVIDENCE OF CBT'S INFLATED REPORTING AND SUBSEQUENT WITHDRAWAL (EXHIBITS P–R)

19.     **Exhibit P.** Attached as **Exhibit P** is a true and correct copy of the TransUnion Investigation Results, dated April 8, 2023, File Identification Number 000321097810, that I downloaded from my online TransUnion consumer account on April 8, 2023. The document states, under the heading "Your Investigation

Results" and in bold type, "INVESTIGATION RESULTS – DELETED: The disputed item(s) was removed from your credit report," and identifies the deleted account as "CENTRAL BK & TR LEXINGTN, PO BOX 481, LEXINGTON, KY 40588-0481."

**[Pages: 2]**

20.    **Exhibit Q.** Attached as **Exhibit Q** is a true and correct compilation of Experian Credit Alert records from my online Experian consumer account, dated June 11, 2019 through July 14, 2023, that I downloaded from Experian at or near the time each alert was generated. The compilation documents four separate CBT charge-off events on the same Home Equity Line of Credit account: (a) the Experian alert dated June 11, 2019, reflecting that "CENTRAL BANK, PO Box 1360, Lexington, KY 40588," flagged the account as "Charge-off" with a balance of $363,351; (b) the Experian alert dated February 11, 2023, reflecting that "CENTRAL BK & TR LEXINGTN, Po Box 481, Lexington, KY 40575," flagged the same account as "Charged off as bad debt"; (c) the Experian alert dated March 11, 2023, again reflecting that "CENTRAL BK & TR LEXINGTN" flagged the same account as "Charged off as bad debt," sourced to TransUnion via Equifax data; and (d) the Experian alert dated June 14, 2023, reflecting that on June 8, 2023, "CENTRAL BANK, Po Box 1360, Lexington, KY 40588-1360," again flagged the same account as "Charge-off" with a balance of $420,131. The compilation also

includes Experian alerts dated April 11, 2023 documenting that I opened account disputes regarding the foregoing CBT reporting.

**[Pages: 9]**

21.    **Exhibit R.** Attached as **Exhibit R** is a true and correct compilation of credit report records drawn from all three nationwide consumer reporting agencies — Equifax, Experian, and TransUnion — that I personally downloaded from my online consumer accounts at each bureau and from Elisa Wain's online consumer accounts at each bureau in mid-June 2024. The compilation consists of three pages, one page per bureau, with each page displaying the paired records for me and for Elisa Wain side by side: (a) page 1 is from **Equifax**, showing the "Report Date" / "Credit File Status" / "Accounts with Negative Information" summary panels (Report Date Jun 17, 2024 for me; Report Date Jun 05, 2024 for Elisa Wain) and the "Credit Accounts" account-type breakdown for Revolving, Mortgage, Installment, and Other accounts; (b) page 2 is from **Experian**, showing the "At a glance" profile summaries (Date generated Jun 17, 2024 for me; Date generated Jun 15, 2024 for Elisa Wain), including the "Account summary," "Overall credit usage," and "Debt summary" panels; and (c) page 3 is from **TransUnion**, showing the "Accounts" detail sections listing each tradeline reported on each report, broken into "Accounts with Adverse Information" and "Satisfactory Accounts." The records reflect, across all three nationwide consumer reporting agencies and for both my credit report and

Elisa Wain's credit report as of mid-June 2024: (i) the "Mortgage" tradeline count is zero, with zero open accounts, zero accounts with a balance, zero balance, zero available balance, and zero credit limit; (ii) the listed accounts include tradelines furnished by Ditech Financial LLC, GM Financial, JPMCB Card Services, MB Financial Services, Selene Finance LP, and Hyundai Finance; and (iii) no account furnished by Central Bank & Trust Co. (whether reported under the name "CENTRAL BANK," "CENTRAL BK & TR LEXINGTN," or otherwise) appears anywhere on any of the three bureau credit reports as of those dates.

[Pages: 3]

## GROUP 5 — COUNSEL NON-COMPLIANCE IN THIS PROCEEDING (EXHIBIT S)

22.    **Exhibit S.** Attached as **Exhibit S** is a true and correct copy of the Plaintiffs'/Debtors' Notice of Non-Opposition to Plaintiffs'/Debtors' Motion for Leave, filed in Adversary Proceeding No. 1:25-ap-01026-MB on February 23, 2026 as Doc 33. This Notice was filed because Defendant Central Bank & Trust Co. did not file any opposition to my Motion for Leave (Doc 30, filed February 10, 2026) within the time required by Local Bankruptcy Rule 9013-1(f) and the Court's self-calendaring procedures.

[Pages: 3]

## GROUP 6 — CBT'S OWN PUBLIC DEFINITION OF ELDER FINANCIAL ABUSE (EXHIBIT T)

23.    **Exhibit T.** Attached as **Exhibit T** is a true and correct printout of the webpage titled "Protecting the Elderly From Financial Abuse," published by Central Bank & Trust Co. on its public corporate website. The original publication date appears on the page as "June 14, 2019." I personally captured this webpage from the URL https://www.centralbank.com/protecting-the-elderly-from-financial-abuse/ on March 6, 2026, using a standard browser print-to-PDF function. The page's footer bears the copyright notice "©2026 Central Bancshares. All Rights Reserved." The page contains, among other content, the following statements published by CBT and directed to senior bank customers: "Never rush into a financial decision. Ask for details in writing and get a second opinion"; "Consult with a financial advisor or attorney before signing any document you don't understand"; and "You have the right not to be threatened or intimidated." To my knowledge, this webpage has been continuously published by CBT on its public website from June 14, 2019 through the date of this Declaration.

**[Pages: 3]**

## AFFIRMATION REGARDING THE COMPLETE EXHIBIT VOLUME

24.    I have personally reviewed each page of the Exhibit Volume compiled in support of the Objection. Each page of the Exhibit Volume corresponds to a true and correct copy of the document I have identified above. To the extent that any

Exhibit consists of more than one page, the pages appear in the Exhibit Volume in their natural sequence as I originally received, sent, downloaded, or captured them.

**25.**     None of the Exhibits authenticated above have been altered or modified from their original form, except that (a) Exhibit J is an excerpt from a longer transcript, the complete version of which was filed as Doc 34 in the Adversary Proceeding; and (b) certain Exhibits include native-format metadata (such as email headers and credit-bureau timestamps) that I have preserved in the printout in order to facilitate authentication.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 21, 2026, at Calabasas, California.

**DOUGLAS A. WAIN**
Debtor, Pro Se
P.O. Box 7473
Westlake Village, California 91359
Telephone: (859) 494-3677
Email: douglaswain@gmail.com

 **Central Bank**

**EXHIBIT A**

January 31, 2019

Douglas Wain
2711 Barbados Ln.
Lexington, KY  40509

*Sent Via Certified and Regular Mail*

RE: Equity Line #xxxx-xxxx-xxxx-0385

Dear Mr. Wain:

The above referenced equity line loan is currently past due for the October 2018, November 2018, December 2018 and January 2019 payments for the amount of $4,981.00.  Because payments have not been made in accordance with the terms of the contract, Central Bank & Trust Co. hereby elects to declare the entire balance due and demands that the entire unpaid principal balance in the amount of $355,9982.42, plus accrued interest and late charges be paid immediately (collectively referred to as "accelerated balance").

Failure to remit the above "accelerated balance" within (10) days from the date of this letter will result in any and all such legal action  as may be permitted under the laws of the Commonwealth of Kentucky.

Any payments received by the Bank after the date of this letter will be received on the following conditions only:  they will not cure the existing default; they will be applied to reduce the "accelerated balance"; and the Bank will proceed to collect the remaining balance as expeditiously as possible in accordance with the law.

Our records indicate this loan is delinquent and it may be secured by your home. Because of this, we are advising you of the availability of home ownership counseling. If this home is your principal residence and you wish to seek counseling, please call the HUD Housing Counseling Program to obtain a list of the HUD-Approved housing counseling agencies in your area. The toll free number is 800-569-4287.

We may report information about your account to credit bureaus.  Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

Sincerely:

CENTRAL BANK & TRUST CO.

Steve Hall
Vice President
Collections Manager

Central Bank & Trust Co.
P.O. Box 1360
Lexington KY 40588-1360

**EXHIBIT B**

**douglaswain@gmail.com**

**Subject:**                                  FW: Attn Steve Hall/CBT - We will reply to your 1.31.19 letter by the end of this week,
Friday, February 15, 2019. Thanks! Douglas A. Wain 2.11.19

---

**From:** douglaswain@gmail.com <douglaswain@gmail.com>
**Sent:** Monday, February 11, 2019 9:36 AM
**To:** 'shall@centralbank.com' <shall@centralbank.com>
**Subject:** Attn Steve Hall/CBT - We will reply to your 1.31.19 letter by the end of this week, Friday, February 15, 2019.
Thanks! Douglas A. Wain 2.11.19

**Dear Steve Hall, Vice President, Collections Manager, Central Bank & Trust Co., P.O. Box 1360,
Lexington, KY 40588-1360:**

Ref: GEL Acct # 4388 3530 0002 0385

Good morning!

We received your January 31, 2019 letter on Saturday, February 2, 2019.

We will reply to you no later than the end of this week, Friday, February 15, 2019.

Thank you for your patience!

Douglas A. Wain 2/11/2019 9:31 AM
2711 Barbados Lane
Lexington, KY 40509-9508

1

February 19, 2019                                                                     **EXHIBIT C**

Central Bank & Trust Co.,
P.O. Box 1360
Lexington, KY 40588-1360
Attn Steve Hall, Vice President, Collections Manager

Ref: Equity Line Acct # 4388 3530 0002 0385

**Dear Steve Hall, Vice President, Collections Manager, Central Bank & Trust Co., P.O. Box 1360, Lexington, KY 40588-1360:**

We received your January 31, 2019 letter on Saturday, February 2, 2019, and your email on Thursday, February 14, 2019. Thank you for your patience in letting reply to you today.

I want to go over some details of the circumstance regarding our second mortgage with Central Bank Equity Line Acct # 4388 3530 0002 0385. If any of these details seem incorrect, please let me know.

I and my wife Elisa have no other accounts with Central Bank other than this second mortgage.

We have had this 2nd mortgages with Central Bank with only one property, 2711 Barbados Lane, Lexington, KY 40509 in Fayette County, Kentucky.

We have had this 2nd mortgage equity line with Central Bank since June 2006, approximately thirteen years ago.

This second mortgage with Central Bank is a fifteen-year contract expiring in June 2021, approximately two years and three and ½ months from now.

Your January 31, 2019 letter to us was Central Bank's first pay principal in full demand letter to us.

There have been no new purchases on this 2nd mortgage account since 2011, eight years ago.

The 2nd mortgage loan amount is $350,000 and the Current balance of the account according to our web access to our Central Bank 2nd Mortgage the current balance as of today, February 19, 2019, is $357,113.05. The loan is approximately 2.0 percent over the $350,000 credit limit at this time.

The interest we were paying on this second mortgage was 4.25 % on January 8, 2018, and 5.25 % on January 8, 2019. A 23.5 percent increase in our interest rate in one year. The interest amount went from $1,260.45 to $1,545.69 a 22.6 percent increase.

We have made the following payments to Central Bank on this account during the last year:

**$1,500 January 2018 Central Bank Statement 01/08/18 (Interest Charged $1,260.45)**

12/12 12/12 PAYMENT RECEIVED -- THANK YOU 90000056 -1,500.00

**$1,000 February 2018 Central Bank Statement 02/08/18 (Interest Charged $1,335.16)**

01/31 01/31 PAYMENT RECEIVED -- THANK YOU 90000227 -1,000.00

**$500 March 2018 Central Bank Statement 03/08/18 (Interest Charged $ 1,205.96)**

02/28 02/28 PAYMENT RECEIVED -- THANK YOU 90000221 -555.00

**$0 April 2018 Central Bank Statement 04/08/18 (Interest Charged $1,335.16)**

**$2,000 May 2018 Central Bank Statement 05/08/18 (Interest Charged$1,363.35)**

04/27 04/26 PAYMENT RECEIVED -- THANK YOU 90000122 -1,000.00
05/04 05/04 PAYMENT RECEIVED -- THANK YOU 90000470 -1,000.00

**$1,000 June 2018 Central Bank Statement 06/08/18 (Interest Charged $1,408.80)**

05/15 05/15 PAYMENT RECEIVED -- THANK YOU 90000185 -1,000.00

**$0 July 2018 Central Bank Statement 07/08/18 (Interest Charged $1,363.35)**

**$2,600 August 2018 Central Bank Statement 08/08/18 (Interest Charged $1,483.52)**

07/09 07/09 PAYMENT RECEIVED -- THANK YOU 90000361 -1,500.00
07/18 07/18 PAYMENT RECEIVED -- THANK YOU 90000116 -500.00
07/19 07/19 PAYMENT RECEIVED -- THANK YOU 90000094 -600.00

**$1,304 September 2018 Central Bank Statement 09/08/18 (Interest Charged $1,483.52)**

08/15 08/15 PAYMENT RECEIVED -- THANK YOU 90000159 -304.00
08/31 08/31 PAYMENT RECEIVED -- THANK YOU 90000340 -1,000.00

**$1,1,00 October 2018 Central Bank Statement 10/08/18 (Interest Charged$1,435.66)**

09/28 09/28 PAYMENT RECEIVED -- THANK YOU 90000217 -1,100.00

**$300 November 2018 Central Bank Statement 11/08/18 (Interest Charged $1,557.15)**

10/15 10/15 PAYMENT RECEIVED -- THANK YOU 90000375 -100.00
10/31 10/31 PAYMENT RECEIVED -- THANK YOU 90000235 -200.00

**$1,372 December 2018 Central Bank Statement 12/08/18 (Interest Charged $1,503.85)**

11/15 11/15 PAYMENT RECEIVED -- THANK YOU 90000140 -600.00
11/30 11/30 PAYMENT RECEIVED -- THANK YOU 90000316 -772.00

**$1,484 January 2019 Central Bank Statement 01/08/19 (Interest Charged $1,545.69)**

12/14 12/14 PAYMENT RECEIVED -- THANK YOU 90000298 -1,284.00
12/21 12/21 PAYMENT RECEIVED -- THANK YOU 90000215 -200.00

**$1,484 February 2019 Central Bank Statement 02/08/19 (Interest Charged $1, 614.63)**

01/15 01/15 PAYMENT RECEIVED -- THANK YOU 90000116 -750.00
01/29 01/29 PAYMENT RECEIVED -- THANK YOU 90000213 -250.00
01/31 01/31 PAYMENT RECEIVED -- THANK YOU 90000280 -484.00

Some interest paid and loan amount by year by us according to I.R.S. Form 1098 from Central Bank.

$9,859.00 - $351,270.80 - 2018
$16,159.00 - $349,309.50 - 2017
$9,436.27 - $349,316.18 - 2016
$9,940.33 - 2015
$12,000.00 - 2014
$11,563.54 - 2013
$11,444.80 - 2012
$11,307.80 - 2011
$7,423.28 - 2009

Also, our 2019 Fayette County, Kentucky Property Tax and our home insurance for this one property are already paid-in-full for 2019. And except for our first mortgage with Ditech Finance, there are no other loans or liens on this property.

We have recently settled two credit cards we have in 2019. I have settled my Bank of America credit card for 65% of the total in January of 2019 and Elisa has settled her Chase credit card for 85% of the total amount February 2019. These were our two highest interest loans.

We were hoping to resolve our last debt outside our two mortgages which is $5,000 before we could concentrate on keeping our 2nd mortgage account with Central Bank current. With national interest rate increases slowing in 2019 that would also help us.

We might be able to pay the past due amount in your January 31, 2019 letter of $4,981.00 total for October 2018, November 2018, December 2018 and January 2019, but we would need assurances that this payment would go to our interest late payments and not used the pay down of the entire principal loan. Also, it is possible that interest payments on this loan by us in tax-deductible to us but payments on the entire principal loan may not be.

We will of course work in good faith with Central Bank and with you Mr. Hall. But additional action by Central Bank may serve to hurt our personal credit more making it even harder for us to make any arrangement with Central Bank.

Thank you for your time and consideration.

Douglas A. Wain
2711 Barbados Lane
Lexington, KY 40509
douglaswain@gmail.com

Sent via Email and U.S Mail

**douglaswain@gmail.com**

**Subject:**                    FW: Reply to Letter to Central Bank 3 Pages 2.19.19

-----Original Message-----
From: Steve Hall <SHALL@centralbank.com>
Sent: Friday, February 22, 2019 12:16 PM
To: douglaswain@gmail.com
Subject: RE: Reply to Letter to Central Bank 3 Pages 2.19.19

Good afternoon Mr. Wain,

Thank you for your reply to my letter dated January 31, 2019.  The bank will allow reinstatement of the loan and payments only under the following conditions:

1.  All past due amounts owed must be paid no later than March 15, 2019 to include not only the payment amounts addressed in my January 31, 2019 letter but also the February 2019 payment and the March 2019 payment.

2.  All future payments will be paid no later than the date due.

3.  The execution of an agreed judgment between Central Bank & Trust and Douglas Wain and Elisa Wain as acceptance of the two conditions above.

Please reply to this proposal no later than Friday March 1, 2019.  If I do not hear from you by that date I will assume that you do not accept the proposal and the bank will commence with collection activities.

Let me know if you have any questions.

Respectfully,

Steve Hall l Vice President, Collections Manager p. 859-253-6080 l f. 859-253-6264 shall@centralbank.com

Central Bank & Trust Co.
300 West Vine Street, Lexington, KY  40507

-----Original Message-----
From: douglaswain@gmail.com <douglaswain@gmail.com>
Sent: Tuesday, February 19, 2019 12:14 PM
To: Steve Hall <SHALL@centralbank.com>
Subject: Emailing: Wain Letter to Central Bank 3 Pages 2.19.19

Your message is ready to be sent with the following file or link attachments:

Wain Letter to Central Bank 3 Pages 2.19.19

Note: To protect against computer viruses, e-mail programs may prevent sending or receiving certain types of file attachments.  Check your e-mail security settings to determine how attachments are handled.

---
This email has been checked for viruses by Avast antivirus software.
https://urldefense.proofpoint.com/v2/url?u=https-
3A__www.avast.com_antivirus&d=DwICAg&c=coXB8kHNY2ZZpwGCL--CrNRV82qSr1KEUrI5gxIYF6Q&r=-
aM_iOBAYXj4I0IqnDdJvkoYzo3kX5ygdbLw-NNOgt8&m=8hojSx5UsaNdEmulzZEu67BCIB-
4Hxm7IE6Co3hi0m8&s=iZ1BKeci-F7AhOFJflSzgk1uPSigGlltr1cx-QtwQTE&e=
NOTICE: This electronic mail transmission is for the use of the named individual or entity to which it is directed and may contain information that is privileged or confidential. It is not to be transmitted to or received by anyone other than the named addressee (or a person authorized to deliver it to the named addressee). It is not to be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, delete it from your system without copying or forwarding it, and notify the sender of the error by replying via email or by calling Central Bancshares at (800) 637-6884, so that our address record can be corrected.


----------------------------------------------------------------------
Encrypted via TLS or Proofpoint Encryption.

March 1, 2019                                                        **EXHIBIT E**

Central Bank & Trust Co.,
P.O. Box 1360
Lexington, KY 40588-1360
Attn Steve Hall, Vice President, Collections Manager

Ref: Central Bank Equity Line Acct # 4388 3530 0002 0385

**Dear Steve Hall, Vice President, Collections Manager, Central Bank & Trust Co., P.O. Box 1360, Lexington, KY 40588-1360:**

Thank you for your email on February 22, 2019, and thank you for considering reinstating our 2nd mortgage with Central Bank, Equity Line Acct # 4388 3530 0002 0385 for $350,000 on our home and property 2711 Barbados Lane, Lexington, KY 40509.

We believe we will be able to get up-to-date and current on our interest payments on this loan by March 15, 2019, as you stipulated. Again, we would need confirmation that the payments would go toward the interest on this equity loan and not the loan principal. We do not know what the "judgment" you mentioned in your email. There was no attachment or drafts of this document in your email. If you send it to us, we will review it.

We are committed to making future payment interest payments on time. As I said in my February 19, 2019 letter to you, we have been actively settling other higher interest debts so we may concentrate on our two home mortgage payments.

With this letter, we would like to make the following four requests to you and Central Bank, and we hope you will be able to accommodate us.

1. Breakdown of interest payments we would make by March 15, 2019, to bring our equity line up-to-date and current with a confirmation these payments will go towards loan interest and not loan principal.

2. I.R.S. Form 1098 Central Bank has issued to us for this equity line Central Bank Equity Line Acct # 4388 3530 0002 0385 in 2010, 2008, 2007, and 2006 and any earlier I.R.S. Forms 1098 issued to us on this equity line and any other equity line we have had with Central Bank. We show there was a $250,000 Central Bank Equity Line agreement between us, and Central Bank possibly dated November 14, 2002, and was paid in full prior to this fifteen-year $350,000 June 28, 2006 agreement and we wish to obtain 1098's on this and any other prior account.

3. I.R.S. Form 1098 Central Bank which has issued to us on loan or any other first mortgage loans we had with Central Bank. There may have been a first mortgage agreement between us and Central Bank Loan # 2005174616 and there may be others.

4. We are also requesting that Central Bank make no more phone calls or send messages to us at my telephone number 859.494.3677 or any other telephone numbers we have.

We have also decided to seek another financial institution to replace this $350,000 2nd mortgage on our home when this fifteen-year contract expires with Central Bank on June 28, 2021, as we believed we replaced Central Bank's first mortgage with us.

There is only approximately two years and three months left on this acct # 4388 3530 0002 0385 equity line contract with Central Bank to this date. We will work in good faith with you Mr. Hall and Central Bank. There is approximately $750,000 loan on our property, there is only one other lender other that Central Bank. Central Bank has 46 percent of the total due on his property. If Central Bank unnecessarily causes distress or stress on his property or this loan it could reduce the value of this property, we would hold Central Bank responsible for any of these actions.

Thank you again for your gracious time and consideration.

Douglas A. Wain
2711 Barbados Lane
Lexington, KY 40509

douglaswain@gmail.com

Sent via Email and U.S. Mail

**EXHIBIT F**

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL BRANCH
NINTH DIVISION

CENTRAL BANK & TRUST CO.                                                                                    PLAINTIFF

V.                                              **AGREED JUDGMENT**                              NO. 19-CI-00812

DOUGLAS A. WAIN and
ELISE WAIN                                                                                                  DEFENDANTS

\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*

By agreement of the parties, and the Court being sufficiently advised and having considered the same, it is hereby AGREED AND ADJUDGED as follows:

1.      The Court has jurisdiction over the subject matter of this case and venue is proper in this Court.

2.      The Defendants, Douglas A. Wain and Elise Wain (collectively, the "Wains"), admit all of the allegations of the Complaint filed herein by the Plaintiff, Central Bank & Trust Co. ("Central Bank"), and the Wains do further hereby waive any claims or defenses against Central Bank and waive their individual right to file an Answer herein.

3.      By execution of this Judgment, the Wains have entered their appearances in the within action for all purposes.

4.      Central Bank is hereby granted Judgment against the Defendants, Douglas A. Wain and Elise Wain, jointly and severally, in the amount of $358,412.72, with interest thereon at the variable rate provided by the subject Gold Equity Line Agreement (currently $52.70 per diem) from March 6, 2019 until paid; its attorneys' fees pursuant to KRS 411.195, and its costs herein expended.

5.      This Judgment shall be paid as follows:

(a)    On or before March 20, 2019, the Wains shall make a payment to Central Bank in the amount of $7,658.00, which represents the past due amounts through March, 2019;

(b)    Beginning on or before April 5, 2019 and continuing on or before the 5th day of each month thereafter until the date of maturity, the Wains shall resume their regular monthly payments to Central Bank pursuant to the Agreement; and

(c)    On or before the maturity date of June 28, 2021, the Wains shall pay Central Bank the full remaining balance due under the Agreement (including all principal, interest, court costs and attorneys' fees).

6.    If the Wains default by reason of failure to make any payments due hereunder, Central Bank may elect to declare, without notice, the entire outstanding balance of this Judgment, including all principal, interest, court costs and attorneys' fees, to be immediately due and payable, and further, that Central Bank may then enforce this Judgment in any manner allowable by law.  Upon default of this Judgment, Central Bank shall be allowed such reasonable attorneys' fees as it may incur in the collection of this judgment upon approval of this Court, and such fees shall not exceed the maximum amount allowed by KRS 411.195.

7.    This is a final and appealable judgment and there is no just reason for delay in the entry thereof.

DATED this _____ day of _____, 2019.

 

_____
JUDGE, FAYETTE CIRCUIT COURT

**AGREED TO AND TENDERED BY:**

STOLL KEENON OGDEN PLLC
300 W. Vine Street, Suite 2100
Lexington, Kentucky  40507
Phone:  (859) 231-3000

By:_____
   GREGORY D. PAVEY
ATTORNEYS FOR PLAINTIFF

_____
DOUGLAS A. WAIN, DEFENDANT

_____
ELISE WAIN, DEFENDANT

2

3

## CLERK'S CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing was mailed this ____ day of _____, 2019, to:

Gregory D. Pavey, Esq.
STOLL KEENON OGDEN PLLC
300 W. Vine Street, Suite 2100
Lexington, Kentucky  40507

Mr. Douglas A. Wain
Ms. Elise Wain
2711 Barbados Lane
Lexington, Kentucky  40508

_____
CLERK, FAYETTE CIRCUIT COURT

rdh/  100443.156618
Doc#7898458.1

**douglaswain@gmail.com**

| | |
|---|---|
| **Subject:** | FW: Emailing: Wain Letter to Central Bank 2 Pages 3.1.19 |
| **Attachments:** | Agreed Judgment .pdf |

-----Original Message-----
From: Steve Hall <SHALL@centralbank.com>
Sent: Tuesday, March 12, 2019 4:49 PM
To: douglaswain@gmail.com
Subject: RE: Emailing: Wain Letter to Central Bank 2 Pages 3.1.19

Good afternoon Mr. Wain,

I apologize for the delay in replying.  I have been waiting on an answer concerning your request for prior year 1098 forms.  Equity line of credit 1098 forms are produced and distributed to customers from our credit card service provider.  Unfortunately, they are not able reproduce prior year forms and the bank is not provided copies.

Concerning the first mortgage you had with Central Bank; the only evidence of a first mortgage was a loan originated by our mortgage lending center in March 2008 which the bank sold on the secondary market in April 2008.  So there would be no 1098 issued by Central Bank.

The past due payments that you will need to make include the following:

March 2019          $1,615.00
February 2019        $1,546.00
January 2019         $1,504.00
December 2018        $1,557.00
November 2018   $1,436.00

You will need to make these past due payments by March 20, 2019.  As previously explained to you, payments will be applied to principal only until the time that all past due amounts are paid.  Once all past due amounts are paid we will apply your payments to interest unless you become past due again in the future.

Please be advised that Central Bank has initiated legal proceedings against you and Elisa Wain concerning this debt.  The Bank will be willing to forbear further action only subject to the terms of an Agreed Judgment to be entered by the court.  You will be receiving in the mail a hard copy of the attached Agreed Judgment that you both will need to sign and return to our attorney's office.

Please let me know if you have any questions.

Steve Hall l Vice President, Collections Manager p. 859-253-6080 l f. 859-253-6264 shall@centralbank.com

Central Bank & Trust Co.
300 West Vine Street, Lexington, KY  40507

-----Original Message-----
From: douglaswain@gmail.com <douglaswain@gmail.com>
Sent: Friday, March 01, 2019 12:23 PM
To: Steve Hall <SHALL@centralbank.com>
Subject: Emailing: Wain Letter to Central Bank 2 Pages 3.1.19

1

Your message is ready to be sent with the following file or link
attachments:

Wain Letter to Central Bank 2 Pages 3.1.19


Note: To protect against computer viruses, e-mail programs may prevent sending or receiving certain types of file
attachments.  Check your e-mail security settings to determine how attachments are handled.


---
This email has been checked for viruses by Avast antivirus software.
https://urldefense.proofpoint.com/v2/url?u=https-
3A__www.avast.com_antivirus&d=DwICAg&c=coXB8kHNY2ZZpwGCL--CrNRV82qSr1KEUrI5gxIYF6Q&r=-
aM_iOBAYXj4I0IqnDdJvkoYzo3kX5ygdbLw-
NNOgt8&m=4Z_BZjB97keK38hVgMc52oNcyxNipeo0RQKn8lKW8ps&s=-AH5-
Umlss2AiEUWlBZIldm8mpWg7WYzIpd4jxWh760&e=
NOTICE: This electronic mail transmission is for the use of the named individual or entity to which it is directed and may
contain information that is privileged or confidential. It is not to be transmitted to or received by anyone other than the
named addressee (or a person authorized to deliver it to the named addressee). It is not to be copied or forwarded to any
unauthorized persons. If you have received this electronic mail transmission in error, delete it from your system without
copying or forwarding it, and notify the sender of the error by replying via email or by calling Central Bancshares at (800)
637-6884, so that our address record can be corrected.



300 West Vine Street, Suite 2100
Lexington, KY 40507-1801
(859) 231-3000
Fax: (859) 253-1093
www.skofirm.com

RHONDA D. HOUSTON, PARALEGAL
859-231-3987
rhonda.houston@skofirm.com

**STOLL
KEENON
OGDEN**
PLLC

March 13, 2019

Mr. Douglas A. Wain
Ms. Elise Wain
2711 Barbados Lane
Lexington, Kentucky  40508

RE:   Central Bank & Trust Co. v. Douglas A. Wain and Elise Wain
Fayette Circuit Court, Civil Action No. 19-CI-00812
Central Bank Account #4388353000020385

Dear Mr. and Ms. Wain:

Enclosed please find a copy of the Complaint filed on behalf of our client, Central Bank & Trust Co. ("Central Bank"), in the above-referenced lawsuit.  Enclosed also please find the Agreed Judgment we have prepared outlining the payment terms Central Bank recently discussed with you.  If it meets with your approval, **please sign and return it to our office in the envelope provided within 7 days from the date of this letter**.  We will then sign and tender it to the Judge so the Court will be aware an agreement has been reached.

Your first payment under this agreement is due on or before March 20, 2019.  **Please direct your payments to Mr. Steve Hall, Central Bank & Trust Co., P. O. Box 1360, Lexington, Kentucky  40588**.  If you have any questions or wish to discuss this matter further, please contact attorney Gregory D. Pavey or me.  Your cooperation is greatly appreciated.

Very truly yours,

STOLL KEENON OGDEN PLLC

Rhonda D. Houston, Paralegal

Enclosures
cc:    Mr. Steve Hall, Central Bank;

**THIS IS A COMMUNICATION UNDER THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT.  STOLL KEENON OGDEN PLLC ("SKO") MAY BE DEEMED A DEBT COLLECTOR UNDER SAID ACT.  SKO IS ATTEMPTING TO COLLECT THE DEBT REFERRED TO HEREIN, OR COLLECT INFORMATION ABOUT THE CONSUMER-DEBTOR.  ANY INFORMATION OBTAINED BY SKO OR THE CREDITOR WILL BE USED FOR SUCH PURPOSES.**

```
ENTERED
ATTEST, VINCENT RIGGS, CLERK

JAN 20 2021

FAYETTE CIRCUIT CLERK
BY_____DEPUTY
```

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL BRANCH
NINTH DIVISION


CENTRAL BANK & TRUST CO.                                                PLAINTIFF


V.            **PARTIAL SUMMARY JUDGMENT,**            NO. 19-CI-00812
              **JUDGMENT ON THE PLEADINGS,**
              **AND ORDER OF SALE**


DOUGLAS A. WAIN;
ELISA WAIN; and DITECH
FINANCIAL LLC[1], successor by merger
to GREEN TREE SERVICING LLC                                          DEFENDANTS


                    ****    ****    ****    ****

THIS matter having been brought before the Court upon the motion of the Plaintiff, Central Bank & Trust Co. (hereinafter "Central Bank" or the "Bank"), for Partial Summary Judgment, Judgment on the Pleadings and Order of Sale (collectively the "Motion"), under Kentucky Civil Rules of Procedure 56 on the grounds, among others, that there is no genuine issue of material fact and it is entitled to judgment as a matter of law; the Court having conducted a hearing and heard arguments of counsel; and the Court being sufficiently advised and having thoroughly reviewed and considered the evidence, pleadings, papers and record herein, the Court finds, holds and rules as follows:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The following Defendants were each duly served with Summons according to law and service on each Defendant is approved:

---

[1] On May 1, 2020, Shannon O'Connell Egan and Nathan H. Blaske of Dinsmore & Shohl LLP, counsel for NewRez LLC d/b/a Shellpoint Mortgage Servicing ("NewRez"), assignee of Ditech Financial, LLC, successor by merger to Green Tree Servicing, LLC filed an entry of appearance, submitting NewRez to the jurisdiction of this Court.

1

| DEFENDANT | METHOD OF SERVICE | DATE SERVED | ANSWER FILED |
|---|---|---|---|
| Douglas A. Wain | Fayette Co. Constable | 03-26-19 | 04-19-19 and 12-04-19 |
| Elisa Wain | Fayette Co. Constable | 03-26-19 | 04-19-19 and 12-04-19 |
| Ditech Financial LLC, successor by merger to Green Tree Servicing, LLC | Certified Mail to Registered Agent | 11-18-19 | 12-02-19 |
| NewRez LLC d/b/a Shellpoint Mortgage Servicing, assignee of Ditech Financial, LLC, successor by merger to Green Tree Servicing, LLC | | | 05-01-20 (Entry of Appearance) |

Venue is proper as the real estate sought to be foreclosed lies within the Court's jurisdictional boundaries.

The Court finds that all necessary parties are properly before the Court and the Court has subject matter jurisdiction over the issues in this case.

Central Bank has met its burden of proof on its Motion and is entitled to judgment under Civil Rule 56 and an order of sale of the subject Property, as hereinafter defined, as herein awarded below.

## JUDGMENT

### IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

1.    The Motion of Plaintiff, Central Bank is sustained in its entirety.

2.    Central Bank is awarded Judgment *in personam* against the Defendants, Douglas A. Wain and Elisa Wain (collectively, the "Wains"), jointly and severally, in the amount of $358,412.72, with interest thereon at the variable rate provided by the subject equity line agreement from March 6, 2019 until paid (currently 3.25% per annum, $31.13 per diem), late charges and such other costs, expenses and damages, including collection expenses, incurred or to be incurred, and attorneys' fees in an amount to be determined by the Court (hereinafter referred to as the "Judgment Amounts").

2

3.    Securing the Judgment Amounts, Central Bank is adjudged to have a valid, enforceable, second mortgage lien on the certain real property described in the Complaint, Amended Complaint and the mortgage attached thereto as 2711 Barbados Lane, Lexington, Fayette County, Kentucky, which is more particularly described in **Exhibit A** attached hereto and incorporated herein by reference (the "Property"), which is only subject to the valid first mortgage lien of the Defendant, Ditech Financial, LLC ("Ditech"), successor by merger to Green Tree Servicing LLC, and/or its assignee, NewRez; and unpaid, delinquent *ad valorem* taxes, if any. Neither Ditech nor NewRez has filed or asserted a counterclaim or cross-claim in this action and neither party responded or disputed the Bank's Motion.

4.    The duties and obligations of the Wains under the Gold Equity Line Agreement and the Gold Equity Line Mortgage (attached as Exhibits "A" and "B," respectively, to the Bank's Amended Complaint) shall be fully enforced by this Judgment.

## ORDER OF SALE

5.    The Property is a single residential lot with improvements thereon that cannot be divided without materially impairing the value thereof or the interest of the parties thereto, and the Property shall be sold **AS IS, WITH FAULTS, WITHOUT WARRANTIES OF ANY KIND**, as a whole for the purpose of enforcing the Judgment and Central Bank's mortgage lien herein adjudged against the Property.

6.    The Property shall be immediately referred to the Master Commissioner of this Court for sale and shall be sold by the Master Commissioner upon the conditions set forth in RFCC 26(b)(4), which are incorporated herein by reference, and as follows:

A.    The Master Commissioner is authorized, ordered and directed to advertise and appraise the Property and to offer the Property and any improvements and fixtures thereon at public auction, on the _8th_ day of _February_, 2021, at or about the hour of ___N/A___, local time. The auction shall be held in person or, due to Covid-19, on-line on a secure, designated auction website open to the public.

3

B      The Property shall be sold as a whole to the highest bidder on terms of 10% of the purchase price paid at the time of the sale with the balance to be paid within thirty (30) days, and, pursuant to KRS 426.705, any purchaser shall be required to execute bond with surety thereon to be approved by the Master Commissioner to secure the unpaid portion of the purchase price, with the bond to bear interest at the rate the judgment bears (3.25% per annum) from date of sale until paid, and the bond shall have the same force and effect as a judgment and shall remain and be a lien on the Property until fully paid.

C.     The purchaser shall have the privilege of paying the entire purchase price in cash at time of sale or paying said bond before maturity by paying the principal amount thereof together with all interest accrued thereon until the date of said payment.

D.     Before making sale of the Property, the Master Commissioner shall advertise the aforesaid time, terms and on-line location of the sale, together with a description of the Property to be sold, approximately 7 to 21 days prior to the date of sale by inserting an advertisement in a newspaper having general circulation in Fayette County.

E.     Before making sale of the Property, the Master Commissioner shall have the Property appraised by two intelligent disinterested housekeepers of Fayette County, Kentucky, not related to any of the parties of this action.  The appraisers shall be sworn by the Master Commissioner before making such appraisal and they shall return their appraisals in writing to the Master Commissioner, same to be a part of the record in this case.

F.     The Master Commissioner shall, after making said sale, report same to this Court for further action herein.

G.     In the event the purchaser of the Property fails to comply with the above terms of sale, then in such event the Master Commissioner shall immediately resell the Property upon further order of this Court, upon the same terms and conditions as hereinabove set forth.

4

H.      The purchaser at the Master Commissioner's sale shall take the Property free and clear of the claims of the parties to this action and all existing liens recorded after the recording of Central Bank's Lis Pendens Notice, but subject to the following:

(1)     Current year real estate taxes affecting the Property for which the purchaser shall take no credit on the purchase;

(2)     Easements, restrictions and stipulations of record;

(3)     Any matters that would be disclosed by an accurate survey or inspection of each of the Properties; and

(4)     Any current assessments for public improvements levied against the Property.

I.      In the event Central Bank purchases the Property, subparagraphs (B) and (C) of this paragraph shall not apply; provided, however, if Central Bank's bid exceeds its judgment amount, Central Bank will be required to pay the difference in full or provide deposit and pay interest until paid.

7.      The Master Commissioner, the Court, and Central Bank shall not be deemed to warrant title of the Property to the purchaser.

8.      Risk of loss shall pass to the successful bidder upon acceptance by the Master Commissioner of the final bid.  The successful bidder/purchaser shall have an insurable interest in the purchased property immediately upon acceptance by the Master Commissioner of the final bid for the Property.

9.      There are currently no delinquent *ad valorem* taxes due on the Property and therefore the proceeds of the sale shall be applied in the following order of priority:

A.      The Master Commissioner's costs and fees;

B.      The satisfaction of the mortgage lien of Ditech Financial, LLC, successor by merger to Green Tree Servicing, LLC, and/or its assignee, NewRez LLC d/b/a Shellpoint

5

Mortgage Servicing, which is required to obtain Judgment herein prior to its obtaining any proceeds;

C.    The satisfaction of Central Bank's mortgage lien as adjudicated herein, including reimbursement for its costs, expenses and attorneys' fees as set forth herein; and

D.    Any remaining proceeds of the sale shall be held by the Master Commissioner until further order of this Court for distribution to the Defendants as their interests may appear.

10.    In the event the Property sells for less than the Judgment Amounts awarded to Central Bank herein, after payment of court costs, and fees, expenses, and costs of sale, the Defendants, Douglas A. Wain and Elisa Wain, shall be jointly and severally liable to Central Bank for any deficiency amount(s) which may remain after the sale of the Property and application of the net sale proceeds due to Central Bank.

11.    Jurisdiction is retained for such further orders and proceedings as may be necessary, including but not limited to, a determination of reasonable attorney's fees under numerical paragraph 3 of this Judgment and, with respect to future attorneys' fees, expenses and costs incurred during the post-judgment process, including any appeal of this Judgment, Central Bank may apply for additional fees, expenses and costs as may be incurred in the future upon proper application to the Court related to the enforcement, collection and preservation of this Judgment on appeal.  Further, the Wains have asserted a counterclaim that may be pursued separately from Central Bank's claims, as set forth in the Bank's motion and memorandum of law.

12.    This is a final and appealable Judgment, and there is no just cause for the delay in the entry thereof.

13.     Pursuant to CR 77.04, the Circuit Court Clerk shall serve notice of the entry of this

Judgment and Order of Sale.

DATED this __19__ day of ___Jan.___, 2021.

/S/ KIMBERLY N. BUNNELL
A TRUE COPY
ATTEST, VINCENT RIGGS, CLERK
FAYETTE CIRCUIT COURT

_____
JUDGE, FAYETTE CIRCUIT COURT

**TO BE ENTERED:**

STOLL KEENON OGDEN PLLC
300 W. Vine Street, Suite 2100
Lexington, Kentucky  40507
Phone:  (859) 231-3000

By: _____
GREGORY D. PAVEY
ATTORNEYS FOR CENTRAL BANK

**HAVE SEEN AND APPROVED:**

/s/ JAMES H. FRAZIER, III
_____
HON. JAMES H. FRAZIER, III
MASTER COMMISSIONER,
FAYETTE CIRCUIT COURT

**CLERK'S CERTIFICATE OF SERVICE**

This is to certify that a true copy of the foregoing was duly served by mail this __20__ day
of ___Jan___, 2021, to:

James H. Frazier, III, Esq.
201 E. Main Street, Suite 770
Lexington, Kentucky  40507
MASTER COMMISSIONER

Gregory D. Pavey, Esq.
STOLL KEENON OGDEN PLLC
300 W. Vine Street, Suite 2100
Lexington, Kentucky  40507
ATTORNEYS FOR CENTRAL BANK

7

David W. Hemminger, Esq.
HEMMINGER LAW OFFICE, PSC
331 Townepark Circle, Suite 100-C
Louisville, Kentucky 40243
hemmingerlawoffice@gmail.com
ATTORNEY FOR DOUGLAS & ELISA WAIN


Paul M. Nalepka, Esq.
REISENFELD & ASSOCIATES LLC
3962 Red Bank Road
Cincinnati, OH 45227
KYE-Notifications@rslegal.com
ATTORNEYS FOR DITECH FINANCIAL, LLC,

Shannon O'Connell Egan
Nathan H. Blaske
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Shannon.Egan@dinsmore.com
Nathan.Blaske@dinsmore.com
ATTORNEYS FOR NEWREZ LLC d/b/a
SHELLPOINT MORTGAGE SERVICING,
ASSIGNEE OF DITECH FINANCIAL, LLC

Vincent Riggs

_____
CLERK, FAYETTE CIRCUIT COURT

rdh/ 100443.163845
Doc#8403596.4

8

## PROPERTY DESCRIPTION

Being all of Lot No. 17, Unit 1, of the Greenbriar Estates Subdivision, to the City of Lexington, Fayette County, Kentucky as shown by map or plat thereof of record in Plat Cabinet A, Slide 7, in the office of the Fayette County Clerk; said premises being known and designated as 2711 Barbados Lane, Lexington, Kentucky; and

Being the same property conveyed to Douglas A. Wain and Elisa Wain, husband and wife, by deed dated March 26, 1991 of record in Deed Book 1580, Page 347, in the office of the Fayette County Clerk.

**Parcel No. 22739900**

# EXHIBIT A

**EXHIBIT I**

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL BRANCH
NINTH DIVISION

CENTRAL BANK & TRUST CO.                                            PLAINTIFF

V.          ORDER CONFIRMING REPORT OF          NO. 19-CI-00812
            SALE, FOR DELIVERY OF DEED AND
            PARTIAL DISTRIBUTION OF PROCEEDS

DOUGLAS A. WAIN;
ELISA WAIN; and DITECH
FINANCIAL LLC[1], successor by merger                              DEFENDANTS
to GREEN TREE SERVICING LLC

> ENTERED
> ATTEST, VINCENT RIGGS, CLERK
> MAR 12 2021
> FAYETTE CIRCUIT CLERK
> BY ___ DEPUTY

\*\*\*\*    \*\*\*\*    \*\*\*\*

This cause having been heard upon the Motion of the Plaintiff, Central Bank & Trust Co.

(hereinafter "Central Bank"), and the Court being sufficiently advised and having considered the

same;

It is hereby ORDERED as follows:

1.      The Master Commissioner of the Fayette Circuit Court is hereby directed to

deliver a Deed conveying fee simple title in the subject real property known as 2711 Barbados

Lane, Lexington, Fayette County, Kentucky, a description of which is attached hereto as Exhibit

A, to Pavel Moskvich, the purchaser of said property, who has paid the Master Commissioner

the full purchase price.

2.      The Master Commissioner is hereby directed to disburse his costs and fees from

the sale proceeds as follows:

---

[1] On May 1, 2020, Shannon O'Connell Egan and Nathan H. Blaske of Dinsmore & Shohl LLP, counsel for NewRez LLC d/b/a Shellpoint Mortgage Servicing ("NewRez"), assignee of Ditech Financial, LLC, successor by merger to Green Tree Servicing, LLC, filed an entry of appearance, submitting NewRez to the jurisdiction of this Court. NewRez has filed a Motion to be substituted for Ditech Financial, LLC.

|  |  |  | $630,003.00 |
|---|---|---|---|
| | Master Commissioner | | |
| (a) | Fees | | |
| (b) | Appraisal | $ 5,000.00 | |
| (c) | Advertising | 350.00 | |
| (d) | Auctioneer Fee | 57.52 | |
| (e) | Report Fee: | 20,000.00 | |
| (f) | Deed Fee: | 50.00 | |
| (g) | Copies: | 50.00 | |
| (h) | Postage: | 7.00 | |
| | Less Deposit Paid by Plaintiff | 3.06 | |
| | Net due Master Commissioner | <    550.00> | |
| | | $24,967.58 | |

Balance to be held by the Master Commissioner
until further Order of the Court

< 24,967.58>
$605,035.42

3.    It is further ordered that the Defendants, Douglas A. Wain and Elisa Wain, and/or any current occupant, shall vacate the Property within 14 days from March 5, 2021. Defendants/occupants shall not remove any fixtures or improvements to the Property as they are part of the mortgaged Property. ~~In the event the Defendants/occupants fail to vacate the Property as ordered, the Sheriff shall forthwith remove the Defendants/occupants from the Property without further order of the Court.~~ If the Defendants/occupants fail or refuse to vacate the Property as ordered, or if the Defendants/occupants remove any fixtures or improvements from the Property, they shall be subject to contempt of Court proceedings and damages.

4.    The liens or interests of the parties hereto, and their successors in interest, and any *pendente lite* lienholder or claimant, existing against the Property herein are hereby released and discharged; provided, however, the mortgage liens of Central Bank and NewRez LLC d/b/a Shellpoint Mortgage Servicing, assignee of Ditech Financial LLC, shall attach to the sale proceeds held by the Master Commissioner in the same priority order of the original mortgage liens of each lender.

DATED this 12 day of _____March_____, 2021.

_____
JUDGE, FAYETTE CIRCUIT COURT



**HAVE SEEN AND APPROVED:**

JAMES H. FRAZIER III,
MASTER COMMISSIONER
FAYETTE CIRCUIT COURT

**TENDERED BY:**

STOLL KEENON OGDEN PLLC
300 W. Vine Street, Suite 2100
Lexington, Kentucky 40507
(859) 231-3000

BY: _____
GREGORY D. PAVEY, KBA 81049
ATTORNEYS FOR CENTRAL BANK

**HAVE SEEN:**

David W. Hemminger by permission GDP
DAVID W. HEMMINGER
ATTORNEY FOR DOUGLAS A. WAIN
AND ELISA WAIN

Shannon O'Connell Egan by permission GDP
SHANNON O'CONNELL EGAN
ATTORNEY FOR NEWREZ LLC d/b/a
SHELLPOINT MORTGAGE SERVICING,

## CLERK'S CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing was served by mail this _12_ day of
_March_, 2021 to:

James H. Frazier, III, Esq.
201 E. Main Street, Suite 770
Lexington, Kentucky 40507
MASTER COMMISSIONER

Gregory D. Pavey, Esq.
STOLL KEENON OGDEN PLLC
300 W. Vine Street, Suite 2100
Lexington, Kentucky 40507
ATTORNEYS FOR CENTRAL BANK

EXHIBIT J

---

## EXHIBIT A

---

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

In re: DOUGLAS A. WAIN and ELISA WAIN
Case No. 1:24-bk-11814-MB | Chapter 13
DOUGLAS A. WAIN and ELISA WAIN v. CENTRAL BANK & TRUST CO.
Adv. No. 1:25-ap-01026-MB

**VERBATIM TRANSCRIPT OF PROCEEDINGS**
Fayette County Circuit Court, Lexington, Kentucky
Case No. 19-CI-00812
Central Bank & Trust Co. v. Wain
Hearing Date:  August 25, 2023
Presiding:  The Honorable Kimberly N. Bunnell
Chief Regional Circuit Judge, 22nd Judicial Circuit, Division 9

---

**VERBATIM TRANSCRIPTION NOTICE:**  The following is a verbatim reproduction of the transcription produced by TurboScribe.ai from the original video recording of the August 25, 2023 hearing. The text is reproduced exactly as generated by TurboScribe.ai, including all original punctuation, capitalization, incomplete sentences, and transcription artifacts, without correction, editing, or modification of any kind. Speaker identifications have been added editorially for clarity based on the appearances of record. All transcription artifacts are noted where they appear. The original video recording is maintained by Plaintiffs and is available for inspection upon request.

---

**RELEVANCE TO RULE 3007 MOTION:**  This transcript contains adverse-party admissions by CBT's own counsel directly material to disallowance of CBT's $357,990.91 proof of claim: (1) CBT's counsel described CBT's situation as being "crowding us out on proceeds" — a lien priority characterization, not a deficiency claim [see Artifact Note 4]; (2) the presiding judge agreed that CBT is entitled only to what is "left over after we get paid in full" and overruled CBT's motion in its entirety; and (3) U.S. Bank's counsel confirmed the underlying loan was current at the time CBT initiated the foreclosure. Submitted under FRE 801(d)(2) as statements of a party-opponent.

---

Submitted by: Douglas A. Wain and Elisa Wain, Pro Per
P.O. Box 7473, Westlake Village, CA 91359 | Date Filed: February 26, 2026

## TRANSCRIPTION ARTIFACT NOTES

The following artifacts appear in the TurboScribe.ai verbatim output and are noted for the Court's reference. The original video recording is available to confirm the actual spoken words in each instance:

[Artifact Note 1] "Crystal for Central Bank" — TurboScribe mishearing of "Chris Colson for Central Bank." Colson is identified throughout the transcript and in the Appearances section.

[Artifact Note 2] "Dave Imager for the Wayne's" — TurboScribe mishearing of "Dave Hemminger for the Wains." "Wayne's" and "Waynes" throughout are TurboScribe renderings of "Wains."

[Artifact Note 3] "Mr. Hibbinger" — TurboScribe mishearing of "Mr. Hemminger."

[Artifact Note 4] "we're being crapped out on proceeds" — TurboScribe mishearing of "we're being crowded out on proceeds." This is the key admission by CBT's counsel describing CBT being displaced by U.S. Bank's senior lien priority. The original video recording will confirm the actual words spoken.

[Artifact Note 5] "I do not believe that life is a plus" — TurboScribe mishearing of "I do not believe that laches applies."

[Artifact Note 6] "our gross claim" — TurboScribe mishearing of "our cross-claim."

---

## APPEARANCES

**THE COURT:** The Honorable Kimberly N. Bunnell, Chief Regional Circuit Judge, 22nd Judicial Circuit, Division 9, Fayette County, Kentucky

**FOR PLAINTIFF—CENTRAL BANK & TRUST CO.:** Chris Colson, Counsel
**FOR DEFENDANT/CROSS-CLAIMANT—U.S. BANK:** Shannon Egan, Counsel
**FOR DEFENDANTS—DOUGLAS A. WAIN AND ELISA WAIN:** Dave Hemminger, Counsel

---

## BEGIN VERBATIM TRANSCRIPTION

**Transcribed by TurboScribe.ai — reproduced verbatim without modification**
2023-08-25 08.53.57.410 (4)
*Transcribed by TurboScribe.ai. Go Unlimited to remove this message.*

## PROCEEDINGS

**THE COURT** (Judge Kimberly N. Bunnell): Hey guys. Good morning Your Honor. Okay, let's see here.

**THE COURT** (Judge Kimberly N. Bunnell): Why don't everybody identify themselves for the record and tell me who you represent.

**COLSON** (Chris Colson, Counsel for Central Bank & Trust Co.): Crystal for Central Bank.
*[Artifact Note 1: TurboScribe mishearing of "Chris Colson for Central Bank"]*

**THE COURT** (Judge Kimberly N. Bunnell): Central Bank, hang on one second.

**THE COURT** (Judge Kimberly N. Bunnell): Good. Okay, thank you.

**EGAN** (Shannon Egan, Counsel for U.S. Bank):  Shannon Egan for the Defendant Cross-Claimant U.S. Bank.

**EGAN** (Shannon Egan, Counsel for U.S. Bank):  Substituted Defendant.

**THE COURT** (Judge Kimberly N. Bunnell):  Gotcha. Thank you.

**HEMMINGER** (Dave Hemminger, Counsel for Douglas A. Wain and Elisa Wain):  Dave Imager for the Wayne's, Your Honor.

*[Artifact Note 2: TurboScribe mishearing of "Dave Hemminger for the Wains"]*

**THE COURT** (Judge Kimberly N. Bunnell):  Thank you. Okay.

**THE COURT** (Judge Kimberly N. Bunnell):  Mr. Colson, I'm going to give you a chance to talk to me in reply to the Wayne's response. This is the one where he's basically telling me all the different reasons not to do this. So, is the response to my motion... Oh, let me also be to the cross-claimant.

**COLSON** (Chris Colson, Counsel for Central Bank & Trust Co.):  Maybe speak to the cross-claimant. Sorry. He did for the cross-claimant.

**EGAN** (Shannon Egan, Counsel for U.S. Bank):  I'm sorry. Sorry about that. Yes, ma'am.

**EGAN** (Shannon Egan, Counsel for U.S. Bank):  So, what we have, Your Honor, is a motion for summary judgment on our claim on the note and for distribution of the proceeds to my client as the first lien holder.

**THE COURT** (Judge Kimberly N. Bunnell):  Oh, I understand all that. So, why don't you talk to me about why he's... Yeah.

**EGAN** (Shannon Egan, Counsel for U.S. Bank):  So, first of all, the Wayne's asked for more... More time. Well, on one hand saying that we have delayed. They, on the other hand, asked for more time to do discovery on the issue of standing. But today I brought the original blank endorsed note along with the original mortgage. That, in and of itself shows that we have standing to proceed on our foreclosure claim.

**THE COURT** (Judge Kimberly N. Bunnell):  Okay.

**THE COURT** (Judge Kimberly N. Bunnell):  May I show you? Yeah, please.

**THE COURT** (Judge Kimberly N. Bunnell):  Okay. Thank you.

**THE COURT** (Judge Kimberly N. Bunnell):  Now, were you able to send him a copy of this?

**EGAN** (Shannon Egan, Counsel for U.S. Bank):  Those have been authenticated by my client's affidavit and supported the motion for summary judgment. Okay. And just for the record, I filed my motion July 3rd and got the responses just two days ago. So, I didn't really have a chance to formally respond to them.

**THE COURT** (Judge Kimberly N. Bunnell):  Okay. Alright. I'm going to hand these back to you so I don't get things mixed up with my stuff and they'll disappear forever. Thank you. So, because we have... And so, I do agree. I do think that the record is clear that you all do have standing. Thank you. Wayne's next argument is that somehow my client's predecessor in interest violated the federal moratorium on foreclosures. And I have to admit that every time I see that I go, ooh, let's make sure we didn't violate the feds because they get serious.

**EGAN** (Shannon Egan, Counsel for U.S. Bank):  Well, the thing is, Your Honor, you've already looked at that issue and rejected that argument.

**THE COURT** (Judge Kimberly N. Bunnell):  How long ago did I do that?

**EGAN** (Shannon Egan, Counsel for U.S. Bank):  There is an order from March of 21.

**THE COURT** (Judge Kimberly N. Bunnell):  Thank you. Okay. Please hold.

**EGAN** (Shannon Egan, Counsel for U.S. Bank):  In which you determined that the property was vacant for the purposes... Oh, and that's right. It didn't qualify. Correct. And so, that issue is gone. That's... Your paroling is the law of the case. And so, the Waynes are not entitled to use that again to defend against the summary judgment.

**THE COURT** (Judge Kimberly N. Bunnell):  Was that issue part of the appeal that went up?

**EGAN** (Shannon Egan, Counsel for U.S. Bank):  No. That was completely different. No, that was between Central Bank and the Waynes.

**THE COURT** (Judge Kimberly N. Bunnell):  Okay. So, that one wasn't included in that. But I do... I'm looking back at my notes and the court record and yes, that is correct. So, I'll deny that argument.

**COLSON** (Chris Colson, Counsel for Central Bank & Trust Co.):  All right. Going to number three, please. And I believe that that's it. There were three arguments... Oh, he argues latches. He wants to fill in equity.

**THE COURT** (Judge Kimberly N. Bunnell):  Equity says I can like come in and do the right thing, right?

**EGAN** (Shannon Egan, Counsel for U.S. Bank):  First of all, I don't know how that argument benefits the Waynes because this money sitting in a pot with the master commissioner from the sale is going to go to our clients regardless of what the Waynes argue. The second thing is they're, you know, they argue for more time for discovery but also argue latches which is completely disingenuous. And third, you know, the argument that my client delayed in this case is belied by the fact that there was an appeal between the Waynes and Central Bank. This loan didn't even go into default until after Central Bank filed this foreclosure. So, backing up a little bit, Ditech was the mortgagee of record when this case was filed on my client's note of mortgage. At that time, the loan was current. It became delinquent. Shell Point got the note of mortgage. We filed a motion to substitute in and to file a cross-claim foreclosure. You granted that after over the Waynes' objection. We filed an answer and a cross-claim. We engaged in discovery with the Waynes until the end of 2021. During that time, their judgment was in on appeal. And so, nobody was doing anything at that time, least of all us were sitting back watching them duke it out over your judgment on Central Bank's loan. So, I don't know how we could have unreasonably delayed to the Waynes' detriment.

**THE COURT** (Judge Kimberly N. Bunnell):  Alright, Mr. Hibbinger.

*[Artifact Note 3: TurboScribe mishearing of "Mr. Hemminger"]*

**HEMMINGER** (Dave Hemminger, Counsel for Douglas A. Wain and Elisa Wain):  Your Honor, I would argue on the delay issue that the delays in this case had nothing to do with the Waynes. We filed an appeal, but we filed no supersedence bond. All of this could have been done two years ago. So, what we want is a little more time to determine who is now this third entity that's trying to say they have rights under the mortgage. We want to do some discovery on that issue. Any delay prior to this is not our fault. I don't understand why this wasn't done long ago. As I said, we filed an appeal, but there was nothing preventing either New Rez at the time or now U.S. Bank or CBT

from executing on this judgment and obtaining the monies that are now with the Master Commission.

**HEMMINGER** (Dave Hemminger, Counsel for Douglas A. Wain and Elisa Wain): I made the argument on the moratorium. You did deny that at one point, Judge. I just needed to preserve it. So, I understand your ruling, and I would ask that we have some time to complete discovery on the entity that's now claiming entitlement to this mortgage.

**THE COURT** (Judge Kimberly N. Bunnell): I am not going to exercise my authority under equity. I do not believe that life is a plus, and I don't believe there's any need for additional discovery.

*[Artifact Note 5: TurboScribe mishearing of "laches applies"]*

**THE COURT** (Judge Kimberly N. Bunnell): And so, in terms of the date that we're going to use now for fees and interest and all that stuff, you're still wanting me to go back to what date?

**COLSON** (Chris Colson, Counsel for Central Bank & Trust Co.): Well, I think once the home is sold, two years after we file a lawsuit in March of 2021, I think two years of litigation was within enough for the first mortgage holder, I'll call it, for them or their successor entities to have gone ahead and moved for this motion for judgment.

**THE COURT** (Judge Kimberly N. Bunnell): But had they done that, and if the appeal was pending, I wouldn't have done that, though, would I? I think so. You think so? The appeal would have scared me. You know, I wouldn't have done it. I'm going to jump into your body and make the decisions for you. It's scary in there.

**EGAN** (Shannon Egan, Counsel for U.S. Bank): The issues on appeal with us were obviously different than what they have with the first mortgage holder. So I don't know what you would have done, but our appeal did not prevent them from proceeding on their claim.

**THE COURT** (Judge Kimberly N. Bunnell): I completely disagree. And I don't want to put myself in your body either. However, I do believe that you would have denied any request to go forward because the appeal was pending. And not only that, but we didn't even get in the case until March of 2021 on our gross claim. And at the end of 2021, we were still doing discovery with the Wayne's. So, you know, in my view, Central Bank could have filed a motion to distribute at any time after the appeal was done, and they waited. They sat on their judgment.

*[Artifact Note 6: "our gross claim" — TurboScribe mishearing of "our cross-claim"]*

**EGAN** (Shannon Egan, Counsel for U.S. Bank): Not only that, but the judgment itself finds my claim in first lien position and it says the proceeds shall be distributed first to the manager commissioner and then taxes and then to the client as the successor. And they don't disagree with that. Should have been done.

**COLSON** (Chris Colson, Counsel for Central Bank & Trust Co.): The question in this case, Judge, one I want to counter. The first mortgage holder has been involved the entire time since 2019. Ben's more, I think, has been involved since early 2020 when I looked back at the record. I hope I'm saying that, but it's been very close to time that they have been involved in this. They were involved for many months before we ultimately got our judgment. They've been involved ever since. They were counsel of record. I know that the note was assigned. They were still counsel of record after that. They didn't withdraw, to my knowledge. They finally moved to for an interim appearance. But their current client, U.S. Bank, has had the assignment of this note since May 17, 2022. They purchased a note where the home, and that's in their response and they've attached it

Page **5** of 10

as well with their interim appearance in May when they were the SB substitute. For 15 months, this new first mortgage holder has held this note and done nothing where there's not even a home there to secure their note. They just sat there and let interest accrue. We're talking tens of thousands of dollars a year. You go back all the way to March of 2021, we're talking $450,000 depending on whatever the principal amount is and how that works and compounding. It's not an insignificant amount.

**THE COURT** (Judge Kimberly N. Bunnell):  The question is, we're now over four years past where we all see... Is it November the 7th, 2022 is when the appeal was filed? Do you have that date in front of you someplace?

**COLSON** (Chris Colson, Counsel for Central Bank & Trust Co.):  That sounds right to me, Judge. I don't have it in front of me, but it's very close.

**THE COURT** (Judge Kimberly N. Bunnell):  If we say that that is the starting date when somebody could have... I'm sorry, say it again? The 4th. May have been stamped later. There could have been a motion filed that I probably would have been more receptive to hearing. I can't tell you going back in time for sure what I would have done. I don't know. Usually when something's pending, I'm like, let's wait and see if we're starting over again or not and how it's going to happen. I'm going to sustain the motion for the distribution of funds.


## ► KEY ADMISSION — INTEREST DATE ARBITRARILY SELECTED: Paragraphs below reproduced verbatim


**THE COURT** (Judge Kimberly N. Bunnell):  I'm going to use the date of January 1, 2023 as the date to be awarded interest forward. Am I acknowledging that I am randomly picking that date? That is correct. However, it is based upon that appeal date and then having a little bit of time for there to have been some kind of action. That's the date I'm picking.

**COLSON** (Chris Colson, Counsel for Central Bank & Trust Co.):  When you say interest forward, what does that mean? Somebody's asked for interest, right?

**THE COURT** (Judge Kimberly N. Bunnell):  I'm saying we're not going all the way back to March 12, 2021.

**COLSON** (Chris Colson, Counsel for Central Bank & Trust Co.):  My request was to cut off interest running.

**THE COURT** (Judge Kimberly N. Bunnell):  Maybe I've not said it right then.

**COLSON** (Chris Colson, Counsel for Central Bank & Trust Co.):  I'm sorry. They had a $324,000 principal along with some other... I'm sorry. I was thinking the other way around. ...which would have incurred 5.875% interest that entire time. We were saying it's unfair for, according to their papers, the way it's been a default all the way. They had multiple modification agreements and then they never did anything. We're saying that's an unreasonable delay and we wanted to cut that interest off because that is crowding us out on proceeds here.

**EGAN** (Shannon Egan, Counsel for U.S. Bank):  First of all, I want to go back. I hope that there is not an allegation that I personally delayed this matter.

**THE COURT** (Judge Kimberly N. Bunnell):  I heard the word stands more has been in this case. There has been some involvement by you guys.

**EGAN** (Shannon Egan, Counsel for U.S. Bank): I don't think there was an attribution of fault against you personally. I didn't make sure. The loan has been transferred twice since the case was filed. The loan didn't go into default until after the case was filed. I don't think that there's any precedent to allow Central Bank no dispute a second lien holder to jump over my client for the interest, especially when there's already a judgment that says we get the interest first or that says we get paid first.

**THE COURT** (Judge Kimberly N. Bunnell): I'm just trying to check my dates again because I had completely forgotten since the last time we had spoken. It still didn't click in my head until you just reminded me that I was going the other direction. I was trying to go post-judgment. We don't even have a judgment yet.

**EGAN** (Shannon Egan, Counsel for U.S. Bank): I understand.

**THE COURT** (Judge Kimberly N. Bunnell): We're in equity here as we know. The question in this case is was there an unreasonable delay or was it reasonable? If it was unreasonable, we have to prove prejudice. I guess that's what I was trying to... In terms of, once again, kind of using the word fault, I don't think that that delay would have happened until I wouldn't have considered a delay until after the Court of Appeals. That's what I was trying to say, but I don't know that I'm saying that correctly. If we delayed it, would it have started when the judgment was affirmed is what I think. That's what I'm trying to say, yes. I don't think a delay would have happened until after then. Therefore, it doesn't seem like I should penalize them with the extra interest during that time.

**COLSON** (Chris Colson, Counsel for Central Bank & Trust Co.): I just want to put on the record that from our perspective when this was filed, I think it was originally filed in March of 19, there were some amendments in November. But they could have. There's two years before we got our judgment in this case in March of 2021. Then that kicked off the appeal. It's our position that that was more than enough time to obtain the judgment that they're asking for today. Now we're two years past that date. Not more than that, but more than two years past that date. I just want to put that out there.

**THE COURT** (Judge Kimberly N. Bunnell): I think the record's very clear that's your position, but I'm going to deny that. Do I need to rule in anything else in so I can get an order done then? I've got motions for distribution, yes. Motion for summary, yes. That is and order of sale. That's the cross claims. Have I missed something?

**EGAN** (Shannon Egan, Counsel for U.S. Bank): Just the interest.

**THE COURT** (Judge Kimberly N. Bunnell): I've just ruled that I do not believe that you all... I still haven't gone backwards in my head about the interest time. I guess to talk through...

**EGAN** (Shannon Egan, Counsel for U.S. Bank): I'm sorry, go ahead.

**THE COURT** (Judge Kimberly N. Bunnell): Interest was appropriate all the way up until January 1, 2023 for the first mortgage holder. The appeal was resolved and within a couple months of that January 1, 2023, you thought they should have taken some action or could have.

**EGAN** (Shannon Egan, Counsel for U.S. Bank): I mean, should have? If we're doing that, then does it cut off when we file the motion to substitute U.S. banking or are we going all the way until today?

**THE COURT** (Judge Kimberly N. Bunnell): I think it's until today. I think that from the moment of the appeal all the way forward you all could have... except you did. There's also two weeks in

here after we filed the motion for summary judgment that this hearing was kicked out because of requests that were not met. That's why I did a month just in terms of I know it takes a little bit of time to get something happening.

**EGAN** (Shannon Egan, Counsel for U.S. Bank):  There's two people on interest running and so whose interests are being cut off? We just... Is the interest being split when you say two people with interest?

**EGAN** (Shannon Egan, Counsel for U.S. Bank):  No, we both have loans. I've got the first, he's got the second. So they're both running. And there's interest on that one and interest on that one. Right. So we're asking for interest until we get paid off, which hopefully will be soon because you've granted our judgment and the funds are sitting there. And then anything left over is going to go to...

**THE COURT** (Judge Kimberly N. Bunnell):  And you're asking them to the point of sale. Well, or until the judgment. See, yours is the difficult one.


## ► KEY ADMISSION — CBT LITIGATING AS SUBORDINATE LIEN HOLDER; MOTION OVERRULED IN ENTIRETY: Paragraphs below reproduced verbatim

**COLSON** (Chris Colson, Counsel for Central Bank & Trust Co.):  Well, we're being crapped out on proceeds that we think should have been that money should have been there for us.

> *[Artifact Note 4: "we're being crapped out on proceeds" — TurboScribe mishearing of "we're being crowded out on proceeds." This is the key admission by CBT's counsel describing CBT being displaced by U.S. Bank's senior lien priority. The original video recording will confirm the actual words spoken.*

**THE COURT** (Judge Kimberly N. Bunnell):  I know, but nobody did anything. I mean, no one. All you had to do was come to court and go two years ago and say, hey, let's make them do that do what you're doing right now. And for whatever... I know, and once again... I know, but if you want your money that's what people do all the time. They come to court and they go, alright, it's dying out there. Let's move it along. I'm not attacking you personally either because I know you would have done it. You wouldn't have laid back and wait for her to do something.

**THE COURT** (Judge Kimberly N. Bunnell):  Is there a time period without asking for the whole thing that would make sense for your plan B argument?

**COLSON** (Chris Colson, Counsel for Central Bank & Trust Co.):  This is the plan B argument.

**THE COURT** (Judge Kimberly N. Bunnell):  Okay, let's go to C. I mean, so you're saying should you at least get it from blank to blank, even though you think it really should be longer?

**COLSON** (Chris Colson, Counsel for Central Bank & Trust Co.):  Yeah, I mean, the original was I originally thought it's like two years to foreclosure. I know. I'm like, how do you... so that's why I picked it. I mean, we could have gone back further than that.

**THE COURT** (Judge Kimberly N. Bunnell):  Could you have got their judgment within six months?

**COLSON** (Chris Colson, Counsel for Central Bank & Trust Co.):  Yes. I mean, we're talking in 2019. I know there's litigation, but ultimately there was nothing there.

**THE COURT** (Judge Kimberly N. Bunnell): I think the court pretty well swatted it away today. I don't think that was very difficult. So could that have been decided in 2019? I think so. 2020, I think so. Ultimately, we got it in 2021. So that was my generous, easy day was in 2021. I mean, we could pick other days.

**COLSON** (Chris Colson, Counsel for Central Bank & Trust Co.): You could say May 17, 2022, their client was assigned this U.S. bank. The third person kind of signed the note. They hadn't done anything until over a year later. So May 17 is the day for me. I still like my March 21st day the best, but we can keep picking days. Again, I think two years is for me the most reasonable. That would be from 2019?

**THE COURT** (Judge Kimberly N. Bunnell): No.

**COLSON** (Chris Colson, Counsel for Central Bank & Trust Co.): Yeah, from March 2019, I think is when this was filed, to March 2021. I think two years to get a judgment in order to sale for a mortgage holder. I think that's enough. That's why we said the rest of the time is unreasonable. The loan wasn't even a default.

**EGAN** (Shannon Egan, Counsel for U.S. Bank): And can I also point out that it took Central two years to get their judgment. So, come on. And you've already noted that you wouldn't have done anything on this had they filed a motion to distribute during the appeal. So, I don't know why we're even going back two years from then.

**THE COURT** (Judge Kimberly N. Bunnell): Yeah, I'm going to deny the interest during that time period. And I just promise. So, that will be... Yeah, I mean... It's kind of like motions to compel. So, there was nothing in front of me to say, let's move this along. Let's get some deadlines. Let's make it happen. Anybody can do that. I'm getting ready to have a case here in just a minute. Ms. Brooks about motions to compel and making me do stuff and getting y'all, making y'all do things. And so, same thing for you guys. Nobody did that. And so, had that happened, then I could have been like, oh yeah, they drove their feet. Equity says you've got to get your interest. But that's not what happened.

**THE COURT** (Judge Kimberly N. Bunnell): So, you think they should get none?

**EGAN** (Shannon Egan, Counsel for U.S. Bank): No, they'll get what they get that's left over after we get paid in full. They know they're the second lien holder.

**THE COURT** (Judge Kimberly N. Bunnell): I agree.

**EGAN** (Shannon Egan, Counsel for U.S. Bank): They subordinated to us.

**THE COURT** (Judge Kimberly N. Bunnell): Mr. Colson, I'm going to have to agree with her on this one. So, sorry. Please submit an order, guys.

**COLSON** (Chris Colson, Counsel for Central Bank & Trust Co.): Alright, so...

**COLSON** (Chris Colson, Counsel for Central Bank & Trust Co.): So, my motion in its entirety for reduction of interest is overruled?

**THE COURT** (Judge Kimberly N. Bunnell): Correct.

**<u>CLOSE OF PROCEEDINGS — verbatim</u>**

**EGAN** (Shannon Egan, Counsel for U.S. Bank):  And so, your honor, just to clarify, the order would be granting my motion for summary judgment, granting his motion to distribute the funds, not the interest part.

**THE COURT** (Judge Kimberly N. Bunnell):  Correct.

**EGAN** (Shannon Egan, Counsel for U.S. Bank):  And then I would need to get a payoff to the master commissioner.

**THE COURT** (Judge Kimberly N. Bunnell):  Correct. There doesn't need to be a separate order to the master commissioner to release the funds. Should not be. Okay. I mean, if y'all want to keep it cleaner and do your distribution order separately, that's fine. But I don't know that you have to.

**EGAN** (Shannon Egan, Counsel for U.S. Bank):  I want to do the fastest thing possible. Well, then, you know, I would probably call the master commissioner's office. I'm like, which way do you all want to see this? Because we've got it ready to go now. It's just a matter of cutting and pasting.

**THE COURT** (Judge Kimberly N. Bunnell):  Alright, guys. Good luck. Thank you all.

*[End of proceedings — TurboScribe output continues:]*

**UNIDENTIFIED** (end of recording):  Thank you. Alright. Alright.

**THE COURT** (Judge Bunnell — calling next case):  Brooks.

*Transcribed by TurboScribe.ai. Go Unlimited to remove this message.*

### END OF VERBATIM TRANSCRIPTION

---

### DECLARATION UNDER PENALTY OF PERJURY

I, Douglas A. Wain, declare under penalty of perjury that the foregoing is a verbatim reproduction, without modification of any kind, of the transcription produced by TurboScribe.ai from the original video recording of the August 25, 2023 hearing in Central Bank & Trust Co. v. Wain, Case No. 19-CI-00812, Fayette County Circuit Court, Kentucky. The original video recording is maintained by Plaintiffs and is available for inspection upon request.

Douglas A. Wain, Pro Per
Date: February 26, 2026

Entered    19-CI-00812 03/07/2024    Vincent Riggs, Fayette Circuit Clerk

**EXHIBIT K**

**COMMONWEALTH OF KENTUCKY**
**FAYETTE CIRCUIT COURT**
**DIVISION 9**
**CASE NO. 19-CI-00812**

*Electronically Filed*

| | |
|---|---|
| **CENTRAL BANK & TRUST CO.** | **PLAINTIFF** |
| **vs** | |
| **DOUGLAS A. WAIN,** *et al.* | **DEFENDANTS** |

**ENTRY GRANTING SUMMARY JUDGMENT AND**
**ORDER OF DISTRIBUTION OF SALE PROCEEDS**

This matter came before the Court on August 25, 2023, for a hearing on Substitute Defendant/Cross-Claimant U.S. Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For RCF 2 Acquisition Trust's ("U.S. Bank") *Motion For Summary Judgment On Its Cross-Claim* ("Motion for Summary Judgment") filed on July 3, 2023; Plaintiff Central Bank & Trust Co.'s ("Plaintiff") *Motion for Distribution* filed on May 22, 2023; and the parties' respective responses to and replies in support of the Motions. Central Bank, U.S. Bank, and Defendants Douglas A. Wain and Elisa Wain ("Defendants Wain") were represented by their respective counsel. The Court, having heard arguments of counsel, and having reviewed the pleadings, the Motions, the Affidavit of Jean Knowles, and other evidence, finds and orders as follows:

**<u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>**

1.    U.S. Bank is the holder of a promissory note executed by Defendants Wain on March 5, 2008, in the original amount of $417,000.00 (the "Note"). The original, blank-endorsed Note was produced for inspection by U.S. Bank's counsel during the hearing on August 25, 2023.

Entered        19-CI-00812 03/07/2024        Vincent Riggs, Fayette Circuit Clerk

2.      U.S. Bank is the mortgagee of record of a first mortgage that encumbered the real property commonly known as 2711 Barbados Lane, Lexington, Kentucky 40509 (the "Property"), along with all replacements and additions, and that was executed by Defendants Wain to secure the indebtedness evidenced by the Note (the "Mortgage"). The Mortgage was recorded in Book 6319, Page 226, and was assigned to U.S. Bank as evidenced by an Assignment of Mortgage recorded in Book 555, age 599, all in the office of the Clerk of Fayette County, Kentucky. The original Mortgage was produced for inspection by U.S. Bank's counsel during the hearing on August 25, 2023.

3.      Defendants Wain are in default under the terms of the Note, as modified, and the terms of the Mortgage, and the sums due thereunder have been accelerated. There is due and owing to U.S. Bank on the Note and Mortgage the principal sum of $324,261.97, plus interest at the rate of 5.8750% per annum from July 1, 2019, as may be subsequently adjusted under the terms of the Note and 2019 Modification, together with a deferred principal balance of $106,431.58, plus late fees that continue to accrue, costs, attorney's fees, and other advances made pursuant to the terms of the Note as modified, Mortgage, and Kentucky law, for which U.S. Bank is entitled to a personal judgment against Defendants Wain.

4.      On February 8, 2021, the Property was sold to a third party at a Master Commissioner's Sale pursuant to the *Partial Summary Judgment, Judgment on the Pleadings, and Order of Sale* entered in favor of Plaintiff on January 20, 2021. A portion of the sale proceeds were distributed under an *Order Confirming Report of Sale, For Delivery of Deed and Partial Distribution of Proceeds* entered on March 12, 2021, with the remaining sale proceeds of $605,035.42 being held pending further orders of the Court.

Entered        19-CI-00812 03/07/2024        Vincent Riggs, Fayette Circuit Clerk

5.      There is no genuine issue of material fact, the equities favor U.S. Bank, and U.S. Bank is entitled to judgment on its Cross-Claim against Defendants Wain as a matter of law.

**SUMMARY JUDGMENT AND ORDER OF DISTRIBUTION**

6.      IT IS ORDERED that U.S. Bank's Motion for Summary Judgment is GRANTED in its entirety.

7.      IT IS FURTHER ORDERED that U.S. Bank is granted a *personal judgment* against Defendants Wain in the principal sum of $324,261.97, plus interest at the rate of 5.8750% per annum from July 1, 2019, as may be subsequently adjusted under the terms of the Note and 2019 Modification, together with a deferred principal balance of $106,431.58, plus late fees that continue to accrue, costs, attorney's fees, and other advances made pursuant to the terms of the Note as modified, Mortgage, and Kentucky law.

8.      IT IS FURTHER ORDERED that Central Bank's Motion for Distribution is GRANTED IN PART AND DENIED IN PART.  The Motion is granted to the extent that the remainder of the sale proceeds shall be distributed as set forth herein.  The Motion is otherwise denied.

9.      IT IS FURTHER ORDERED that the Master Commissioner is directed to disburse to U.S. Bank from the sale proceeds the following sums to satisfy its personal judgment against Defendants Wain:

| | |
|---|---|
| Unpaid principal balance: | $324,231.97 |
| Deferred balance: | $106,431.58 |
| Interest through 8/27/23: | $79,145.98 |
| Escrow/Other Advances: | $27,211.84 |
| Corporate Advance Balance: | $644.00 |
| Unpaid Late Charges: | $439.45 |
| Recording Fee: | $46.00 |
| **TOTAL:** | **$538,150.82** |

Entered        19-CI-00812 03/07/2024        Vincent Riggs, Fayette Circuit Clerk