Entered        19-CI-00812 03/07/2024        Vincent Riggs, Fayette Circuit Clerk

10.    IT IS FURTHER ORDERED that after distribution of the sale proceeds to U.S. Bank as set forth herein, the remaining sale proceeds of $66,884.60 shall be distributed to Central Bank on its second mortgage lien as adjudicated in the *Partial Summary Judgment, Judgment on the Pleadings, and Order of Sale*.

11.    Pursuant to CR 77.04, the Circuit Court Clerk shall serve notice of this Entry Granting Summary Judgment And Order Of Distribution Of Sale Proceeds.

12.    There being no just cause for delay, this is a final and appealable matter.



/s/ HON. KIMBERLY BUNNELL
electronically signed
3/4/2024 6:58:46 PM ET

HON. KIMBERLY BUNNELL
JUDGE, FAYETTE CIRCUIT COURT

Prepared by:

/s/ *Shannon O'Connell Egan*
Shannon O'Connell Egan (87296)
Nathan H. Blaske (90369)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Tel: (513) 977-8261
Fax: (513) 977-8141
Email: shannon.egan@dinsmore.com
        nathan.blaske@dinsmore.com

Have seen and approved:

 /s/ James H. Frazier, III
Hon. James H. Frazier, III
Master Commissioner
Fayette Circuit Court

Have seen:

/s/ *Christopher G. Colson* (w/ em auth. 2/21/24)
Hon. Christopher G. Colson
Hon. Taft McKinstry
FOWLER BELL PLLC
300 W. Vine Street, Suite 600
Lexington, KY 40507
Email: CGColson@fowlerlaw.com
        TMcKinstry@fowlerlaw.com
*Counsel for Plaintiff, Central Bank & Trust Co.*

Counsel refused to attest (per email 2/26/24)
Hon. David W. Hemminger
HEMMINGER LAW OFFICE, PSC
331 Townepark Circle, Suite 100-C
Louisville, KY 40243
Email: hemmingerlawoffice@gmail.com
*Counsel for Defendants Douglas and Elisa Wain*

Entered        19-CI-00812 03/07/2024        Vincent Riggs, Fayette Circuit Clerk

Entered    19-CI-00812 03/07/2024    Vincent Riggs, Fayette Circuit Clerk

## CLERK'S CERTIFICATE OF SERVICE

      I hereby certify that on _____, 2024, a true and correct copy of the foregoing was served through first class mail, upon:

Shannon O'Connell Egan, Esq.
Nathan H. Blaske, Esq.
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202

Hon. David W. Hemminger
HEMMINGER LAW OFFICE, PSC
331 Townepark Circle, Suite 100-C
Louisville, KY 40243

Hon. Christopher G. Colson
Hon. Taft McKinstry
FOWLER BELL PLLC
300 W. Vine Street, Suite 600
Lexington, KY 40507

Hon. Gregory D. Pavey
Hon. Timothy R. Wiseman
STOLL KEENON OGDEN, PLLC
300 W. Vine Street, Suite 2100
Lexington, KY 40507

_____
Clerk, Fayette Circuit Court

574227B8-BE18-45A4-A8C5-15A1B149A4C0 : 000005 of 000005

JS : 000005 of 000005

Entered    19-CI-00812 03/07/2024    Vincent Riggs, Fayette Circuit Clerk

**EXHIBIT L**

# Commonwealth of Kentucky

# Court of Appeals

### NO. 2024-CA-0730-OA

DOUGLAS A. WAIN and                                      PETITIONERS
ELISA WAIN


                          AN ORIGINAL ACTION
v.               ARISING FROM FAYETTE CIRCUIT COURT
                         ACTION NO. 19-CI-00812



HON. KIMBERLY NELL BUNNELL,                         RESPONDENT
JUDGE


AND


CENTRAL BANK & TRUST
COMPANY and
U.S. BANK TRUST
NATIONAL ASSOCIATION
Not in its Individual Capacity But
Solely as Owner Trustee for RCF 2
Acquisition Trust                              REAL PARTIES IN INTEREST



AND


                          NO. 2024-CA-0850-OA


DOUGLAS A. WAIN and                                      PETITIONERS
ELISA WAIN

v.

AN ORIGINAL ACTION
ARISING FROM FAYETTE CIRCUIT COURT
ACTION NO. 19-CI-00812

HON. KIMBERLY NELL BUNNELL,                    RESPONDENT
JUDGE

AND

CENTRAL BANK & TRUST
COMPANY and
U.S. BANK TRUST
NATIONAL ASSOCIATION
Not in its Individual Capacity But
Solely as Owner Trustee for RCF 2
Acquisition Trust                           REAL PARTIES IN INTEREST

ORDER
DENYING PETITIONS FOR A
WRIT OF MADAMUS

\* \* \* \* \* \*

BEFORE:  CETRULO, ECKERLE, AND GOODWINE, JUDGES.

Petitioners, Douglas and Elisa Wain (the "Wains"), filed two separate

petitions for a writ of mandamus pursuant to Kentucky Rule of Appellate

Procedure ("RAP") 60.  In Action No. 2024-CA-0730-OA, the Wains seek an

order mandating that Respondent, Hon. Kimberly Nell Bunnell, Judge ("Judge

Bunnell") recuse herself from presiding over the case below.  In Action No. 2024-

CA-0850-OA, the Wains seek an order mandating that Judge Bunnell dismiss the

2

case below because the judgment entered against them has allegedly been satisfied. Real Party in Interest, Central Bank & Trust Company ("Central Bank"), filed a response to both petitions. Real Party in Interest, U.S. Bank Trust National Association, Not in its Individual Capacity but Solely as Owner Trustee for RCF 2 Acquisition Trust ("U.S. Bank"), filed a response only in Action No. 2024-CA-0730-OA. Having reviewed the petitions, responses, and being otherwise duly and sufficiently advised, it is hereby ORDERED that the petitions for a writ of mandamus shall be, and hereby are, DENIED.

## BACKGROUND

The case below is a foreclosure action initiated by Central Bank, which held a mortgage on property owned by the Wains. Through a series of assignments, U.S. Bank became the holder of the first mortgage on the property. After an alleged default and a few years of litigation, on January 20, 2021, the Trial Court entered a judgment in favor of Central Bank and an order of sale. It awarded Central Bank $358,412.72, plus interest and attorneys' fees. The Wains appealed (Appeal No. 2021-CA-0202-MR), but did not post a supersedeas bond. This Court affirmed the Trial Court's January 20, 2021, Order, and the Kentucky Supreme Court denied discretionary review. The property was sold at a master commissioner's sale for $630,003.00, and the sale was confirmed.

At the time the first appeal was filed, U.S. Bank's lien had yet to be

3

adjudicated. On March 7, 2024, the Trial Court entered an order granting summary judgment in favor of U.S. Bank on its claim asserting a lien on the property and its claim that its lien was superior to Central Bank's. Further, the Trial Court ordered distribution of the sale proceeds. After payment to U.S. Bank and taking into account the fees associated with the sale, the Trial Court ordered the balance of $24,967.48 to the master commissioner and the remaining $66,884.60 to Central Bank.

On April 30, 2024, the Trial Court entered an order denying the Wains' motion to amend the judgment. The Wains once again filed a notice of appeal, initiating Appeal No. 2024-CA-0646-MR. This Court entered an Order dismissing that appeal on July 29, 2024, because the Wains' notice of appeal was not timely filed.

The Wains have now filed two writ petitions that raise separate issues. In Action No. 2024-CA-0730-OA, they seek an Order compelling Judge Bunnell to recuse herself from this matter, claiming that her rulings are contrary to law and represent evidence of bias. They cite two campaign contributions made by lawyers in law firms involved in this case to her campaign for Fayette District Court Judge in 1999.

In Action No. 2024-CA-0850-OA, the Wains seek an Order compelling the Trial Court to enter a satisfaction of judgment pursuant to

4

Kentucky Rule of Civil Procedure ("CR") 79.02 as to Central Bank's claim against them. The Wains appear to argue that they have satisfied their obligation to Central Bank because the total sale proceeds of their property exceeded the amount of their indebtedness.

## ANALYSIS

A writ of prohibition is an extraordinary remedy. The Kentucky Supreme Court has held:

> A writ of prohibition *may* be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

*Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004) (emphasis original). A writ is an extraordinary remedy. *Ridgeway Nursing & Rehab. Facility, L.L.C. v. Lane*, 415 S.W.3d 635, 639 (Ky. 2013). Because of this extreme and specific nature of writs, courts are reluctant to issue them because the expedited procedure "necessitate[s] an abbreviated record which magnifies the chance of incorrect rulings that would prematurely and improperly cut off the rights of litigants." *Interactive Media Ent. Gaming Ass'n v. Wingate*, 320 S.W.3d 692, 695 (Ky. 2010).

In the context of a writ of the first class, the term "jurisdiction" refers

to subject matter jurisdiction. *See Appalachian Racing, L.L.C. v. Commonwealth*, 504 S.W.3d 1, 4 (Ky. 2016); *Goldstein v. Feeley*, 299 S.W.3d 549, 552 (Ky. 2009); *Davis v. Wingate*, 437 S.W.3d 720, 725 (Ky. 2014). "Whether a court has subject-matter jurisdiction is determined at the beginning of a case, based on the type of case presented." *Kelly v. Commonwealth*, 554 S.W.3d 854, 860 (Ky. 2018).

The Fayette Circuit Court is a court of general jurisdiction, "it has original jurisdiction of all justiciable causes not exclusively vested in some other court." Kentucky Revised Statute (KRS) 23A.010(1). Because the subject matter of the Trial Court is beyond reasonable dispute, the Wains are not entitled to a writ of the first class.

Regarding writs of the second class, a lack of an adequate remedy by appeal or otherwise is an absolute prerequisite to issuance. *Wyatt, Tarrant & Combs v. Williams*, 892 S.W.2d 584, 586 (Ky. 1995). Here, there remain ample avenues by which the Wains can challenge any alleged bias of the Trial Court. If the Wains in good faith believe that Judge Bunnell should not preside over the balance of their case, they may file an affidavit with the Circuit Clerk pursuant to KRS 26A.020. This statute reads, in relevant part:

> If either party files with the circuit clerk his affidavit that the judge will not afford him a fair and impartial trial, or will not impartially decide an application for a change of venue, the circuit clerk shall at once certify the facts to the Chief Justice who shall immediately review the facts and determine whether to designate a regular or retired

6

justice or judge of the Court of Justice as special judge.

KRS 26A.020 constitutes one adequate remedy, foreclosing the Wains' request

that this Court should first consider their contention that Judge Bunnell should be

disqualified from presiding over the case via a writ.

As to the Wains request that this Court declare their debt to Central

Bank satisfied, they likewise have or had an adequate remedy by appeal. As an

initial matter, the judgment in favor of Central Bank has already been the subject

of an appeal, and this Court affirmed the Trial Court's judgment. "[A] decision of

the appellate court, unless properly set aside, is controlling at all subsequent stages

of the litigation, which includes the rule that on remand the trial court must strictly

follow the mandate of the appellate court." *Inman v. Inman*, 648 S.W.2d 847, 849

(Ky. 1982) (quoting 5 Am. Jur.2d, Appeal and Error § 744).

As to their argument that the proceeds of the sale were sufficient to

satisfy Central Bank's lien, it is not clear whether the Wains intended to mislead

this Court, or whether they do not recognize that U.S. Bank, as a senior lienholder,

was entitled to have its judgment satisfied by the proceeds of the sale prior to the

Central Bank being paid. Regardless, any issues concerning U.S. Bank's lien

could have been raised in the Wains' second appeal, had it been timely filed. Their

failure to avail themselves properly to their sufficient remedies by appeal do not

render those remedies inadequate. "This Court cannot approve of exercises of

7

original jurisdiction in cases where no remedy by appeal exists at the time of the request solely as a result of actions taken, or not taken, by the petitioner." *Wyatt, Tarrant & Combs*, 892 S.W.2d at 586.

Because the Wains do not meet the prerequisites for the issuance of a writ, we need not address their claims of error. Nothing contained in this Order should be construed as a ruling on the merits of the allegations.

## CONCLUSION

WHEREFORE, Petitioners' petitions for a writ of mandamus shall be, and hereby are, DENIED.

ENTERED: September 23, 2024   _____
JUDGE, COURT OF APPEALS

8

**EXHIBIT M**





**SHANNON O'CONNELL EGAN**
DINSMORE & SHOHL LLP
255 E. Fifth Street ^ Suite 1900
Cincinnati, OH 45202
www.dinsmore.com  ^  shannon.egan@dinsmore.com
(513) 977-8261 (direct)  ^  (513) 977-8141 (fax)

September 21, 2021

Douglas Wain                                    VIA REGULAR MAIL
P.O. Box 7473
Thousand Oaks, California 91359

Hon. David W. Hemminger                 VIA ELECTRONIC MAIL
616 South 5th Street                            hemmingerlawoffice@gmail.com
Louisville, KY 40202

Re:    **Property Address:    2711 Barbados Lane**
                                          **Lexington, KY 40509**
          **Account Number:    0579635465**
          **Mortgagor(s):        Douglas A. Wain and Elisa Wain**

Dear Mr. Wain and Mr. Hemminger:

I represent NewRez LLC dba Shellpoint Mortgage Servicing ("Shellpoint").  The purpose of this letter is to respond to the Consumer Financial Protection Bureau Complaint (the "CFPB Complaint") dated September 16, 2021 and submitted by Mr. Wain regarding the above-referenced mortgage loan account (the "Mortgage Loan") and the property at 2711 Barbados Lane, Lexington, KY 40509 (the "Property").

In the CFPB Complaint, Mr. Wain alleges that Shellpoint erred in servicing the Mortgage Loan by initiating foreclosure proceedings "despite the Federal Moratorium on Foreclosure (15 U.S.C. §9056.)."  Mr. Wain further alleges that he and Elisa Wain (collectively, the "Wains") "never abandoned, vacated, or left the property at 2711 Barbados Lane in Lexington prior to the deed being transferred from the Wains on March 5, 2021."  Finally, Mr. Wain alleges that he and Elisa Wain "were illegally and criminally locked out of their premises without notice on or about Friday, February 26, 2021," and that they "lost most of their possessions at the property because of this illegal lock-out."

Shellpoint has reviewed the CFPB Complaint and determined that there was no error in servicing the Wains' Mortgage Loan.  First, Shellpoint did not initiate the foreclosure, move for a foreclosure judgment or order of sale, or execute a foreclosure-related eviction or foreclosure sale.  *See*, 15 U.S.C. § 9056(c)(2).  Rather, Shellpoint is a defendant in a foreclosure action, which is entitled

Douglas Wain
Hon. David W. Hemminger
September 21, 2021
Page 2

*Central Bank & Trust Co. v. Douglas A. Wain*, et al., and which is pending in the Fayette County, Kentucky Circuit Court under Case No. 19-CI-00812. On January 20, 2021, a *Partial Summary Judgment, Judgment On The Pleadings, And Order Of Sale* ("Judgment")[1] was entered in favor of Central Bank & Trust Co. in the foreclosure action. The Property was sold to a third party pursuant to the Judgment on February 8, 2021, and the sale was confirmed by way of an *Order Confirming Sale*[2] entered in the foreclosure action on February 24, 2021.

Second, Shellpoint has a first mortgage on the Property and the Mortgage Loan is delinquent. On March 16, 2021, Shellpoint obtained leave of court to file a cross-claim seeking a judgment against the Wains, and to assert an interest in the sale proceeds from the foreclosure action. Under Kentucky Revised Statutes §426.006, Shellpoint was required to demonstrate its right to the sale proceeds through an answer and cross-claim. Please note that Shellpoint's cross-claim was not filed in the foreclosure action until *after* the Property had been sold pursuant to the Judgment entered in favor of Central Bank & Trust Co., *after* the judicial sale was confirmed, *after* the deed was issued to the third-party purchaser at the sale, and *after* the Wains were allegedly locked out of the Property.

Finally, at a hearing held in the foreclosure action on March 5, 2021 – with Mr. Wain in attendance and represented by counsel – Fayette County Circuit Court Judge Kimberly Bunnell found that the Property was vacant for the purposes of 15 U.S.C. §9056(c)(2). *See, Order Granting Substituted Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing's Motion for Leave to File Amended Answer and Cross-Claim.*[3]

The purpose of the federal moratorium under the CARES Act is "to minimize, to the greatest extent possible, residential evictions and foreclosures during the ongoing COVID–19 national emergency." It is not to give the Wains a private cause of action against Shellpoint for asserting its right to proceeds of a judicial sale that was held pursuant to another lender's foreclosure judgment.

Shellpoint maintains that there was no error regarding the servicing of the Wains' Mortgage Loan. Rather, the Mortgage Loan has been serviced in accordance with the terms of the loan documents and all applicable laws and regulations.

To the extent that they have not already been provided, you have the right to request documents relied upon by Shellpoint in rendering its determination. Such request, if any, can be sent to my attention at:

> Shannon O'Connell Egan
> Dinsmore & Shohl LLP
> 255 East Fifth Street, Suite 1900

---

[1] A copy is enclosed as **Exhibit A**.
[2] A copy is enclosed as **Exhibit B**.
[3] A copy is enclosed as **Exhibit C**.

Douglas Wain
Hon. David W. Hemminger
September 21, 2021
Page 3

      Cincinnati, Ohio 45202

Please do not hesitate to contact me via email at shannon.egan@dinsmore.com or via telephone at 513-977-8261.  Thank you.

              Sincerely,

              Shannon O'Connell Egan

SOE

**EXHIBIT N**

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION 9
CASE NO. 19-CI-00812

*Electronically Filed*

| | |
|---|---|
| **CENTRAL BANK & TRUST CO.** | **PLAINTIFF** |
| **vs** | |
| **DOUGLAS A. WAIN,** *et al.* | **DEFENDANTS** |

---

**PROPOSED SUBSTITUTE DEFENDANT/CROSS-CLAIMANT U.S. BANK TRUST
NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS
OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST'S
RESPONSE AND OBJECTION TO MOTION FOR DISTRIBUTION OF PROCEEDS**

---

Proposed Substitute Defendant/Cross-Claimant U.S. Bank Trust National Association, Not in its Individual Capacity but Solely as Owner Trustee for RCF 2 Acquisition Trust ("U.S. Bank"), states as follows for its response and objection to Plaintiff Central Bank & Trust Co.'s ("Central Bank") Motion for Distribution of Proceeds ("Motion for Distribution").

**I.      FACTS**

On March 5, 2008, Douglas A. Wain and Elisa Wain (the "Wains") granted a Note in favor of Central Bank & Trust Co., d/b/a Central Bank Mortgage Co. ("Central Bank") in the original amount of $417,000.00 (the "Note") in exchange for a loan in that amount (the "Mortgage Loan").[1] The Wains granted a Mortgage as security for the Note in favor of Central Bank (the "Mortgage").[2] The Mortgage encumbered the property commonly known as 2711 Barbados Lane, Lexington,

---

[1] *Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing's Amended Answer and Cross-Claim* (3/16/21) ("*Cross-Claim*") at ¶ 1 and Ex. A.
[2] *Id.* at ¶ 8 and Ex. C.

RES 000001 of 000008

Kentucky 40509 (the "Property").[3]  The Mortgage was recorded in the offices of the Clerk of this County in Mortgage Book 6319, Page 226, on March 11, 2008.[4]

Central Bank assigned the Mortgage to CitiMortgage by virtue of an Assignment recorded in Book 458, Page 249 on March 11, 2008.[5]  CitiMortgage then assigned the Mortgage to Green Tree Servicing LLC by virtue of an Assignment recorded in Book 512, Page 631 on April 17, 2014.[6]

Central Bank initiated this foreclosure case on March 6, 2019, with regard to a loan secured by a junior mortgage on the Property.[7]  Central Bank filed an amended complaint on November 13, 2019.[8]  The Wains were named as Defendants.[9]  Ditech Financial LLC f/k/a Green Tree Servicing LLC ("Ditech") was also named as a Defendant, and it filed an Answer to assert its interest in the Property by virtue of the Mortgage and to request that its interest in the Property be protected.[10]  There is no dispute that Central Bank's mortgage is junior to the Mortgage because Central Bank executed a Subordination Agreement to that effect.[11]

Ditech assigned the Mortgage to New Residential Mortgage LLC ("New Residential") by virtue of an Assignment recorded in Book 547, Page 250 on March 25, 2020.[12]

On January 20, 2021, a summary judgment and order of sale (the "Judgment") was entered in favor of Central Bank.[13]  The Judgment recognized that Central Bank's mortgage is junior in

---

[3] *Id.*
[4] *Id.* at ¶¶ 8, 9 and Ex. B.
[5] *Cross-Claim* at ¶ 10 and Ex. D.
[6] *Id.* at ¶ 10 and Ex. E.
[7] *Complaint* (3/6/19).
[8] *First Amended Complaint* (11/13/19).
[9] *Id.*
[10] *Id.*; *Answer* (12/2/19).
[11] *First Amended Complaint* (10/29/19) at ¶ 8 and Ex. C.
[12] *Cross-Claim* at ¶ 10 and Ex. F.
[13] *Partial Summary Judgment, Judgment On The Pleadings, And Order Of Sale* (1/20/21).

RES : 000002 of 000008

19-CI-00812  06/01/2023                    Vincent Riggs, Fayette Circuit Clerk

priority to the Mortgage.[14]  The Wains appealed from the Judgment on February 17, 2021.[15]
Ultimately, the Judgment was affirmed by the Court of Appeals on November 4, 2022.[16]

On February 8, 2021, while the appeal was pending, the Property was sold to a third party at a Master Commissioner's Sale.[17]  The sale was confirmed by an Order entered on February 24, 2021.[18]  The Order Confirming Report Of Sale, For Delivery Of Deed And Partial Distribution Of Proceeds entered on March 12, 2021, indicates that the remaining sale proceeds in the amount of $605,035.42 are being held by the Master Commissioner, pending further orders of the Court.[19]

In the meantime, New Residential assigned the Mortgage to NewRez LLC f/k/a New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") by virtue of an Assignment recorded in Book 550, Page 332 on February 22, 2021.[20]  On March 16, 2021, Shellpoint was substituted into the case in place of Ditech.[21]  Because the Wains had defaulted on the Mortgage Loan after Central Bank filed this action, Shellpoint was granted leave to file an amended answer and a cross-claim against the Wains.[22]  Shellpoint's Amended Answer and Cross-Claim were deemed filed on the same day.[23]  As set forth in the Cross-Claim, the amount due from the Wains due to their default on the Mortgage Loan is the principal sum of $324,261.97, plus interest at the rate of 5.8750% per annum from July 1, 2019, together with a deferred principal balance of $106,431.58, plus late fees that continue to accrue, costs, attorney's fees, and other advances.[24]

---

[14] *Id.* at ¶ 3.
[15] *Notice of Appeal* (2/17/21).
[16] *Opinion Affirming* (11/4/22).
[17] *Report Of Sale Sale* (2/10/21).
[18] *Order Confirming Sale* (2/24/21).
[19] *Order Confirming Report Of Sale, For Delivery Of Deed And Partial Distribution Of Proceeds* (3/12/21).
[20] *Id.* at ¶ 11 and Ex. H.
[21] *Order Granting Motion to Substitute Party Defendant* (3/16/21).
[22] *Order Granting Motion for Leave to File Amended Answer and Cross-Claim* (3/16/21).
[23] *Id.*
[24] *Cross-Claim* at ¶¶ 5, 6.

RES : 000003 of 000008

19-CI-00812 3/01/2023                          Vincent Riggs, Fayette Circuit Clerk

In response, the Wains filed an Answer in which they generally denied the allegations of Shellpoint's Cross-Claim.[25] The Wains also filed a Cross-claim in which they alleged that Shellpoint violated the federal moratorium on foreclosures codified at 15 U.S.C. § 9056(c)(2).[26] The Wains ultimately withdrew their Cross-claim, and filed an Amended Answer in which they asserted that Shellpoint's Cross-claim "may be barred [] pursuant to the federal moratorium on foreclosures of federally backed mortgages codified at 15 U.S.C. § 9056(c)(2)."[27] Shellpoint and the Wains engaged in discovery until approximately November 4, 2021.

Shellpoint later assigned the Mortgage to U.S. Bank Trust National Association, Not in its Individual Capacity but Solely as Owner Trustee for RCF 2 Acquisition Trust ("U.S. Bank") as evidenced by an Assignment recorded in Book 555, Page 599 on May 17, 2022.[28]

On November 9, 2022, counsel for Central Bank wrote to counsel for Shellpoint to advise that the Court of Appeals affirmed the Judgment and "[t]herefore, we are most interested in a distribution of the sale proceeds as soon as possible. Please advise of the status of your client's debt against the Wains in the Fayette Circuit Court action and when you will be moving for judgment against the Wains."[29] On November 11, 2022, the undersigned counsel responded that while the appeal was pending, the Mortgage Loan had been transferred and counsel did not have a referral from the assignee to proceed.[30]

The undersigned counsel was retained to assist U.S. Bank with this matter on or about April 14, 2023. On April 23, 2023, the undersigned counsel notified counsel for Central Bank of the

---

[25] *Answer and Crossclaim* (4/15/21).
[26] *Id.*
[27] *Notice of Withdrawal of Crossclaim* (4/28/21); *Amended Answer* (5/26/21).
[28] *Id.* at ¶ 11 and Ex. I.
[29] *See*, Exhibit A hereto.
[30] *Id.*

RES : 000004 of 000008

19-CI-00812   03/01/2023                          Vincent Riggs, Fayette Circuit Clerk

retention and that "we will soon be able to substitute it in for Shellpoint in the foreclosure and push forward on its claim for its share of the proceeds."[31]

On May 22, 2023, Central Bank filed its Motion for Distribution, admittedly only after having been contacted by the Fayette County Master Commissioner regarding the sale proceeds.[32] After choosing to wait for months for the appeal to be resolved, and despite knowing that Shellpoint had transferred the Mortgage Loan and that the undersigned had only recently been retained to assist Shellpoint's assignee, Central Bank alleged that "[f]or 2 years now, almost to the day, [Shellpoint] has taken no action on its crossclaim against the Wains. It has allowed this case to remain dormant to the detriment and damage to Central Bank."[33] Central Bank further argued that equity demands that the sale proceeds be distributed to it as though it were in first lien position.[34]

On May 25, 2023, U.S. Bank moved to be substituted into the case in place of Shellpoint.[35] U.S. Bank anticipates moving for summary judgment on its Cross-Claim and for distribution of its share of the sale proceeds within 30 days after being substituted in place of Shellpoint.

## II.    LEGAL ANALYSIS

Central Bank's Motion for Distribution of the sale proceeds to it as though it has priority over U.S. Bank's *Mortgage* should be denied as a matter of law and equity.

First, lien priority determines the distribution of proceeds in a foreclosure sale. *See, e.g. Midland-Guardian Co. v. McElroy,* 563 S.W.2d 752 (1978). Kentucky is a "race-notice" jurisdiction and follows the common law rule of "first in time, first in right" for determining lien

---

[31] *See,* Exhibit B hereto.
[32] *Motion for Distribution of Sale Proceeds* (5/22/23)
[33] *Id.,* p. 3.
[34] *Id.*
[35] *Motion to Substitute Party Defendant/Cross-Claimant* (5/25/23).

RES : 000005 of 000008

priority. *Wells Fargo, Minnesota N.A. v. Commonwealth*, 345 S.W.3d 800, 804 (Ky. 2011). Essentially, "a prior interest in real property takes priority over a subsequent interest that was taken with notice, actual or constructive, of the prior interest." *Mortgage Electronic Registration Systems, Inc. v. Roberts*, 366 S.W.3d 405, 408 (Ky. 2012). A subordination agreement may reorder the priority of liens. *Id.* at 412. The legislature also has the authority to "create statutory liens and establish the priorities thereof." *Midland-Guardian Co. v. McElroy*, 563 S.W.2d 752, 754 (Ky. App. 1978). There is no dispute that U.S. Bank's interest in the Property by virtue of the Mortgage is senior in priority to Central Bank's interest by virtue of the Subordination Agreement. For this reason alone, Central Bank's Motion for Distribution should be denied.

Second, Central Bank has failed to establish that principles of equity require the reordering of lien priorities to U.S. Bank's detriment in this case. Central Bank's allegations that it "has diligently pursued and advanced this litigation since it initiated this case in 2019," and that "the inaction of [Shellpoint] has interfered with Central Bank receiving the proceeds that it is entitled to from the sale of the Property"[36] are simply untrue. Central Bank could have moved for distribution of the sale proceeds at any time after confirmation of the sale as there is no Civil Rule or Local Rule that would prohibit it from doing so or that would require the first lienholder to do so.

Furthermore, Central Bank admittedly waited until November 2022 – after the appeal from the Judgment had run its course – to begin taking steps to seek distribution of the sale proceeds by reaching out to the undersigned counsel. It learned then that the Mortgage had been assigned by Shellpoint and therefore that Shellpoint was unable to push the cross-claim forward. And, Central

---

[36] *Motion for Distribution*, p. 4.

Bank waited to take formal steps to seek distribution of the sale proceeds until May 2023, only *after* it was contacted by the Master Commissioner.

Finally, the cases on equitable principles cited by Central Bank do not support its argument for reordering of lien priority in the face of Kentucky's lien priority scheme. *Akers* is inapposite because in that case, the Kentucky Court of Appeals declined to find that the plaintiff creditors had a superior equitable lien where they failed to record it before the defendant creditor's mortgage was recorded. *Akers v. Cushman Constr. Co.*, 487 S.W.2d 60 (Ky. App. 1972). Here, U.S. Bank's Mortgage is clearly superior to Central Bank's judgment by virtue of the Subordination Agreement. The *Lincoln* case, regarding the equitable rule that "as between two innocent persons he must suffer who, by his acts or latches, has made a loss possible," does not help Central Bank because it is Central Bank that waited to move for distribution of the sale proceeds resulting from its own Judgment, not Shellpoint. *Lincoln Bldg. & Loan Ass'n v. Liberty Nat'l Bank & Trust Co.*, 227 S.W.2d 191, 193 (Ky. App. 1950). Finally, the doctrines of estoppel and waiver, discussed in *Louisville Asphalt Co.* and *Barker*, respectively, do not apply to bar Shellpoint from asserting an interest in the sale proceeds. *Louisville Asphalt Co. v. Cobb*, 220 S.W. 2d 110 (Ky. App. 1949); *Barker v. Stearns Coal & Lumber Co.*, 291 Ky. 184, 163 S.W.2d 466 (Ky. App. 1942). Rather, Shellpoint has assigned its interest to U.S. Bank, which has asked to be substituted in for Shellpoint so it can prosecute the cross-claim and seek distribution of the sale proceeds.

## III.   CONCLUSION

Central Bank's demand that the sale proceeds be distributed to it as if it were in first lien position is contrary to Kentucky law on priorities. Furthermore, granting Central Bank's request in equity would result in a windfall to it when it subordinated its lien to the Mortgage and when it waited until May 2023 to seek distribution of the sale proceeds that resulted from its own

RES   000007 of 000008

Judgment. For these reasons, U.S. Bank respectfully requests that Central Bank's Motion for Distribution be denied and that the Court grant U.S. Bank's motion to be substituted in the case for Shellpoint so it may seek a summary judgment on its cross-claim and for distribution of the sale proceeds.

Respectfully submitted,

/s/ Shannon O'Connell Egan
Shannon O'Connell Egan (87296)
Nathan H. Blaske (90369)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Tel: (513) 977-8261
Fax: (513) 977-8141
Email: shannon.egan@dinsmore.com
        nathan.blaske@dinsmore.com

*Counsel for Proposed Substitute Defendant/Cross-Claimant U.S. Bank Trust National Association, Not in its Individual Capacity but Solely as Owner Trustee for RCF 2 Acquisition Trust*

## CERTIFICATE OF SERVICE

I certify that on the 1st day of June 2023, a true and accurate copy of the foregoing was served on all counsel of record set forth below electronically via the Kentucky E-Filing System:

- Hon. Gregory D. Pavey
- Hon. David W. Hemminger
- Hon. Paul M. Nalepka
- Hon. Christopher G. Colson
- Hon. Taft A. McKinstry

/s/ Shannon O'Connell Egan
Shannon O'Connell Egan (87296)

16374852.1

RES : 000008 of 000008

| | |
|---|---|
| **From:** | Egan, Shannon <Shannon.Egan@DINSMORE.COM> |
| **Sent:** | Friday, November 11, 2022 12:14 PM |
| **To:** | Pavey, Gregory D |
| **Cc:** | Wiseman, Tim; Houston, Rhonda; Blaske, Nathan; Egan, Shannon |
| **Subject:** | RE: Fayette Circuit Court No. 19-CI-812/Central Bank & Trust v. Douglas Wain/New Rez, et al. |

Hi Greg – thank you for checking in and congratulations on the appeal. While it was pending, the Shellpoint mortgage loan was transferred to Selene Finance. We do not have a referral from it to proceed and I'm not aware of another attorney having been retained. When I hear back from Selene on this I will let you know. Thank you,

Shannon

# Dinsmôre

**Shannon Egan**

Of Counsel

Dinsmore & Shohl LLP • Legal Counsel

255 East Fifth Street, Suite 1900, Cincinnati, OH 45202

T (513) 977-8261 • F (513) 977-8141

**From:** Pavey, Gregory D <Gregory.Pavey@skofirm.com>
**Sent:** Wednesday, November 9, 2022 11:36 AM
**To:** Egan, Shannon <Shannon.Egan@DINSMORE.COM>; Blaske, Nathan <Nathan.Blaske@DINSMORE.COM>
**Cc:** Steve Hall <shall@centralbank.com>; Wiseman, Tim <tim.wiseman@skofirm.com>; Houston, Rhonda <Rhonda.Houston@skofirm.com>
**Subject:** Fayette Circuit Court No. 19-CI-812/Central Bank & Trust v. Douglas Wain/New Rez, et al.

Shannon and Nathan,

At your earliest convenience, would you please advise me of the status of your client's attempts to obtain judgment against the Wains. The reason for our inquiry is that in the mail today we received the ruling of the Court of Appeals regarding the Wains appeal of the summary judgment and order of sale obtained by our client Central Bank & Trust Company. A copy of the opinion of the Court of Appeals is attached for your reference. The Court of Appeals ruled in favor of Central Bank and affirmed the lower court's summary judgment and order of sale. Therefore, we are most interested in a distribution of the sale proceeds as soon as possible. Please advise of the status of your client's debt against the Wains in the Fayette Circuit Court action and when you will be moving for judgment against the Wains.

Thank you, Greg



**Gregory D. Pavey**
**Member of the Firm**

300 West Vine Street, Suite 2100
Lexington, KY 40507-1801
Telephone 859-231-3000
Facsimile 859-246-3691
**E-mail** gregory.pavey@skofirm.com
**website:** skofirm.com

Stoll Keenon Ogden PLLC | **Lexington** | **Louisville** | **Frankfort** | **Evansville** | **Indianapolis** | skofirm.com

Filed          19-CI-00812 06/01/2023          1  Vincent Riggs, Fayette Circuit Clerk

EXH : 000001 of 000002

NOTICE: This electronic mail transmission from the law firm of Dinsmore & Shohl may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.

EXH  000002 of 000002

**Sent:** Egan, Shannon
Sunday, April 23, 2023 11:20 AM
**To:** Gregory D. Pavey
**Cc:** Blaske, Nathan; Egan, Shannon
**Subject:** RE: Wain v. Central Bank (Jessamine County Case No. 23-CI-00097)

Hi Greg – hope you are doing well.

In the Wains' case in Jessamine County, will you please have future filings served only on us for Shellpoint and not Shellpoint also?  Thank you!

Also, I think you'll be happy to know that we were just retained to represent the current mortgagee of the first mortgage so we will soon be able to substitute it in for Shellpoint in the foreclosure and push forward on its claim for its share of the proceeds.

Thanks!
Shannon

Dinsmôre

**Shannon Egan**
Of Counsel
Dinsmore & Shohl LLP • Legal Counsel
255 East Fifth Street, Suite 1900, Cincinnati, OH 45202
T (513) 977-8261 • F (513) 977-8141

Filed
19-CI-00812 06/01/2023        1 Vincent Riggs, Fayette Circuit Clerk

EXH : 000001 of 000001

**TransUnion®**

**EXHIBIT P**

# Your Dispute Results

Report Created On: 04/08/2023
File Identification Number: 000321097810
Provided by TransUnion Consumer Relations

## Your Investigation Results

> **INVESTIGATION RESULTS - DELETED:** The disputed item(s) was removed from your credit report.
>
> ---
>
> In response to your dispute, this item was DELETED from your credit report.
>
> CENTRAL BK & TR LEXINGTN
> PO BOX 481
> LEXINGTON, KY 40588-0481

We understand that recently something on your credit report did not seem right to you. We take this matter seriously, and we want to make sure your TransUnion credit report is accurate. It's our commitment to you.

Feedback

Our investigation of the dispute you submitted is now complete. After a review of your dispute and any provided documents, we took one or more of the following action(s):

1. Updated your credit report based on the information you provided; OR

2. Determined that the information you disputed does not appear on your credit file or already shows the requested status; OR

3. Determined that the lender had previously verified the reported information. If any of the items you disputed were previously verified, a separate communication was sent to you listing those items along with the lender's contact information; OR

4. Asked the lender reporting the information you disputed to do all of the following:

   - Review relevant information we sent them, including any provided documents

   - Investigate your dispute and verify whether the information they report is accurate

   - Provide us a response to your dispute and update any other information

   - Update their records and systems, if necessary

Should you wish to receive the above description of the procedures we used to investigate your dispute in a separate communication for your records, please contact TransUnion.

Your dispute is important. You will see your detailed investigation results above, including the business name and contact details of the source of the information. Please review the results carefully. To review a full copy of your current credit report, please go to transunion.com/fullreport and login using the same username and password you use on this site. Then follow the order process to request a free disclosure of your full credit report.

## How to Read Your Investigation Results

You will see that, for each disputed item, a summary explanation is shown above it, followed by a brief paragraph describing the results of our investigation, followed by a view of how the item appears in your updated credit report. Please note any changes we made to personal information (name, address, employment, SSN, date of birth) will appear at the end of your investigation results.

**If our investigation has not resolved your dispute, here's what you can do next:**

- **Add a consumer statement to your credit report.** A consumer statement is your explanation of why you disagree with a certain item on your credit report. Any lender who pulls your credit report will be able to see your consumer statement. Please note, if you include medical information in your consumer statement, you are allowing TransUnion to include that in any credit report we issue on your behalf.

- **Dispute directly with the company that reported the information to us.** If you want changes made to information found on your credit report, you can dispute with the company that reported the information to us.

- **Provide us other information or documents about your dispute.** If you have new information about the change you requested (for example, documents that directly relate to the information you are disputing), please visit www.transunion.com/dispute and let us know you are filing a repeat dispute.

- **File a complaint** about the company reporting the account or about TransUnion with the Consumer Financial Protection Bureau or with your State's Attorney General's office.

If there has been a change to your credit report as a result of our investigation, or if you have added a statement to your report, **you may ask TransUnion to send an updated credit report to those who have received your report within the last 2 years for employment purposes or within the last 6 months for any other purpose.**

## A Note on Inquiries

An inquiry is posted on your credit report to notify you that a company has requested your report. Companies can only request a credit report for a legitimate business reason (called permissible purpose). Examples of permissible purpose include: credit transactions, employment consideration, review or collection of an existing account or other legitimate business need, insurance underwriting, government licensing, rental application or court order. Inquiries stay on your credit report for up to two (2) years. Each company that requested your credit report will be listed in the section on inquires, along with their contact information. Please note, a company doesn't always need your authorization to view your credit report as long as they have a permissible purpose. If you think an inquiry was made without a permissible purpose, we strongly encourage you to reach out to the company who requested your credit report to find out whether they have opened an account in your name. The company can then investigate and if they determine that someone fraudulently applied for credit in your name, they can close that account and send us a letter requesting removal of the inquiry. If you have specific information that the inquiry was made fraudulently, you can also call our Fraud Victim Assistance department at 800-680-7289.

## Important Information About Your Rights Under the Law

To see your rights under federal law, visit https://www.transunion.com/legal/bill-of-rights/general. This page provides important details about your rights under the Fair Credit Reporting Act and applicable state laws that relate to the dispute process. Consumers who believe they may be possible victims of fraudulent activity may also visit www.transunion.com/fraud-alerts.

## Should You Wish to Contact TransUnion

Please have your TransUnion FILE IDENTIFICATION NUMBER available. Your unique FILE IDENTIFICATION NUMBER is **000321097810** and is also located at the top of this page.

### Online:

To dispute information contained in your credit report, please visit the Dispute Center or go to www.transunion.com/disputeonline

For more information please visit our main dispute FAQ on TransUnion.com or go to https://www.transunion.com/credit-disputes/credit-disputes-faq

### By Mail:

TransUnion
P. O. Box 2000
Chester, PA 19016-2000

### By Phone:

(800) 916-8800

You may contact us Monday – Friday 8 AM – 11 PM Eastern Time and Saturday – Sunday 8 AM – 5 PM Eastern Time, except on major holidays.

Want to review your credit report? Go to the Credit Report tab to see your credit report information as it appeared at the time we completed your dispute. Or visit transunion.com/fullreport and login using the same username and password you use on this website. Then follow the order process to request a free disclosure of your full credit report.

**EXHIBIT Q**



Overview   Reports & Scores   Protection   Credit Cards   Loans   Auto   Upgrade   84   DWProfileSupport   Sign Out

Main Menu   Credit SummaryCredit ReportsFICO® Scores

**Tools**
Experian Boost NEW Experian CreditLock FICO® Score Planner FICO® Score Simulator Score Tracker

Reports & Scores

Main Menu

Protection

Activity 6 Monitored Information My Benefits

Main MenuCredit Cards   No Annual FeeBalance TransferRewards PointsCash BackLow Interest Rate

We found credit cards that match your credit profile.

View All Credit Cards

See Your Cards

Main MenuLoans   Personal LoansStudent LoansDebt Consolidation LoansAuto Loans

We found loans that match your credit profile.

See Your Loans

Main Menu

Profile

My ProfileSupport

Sign Out

You have a new alert and we've refreshed your Experian Credit Report. **View Now ▶**

# Credit Alerts

**All**

Read

Unread

Deleted

Actions                                                                    ⌄          All Alerts Types                                                                                       ⌄

☐ **Select All**

☐ Charge-off                                                                                                                                                                    Jun 11, 2019

CENTRAL BANK has flagged your account as Charge-off.

☐ Account Dispute Update                                                                                                                            May 30, 2019

**We have an update about your Account Dispute**
The dispute for the account with TRANSWORLD SYS INC/51 that starts with 944660XX has been removed from your credit report. We will notify you when all of your pending disputes have been completed and the full results are ready to view. Review your latest Credit Report to help ensure the information on your Report is accurate.

**Alert Details**

| | |
|---|---|
| **Alert Date** | **May 30, 2019** |
| **Source** | **Experian** |
| **Date Submitted** | **May 30, 2019** |
| **Report Number** | **2500-1744-53** |
| **Account Number** | **944660XX** |
| **Company** | **TRANSWORLD SYS INC/51** |
| **Address** | **CBR DEPT PO BOX 15273 WILMINGTON, DE 19850** |

**View Your Report**

**Delete**

**Mark as unread**

☐ Account Dispute Opened                                                                                                                            May 30, 2019
We have opened your Account Dispute

☐ Account Dispute Opened                                                                                                                            May 30, 2019
We have opened your Account Dispute

☐ Account Dispute Opened                                                                                                                            May 30, 2019
We have opened your Account Dispute

☐ Account Dispute Opened                                                                                                                            May 27, 2019
We have opened your Account Dispute

☐ 180 Days Past Due                                                                                                                                        May 10, 2019
CENTRAL BANK has flagged your account as 180 Days Past Due.

☐ Account Dispute Update                                                                                                                             Apr 11, 2019
We have an update about your Account Dispute

☐ **Account Dispute Update**

Apr 11, 2019

We have an update about your Account Dispute

---

☐ **Disputes Results Ready**

Apr 11, 2019

Your Dispute Results are ready

---

< | **1** | 2 | 3 | 4 | 5 | >

Showing **1 - 10** of **91**

**Opening up a new credit card will help to further establish your creditworthiness when used responsibly.**

See my matches

## Notifications

⚙ Preferences

**Filter by:**

☐ Credit score and rating

☐ Identity and fraud protection

☐ Connected accounts

☐ Experian Boost®

☐ Unread

☐ Archived

Jun 14, 2023 ● ● ●

**CENTRAL BANK has flagged your account as Charge-off.**



**You're pre-approved for a credit card offer**

Check out your offer from our partner and apply with confidence.

**See offer details**

Apr 13, 2023 ● ● ●

**Your Dispute Results are ready.**

Apr 13, 2023 ● ● ●

**Your Account Dispute has been updated.**

Apr 11, 2023 ● ● ●

You have opened an Account Dispute on your Experian credit report

experian™

🔔  ☰

**You're pre-approved for a credit card offer**

Check out your offer from our partner and apply with confidence.

**See offer details**

Apr 07, 2023 •••

**You have opened an Account Dispute on your Experian credit report.**

Mar 11, 2023 •••

**CENTRAL BK & TR LEXINGTN has flagged your account as Charged off as bad debt.**

CENTRAL BK & TR LEXINGTN has flagged your account as Charged off as bad debt with Equifax, which may negatively impact your credit score based on TransUnion data.

**Source:**
TransUnion

**Company:**
CENTRAL BK & TR LEXINGTN

**Address:**
Po Box 481, Lexington, KY 40575

**Activity:**
Charged off as bad debt

**NOT YOU?**

If anything is incorrect, please dispute with TransUnion®.

**Learn more in the help center**

Feb 11, 2023 •••

**CENTRAL BK & TR LEXINGTN has flagged your account as Charged off as bad debt.**

Feb 07, 2023 •••

**Ran info against the USPS database**

Feb 06, 2023 •••

**Ran SSN against credit report data**

‹ **1** 2 3 … 17 ›

Services —

Support     —

Get the free Experian app:

 

Follow us:

   

Contact Us

Terms & Conditions

Privacy Policy

© 2023 Experian. All rights reserved.

Experian and the Experian trademarks used herein are trademarks or registered trademarks of Experian Information Solutions, Inc., ConsumerInfo.com, Inc. or its affiliates. Other product or company names mentioned herein are the property of their respective owners. Licenses and Disclosures.



## Notifications

⚙ Preferences

---

**Filter by:**

☐ Credit score and rating

☐ Identity and fraud protection

☐ Connected accounts

☐ Experian Boost®

---

:experian™                                    🔔    ☰

---

☐ Archived

---

Jul 14, 2023   •••

☐   ⚠ **Your Credit Rating has changed from Fair to Poor.**

---

:e™ **Check out your latest credit card offer, matched just for you.**

**See offer details**

---

Jul 14, 2023   •••

☐ **Your FICO® Score has decreased by 20 points.**

---

Jul 09, 2023   •••

☐ **Your JPMCB CARD account balance decreased to $0.00.**

---

Jul 08, 2023   •••

☐ **Good news: Your FICO® Score has increased by 6 points!**

---

:e™ **Get a refund on your auto insurance**
You could get money back your current policy and save on your same coverage.

**Get free quotes**

---

Jun 16, 2023   •••

Jun 14, 2023    •••

⚠ **CENTRAL BANK has flagged your account as Charge-off.**

CENTRAL BANK has flagged your account as Charge-off on Jun 08, 2023.

**Source:**
Experian

**Company:**
CENTRAL BANK

**Address:**
Po Box 1360, Lexington, KY 40588-1360

**Phone:**
(606) 253-6222

**Activity:**
Grid Code L (ChargeOff)

**Balance Date:**
Jun 08, 2023

**Balance:**
$420,131.00

**WHAT NOW?**

Negative activity can have a significant impact on your credit score and how lenders see you as a borrower, affecting your ability to get credit.

After you've resolved the negative activity, try Experian Boost™ to raise your FICO® Score.

**Try Experian Boost™**

Not you? ⌄

Why am I receiving this?

You are receiving this alert because your membership includes Experian credit monitoring & alerts. We'll notify you of any changes to your Experian credit file. Changes could affect your score, score rating and ability to receive and use credit.

Jun 02, 2023    •••

**Good news: Your FICO® Score has increased by 2 points!**

May 05, 2023  •••

**Good news: Your FICO® Score has increased by 2 points!**

Apr 28, 2023  •••

**Good news: Your FICO® Score has increased by 6 points!**

**1**  2  3  …  20

Services —

Tools —

Support —

Get the free Experian app:

Download on the App Store      GET IT ON Google Play

Follow us:

Contact Us

Terms & Conditions

Privacy Policy

© 2023 Experian. All rights reserved.

Experian and the Experian trademarks used herein are trademarks or registered trademarks of Experian Information Solutions, Inc., ConsumerInfo.com, Inc. or its affiliates. Other product or company names mentioned herein are the property of their respective owners. Licenses and Disclosures.



TrustedSite®
CERTIFIED SECURE

Mortgage Accounts

Installment Accounts

Other Accounts

Consumer
Statement

Personal
Information

Inquiries

Public Records

Collections

Your Rights

**YOUR IDENTITY**

Freeze

Fraud & Active Duty
Alerts

Dispute Center

| | |
|---|---|
| **Report Date** | Jun 17, 2024 |
| **Credit File Status** | No indicator on file |
| **Average Account Age** | 13 Years, 10 Months |
| **Length of Credit History** | 24 Years, 9 Months |
| **Oldest Account** | CHASE CARD \| Sep 1999 |
| **Most Recent Account** | HYUNDAI MOTOR FINANCE \| Apr 2015 |
| **Alert Contacts** | 0 Records Found |
| **Accounts with Negative Information** | 7 |

## Credit Accounts

Your credit report includes information about activity on your credit accounts that may affect your credit scores.

| ACCOUNT TYPE | OPEN ACCOUNTS | ACCOUNTS WITH A BALANCE | BALANCE | AVAILABLE BALANCE | CREDIT LIMIT | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|---|---|
| REVOLVING | 0 | 0 | $0 | $0 | $0 | $0 |
| MORTGAGE | 0 | 0 | $0 | $0 | $0 | $0 |
| INSTALLMENT | 1 | 1 | $2,867 | $17,159 | $20,026 | $0 |
| OTHER | 0 | 0 | $0 | $0 | $0 | $0 |
| TOTAL | 1 | 1 | $2,867 | $17,159 | $20,026 | $0 |

Mortgage Accounts

Installment Accounts

Other Accounts

Consumer
Statement

Personal
Information

Inquiries

Public Records

Collections

Your Rights

**YOUR IDENTITY**

Freeze

Fraud & Active Duty
Alerts

Dispute Center

| | |
|---|---|
| **Report Date** | Jun 05, 2024 |
| **Credit File Status** | No indicator on file |
| **Average Account Age** | 19 Years, 0 Month |
| **Length of Credit History** | 24 Years, 8 Months |
| **Oldest Account** | CHASE CARD \| Sep 1999 |
| **Most Recent Account** | SELENE FINANCE LLC \| Mar 2008 |
| **Alert Contacts** | 0 Records Found |
| **Accounts with Negative Information** | 3 |

## Credit Accounts

Your credit report includes information about activity on your credit accounts that may affect your credit scores.

| ACCOUNT TYPE | OPEN ACCOUNTS | ACCOUNTS WITH A BALANCE | BALANCE | AVAILABLE BALANCE | CREDIT LIMIT | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|---|---|
| REVOLVING | 0 | 0 | $0 | $0 | $0 | $0 |
| MORTGAGE | 0 | 0 | $0 | $0 | $0 | $0 |
| INSTALLMENT | 0 | 0 | $0 | $0 | $0 | $0 |
| OTHER | 0 | 0 | $0 | $0 | $0 | $0 |
| TOTAL | 0 | 0 | $0 | $0 | $0 | $0 |





| Employer | Occupation |
|---|---|
| ⌄  WAR AGAINST VIOLENCE CORP | CEO EXECUTIVE DIRECTO |
| ⌄  DOUGLAS SAFETY CORP | PRES |
| ⌄  SELF EMPLOYED | - - - |

Expand All

## 🏛 Accounts

Typically, creditors report any changes made to your account information monthly. This means that some accounts listed below may not reflect the most recent activity until the creditor's next reporting. This information may include things such as balances, payments, dates, remarks, ratings, etc. The rating key is provided to help you understand some of the account information that could be reported. Pay Status represents the current status of accounts and indicates how you are currently paying. For accounts that have been paid and closed, sold, or transferred, Pay Status represents the last reported status of the account.

### Accounts with Adverse Information

Adverse information typically remains on your credit file for up to 7 years from the date of the delinquency. To help you understand what is generally considered adverse, we have added >brackets< to those items in this report. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note: Accounts are reported as "Current; Paid or paying as agreed" if paid within 30 days of the due date. Accounts reported as Current may still incur late fees or interest charges if not paid on or before the due date.

| Account Name | Account Number | Balance | Monthly Payment |
|---|---|---|---|
| ⌄  DITECH FINANCIAL LLC | 511003954**** | $0 | $0 |
| ⌄  GMFINANCIAL | 17086**** | $0 | $0 |
| ⌄  JPMCB CARD SERVICES | 426684130159**** | $0 | - - - |
| ⌄  MB FINANCIAL SERVICES | 700417650**** | $2,867 | $0 |
| ⌄  SELENE FINANCE LP | 271200499**** | $0 | $0 |

### Satisfactory Accounts

The following accounts are reported with no adverse information. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note: Accounts are reported as "Current; Paid or paying as agreed" if paid within 30 days of the due date. Accounts reported as Current may still incur late fees or interest charges if not paid on or before the due date.

| Account Name | Account Number | Balance | Monthly Payment |
|---|---|---|---|
| ⌄  HYUNDAI FINANCE | 151309**** | $0 | $0 |

---

| Employer | Occupation |
|---|---|
| ⌄  FAYETTE CO PUBLIC SCHOOLS | TEACHER |
| ⌄  FAYETTE COUNTY SCHOOLS | TEACHER |
| ⌄  DOUGLAS SAFETY CORP | - - - |
| ⌄  LEXINGTON SCHOOLS | - - - |

Expand All

## 🏛 Accounts

Typically, creditors report any changes made to your account information monthly. This means that some accounts listed below may not reflect the most recent activity until the creditor's next reporting. This information may include things such as balances, payments, dates, remarks, ratings, etc. The rating key is provided to help you understand some of the account information that could be reported. Pay Status represents the current status of accounts and indicates how you are currently paying. For accounts that have been paid and closed, sold, or transferred, Pay Status represents the last reported status of the account.

### Accounts with Adverse Information

Adverse information typically remains on your credit file for up to 7 years from the date of the delinquency. To help you understand what is generally considered adverse, we have added >brackets< to those items in this report. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note: Accounts are reported as "Current; Paid or paying as agreed" if paid within 30 days of the due date. Accounts reported as Current may still incur late fees or interest charges if not paid on or before the due date.

| Account Name | Account Number | Balance | Monthly Payment |
|---|---|---|---|
| ⌄  DITECH FINANCIAL LLC | 511003954**** | $0 | $0 |
| ⌄  JPMCB CARD SERVICES | 426684130159**** | $0 | - - - |
| ⌄  SELENE FINANCE LP | 271200499**** | $0 | $0 |

### Satisfactory Accounts

The following accounts are reported with no adverse information. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note: Accounts are reported as "Current; Paid or paying as agreed" if paid within 30 days of the due date. Accounts reported as Current may still incur late fees or interest charges if not paid on or before the due date.

| Account Name | Account Number | Balance | Monthly Payment |
|---|---|---|---|
| ⌄  JPMCB CARD SERVICES | 414720233597**** | $0 | - - - |

**EXHIBIT S**

Douglas A. Wain, Pro Per, Elisa Wain, Pro Per
P.O. Box 7473, Westlake Village, CA 91359
douglaswain@gmail.com 859.494.3677

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

In re

Douglas Alan Wain, Elisa Wain,

   Debtors,

Douglas Alan Wain and Elisa Wain

   Plaintiffs,

  vs.

Central Bank & Trust Co.

   Defendant.

**CASE NO. 1:24-bk-11814-MB**

**CHAPTER 13**

**JUDGE: HON. Martin R. Barash**

**Adv. Proc. No. 1:25-ap-01026-MB**

**PLAINTIFFS'/DEBTORS' NOTICE OF NON-OPPOSITION TO PLAINTIFFS'/DEBTORS' MOTION FOR LEAVE**

**Hearing Date**: March 5, 2026
**Time:** 11:30 AM
**Courtroom:** 303
**Address:** 21041 Burbank Blvd. Woodland Hills, CA 91367

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE; TO DEFENDANT CENTRAL BANK AND TRUST CO. AND ITS COUNSEL OF RECORD; AND TO ALL INTERESTED PARTIES:**

  PLEASE TAKE NOTICE that, pursuant to Local Bankruptcy Rule 9013-1 and applicable Court procedures, Plaintiffs/Debtors Douglas Alan Wain and Elisa Wain (collectively, "Plaintiffs'/Debtors'") hereby notify the Court that as of the close of

1

NOTICE OF NON-OPPOSITION TO PLAINTIFFS'/DEBTORS' MOTION FOR LEAVE

business on February 19, 2026 — the deadline for filing oppositions to motions scheduled for hearing on March 5, 2026 — Defendant Central Bank and Trust Co. ("CBT") has filed **no opposition** to Plaintiffs'/Debtors' Motion for Leave.

As the deadline for a timely opposition has passed without any filing by CBT, and no request for extension of time was made, Plaintiffs/Debtors respectfully submit that CBT has waived its right to oppose the Motion for Leave and that the motion stands unopposed.

Plaintiffs therefore respectfully request that the Court grant Plaintiffs'/Debtors' Motion for Leave in its entirety.

Dated: February 23, 2026

Respectfully submitted,

Douglas A. Wain, Pro Per
Plaintiff/Debtor

Elisa Wain, Pro Per
Plaintiff/Debtor

Contact Information:
P.O. Box 7473
Westlake Village, CA 91359
Telephone: (859) 494-3677
Email: douglaswain@gmail.com

2
NOTICE OF NON-OPPOSITION TO PLAINTIFFS'/DEBTORS' MOTION FOR LEAVE

# CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2026, a true and correct copy of the foregoing **PLAINTIFFS'/DEBTORS' NOTICE OF NON-OPPOSITION TO PLAINTIFFS'/ DEBTORS' MOTION FOR LEAVE** was filed with the Clerk of the Court using the E-Dropbox electronic filing system. I further certify that I have served a true and correct copy via email, on the following parties:

William E. Ireland
HAIGHT BROWN & BONESTEEL LLP
555 South Flower Street, Forty-Fifth Floor
Los Angeles, California 90071
Telephone: (213) 542-8000
Email: wireland@hbblaw.com
*Counsel for Defendant Central Bank & Trust Co.*

Elizabeth F. Rojas
S. Renee Sawyer Blume
Office of the Chapter 13 Trustee
15260 Ventura Blvd., Suite 710
Sherman Oaks, CA 91403
Email: lrojas@ch13wla.com
Email: rblume@ch13wla.com

United States Trustee
915 Wilshire Boulevard, Suite 1850
Los Angeles, CA 90017
Email: USTP.Region16@usdoj.gov

Douglas A. Wain, Pro Per Plaintiff/Debtor

NOTICE OF NON-OPPOSITION TO PLAINTIFFS'/DEBTORS' MOTION FOR LEAVE

→] Business & Commercial Login    $ Online Payments

**⬤ Central Bank**    **EXHIBIT T**    →] Login

SCAM ALERT: Scams involving spoofed numbers and the impersonation of local bank employees to obtain customer information are on the rise. PLEASE DO NOT PROVIDE PASSWORDS OR DEBIT CARD PIN NUMBERS. WE WILL NEVER ASK FOR THIS INFORMATION. If you receive a suspicious phone call or text message, please use caution and contact us at the number on the back of your credit or debit card or dial (859) 253-6359.



# Protecting the Elderly From Financial Abuse

June 14, 2019

## What Is Elder Financial Abuse?

It's a crime that deprives older adults of their resources and ultimately their independence. Anyone who sees signs of theft, fraud, misuse of a person's assets or credit, or use of undue influence to gain control of an older person's money or property should be on the alert. Those are signs of possible exploitation. Older Americans that may have disabilities or rely on others for help can be susceptible to scams and other fraud. Advances in technology can also make it difficult for seniors to know who to trust and what's safe.

Despite these threats, taking simple steps to safeguard personal information and being aware of warning signs can protect aging men and women from financial abuse.

## Tips for Seniors:

⤴ Business & Commercial Login    💲 Online Payments

 Central Bank    ⤴ Login

institution, an attorney, or financial advisor about the best options for you.

- Shred receipts, bank statements and unused credit card offers before throwing them away.

- Carefully choose a trustworthy person to act as your agent in all estate-planning matters.

- Lock up your checkbook, account statements and other sensitive information when others will be in your home.

- Order copies of your credit report once a year to ensure accuracy.

- Never give personal information, including Social Security Number, account number or other financial information to anyone over the phone unless you initiated the call and the other party is trusted.

- Never pay a fee or taxes to collect sweepstakes or lottery *winnings*.

- Never rush into a financial decision.  Ask for details in writing and get a second opinion.

- Consult with a financial advisor or attorney before signing any document you don't understand.

- Get to know your banker and build a relationship with the people who handle your finances. They can look out for any suspicious activity related to your account.

- Check references and credentials before hiring anyone. Don't allow workers to have access to information about your finances.

- Pay with checks and credit cards instead of cash to keep a paper trail.

- Feel free to say *no*. After all, it's your money.

- You have the right not to be threatened or intimidated. If you think someone close to you is trying to take control of your finances, call your local Adult Protective Services or tell someone at your bank.

- Trust your instincts. Exploiters and abusers often are very skilled. They can be charming and forceful in their effort to convince you to give up control of your finances. Don't be fooled—if something doesn't feel right, it may not be right. If it sounds too good to be true, it probably is.

## CATEGORIES

Credit Cards

General

Mortgage Loans

New Product/Feature

Online Banking

Press Release


## Questions?

**859-253-6222**

## Meet us in person.

**Our Locations**

## Not a customer?

**Apply online**

Privacy & Security    Accessibility    Fraud Hub    Central Bank. Member FDIC     Equal Housing Lender

©2026 Central Bancshares. All Rights Reserved.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
P.O. Box 7473, Westlake Village, CA 91359

A true and correct copy of the foregoing document entitled (*specify*): Debtors' Objection to Confirmation of Chapter 13 Plan as to the Proof of Claim of Central Bank & Trust Co. (Claim No. 19)

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) N/A — Debtors are not registered CM/ECF Users; this document was filed via the court's E-Dropbox electronic filing system, and any NEF service is generated by the clerk upon filing. Service by Debtors on parties is set forth in Section 3 below.

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) N/A — no service by United States mail was made. will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) May 21, 2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
**Method of service for all parties listed below: EMAIL**

**COUNSEL FOR CREDITOR CENTRAL BANK & TRUST CO.:**
William E. Ireland, Esq.
Haight Brown & Bonesteel LLP
555 South Flower Street, Forty-Fifth Floor
Los Angeles, California 90071
Telephone: (213) 542-8000
Email: wireland@hbblaw.com

**CHAPTER 13 TRUSTEE:**
Elizabeth F. Rojas
S. Renee Sawyer Blume
Office of the Chapter 13 Trustee

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

15260 Ventura Blvd., Suite 830
Sherman Oaks, CA 91403
Email: lrojas@ch13wla.com
Email: rblume@ch13wla.com

**UNITED STATES TRUSTEE:**
Office of the United States Trustee
915 Wilshire Boulevard, Suite 1850
Los Angeles, CA 90017
Email: USTP.Region16@usdoj.gov

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 21, 2026 | Douglas A. Wain | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**