Douglas A. Wain, Pro Per, Elisa Wain, Pro Per
P.O. Box 7473, Westlake Village, CA 91359
douglaswain@gmail.com 859.494.3677

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

In re

Douglas Alan Wain, Elisa Wain,

Debtors,

**CASE NO. 1:24-bk-11814-MB**

**CHAPTER 13**

**JUDGE: HON. Martin R. Barash**

**DEBTORS' RESPONSE TO TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

**Hearing Date**: June 4, 2026
**Time:** 9:30 AM
**Courtroom:** 303
**Address:** 21041 Burbank Blvd. Woodland Hills, CA 91367

## DEBTORS' RESPONSE TO TRUSTEE'S OBJECTION

## TO CONFIRMATION OF CHAPTER 13 PLAN

TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE:

Debtors Douglas Alan Wain and Elisa Wain ("Debtors"), proceeding pro se, respectfully respond to the Trustee's Objection to Confirmation of Chapter 13 Plan filed by the Honorable Elizabeth F. Rojas, Chapter 13 Trustee, on May 27, 2025 (Doc 45) (the "Trustee Objection"). This Response is filed pursuant to 11 U.S.C. §§ 1322, 1324, and 1325, and Federal Rule of Bankruptcy Procedure 3015.

DEBTORS' RESPONSE TO TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

Debtors note at the outset that this is not their first response to the Trustee Objection. On May 29, 2025, Debtors filed a 144-page response on this docket. That filing remains on file with the Court and is referenced for the Court's convenience. The present Response supplements and updates the May 29, 2025 filing in light of substantial developments in the intervening twelve months, including: (i) this Court's March 5, 2026 directive authorizing Debtors to file an objection to confirmation; (ii) the procedural posture of the pending Rule 3007 Objection to Claim (Doc 38) and Motion for Summary Judgment (Doc 8) in this case; (iii) the procedural posture of Adversary Proceeding No. 1:25-ap-01026-MB; and (iv) Debtors' May 21, 2026 Objection to Confirmation of Chapter 13 Plan as to the Proof of Claim of Central Bank & Trust Co. (Claim No. 19) (the "CBT POC Objection"), filed concurrently with this Response.

Through her May 27, 2025 Objection, the Chapter 13 Trustee identified four discrete deficiencies in the proposed plan: (1) a best-efforts concern under 11 U.S.C. § 1322 and § 1325 regarding the unknown value of "numerous lawsuits" listed in Debtors' schedules; (2) a means-test concern under 11 U.S.C. § 1325(b), reflecting a calculated required payment of $1,978 against the proposed plan payment of $200; (3) a best-interests-of-creditors concern under 11 U.S.C. § 1325(a)(4), reflecting a Chapter 7 distribution of $12,000 against a plan distribution of $5,720 and an asserted $338,431 in nonexempt personal-property equity; and (4) a single objecting creditor — "Central Bank & Trust (recourse loan – $357,000 jmt)(Bill Ireland)" — together with general statements regarding plan feasibility.

Debtors respectfully submit that each of the four deficiencies traces, directly and exclusively, to the same source: the Proof of Claim filed by Central Bank & Trust Co. ("CBT") on December 20, 2024 in the asserted amount of $357,990.91 (Claim No. 19, the "CBT POC"). CBT is the sole objecting unsecured creditor identified by the Trustee. CBT's asserted claim is the sole driver of the means-test computation. The litigation assets that produce the asserted $338,431 in nonexempt

DEBTORS' RESPONSE TO TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

equity are, in their overwhelming substance, claims against CBT itself. And CBT's asserted "recourse loan" status — the basis on which the Trustee characterizes its claim — is itself the central legal issue scheduled for adjudication before this Court on June 4, 2026.

Each of the four Trustee deficiencies is therefore best understood not as an independent objection to confirmation, but as a downstream consequence of CBT's asserted-but-disputed claim. Disallowance of the CBT POC — which is the relief Debtors have sought through their Rule 3007 Objection to Claim (Doc 38, April 27, 2025) and their Motion for Summary Judgment (Doc 8, July 21, 2025), and which is set for hearing on June 4, 2026 — would resolve, simultaneously and at a single stroke, every concern the Trustee has raised.

Because each of the Trustee's identified deficiencies depends on the outcome of the CBT POC adjudication, Debtors respectfully request that this Court hold the Trustee's Objection in abeyance until the CBT POC is fully adjudicated through (i) Debtors' Rule 3007 Objection to Claim (Doc 38), (ii) the Sixth Claim for Relief in Adversary Proceeding No. 1:25-ap-01026-MB, and (iii) any appellate proceedings arising from the June 4, 2026 rulings on those matters. This procedural posture mirrors the abeyance order entered by the Kentucky Court of Appeals on January 29, 2026, which placed four pending KCOA matters in abeyance pending this Court's resolution of the bankruptcy proceeding.

Debtors emphasize what they are not requesting. Debtors are not asking this Court to overrule the Trustee's Objection on the merits. Debtors are not asking this Court to suspend their plan-payment obligations under 11 U.S.C. § 1326(a)(1).. Debtors are not asking this Court to dismiss the Trustee's Objection or to find the Trustee in error. Debtors simply ask that the confirmation determination await full resolution of the CBT POC dispute that drives each of the deficiencies the Trustee identified.

DEBTORS' RESPONSE TO TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

## RELIEF REQUESTED

WHEREFORE, Debtors respectfully request that this Court enter an Order:

- **HOLDING IN ABEYANCE** the Trustee's May 27, 2025 Objection to Confirmation of Chapter 13 Plan (Doc 45) and the determination of plan confirmation until full adjudication of (i) Debtors' Rule 3007 Objection to Claim (Doc 38), (ii) the Sixth Claim for Relief in Adversary Proceeding No. 1:25-ap-01026-MB, and (iii) any appellate proceedings arising from this Court's June 4, 2026 rulings on those matters;

- **PRESERVING** the Trustee's right to revisit, supplement, or withdraw her May 27, 2025 Objection following the conclusion of the abeyance period, and Debtors' corresponding right to respond on a settled claim landscape; and

- **GRANTING** such other and further relief as this Court deems just and proper.

Debtors thank the Court for its consideration and for its continued patience with this matter.

Dated: May 21, 2026

Respectfully submitted,

**Douglas A. Wain, Pro Se**

Debtor

P.O. Box 7473

Westlake Village, California 91359

douglaswain@gmail.com

(859) 494-3677

4

DEBTORS' RESPONSE TO TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

**Elisa Wain, Pro Se**

Debtor

P.O. Box 7473

Westlake Village, California 91359

douglaswain@gmail.com

(859) 494-3677

DEBTORS' RESPONSE TO TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
P.O. Box 7473, Westlake Village, CA 91359

A true and correct copy of the foregoing document entitled (*specify*): Debtors' Response to Trustee's Objection to Confirmation of Chapter 13 Plan

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) N/A — Debtors are not registered CM/ECF Users; this document was filed via the court's E-Dropbox electronic filing system, and any NEF service is generated by the clerk upon filing. Service by Debtors on parties is set forth in Section 3 below.

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) N/A — no service by United States mail was made. <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) May 21, 2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
Method of service for all parties listed below: EMAIL

**COUNSEL FOR CREDITOR CENTRAL BANK & TRUST CO.:**
William E. Ireland, Esq.
Haight Brown & Bonesteel LLP
555 South Flower Street, Forty-Fifth Floor
Los Angeles, California 90071
Telephone: (213) 542-8000
Email: wireland@hbblaw.com

**CHAPTER 13 TRUSTEE:**
Elizabeth F. Rojas
S. Renee Sawyer Blume
Office of the Chapter 13 Trustee

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                     **F 9013-3.1.PROOF.SERVICE**

15260 Ventura Blvd., Suite 830
Sherman Oaks, CA 91403
Email: lrojas@ch13wla.com
Email: rblume@ch13wla.com

**UNITED STATES TRUSTEE:**
Office of the United States Trustee
915 Wilshire Boulevard, Suite 1850
Los Angeles, CA 90017
Email: USTP.Region16@usdoj.gov

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

May 21, 2026          Douglas A. Wain

| Date | Printed Name | Signature |
|------|--------------|-----------|

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                              **F 9013-3.1.PROOF.SERVICE**