DOUGLAS A. WAIN
ELISA WAIN
P.O. Box 7473
Westlake Village, CA 91359
Telephone: (859) 494-3677
Email: douglaswain@gmail.com
Debtors in Pro Per

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| **In re**<br><br>**DOUGLAS ALAN WAIN and ELISA WAIN,**<br><br>**Debtors.** | **Case No. 1:24-bk-11814-MB**<br><br>**Chapter 13**<br><br>**DEBTORS' OBJECTION TO PAYMENT OF CLAIM NO. 1 (CENTRAL BANK & TRUST CO.) UNDER THE CHAPTER 13 PLAN; REQUEST THAT CLAIM NO. 1 BE TREATED AS DISPUTED UNDER ANY PLAN; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DOUGLAS A. WAIN; INDEX OF EXHIBITS**<br><br>**Hon. Martin R. Barash**<br><br>**Continued Confirmation Hearing: October 22, 2026, 9:30 a.m.**<br>**Via ZoomGov**<br>**Courtroom 303, 21041 Burbank Blvd.**<br>**Woodland Hills, CA 91367** |

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................ 5

II. STATEMENT OF FACTS ........ 6

A. The January 20, 2021 Judgment and its paragraph 10. ........ 6

B. The February 8, 2021 sale, the February 24, 2021 confirmation order, and the March 12, 2021 distribution order. ........ 8

C. The March 3, 2021 garnishment. ........ 8

D. The March 7, 2024 Distribution Order and the absence of any appeal. ........ 9

E. Claim No. 1 and its amendments. ........ 11

F. The September 24, 2026 hearing and the Court's order. ........ 11

III. ARGUMENT ........ 13

A. Under Kentucky law, personal liability after a judicial sale is liability for "any deficiency that existed after the sale," measured by the proceeds against the debt. None existed here, and CBT never asked the foreclosure court to find otherwise. ........ 13

B. The Judgment CBT drafted confirms the point: paragraph 10 conditioned any deficiency on the property selling for less than the Judgment Amounts. ........ 18

C. The March 7, 2024 Distribution Order is the Kentucky court's final, unappealed word on what CBT was entitled to receive, and 28 U.S.C. § 1738 bars this Court from supplying the deficiency adjudication Kentucky never made. ........ 20

D. Claim No. 1 is unenforceable under applicable law and must be disallowed under § 502(b)(1); CBT has never carried its burden under Rule 3001(f). ........ 23

E. Claim No. 1 should be treated as disputed under the plan, and distributions on it should be reserved until the Objection is finally determined. ........ 25

F. Preservation of issues. ........ 26

IV. RELIEF REQUESTED ........ 27

V. CONCLUSION ........ 28

DECLARATION OF DOUGLAS A. WAIN ........ 29

INDEX OF EXHIBITS ........ 33

## TABLE OF AUTHORITIES

**Cases**

In re Campbell, 336 B.R. 430 (B.A.P. 9th Cir. 2005) ........ 24

Choate v. Bank of Cadiz & Trust Co., No. 2013-CA-001849-MR, 2015 WL 4154069 (Ky. Ct. App. July 10, 2015) (unpublished) ........ 14, 15, 17, 20, 31, 34

Choate v. Bank of Cadiz & Trust Co., No. 2015-CA-000435-MR, 2016 WL 3453326 (Ky. Ct. App. June 17, 2016) (unpublished) ........ 17, 31, 34

Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394 (1981) ........ 21

Grogan v. Garner, 498 U.S. 279 (1991) ........ 14

Harmon v. Kobrin (In re Harmon), 250 F.3d 1240 (9th Cir. 2001) ........ 5, 11, 13, 20, 23

Harvest Homebuilders LLC v. Commonwealth Bank & Trust Co., 310 S.W.3d 218 (Ky. Ct. App. 2010) ........ 15, 26

In re Hawkeye Entm't, LLC, 675 B.R. 595 (Bankr. C.D. Cal. 2025) ........ 21

In re Heath, 331 B.R. 424 (B.A.P. 9th Cir. 2005) ........ 24

In re Holm, 931 F.2d 620 (9th Cir. 1991) ........ 24

Kentucky Joint Stock Land Bank v. Farmers Exch. Bank, 119 S.W.2d 873 (Ky. 1938) 14, 15, 18, 20, 26

Kremer v. Chem. Constr. Corp., 456 U.S. 461 (1982) ........ 20

Lundell v. Anchor Constr. Specialists, Inc., 223 F.3d 1035 (9th Cir. 2000) ........ 24

Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373 (1985) ........ 20

Miller v. Admin. Office of the Courts, 361 S.W.3d 867 (Ky. 2011) ........ 21, 22

Owens v. First Commonwealth Bank of Prestonsburg, 706 S.W.2d 414 (Ky. Ct. App. 1985)15, 26

Pearman v. West Point Nat'l Bank, 887 S.W.2d 366 (Ky. Ct. App. 1994) ............... 14, 15, 16, 26

Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15 (2000) ............................................................. 23

Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443 (2007) ....................... 14

Wain v. Central Bank & Trust Co., No. 2021-CA-0202-MR, 2022 WL 16702687 (Ky. Ct. App. Nov. 4, 2022) (unpublished) ................................................................................ 22, 32, 34

Yeoman v. Commonwealth, Health Policy Bd., 983 S.W.2d 459 (Ky. 1998) ....................... 21, 22

**Rules**

Fed. R. Bankr. P. 3001(f) ................................................................................ 23, 24, 27

Fed. R. Bankr. P. 8002 ........................................................................................... 12

Ky. R. App. P. 3(A) ............................................................................................ 10, 20

Fed. R. Bankr. P. 3007 ........................................................................................ 13, 27

Fed. R. Bankr. P. 9014 ................................................................................... 13, 26, 27

Fed. R. Bankr. P. 3001(c) ..................................................................................... 24, 27

**Statutes**

11 U.S.C. § 105(a) ................................................................................................ 25

11 U.S.C. § 502(b) ............................................................................................. 26, 27

11 U.S.C. § 502(b)(1) ................................................................................ 14, 23, 24, 27

11 U.S.C. § 502(b)(2) ............................................................................................ 24

11 U.S.C. § 502(c)(1) .......................................................................................... 26, 27

11 U.S.C. § 502(j) ................................................................................................. 25

11 U.S.C. § 1325(a)(1) ........................................................................................... 25

28 U.S.C. § 158(a) ................................................................................................ 12

28 U.S.C. § 1738 ......................................................................... 5, 6, 13, 20, 23, 26, 27, 28

# I. INTRODUCTION

Debtors Douglas A. Wain and Elisa Wain object to any provision of, or any order confirming, a Chapter 13 plan that would treat Claim No. 1 of Central Bank & Trust Co. ("CBT") as an allowed unsecured claim entitled to distributions, and request that any distribution attributable to Claim No. 1 be held in reserve by the Chapter 13 Trustee until Debtors' Objection to Claim No. 1 (Doc. 38) has been resolved by a final order and any appeal from that order has been exhausted. No order on the Objection has yet been entered; at the hearing on September 24, 2026 the Court directed CBT to file a further amended proof of claim by October 30, 2026, and stated its other rulings on the record (the "September 24 Rulings"); no docket entry or written order memorializing those rulings has been entered on either docket, and the transcript has not yet been delivered. Debtors' plan (Doc. 15) has not been confirmed, and Debtors renew and supplement their objection to confirmation of any plan that would pay Claim No. 1 (Doc. 66). Debtors renew their request (Doc. 67) that the determination of confirmation await the determination of the Objection to Claim No. 1 (Doc. 38). Debtors make this objection in advance of the continued confirmation hearing set by the Chapter 13 Trustee for October 22, 2026 (Doc. 80), and make it to preserve their position for confirmation and for appeal, and because two documents in the record — the first drafted by CBT's own Kentucky counsel and the second signed by its counsel "Have seen," both entered by the Fayette Circuit Court — establish that CBT has no enforceable claim against Debtors.

Under Kentucky law, which governs here under 28 U.S.C. § 1738 and Harmon v. Kobrin, the personal liability that an in personam judgment carries forward after a judicial sale is liability for "any deficiency that existed after the sale" — and a deficiency is the amount, if any, by which the sale proceeds fell short of the debt. The net proceeds here, $605,035.42, exceeded the $358,412.72 debt; no deficiency existed after the sale; and CBT never asked the foreclosure court to find one — when it asked that court for its full Judgment, it received $66,884.60 and was

otherwise denied. Two documents in the record, the first drafted by CBT's own counsel and the second signed by its counsel "Have seen," confirm that. The first is the Judgment CBT obtained on January 20, 2021. Its paragraph 10 conditions any deficiency liability of Debtors on a single event: the property "sell[ing] for less than the Judgment Amounts awarded to Central Bank." (Ex. A ¶ 10.) The property sold on February 8, 2021 for $630,003.00, against a judgment of $358,412.72. The condition never occurred. Under the Judgment's own terms, no deficiency ever arose.

The second is the March 7, 2024 Distribution Order. When CBT asked the Fayette Circuit Court to distribute the sale proceeds, the court granted CBT's motion in part, denied it in part, awarded CBT $66,884.60, and declared the order final and appealable. (Ex. D ¶¶ 8, 10, 12.) CBT's counsel signed it "Have seen." (Ex. D at 4.) CBT did not appeal. Under 28 U.S.C. § 1738 and Kentucky preclusion law, that order is the last word of any court on what CBT was entitled to receive from the foreclosure it initiated. No Kentucky court has ever adjudicated a deficiency against Debtors, and CBT cannot obtain in this Court what it did not obtain, and did not appeal, in Kentucky.

Debtors respectfully acknowledge the Court's rulings at the September 24, 2026 hearing. This objection is not an attempt to reargue them; it is filed so that the plan does not become a vehicle for paying a claim whose allowance has not been finally determined and which Debtors intend to appeal once it is, and so that the issues stated here are preserved. Debtors ask that the plan treat Claim No. 1 as disputed and that distributions on it be reserved until the Objection to Claim No. 1 is finally determined, including any appeal.

## II. STATEMENT OF FACTS

### A. The January 20, 2021 Judgment and its paragraph 10.

On January 20, 2021, the Fayette Circuit Court, Ninth Division (Hon. Kimberly N. Bunnell), entered a Partial Summary Judgment, Judgment on the Pleadings, and Order of Sale in Central Bank

& Trust Co. v. Wain, No. 19-CI-00812 (the "Judgment"). (Ex. A.) The Judgment was tendered by CBT's counsel, Stoll Keenon Ogden PLLC. Its operative terms are these.

Paragraph 2 awarded CBT judgment in personam against Debtors, jointly and severally, in the amount of $358,412.72, with interest at the variable rate of the equity line agreement from March 6, 2019 (then 3.25% per annum, $31.13 per diem), plus costs and attorneys' fees to be determined (collectively, the "Judgment Amounts"). (Ex. A ¶ 2.) Paragraph 3 adjudged CBT to hold a second mortgage lien on the property at 2711 Barbados Lane, Lexington, Kentucky, "only subject to" the first mortgage lien of Ditech Financial LLC and its assignee NewRez LLC d/b/a Shellpoint Mortgage Servicing. (Id. ¶ 3.)

Paragraph 6 ordered the property sold at public auction on February 8, 2021. (Id. ¶ 6(A).) Paragraph 6(I) provided that if CBT itself purchased the property and "Central Bank's bid exceeds its judgment amount, Central Bank will be required to pay the difference in full." (Id. ¶ 6(I).) Paragraph 9 fixed the order of priority for the proceeds: (A) the Master Commissioner's costs and fees; (B) satisfaction of the first mortgage lien of Ditech/NewRez, "which is required to obtain Judgment herein prior to its obtaining any proceeds"; (C) "[t]he satisfaction of Central Bank's mortgage lien as adjudicated herein"; and (D) any remaining proceeds to be held "until further order of this Court for distribution to the Defendants as their interests may appear." (Id. ¶ 9.)

Paragraph 10 is the only provision of the Judgment that addresses a deficiency. It provides in full: "In the event the Property sells for less than the Judgment Amounts awarded to Central Bank herein, after payment of court costs, and fees, expenses, and costs of sale, the Defendants, Douglas A. Wain and Elisa Wain, shall be jointly and severally liable to Central Bank for any deficiency amount(s) which may remain after the sale of the Property and application of the net sale proceeds due to Central Bank." (Id. ¶ 10.) Paragraph 11 retained jurisdiction for further orders, including the

determination of attorneys' fees, and paragraph 12 declared the Judgment "final and appealable." (Id. ¶¶ 11, 12.)

**B. The February 8, 2021 sale, the February 24, 2021 confirmation order, and the March 12, 2021 distribution order.**

The Master Commissioner sold the property on February 8, 2021 to a third-party purchaser, Pavel Moskvich, for $630,003.00, which the Commissioner certified in the recorded deed "to be the full consideration paid." (Ex. U at 1; see also Ex. B ¶ 1.) The sale price exceeded the Judgment Amounts by more than $271,000. CBT did not bid.

By order entered February 24, 2021, the Fayette Circuit Court found that ten days had elapsed since the filing of the Master Commissioner's Report of Sale, that no objections had been filed, and ordered that "the sale of 2711 BARBADOS LANE is now CONFIRMED." (Ex. T.) On March 12, 2021, on CBT's motion, the court entered its Order for Delivery of Deed and Partial Distribution of Proceeds (the "March 12 Order"). (Ex. B.) The March 12 Order was tendered by CBT's counsel (Gregory D. Pavey, Stoll Keenon Ogden PLLC) and approved "Have seen" by counsel for Debtors and for NewRez. (Id. at 3.) It directed delivery of the deed to the purchaser, "who has paid the Master Commissioner the full purchase price" (id. ¶ 1); after payment of the Master Commissioner's costs and fees of $24,967.58, it directed that the balance of $605,035.42 be "held by the Master Commissioner until further Order of the Court" (id. ¶ 2); and its paragraph 4 released and discharged all liens against the property, "provided, however, the mortgage liens of Central Bank and NewRez … shall attach to the sale proceeds held by the Master Commissioner in the same priority order of the original mortgage liens of each lender." (Id. ¶ 4.)

**C. The March 3, 2021 garnishment.**

After the sale had been confirmed on February 24, 2021 at a price exceeding the Judgment (Ex. T), and nine days before its counsel tendered the March 12 Order acknowledging that

$605,035.42 was held by the court subject to CBT's lien, CBT caused two garnishments to issue on March 3, 2021: an Order of Wage Garnishment against Elisa Wain, directed to her employer, Fayette County Public Schools, and served on March 5, 2021; and a non-wage garnishment directed to Forcht Bank, on an affidavit of CBT's counsel. (Ex. C.) Each stated the full Judgment Amounts — "$358,412.72 + interest, atty. fees & costs" — as the sum due. (Id.) The affidavit itself conceded that the sum was "subject to credit for proceeds from the sale of collateral, which have not yet been received." (Id.) Fayette County Public Schools informed Mrs. Wain on March 17, 2021 that it had received "an order garnishment for $358,412.72" and that deductions would "begin on the next available pay date." (Id.) CBT collected $4,185.00 by garnishment. (Id.; see also Claim No. 1-2, Sloce-Mullins Decl. ¶ 7.) CBT has never accounted for the garnished funds in any version of Claim No. 1.

**D. The March 7, 2024 Distribution Order and the absence of any appeal.**

On May 22, 2023, CBT moved the Fayette Circuit Court for distribution of the proceeds. (Ex. P.) The motion asked the court to distribute the proceeds "first to Central Bank in the amount of $358,412.72 plus interest from March 6, 2019, costs and its attorneys' fees" — that is, to pay CBT's Judgment in full from the fund ahead of the first mortgage — on the theory that NewRez had waived its senior lien by inaction. (Id. at 1, 5.) CBT told the court that the fund had been "held by the Master Commissioner since February 8, 2021" and that of those funds "$358,412.72 should now be released and distributed first to pay Central Bank's Judgment in full." (Id. at 1.) U.S. Bank (NewRez's assignee) opposed, noting that CBT's lien was junior by a Subordination Agreement CBT itself had executed and that CBT "could have moved for distribution of the sale proceeds at any time after confirmation of the sale." (Ex. Q at 2, 6.) The court heard the motions on August 25, 2023. On March 7, 2024, it entered its Entry Granting Summary Judgment and Order of Distribution of Sale Proceeds (the "Distribution Order"). (Ex. D.) Paragraph 8 states that CBT's motion is

"GRANTED IN PART AND DENIED IN PART. The Motion is granted to the extent that the remainder of the sale proceeds shall be distributed as set forth herein. The Motion is otherwise denied." (Id. ¶ 8.) The order directed payment of $538,150.82 to U.S. Bank (successor to NewRez) on the first mortgage and $66,884.60 to CBT on its second mortgage lien. (Id. ¶ 10.) Paragraph 12 declares: "There being no just cause for delay, this is a final and appealable matter." (Id. ¶ 12.) The order was prepared by U.S. Bank's counsel and signed by CBT's counsel "Have seen." (Id. at 4.) The court had heard CBT's motion and U.S. Bank's motion together on August 25, 2023, on "the parties' respective responses to and replies in support of the Motions," with CBT represented by counsel. (Id. at 1.)

The Distribution Order does not adjudicate any deficiency against Debtors, does not find that the property sold for less than the Judgment Amounts, and does not award CBT any sum beyond $66,884.60. CBT did not file a notice of appeal within the thirty days allowed by Kentucky Rule of Appellate Procedure 3(A), or at any time. No appeal from the Distribution Order is pending. The only Kentucky appellate order touching the post-sale proceeds is the Court of Appeals' September 23, 2024 Order Denying Petitions for a Writ of Mandamus in Nos. 2024-CA-0730-OA and 2024-CA-0850-OA (Ex. N), which recites the $630,003.00 sale, the $66,884.60 distribution to CBT, and Debtors' contention that "the total sale proceeds of their property exceeded the amount of their indebtedness," and, having found the prerequisites for a writ unmet, states: "we need not address their claims of error. Nothing contained in this Order should be construed as a ruling on the merits of the allegations." (Ex. N at 3–5, 8.) CBT's former Vice President and Manager of Special Assets, Steven D. Hall, testified in the adversary proceeding that no deficiency judgment against Debtors was ever sought, discussed, or advised, and that he does not remember any appeal of the distribution. (Adv. Doc. 93, Ex. EE (Hall Tr.) 31:1–3, 33:14–24, 34:5–19, 75:21–76:15.)

**E. Claim No. 1 and its amendments.**

Debtors filed their Chapter 13 petition on October 30, 2024. On December 20, 2024, CBT filed Claim No. 1-1 in the amount of $357,990.91, supported by the declaration of its Kentucky litigation counsel, Timothy R. Wiseman. (Ex. E.) Debtors objected. (Doc. 38; see also Adv. Doc. 8.) (Doc. 66 referred to CBT's claim as "Claim No. 19"; the correct designation on the claims register is Claim No. 1, filed as Claim 1-1 and amended as Claim 1-2.) On November 19, 2025, the Court ruled that the claim "is based on" the Judgment, "reduced by $66,884.60" under the Distribution Order, and that under Harmon v. Kobrin (In re Harmon), 250 F.3d 1240, 1245 (9th Cir. 2001), the preclusive effect of the Kentucky orders is governed by Kentucky preclusion law; the Court directed CBT to brief that law. CBT's supplemental brief on Kentucky preclusion law (filed first in this case as Doc. 59 on January 8, 2026, then in the adversary proceeding as Adv. Doc. 28 on January 23, 2026) did not address paragraph 10 of the Judgment. Debtors' supplemental objection of May 21, 2026 (Doc. 66) raised paragraph 10 expressly. (Doc. 66, Part II at 27.)

On August 13, 2026, CBT's counsel wrote that Claim No. 1-1 contained a "clerical error" and that the correct figure was $357,944.91. (Ex. F.) On September 10, 2026, CBT told the Court that the amount of its claim "continue[s] to be evaluated." (Adv. Doc. 91.) On September 18, 2026, CBT filed an amended claim (Doc. 82), withdrew it on September 21, 2026 (Doc. 84), and filed it again the same day as Claim No. 1-2, supported by a declaration of Becky Sloce-Mullins and a payoff calculation "good through 12/19/2024" showing a per diem of $0.00 and interest of $83,900.27. (Ex. G.) Debtors' objections to Claim No. 1-2 are at Docs. 85 and 86 and are incorporated by reference.

**F. The September 24, 2026 hearing and the Court's order.**

At the hearing on September 24, 2026, the Court stated that it would overrule Debtors' objection to the extent it sought disallowance of Claim No. 1 in its entirety, directed CBT to file a

further amended proof of claim computing interest only through the petition date of October 30, 2024, stayed discovery in the adversary proceeding, stated that it would deny Debtors' motion for summary judgment in the adversary proceeding by separate written order, and indicated that Debtors' Objection to Claim No. 1 (Doc. 38) would be resolved together with the adversary proceeding. (Decl. of Douglas A. Wain ¶ 9.) No docket entry or written order memorializing these rulings has been entered on either docket. Debtors ordered the transcript of the hearing (Adv. Doc. 99; Order No. 26-MB-058), which has not yet been delivered; Debtors will conform this description to the transcript when it is received. On September 30, 2026, the Clerk continued the hearing on Doc. 38 to November 19, 2026 at 2:30 p.m., together with the pending motions and the status conference in the adversary proceeding. (Docket entries of Sept. 30, 2026.) No order allowing or disallowing Claim No. 1 has been entered, and no trial date has been set in the adversary proceeding. The Court gave CBT until October 30, 2026 to file the further amended claim; as of the date of this Objection, CBT has not filed it. Debtors intend to appeal from any order allowing Claim No. 1 in any amount, and reserve their right to do so under 28 U.S.C. § 158(a) and Fed. R. Bankr. P. 8002.

Debtors' Chapter 13 Plan was filed on November 11, 2024 (Doc. 15) and has not been confirmed. The Chapter 13 Trustee objected to confirmation (Docs. 18, 29, 45), as did CBT (Doc. 19); Debtors responded (Docs. 46, 47, 67) and objected to confirmation of any plan that would pay Claim No. 1 (Doc. 66). Debtors have made pre-confirmation payments to the Trustee of $200.00 per month; as of August 31, 2026 the Trustee had received $4,400.00, paid $440.00 in trustee fees, disbursed nothing to creditors, and held $3,960.00. (Doc. 81, Chapter 13 Trustee Periodic Accounting Report as of 8/31/2026.) The Trustee's report lists two claims: CBT's Claim No. 1 at $357,990.91 and Bank of America's Claim No. 2 at $12,434.37. (Id.) Debtors objected to Claim No. 2 (Doc. 35), and the Court sustained the objection at the hearing on May 1, 2025 (Doc. 42). Debtors lodged a proposed order on September 27, 2026 (Doc. 90); as of the date of this Objection, the order

has not been entered. Claim No. 1 is therefore the only claim that would receive any distribution under a plan; every dollar the plan pays to creditors will go to CBT unless the Court directs otherwise. The Trustee's report states her own rule: she "is required to pay all claims until the Court directs otherwise," and "the debtors must instead secure an order from the Court." (Id.) The continued confirmation hearing is set for October 22, 2026 at 9:30 a.m. (Doc. 80, Chapter 13 Trustee's Notice of Continued Confirmation Hearing.) Debtors' Objection to Claim No. 1 (Doc. 38) — a contested matter under Fed. R. Bankr. P. 3007 and 9014, filed on the Court's mandatory form with the notice required by LBR 3007-1 and served under Rule 3007(a)(2) — has been pending since April 27, 2025, fully briefed since February 2026, and is now set for November 19, 2026. (Doc. 75 (Debtors' July 6, 2026 request for ruling); docket entry of Sept. 30, 2026.)

## III. ARGUMENT

Debtors acknowledge that at the September 24, 2026 hearing the Court indicated that it does not accept the grounds stated in Parts III.A through III.C, which Debtors briefed in Doc. 66 (Parts II.B, II.C, II.D, III, and IV) and in Doc. 85. Debtors restate them here, in the order Kentucky law supplies them, and without the bad-faith and sanctions material of Doc. 66, for two reasons: no order on the Objection has been entered, so the grounds remain before the Court; and Debtors must preserve them for appeal. The relief that is new in this filing, and that does not depend on the Court revisiting its rulings, is in Part III.E: that Claim No. 1 be treated as disputed and that distributions on it be reserved.

### A. Under Kentucky law, personal liability after a judicial sale is liability for "any deficiency that existed after the sale," measured by the proceeds against the debt. None existed here, and CBT never asked the foreclosure court to find otherwise.

Under 28 U.S.C. § 1738 and Harmon v. Kobrin (In re Harmon), 250 F.3d 1240, 1245 (9th Cir. 2001), the framework the Court adopted on November 19, 2025, Kentucky law determines what

the January 20, 2021 Judgment means and what, if anything, remains enforceable against Debtors after the judicial sale of the collateral. "[T]he validity of a creditor's claim is determined by rules of state law," Grogan v. Garner, 498 U.S. 279, 283 (1991), and a claim that is unenforceable under that law is disallowed, 11 U.S.C. § 502(b)(1); Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450–51 (2007). Kentucky law answers in three parts.

First, the measure. The Court of Appeals stated it in one sentence in the very case CBT relies on: the debtor "was personally liable for the entire judgment indebtedness rendered on January 13, 2003, and remained personally liable for any deficiency that existed after the sale of the mortgaged real property." Choate v. Bank of Cadiz & Trust Co., No. 2013-CA-001849-MR, 2015 WL 4154069, at *2 (Ky. Ct. App. July 10, 2015) (unpublished) (citing Kentucky Joint Stock Land Bank v. Farmers Exch. Bank, 274 Ky. 525, 119 S.W.2d 873 (1938)). Two things are in that sentence. Before the sale, liability for the entire judgment; after the sale, liability for "any deficiency that existed after the sale." The sale does not erase the judgment; it partially satisfies it and fixes what is left to enforce, and what is left is the deficiency. Kentucky Joint Stock supplies the vocabulary: upon a commissioner's sale "the sold security became exhausted upon its sale," and the comparison the court draws is between "the net proceeds of the sale" and "the mortgage debt." 119 S.W.2d at 877 (also quoted in Pearman v. West Point Nat'l Bank, 887 S.W.2d 366, 367–68 (Ky. Ct. App. 1994)). On the same page the court described the obligors' liability after a judicial sale as liability "for any deficiency amount that the net proceeds of the sale of the mortgaged property failed to pay," and held that where "the net proceeds of the sale were insufficient to extinguish the mortgage debt," the obligors "are still responsible for such deficit." Id. A deficiency is the amount by which the proceeds fell short of the debt. The question, then, is whether a deficiency "existed after the sale," and it is answered by the sale: the net proceeds here were $605,035.42 (Ex. B ¶ 2) against a debt of $358,412.72 plus interest and costs (Ex. A ¶ 2). In Choate the proceeds were $167,193.61 against a

$439,785 judgment; a deficiency existed after that sale. 2015 WL 4154069, at *2. Here the gross sale price exceeded the Judgment by $271,590.28 — 76 percent — and the net proceeds held by the court exceeded it by $246,622.70, or 69 percent: the Master Commissioner held a fund nearly 70 percent larger than the entire debt, subject to CBT's lien, for three years. (Ex. B ¶¶ 2, 4.) On the measure Kentucky law supplies, no deficiency existed after this sale. CBT's answer is to read "net proceeds of the sale" as the net proceeds applied to CBT — $66,884.60 — so that a deficiency "existed" as to CBT. But the words describe the sale, not a creditor's share of it; Kentucky Joint Stock, Pearman, and Choate each measure the proceeds against the debt, and none imports a priority scheme into the definition of a deficiency. The only way to reach CBT's reading is to hold that a junior lienholder whose collateral sold for far more than its judgment nonetheless has a "deficiency" because a senior lien it had agreed to subordinate to was paid first. No Kentucky decision so holds, and CBT's own Judgment — which conditioned any deficiency on the property "sell[ing] for less than the Judgment Amounts," with full knowledge that the first mortgage would be paid first (Ex. A ¶¶ 9, 10) — says the opposite. (Part III.B.)

Second, the mechanism. When a creditor contends that a deficiency exists after a judicial sale, Kentucky practice is a motion in the foreclosure court. In Choate the bank "filed a Motion for Deficiency Judgment," 2015 WL 4154069, at *1, and the resulting judgment "serves to set forth the outstanding amount of deficiency by judicial act"; it is "a nonessential but logical step in the enforcement of a judgment." Id. at *2. The published decisions follow the same course. In Harvest Homebuilders LLC v. Commonwealth Bank & Trust Co., 310 S.W.3d 218, 219 (Ky. Ct. App. 2010), "[t]he purchase price of $67,000 did not satisfy the outstanding judgment. Consequently, Commonwealth Bank filed a motion for deficiency judgment," and the circuit court awarded "the deficiency owed on the original judgment." See also Owens v. First Commonwealth Bank of Prestonsburg, 706 S.W.2d 414, 415 (Ky. Ct. App. 1985) (judicial sale of an aircraft). There, after a

judicial sale conducted by the Master Commissioner — which the court treated as a "non-code remedy" governed by KRS Chapter 426 rather than by the UCC, id. at 416 — "the bank filed a motion for a deficiency judgment," which "was sustained and judgment was entered," and the debtor was told that he "must look to the proceeds of the judicial sale for any credit on the indebtedness." Id. at 415–16. Nonessential because, where the proceeds fell short of the debt, the debtor's personal liability for the shortfall already existed under the judgment; logical because someone has to say how much remains. That describes a case in which a deficiency existed after the sale. It does not describe this one. Where the proceeds exceeded the debt, there is no deficiency for a deficiency judgment to quantify, and a creditor that contends otherwise — against the measure Kentucky law applies and against the text of its own Judgment (Part III.B) — must obtain that determination from the court that entered the Judgment and retained jurisdiction to enforce it. (Ex. A ¶ 11.) CBT never asked. Its former Vice President and Manager of Special Assets testified that no deficiency judgment against Debtors was ever sought, discussed, or advised. (Ex. K (Hall Tr.) 31:1–3, 33:14–24, 34:5–8.) The one time CBT did ask the foreclosure court for money — its 2023 motion for distribution of its full Judgment with interest and fees — the court awarded $66,884.60 and "otherwise denied" the motion. (Ex. D ¶¶ 8, 10; Part III.C.)

Third, the equity. The implied covenant of good faith in a mortgage "imposed upon the bank the duty to act in a bona fide manner throughout the foreclosure proceedings," and a bank whose conduct in the foreclosure prevented its customer's debt from being "liquidated … in the entirety" may not collect a deficiency: the breach "resulted in effacement of the deficiency." Pearman, 887 S.W.2d at 368. Kentucky courts thus look to what the collateral actually realized, not to what a creditor's own choices left it with. The collateral here realized $630,003.00. The only reason CBT received $66,884.60 rather than its full judgment is that CBT lent in 2006 as a second-position lienholder behind a first mortgage, by a Subordination Agreement it executed (Ex. Q at 2), and the

Judgment it drafted placed the first mortgage ahead of it in the proceeds. (Ex. A ¶ 9.) That is lien priority, a position CBT accepted for consideration when it made the loan. It is not a deficiency, and no Kentucky decision holds that a junior lienholder whose collateral sold for more than its judgment may recover the priority shortfall from the borrower personally.

CBT's response to these authorities has been a footnote citing Choate v. Bank of Cadiz & Trust Co., No. 2015-CA-000435-MR, 2016 WL 3453326, at *4 (Ky. Ct. App. June 17, 2016) (unpublished), disc. rev. denied (Ky. Apr. 19, 2017), for the proposition that a "trial court had jurisdiction to enforce its own judgment" and could allow collection of deficiency amounts pursued ten years after entry. (Adv. Doc. 28 at 5 n.3.) The 2016 decision concerns whether fire-insurance proceeds were exempt from garnishment; the passage CBT quotes recounts the 2015 decision in the same case (both at Ex. O). Read in full, Choate is Debtors' case. Its sequence is this one with a single difference: a 2003 judgment for $439,785 and order of sale; a master commissioner's sale; an "order of distribution" under which the bank received $167,193.61 "in partial satisfaction of the judgment indebtedness"; and then a "Motion for Deficiency Judgment" in the foreclosure court, on which the court entered a deficiency judgment that "merely set forth the current outstanding deficiency owed … and was simply a step in the enforcement of the … judgment." 2016 WL 3453326, at *3–4 (quoting 2015 WL 4154069, at *2). The difference is that in Choate the proceeds fell $272,000 short of the debt, so a deficiency existed after the sale; here they exceeded the debt by $240,000, so none did. At the September 24, 2026 hearing CBT described Choate as authority that a judge may enforce his own order. That is what it holds, and the judge who did the enforcing was the Trigg Circuit Court judge who had entered the foreclosure judgment, acting in the foreclosure case, on the bank's motion. Choate concerns the power of the court that entered a judgment over its own judgment. It says nothing about the power of any other court to declare a Kentucky deficiency that the measure Kentucky applies says did not exist. If CBT believes a deficiency remains, Choate

tells it where to go — the Fayette Circuit Court, which retained jurisdiction under paragraph 11, entered paragraph 10, and entered the March 7, 2024 order.

To be precise about what Debtors do and do not contend. Debtors do not ask the Court to find that the Judgment ceased to exist on February 8, 2021. An in personam judgment is both an adjudication and a collection right, and the adjudication continued: the Judgment remained final and binding on everyone as to what it decided, including paragraph 10; CBT's lien continued, moved by paragraph 4 of the March 12 Order from the property to the $605,035.42 fund in its original priority; the court's retained jurisdiction under paragraph 11 continued; and CBT's right to return to that court and ask for whatever it believed it was still owed continued — which it exercised on May 22, 2023. What Debtors contend is that on February 8, 2021 the security was exhausted, the debt was satisfied to the extent of the net proceeds, the measure Kentucky law applies to a deficiency was taken and came out in Debtors' favor, and any contention by CBT that a deficiency nonetheless existed belonged in the foreclosure court that entered the Judgment, which CBT never asked. When CBT answers that the Judgment is still a judgment, enforceable for fifteen years, the answer is correct and beside the point: what the Judgment enforces against Debtors personally after a sale that cleared the debt is nothing.

**B. The Judgment CBT drafted confirms the point: paragraph 10 conditioned any deficiency on the property selling for less than the Judgment Amounts.**

The Judgment contains one provision, and only one, that imposes deficiency liability on Debtors, and it is conditional: "In the event the Property sells for less than the Judgment Amounts awarded to Central Bank herein … the Defendants … shall be jointly and severally liable to Central Bank for any deficiency amount(s) which may remain." (Ex. A ¶ 10.) The condition is the sale price measured against the Judgment Amounts — the same comparison Kentucky Joint Stock and Choate draw. Paragraph 9(D) is the other branch of the same comparison: "[a]ny remaining proceeds of the

sale shall be held by the Master Commissioner until further order of this Court for distribution to the Defendants as their interests may appear." (Ex. A ¶ 9(D).) The Judgment CBT drafted thus provided for both outcomes — a surplus to Debtors under paragraph 9(D), a deficiency against Debtors under paragraph 10 — and made the sale price the switch between them. The property sold for $630,003.00 — 76 percent more than the $358,412.72 Judgment; the Judgment Amounts were $358,412.72 plus interest and costs. The condition did not occur, and the liability that depends on it never attached. CBT has said as much: its 2023 motion told the Kentucky court that the fund held since February 8, 2021 was sufficient to "pay Central Bank's Judgment in full." (Ex. P at 1.) A fund sufficient to pay the Judgment in full is, by definition, a sale that did not produce a deficiency.

That reading is the one the Judgment's other provisions require. Paragraph 6(I) draws the same comparison — "if Central Bank's bid exceeds its judgment amount" — in defining what CBT would have had to pay had it bought at its own sale. (Id. ¶ 6(I).) Throughout, the Judgment measures the sale against the judgment amount; nowhere does it measure CBT's share against the judgment amount. Paragraph 9 shows that CBT, which drafted the Judgment, knew that NewRez's first lien would be paid before its own; it nonetheless wrote paragraph 10 to turn on the sale price, not on "the net proceeds due to Central Bank." (Id. ¶¶ 9, 10.) Had CBT wanted deficiency liability whenever its own share of the proceeds fell short, it could have drafted paragraph 10 to say so. It did not, and the Fayette Circuit Court did not.

CBT's answer, to the extent it has offered one, is that paragraph 2 awarded judgment "in personam … until paid." Paragraph 2 fixes the amount of the debt as of January 20, 2021; paragraph 10 states the only circumstance in which Debtors remain personally liable for any part of it after the sale. To read paragraph 2 as an unconditional personal liability surviving the sale regardless of the sale price would render paragraph 10 surplusage and make paragraph 6(I)'s parallel measure unintelligible. CBT drafted the Judgment. It is bound by it. Nor is paragraph 2 a rival to paragraph

10; it is the liability that paragraph 10 conditions. An in personam judgment is a judgment for the whole debt, and under Kentucky law what it carries forward after a judicial sale is “any deficiency that existed after the sale.” Choate, 2015 WL 4154069, at *2; Kentucky Joint Stock, 119 S.W.2d 873. The point can be stated in one sentence: the in personam judgment carries forward only a deficiency that existed after the sale; none existed here, by Kentucky’s measure and by paragraph 10 of CBT’s own Judgment; and CBT never asked the foreclosure court to find otherwise — when it asked that court for its full Judgment, it received $66,884.60 and was otherwise denied.

**C. The March 7, 2024 Distribution Order is the Kentucky court’s final, unappealed word on what CBT was entitled to receive, and 28 U.S.C. § 1738 bars this Court from supplying the deficiency adjudication Kentucky never made.**

The Kentucky proceeding did not end with the sale. The March 12 Order held $605,035.42 “until further Order of the Court” with CBT’s lien attached to it in priority order. (Ex. B ¶¶ 2, 4.) CBT then moved for distribution. On March 7, 2024 the Fayette Circuit Court granted that motion in part, denied it in part, awarded CBT $66,884.60, and declared the order final and appealable. (Ex. D ¶¶ 8, 10, 12.) CBT’s counsel signed it “Have seen.” CBT did not appeal within the thirty days allowed by Ky. R. App. P. 3(A), or ever. That order is the last thing any Kentucky court has said about what CBT may receive on account of its Judgment.

Under § 1738 that order has in this Court the effect it has in Kentucky. A federal court must give a state-court judgment the same preclusive effect it would have in the courts of the rendering state. 28 U.S.C. § 1738; Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985); Kremer v. Chem. Constr. Corp., 456 U.S. 461, 466 (1982). In bankruptcy, the preclusive effect of a state judgment is therefore determined by the law of the rendering state, Harmon, 250 F.3d at 1245, and this Court applies the ordinary rule that “[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.”

In re Hawkeye Entm't, LLC, 675 B.R. 595, 613 (Bankr. C.D. Cal. 2025) (quoting Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)). Applying that rule, the Court held that a party's later effort to relitigate what a final order had resolved was "an impermissible collateral attack," because court orders "carry the full force of law unless and until extinguished through appropriate processes" — a direct appeal or a motion for relief from the order. Id. at 612 (quoting In re Shoot the Moon, LLC, 642 B.R. 21, 23 (Bankr. D. Mont. 2022)). CBT pursued neither as to the Distribution Order. Kentucky claim preclusion bars a later action between the same parties on the same claim after a final judgment on the merits, and reaches matters that were or could have been litigated. Yeoman v. Commonwealth, Health Policy Bd., 983 S.W.2d 459, 464–65 (Ky. 1998). Issue preclusion bars relitigation of an issue actually litigated, decided, and necessary to the judgment. Id.; Miller v. Admin. Office of the Courts, 361 S.W.3d 867, 872–73 (Ky. 2011). The parties are the same; the subject — what CBT is entitled to receive on its Judgment from the foreclosure it initiated — is the same; the order is final on its face; and the distribution proceeding, in the court that entered the Judgment, retained jurisdiction under paragraph 11, and held the proceeds, was where Kentucky law required CBT to assert any deficiency. And what CBT did assert there is the claim it asserts here: its May 22, 2023 motion asked the Fayette Circuit Court to pay it "$358,412.72 plus interest from March 6, 2019, costs and its attorneys' fees" out of the proceeds. (Ex. P at 5.) The court awarded $66,884.60 and "otherwise denied" the motion. (Ex. D ¶¶ 8, 10.) Claim No. 1 — $358,412.72 with interest from March 6, 2019, less $66,884.60 — is the denied portion of that motion, refiled in a different court. Nor did any Kentucky appellate court decide the question for it. CBT asserts that "[t]he Kentucky courts rejected the Wains' arguments about any 'deficiency judgment' issues" (Adv. Doc. 28 at 5 n.3), and for that it offers one sentence from the Court of Appeals' September 23, 2024 order denying Debtors' petitions for a writ of mandamus, which observed that U.S. Bank, "as a senior lienholder, was entitled to have its judgment satisfied by the

proceeds of the sale prior to the Central Bank being paid." (Id. at 3 n.2, quoting Ex. N at 7.) Three things about that order. First, the sentence concerns the priority of U.S. Bank's lien, which Debtors have never disputed and which CBT itself asked the Fayette Circuit Court to disregard in its 2023 motion. Second, the court was explaining why the extraordinary remedy of a writ was unavailable — because Debtors had an adequate remedy by appeal — not deciding anything: it said in terms that "we need not address their claims of error," and that "[n]othing contained in this Order should be construed as a ruling on the merits of the allegations." (Ex. N at 8.) Kentucky issue preclusion requires an issue actually decided and necessary to the judgment, Yeoman, 983 S.W.2d at 465; Miller, 361 S.W.3d at 872–73, and an order that disclaims any merits ruling decides nothing. Third, the order says nothing about paragraph 10 of the Judgment, about a deficiency, or about what CBT may recover from Debtors personally after the proceeds were distributed. The only Kentucky appellate decision on the merits is the November 4, 2022 opinion affirming the January 20, 2021 Judgment (No. 2021-CA-0202-MR) (Ex. S). By its own terms, "[t]he sole question presented on appeal is whether Central Bank was entitled to summary judgment as a matter of law," and the only issue decided was Debtors' unclean-hands defense. (Ex. S at 5–9.) The opinion does not mention the sale price, the proceeds, paragraph 10, a deficiency, or what CBT may recover from Debtors personally; it notes only that the order of sale directed the Master Commissioner to "apply the proceeds among the lienholders." (Id. at 5.) It was decided sixteen months before the Distribution Order and could not have adjudicated what CBT would receive from a distribution that had not yet occurred. CBT's statement that "[t]he Kentucky courts have been clear that Central Bank is entitled to the full amount of its judgment, including any deficiency remaining after the sale" (Adv. Doc. 28 at 3 n.2) has no source in either opinion. Whatever CBT asked for in its May 22, 2023 Motion for Distribution beyond the $66,884.60 it received, the Fayette Circuit Court "otherwise denied." (Ex. D ¶ 8.)

The two halves of the argument meet here. Parts III.A and III.B establish that under Kentucky's measure, and under the Judgment CBT drafted, no deficiency existed after the February 8, 2021 sale. Part III.C establishes that the foreclosure court's final, unappealed order — entered on CBT's own motion for its full Judgment — awards CBT $66,884.60 and nothing more. What the Court has been asked to do — to treat Claim No. 1 as the Judgment reduced by the distribution — is to declare, on a motion CBT never made to the court that entered the Judgment, a Kentucky deficiency that Kentucky's measure and CBT's own Judgment say did not exist. Section 1738 and Harmon, the Court's own framework, require this Court to apply Kentucky law as Kentucky would; they do not permit the Court to give CBT what the Fayette Circuit Court denied it. Every figure CBT has put forward in this Court confirms the point: $357,990.91 with interest from March 6, 2019 (Claim No. 1-1, Ex. E); then $357,944.91, to correct a "clerical error" (Ex. F); then a claim that "continue[s] to be evaluated" (Adv. Doc. 91); and then $357,990.91 again with a per diem of $0.00 (Claim No. 1-2, Ex. G). Four positions on the amount in twenty-one months, none derived from any adjudication, is what a claim looks like when no court has ever fixed it — because none has.

**D. Claim No. 1 is unenforceable under applicable law and must be disallowed under § 502(b)(1); CBT has never carried its burden under Rule 3001(f).**

Section 502(b)(1) requires disallowance of a claim to the extent it "is unenforceable against the debtor … under any agreement or applicable law." The applicable law is Kentucky's: the Judgment's paragraph 10 and the preclusive effect of the Distribution Order. Under both, CBT has no enforceable claim against Debtors beyond the $66,884.60 it has already received. The burden of proof on a claim in bankruptcy is the burden the substantive nonbankruptcy law assigns, because "the burden of proof is an essential element of the claim itself." Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20–21 (2000). Kentucky assigns to the creditor who contends a deficiency exists the task of obtaining that determination from the foreclosure court (Part III.A); that burden was CBT's

in Kentucky and remains CBT's here. Debtors do not contend that the defects in CBT's proofs of claim under Rule 3001(c) are themselves grounds for disallowance; the consequence of those defects is the loss of the presumption of validity and the remedies of Rule 3001(c)(3). In re Heath, 331 B.R. 424, 435 (B.A.P. 9th Cir. 2005); In re Campbell, 336 B.R. 430, 432 (B.A.P. 9th Cir. 2005). The ground for disallowance is § 502(b)(1): the claim is unenforceable under Kentucky law.

Nor has CBT ever carried its evidentiary burden. A proof of claim filed in accordance with the Rules is prima facie evidence of the claim's validity and amount, Fed. R. Bankr. P. 3001(f), but once the objector produces evidence sufficient to negate one or more of the claim's essential elements, the burden reverts to the claimant to prove the claim by a preponderance of the evidence. Lundell v. Anchor Constr. Specialists, Inc., 223 F.3d 1035, 1039 (9th Cir. 2000); In re Holm, 931 F.2d 620, 623 (9th Cir. 1991). Debtors produced that evidence long ago: the Judgment, the sale price, the Confirmation Order, the Distribution Order, CBT's own admission that it received $66,884.60, and Mr. Hall's testimony. CBT has responded with a declaration of its Kentucky litigation counsel (Claim No. 1-1), then a custodian's declaration that contradicts its own exhibit (Claim No. 1-2), and the shifting figures recounted in Part III.C. A claim its holder cannot state, and that no court has adjudicated, is not an allowed claim. Debtors also object under § 502(b)(2) to any component of a further amended claim that represents unmatured interest, and to any interest computed on a principal balance that does not credit the $66,884.60 distribution and the $4,185.00 garnishment as of the dates CBT received them. Debtors further object to any interest for any period after February 8, 2021. On that date the collateral was converted to a court-held fund of $605,035.42 — more than the entire debt — to which CBT's lien attached (Ex. B ¶¶ 2, 4). Interest is compensation for the use of money withheld; no Kentucky authority permits a creditor to accrue interest against a borrower for a period during which the foreclosure court held, subject to the creditor's own lien, a

fund sufficient to pay the debt several times over. The Court has limited interest to the petition date; Debtors preserve the position that the sale date is the cut-off Kentucky law supplies.

**E. Claim No. 1 should be treated as disputed under the plan, and distributions on it should be reserved until the Objection is finally determined.**

A plan may be confirmed only if it "complies with the provisions of this chapter and with the other applicable provisions of this title." 11 U.S.C. § 1325(a)(1). A plan that directs the Trustee to pay a claim that has not been allowed by any entered order, and whose allowance Debtors will appeal once it is, on the same footing as undisputed claims, risks distributing estate funds that cannot practically be recovered if the Objection or the appeal succeeds. The Court has ample authority to prevent that result: an allowed claim "may be reconsidered for cause," 11 U.S.C. § 502(j), and the Court may issue any order "necessary or appropriate to carry out the provisions of this title," 11 U.S.C. § 105(a). The Trustee's own report confirms that only an order of this Court can accomplish this: she "is required to pay all claims until the Court directs otherwise," and a letter from Debtors "will not stop payment on any claim." (Doc. 81.) Because Claim No. 1 is the only claim that would be paid under a plan — the Court having sustained Debtors' objection to Claim No. 2 (Docs. 35, 42; proposed order lodged Sept. 27, 2026, Doc. 90) — a reserve affects a single creditor and prejudices no one: if CBT prevails on appeal it receives the reserved funds with nothing lost; if Debtors prevail, the estate is not left to recover distributions already made. Debtors accordingly request that any order confirming a plan provide that Claim No. 1 is disputed, that the Chapter 13 Trustee hold in reserve any distribution that would otherwise be made on account of Claim No. 1, and that the reserved funds be distributed only upon further order of this Court after the Objection has been resolved by a final order and any appeal from that order has been exhausted. Such a reserve costs CBT nothing if it prevails on appeal; it protects the estate and the other creditors if Debtors do.

Debtors further request that the Court determine the Objection to Claim No. 1 (Doc. 38) at the hearing now set for November 19, 2026. Section 502(b) provides that upon objection the Court "shall determine the amount of such claim … and shall allow such claim in such amount, except to the extent that" it is unenforceable under applicable law or is for unmatured interest. 11 U.S.C. § 502(b). The Objection has been pending since April 27, 2025 and fully briefed since February 2026; Debtors asked for a ruling on July 6, 2026 (Doc. 75), and CBT did not respond. The questions it presents are questions of law on a documentary record: the terms of the Judgment, the sale, the March 12 Order, the Distribution Order, and their effect under § 1738. The Court has indicated that the Objection will be resolved together with the adversary proceeding, but no trial date has been set and discovery has been stayed, so that the determination § 502(b) requires has been deferred to an event that is not scheduled. Debtors respectfully request that the Court determine the Objection on the existing record at the November 19 hearing or, if the Court finds a genuine dispute of material fact, set an evidentiary hearing on the Objection alone under Fed. R. Bankr. P. 9014(d) at the Court's earliest convenience. In the alternative, if the Court concludes that the Objection cannot be determined before confirmation, § 502(c)(1) requires estimation of a claim whose liquidation "would unduly delay the administration of the case," and Debtors request that Claim No. 1 be estimated for purposes of confirmation. Whichever course the Court takes, the reserve requested above should apply until the Objection is determined by final order.

**F. Preservation of issues.**

Debtors preserve for appeal, and do not waive, each ground of objection stated in Doc. 38, Adv. Doc. 8, Docs. 66 (including Parts II.C, II.D, III, and IV), 85, and 86 and in this Objection, including without limitation: (1) that under Kentucky law no deficiency arose from the February 8, 2021 sale and none was ever adjudicated (Kentucky Joint Stock; Choate; Harvest Homebuilders; Owens; Pearman; Judgment ¶¶ 9(D), 10); (2) that the Distribution Order is a final Kentucky

adjudication entitled to preclusive effect under § 1738 and Kentucky law, and that this Court may not adjudicate a Kentucky deficiency in the first instance; (3) that Claim No. 1 is unenforceable under § 502(b)(1); (4) that CBT has not carried its burden under Rule 3001(f); (5) Debtors' evidentiary objections to the declarations supporting Claim Nos. 1-1 and 1-2 and any further amended claim; and (6) that the amended claims were filed without leave and without the disclosures required by Rule 3001(c). Debtors further note that Doc. 38 is an objection to a claim under Fed. R. Bankr. P. 3007 — a contested matter under Rule 9014, filed on the Court's mandatory form with the notice required by LBR 3007-1 and served as Rule 3007(a)(2) requires — and that it seeks only the relief Rule 3007 contemplates, disallowance under § 502; the adversary proceeding seeks additional relief, but the Objection stands on its own. Nothing in the plan, and nothing in Debtors' participation in confirmation, is a concession that Claim No. 1 is allowed or enforceable in any amount.

## IV. RELIEF REQUESTED

Debtors respectfully request that the Court: (1) sustain this Objection and determine that Claim No. 1, as amended, is not entitled to payment under the plan; (2) determine the Objection to Claim No. 1 (Doc. 38) under 11 U.S.C. § 502(b) at the November 19, 2026 hearing on the existing record, or set an evidentiary hearing on the Objection under Fed. R. Bankr. P. 9014(d), or in the alternative estimate Claim No. 1 under § 502(c)(1) for purposes of confirmation; (3) in the alternative, order that Claim No. 1 be treated as disputed under any confirmed plan and that the Chapter 13 Trustee hold in reserve all distributions attributable to Claim No. 1 until the Objection to Claim No. 1 (Doc. 38) has been resolved by a final order and any appeal has been exhausted, with distribution of the reserved funds only upon further order of this Court; (4) confirm that Debtors' objections to Claim No. 1 are preserved and not waived by confirmation; and (5) grant such other relief as the Court deems just.

## V. CONCLUSION

CBT wrote the Judgment that conditioned any deficiency on the property selling for less than the debt, and the property sold for more. CBT then asked the Kentucky court for its share of the proceeds, received $66,884.60, was denied the rest, and did not appeal. Those are CBT's own documents and CBT's own choices. Whatever the plan ultimately provides for other creditors, it should not pay CBT a sum that no court has ever awarded it and that its own Judgment says it is not owed — at least not until the Objection to Claim No. 1 has been finally determined, including any appeal on whether this Court was required to give the Kentucky orders the effect § 1738 commands.

DATED: October 6, 2026

Douglas A. Wain
Debtor, Pro Per

Elisa Wain
Debtor, Pro Per

# DECLARATION OF DOUGLAS A. WAIN

I, Douglas A. Wain, declare as follows:

1. I am a Debtor in this case, appearing pro per together with my wife, Elisa Wain. I have personal knowledge of the facts stated below and, if called as a witness, could and would testify competently to them. I make this declaration in support of Debtors' Objection to Payment of Claim No. 1 Under the Chapter 13 Plan.

2. Attached as Exhibit A is a true and correct copy of the Partial Summary Judgment, Judgment on the Pleadings, and Order of Sale entered January 20, 2021 in Central Bank & Trust Co. v. Wain, Fayette Circuit Court No. 19-CI-00812 (9 pages), as I received it from the Fayette Circuit Clerk.

3. Attached as Exhibit B is a true and correct copy of the Order for Delivery of Deed and Partial Distribution of Proceeds entered March 12, 2021 in the same action, tendered by CBT's counsel, as previously filed in this case as Exhibit B to Doc. 86.

4. Attached as Exhibit C is a true and correct copy of the garnishment papers issued at the request of Central Bank & Trust Co. in March 2021 (7 pages): the Order of Wage Garnishment against my wife, Elisa Wain, issued March 3, 2021 and directed to her employer, Fayette County Public Schools, with the Sheriff's Return showing service on March 5, 2021; the Affidavit for Writ of Non-Wage Garnishment filed March 3, 2021, naming Forcht Bank as garnishee; Stoll Keenon Ogden PLLC's letter of March 5, 2021 enclosing the Notice of Rights to Assert Exemption to Wage Garnishment; and the letter from Fayette County Public Schools to my wife dated March 17, 2021. These are the same papers previously filed in this case at Doc. 86, Exhibit C. The amount garnished from my wife's wages was $4,185.00.

5. Attached as Exhibit D is a true and correct copy of the Entry Granting Summary Judgment and Order of Distribution of Sale Proceeds entered March 7, 2024 in the same action (5 pages), as

previously filed in this case at Doc. 66, Part II at 46, and in the adversary proceeding as Exhibit A to my declaration of February 9, 2026 (Adv. Doc. 30 at 76–81). I reviewed the Fayette Circuit Court docket in that action on October 6, 2026; no notice of appeal from that order has ever been filed.

6. Attached as Exhibit E is a true and correct copy of Claim No. 1-1 as it appears on the claims register of this case, filed December 20, 2024, with the Declaration of Timothy R. Wiseman and Exhibits A through H (73 pages); the copy attached also bears the header of Doc. 19-1, to which CBT attached the same claim.

7. Attached as Exhibit F is a true and correct copy of the letter from CBT's counsel dated August 13, 2026, as previously filed in the adversary proceeding as Exhibit 9 to my declaration in support of Plaintiffs' Motion to Compel Written Discovery Responses (Adv. Doc. 80-1 at 46–50) (5 pages).

8. Attached as Exhibit G is a true and correct copy of Claim No. 1-2 as it appears on the claims register, filed September 21, 2026, with the Declaration of Becky Sloce-Mullins and Exhibits A through C (35 pages).

9. I attended the September 24, 2026 hearing in this case and in Adv. No. 1:25-ap-01026-MB. The description of the Court's statements at that hearing in Part II.F of this Objection is based on my notes and my recollection. I ordered the transcript of that hearing (Adv. Doc. 99; Order No. 26-MB-058); it has not yet been delivered to me. I reviewed both dockets on October 6, 2026; no docket entry or written order memorializing the Court's rulings at that hearing had been entered on either docket. Exhibit H is therefore omitted.

10. I reviewed the claims register on October 6, 2026; no further amended claim had been filed. The Court gave CBT until October 30, 2026 to file it. Exhibit I is therefore omitted.

11. [Intentionally omitted.] No written order on Debtors' motion for summary judgment in Adv. No. 1:25-ap-01026-MB had been entered as of the date of this declaration; Exhibit J is therefore omitted.

12. Attached as Exhibit K are true and correct copies of the cover page, page 1, pages 31, 33, 34, 75, and 76, and the reporter's certificate (pages 96–97) of the certified transcript of the deposition of Steven Dennis Hall taken August 21, 2026, the complete transcript of which is on file as Exhibit EE to Adv. Doc. 93.

13. Attached as Exhibit L is a true and correct copy of CBT's supplemental brief on Kentucky preclusion law, filed in this case on January 8, 2026 as Doc. 59 and in the adversary proceeding on January 23, 2026 as Adv. Doc. 28 (7 pages).

14. Attached as Exhibit M is a true and correct copy of the Chapter 13 Trustee Periodic Accounting Report as of August 31, 2026, filed August 31, 2026 as Doc. 81 (1 page).

15. Attached as Exhibit N is a true and correct copy of the Order Denying Petitions for a Writ of Mandamus entered by the Kentucky Court of Appeals on September 23, 2024 in Wain v. Bunnell, Nos. 2024-CA-0730-OA and 2024-CA-0850-OA, previously filed in the adversary proceeding as Exhibit K to my declaration of February 9, 2026 (Adv. Doc. 30 at 99–106) (8 pages).

16. Attached as Exhibit O are true and correct copies of Choate v. Bank of Cadiz & Trust Co., No. 2015-CA-000435-MR (Ky. Ct. App. June 17, 2016), the unpublished opinion cited by CBT, and Choate v. Bank of Cadiz & Trust Co., No. 2013-CA-001849-MR, 2015 WL 4154069 (Ky. Ct. App. July 10, 2015), the earlier unpublished opinion in the same case, both filed pursuant to LBR 9013-2(b)(4).

17. Attached as Exhibit P is a true and correct copy of CBT's Motion for Distribution of Proceeds filed May 22, 2023 in Fayette Circuit Court No. 19-CI-00812 (6 pages).

18. Attached as Exhibit Q is a true and correct copy of U.S. Bank Trust National Association's Response and Objection to Motion for Distribution of Proceeds filed June 1, 2023 in the same action (11 pages).

19. [Intentionally omitted.] Exhibit R is omitted.

20. Attached as Exhibit S is a true and correct copy of the Kentucky Court of Appeals' Opinion Affirming rendered November 4, 2022 in Wain v. Central Bank & Trust Co., No. 2021-CA-0202-MR, 2022 WL 16702687 (not to be published) (10 pages), filed pursuant to LBR 9013-2(b)(4).

21. Attached as Exhibit T is a true and correct copy of the Order Confirming Sale entered February 24, 2021 in Fayette Circuit Court No. 19-CI-00812 (2 pp.).

22. Attached as Exhibit U is a true and correct copy of the Replacement Deed of the Master Commissioner conveying 2711 Barbados Lane, Lexington, Kentucky, examined and approved by the Fayette Circuit Court in January 2022 and recorded January 31, 2022 in the office of the Fayette County Clerk at Deed Book 3913, Pages 31–35 (5 pp.).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 6, 2026, at Bradenton, Florida.

Douglas A. Wain
Debtor, Pro Per

# INDEX OF EXHIBITS

Exhibit A Partial Summary Judgment, Judgment on the Pleadings, and Order of Sale, Fayette Circuit Court No. 19-CI-00812, entered January 20, 2021 (9 pp.)

Exhibit B Order for Delivery of Deed and Partial Distribution of Proceeds, entered March 12, 2021 (3 pp.)

Exhibit C Order of Wage Garnishment (Elisa Wain / Fayette County Public Schools) and Affidavit for Writ of Non-Wage Garnishment (Forcht Bank), both March 3, 2021, with related papers (7 pp.)

Exhibit D Entry Granting Summary Judgment and Order of Distribution of Sale Proceeds, entered March 7, 2024 (5 pp.)

Exhibit E Claim No. 1-1, filed December 20, 2024, with Declaration of Timothy R. Wiseman and Exhibits A–H (also Doc. 19-1) (73 pp.)

Exhibit F Letter from CBT's counsel dated August 13, 2026 (5 pp.)

Exhibit G Claim No. 1-2, filed September 21, 2026, with Declaration of Becky Sloce-Mullins and Exhibits A–C (35 pp.)

Exhibit H [Omitted — transcript of September 24, 2026 hearing ordered (Adv. Doc. 99) but not yet delivered]

Exhibit I [Omitted — no further amended claim filed as of the date of this Objection]

Exhibit J [Omitted — no written order entered as of the date of this Objection]

Exhibit K Excerpts, certified transcript of the deposition of Steven Dennis Hall, August 21, 2026 (cover; pp. 1, 31, 33, 34, 75, 76; reporter's certificate) (from Adv. Doc. 93, Ex. EE) (9 pp.)

Exhibit L CBT's supplemental brief on Kentucky preclusion law, Adv. Doc. 28 (filed in this case as Doc. 59) (7 pp.)

Exhibit M Chapter 13 Trustee Periodic Accounting Report as of August 31, 2026, Doc. 81 (1 p.)

Exhibit N Kentucky Court of Appeals, Order Denying Petitions for a Writ of Mandamus, Nos. 2024-CA-0730-OA and 2024-CA-0850-OA, September 23, 2024 (8 pp.)

Exhibit O Choate v. Bank of Cadiz & Trust Co., 2016 WL 3453326 (Ky. Ct. App. June 17, 2016) and 2015 WL 4154069 (Ky. Ct. App. July 10, 2015) (unpublished; LBR 9013-2(b)(4)) (30 pp.)

Exhibit P CBT's Motion for Distribution of Proceeds, Fayette Circuit Court No. 19-CI-00812, May 22, 2023 (6 pp.)

Exhibit Q U.S. Bank's Response and Objection to Motion for Distribution of Proceeds, June 1, 2023 (11 pp.)

Exhibit R [Omitted]

Exhibit S Kentucky Court of Appeals, Opinion Affirming, Wain v. Central Bank & Trust Co., No. 2021-CA-0202-MR, November 4, 2022 (unpublished; LBR 9013-2(b)(4)) (10 pp.)

Exhibit T Order Confirming Sale, Fayette Circuit Court No. 19-CI-00812, entered February 24, 2021 (2 pp.)

Exhibit U Replacement Deed of the Master Commissioner, recorded January 31, 2022, Fayette County Deed Book 3913, Pages 31–35 (5 pp.)

# EXHIBIT A

ENTERED
ATTEST, VINCENT RIGGS, CLERK
JAN 20 2021
FAYETTE CIRCUIT CLERK
BY_______________ DEPUTY

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL BRANCH
NINTH DIVISION

CENTRAL BANK & TRUST CO. PLAINTIFF

V. **PARTIAL SUMMARY JUDGMENT, JUDGMENT ON THE PLEADINGS, AND ORDER OF SALE** NO. 19-CI-00812

DOUGLAS A. WAIN;
ELISA WAIN; and DITECH
FINANCIAL LLC[1], successor by merger
to GREEN TREE SERVICING LLC DEFENDANTS

**** **** **** ****

THIS matter having been brought before the Court upon the motion of the Plaintiff, Central Bank & Trust Co. (hereinafter "Central Bank" or the "Bank"), for Partial Summary Judgment, Judgment on the Pleadings and Order of Sale (collectively the "Motion"), under Kentucky Civil Rules of Procedure 56 on the grounds, among others, that there is no genuine issue of material fact and it is entitled to judgment as a matter of law; the Court having conducted a hearing and heard arguments of counsel; and the Court being sufficiently advised and having thoroughly reviewed and considered the evidence, pleadings, papers and record herein, the Court finds, holds and rules as follows:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The following Defendants were each duly served with Summons according to law and service on each Defendant is approved:

[1] On May 1, 2020, Shannon O'Connell Egan and Nathan H. Blaske of Dinsmore & Shohl LLP, counsel for NewRez LLC d/b/a Shellpoint Mortgage Servicing ("NewRez"), assignee of Ditech Financial, LLC, successor by merger to Green Tree Servicing, LLC filed an entry of appearance, submitting NewRez to the jurisdiction of this Court.

| DEFENDANT | METHOD OF SERVICE | DATE SERVED | ANSWER FILED |
|---|---|---|---|
| Douglas A. Wain | Fayette Co. Constable | 03-26-19 | 04-19-19 and 12-04-19 |
| Elisa Wain | Fayette Co. Constable | 03-26-19 | 04-19-19 and 12-04-19 |
| Ditech Financial LLC, successor by merger to Green Tree Servicing, LLC | Certified Mail to Registered Agent | 11-18-19 | 12-02-19 |
| NewRez LLC d/b/a Shellpoint Mortgage Servicing, assignee of Ditech Financial, LLC, successor by merger to Green Tree Servicing, LLC | | | 05-01-20 (Entry of Appearance) |

Venue is proper as the real estate sought to be foreclosed lies within the Court's jurisdictional boundaries.

The Court finds that all necessary parties are properly before the Court and the Court has subject matter jurisdiction over the issues in this case.

Central Bank has met its burden of proof on its Motion and is entitled to judgment under Civil Rule 56 and an order of sale of the subject Property, as hereinafter defined, as herein awarded below.

## JUDGMENT

**IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

1. The Motion of Plaintiff, Central Bank is sustained in its entirety.

2. Central Bank is awarded Judgment *in personam* against the Defendants, Douglas A. Wain and Elisa Wain (collectively, the "Wains"), jointly and severally, in the amount of $358,412.72, with interest thereon at the variable rate provided by the subject equity line agreement from March 6, 2019 until paid (currently 3.25% per annum, $31.13 per diem), late charges and such other costs, expenses and damages, including collection expenses, incurred or to be incurred, and attorneys' fees in an amount to be determined by the Court (hereinafter referred to as the "Judgment Amounts").

3. Securing the Judgment Amounts, Central Bank is adjudged to have a valid, enforceable, second mortgage lien on the certain real property described in the Complaint, Amended Complaint and the mortgage attached thereto as 2711 Barbados Lane, Lexington, Fayette County, Kentucky, which is more particularly described in **Exhibit A** attached hereto and incorporated herein by reference (the "Property"), which is only subject to the valid first mortgage lien of the Defendant, Ditech Financial, LLC ("Ditech"), successor by merger to Green Tree Servicing LLC, and/or its assignee, NewRez; and unpaid, delinquent *ad valorem* taxes, if any. Neither Ditech nor NewRez has filed or asserted a counterclaim or cross-claim in this action and neither party responded or disputed the Bank's Motion.

4. The duties and obligations of the Wains under the Gold Equity Line Agreement and the Gold Equity Line Mortgage (attached as Exhibits "A" and "B," respectively, to the Bank's Amended Complaint) shall be fully enforced by this Judgment.

**ORDER OF SALE**

5. The Property is a single residential lot with improvements thereon that cannot be divided without materially impairing the value thereof or the interest of the parties thereto, and the Property shall be sold **AS IS, WITH FAULTS, WITHOUT WARRANTIES OF ANY KIND**, as a whole for the purpose of enforcing the Judgment and Central Bank's mortgage lien herein adjudged against the Property.

6. The Property shall be immediately referred to the Master Commissioner of this Court for sale and shall be sold by the Master Commissioner upon the conditions set forth in RFCC 26(b)(4), which are incorporated herein by reference, and as follows:

A. The Master Commissioner is authorized, ordered and directed to advertise and appraise the Property and to offer the Property and any improvements and fixtures thereon at public auction, on the 8th day of February, 2021, at or about the hour of N/A, local time. The auction shall be held in person or, due to Covid-19, on-line on a secure, designated auction website open to the public.

B The Property shall be sold as a whole to the highest bidder on terms of 10% of the purchase price paid at the time of the sale with the balance to be paid within thirty (30) days, and, pursuant to KRS 426.705, any purchaser shall be required to execute bond with surety thereon to be approved by the Master Commissioner to secure the unpaid portion of the purchase price, with the bond to bear interest at the rate the judgment bears (3.25% per annum) from date of sale until paid, and the bond shall have the same force and effect as a judgment and shall remain and be a lien on the Property until fully paid.

C. The purchaser shall have the privilege of paying the entire purchase price in cash at time of sale or paying said bond before maturity by paying the principal amount thereof together with all interest accrued thereon until the date of said payment.

D. Before making sale of the Property, the Master Commissioner shall advertise the aforesaid time, terms and on-line location of the sale, together with a description of the Property to be sold, approximately 7 to 21 days prior to the date of sale by inserting an advertisement in a newspaper having general circulation in Fayette County.

E. Before making sale of the Property, the Master Commissioner shall have the Property appraised by two intelligent disinterested housekeepers of Fayette County, Kentucky, not related to any of the parties of this action. The appraisers shall be sworn by the Master Commissioner before making such appraisal and they shall return their appraisals in writing to the Master Commissioner, same to be a part of the record in this case.

F. The Master Commissioner shall, after making said sale, report same to this Court for further action herein.

G. In the event the purchaser of the Property fails to comply with the above terms of sale, then in such event the Master Commissioner shall immediately resell the Property upon further order of this Court, upon the same terms and conditions as hereinabove set forth.

H. The purchaser at the Master Commissioner's sale shall take the Property free and clear of the claims of the parties to this action and all existing liens recorded after the recording of Central Bank's Lis Pendens Notice, but subject to the following:

(1) Current year real estate taxes affecting the Property for which the purchaser shall take no credit on the purchase;

(2) Easements, restrictions and stipulations of record;

(3) Any matters that would be disclosed by an accurate survey or inspection of each of the Properties; and

(4) Any current assessments for public improvements levied against the Property.

I. In the event Central Bank purchases the Property, subparagraphs (B) and (C) of this paragraph shall not apply; provided, however, if Central Bank's bid exceeds its judgment amount, Central Bank will be required to pay the difference in full or provide deposit and pay interest until paid.

7. The Master Commissioner, the Court, and Central Bank shall not be deemed to warrant title of the Property to the purchaser.

8. Risk of loss shall pass to the successful bidder upon acceptance by the Master Commissioner of the final bid. The successful bidder/purchaser shall have an insurable interest in the purchased property immediately upon acceptance by the Master Commissioner of the final bid for the Property.

9. There are currently no delinquent *ad valorem* taxes due on the Property and therefore the proceeds of the sale shall be applied in the following order of priority:

A. The Master Commissioner's costs and fees;

B. The satisfaction of the mortgage lien of Ditech Financial, LLC, successor by merger to Green Tree Servicing, LLC, and/or its assignee, NewRez LLC d/b/a Shellpoint

Mortgage Servicing, which is required to obtain Judgment herein prior to its obtaining any proceeds;

C. The satisfaction of Central Bank's mortgage lien as adjudicated herein, including reimbursement for its costs, expenses and attorneys' fees as set forth herein; and

D. Any remaining proceeds of the sale shall be held by the Master Commissioner until further order of this Court for distribution to the Defendants as their interests may appear.

10. In the event the Property sells for less than the Judgment Amounts awarded to Central Bank herein, after payment of court costs, and fees, expenses, and costs of sale, the Defendants, Douglas A. Wain and Elisa Wain, shall be jointly and severally liable to Central Bank for any deficiency amount(s) which may remain after the sale of the Property and application of the net sale proceeds due to Central Bank.

11. Jurisdiction is retained for such further orders and proceedings as may be necessary, including but not limited to, a determination of reasonable attorney's fees under numerical paragraph 3 of this Judgment and, with respect to future attorneys' fees, expenses and costs incurred during the post-judgment process, including any appeal of this Judgment, Central Bank may apply for additional fees, expenses and costs as may be incurred in the future upon proper application to the Court related to the enforcement, collection and preservation of this Judgment on appeal. Further, the Wains have asserted a counterclaim that may be pursued separately from Central Bank's claims, as set forth in the Bank's motion and memorandum of law.

12. This is a final and appealable Judgment, and there is no just cause for the delay in the entry thereof.

13. Pursuant to CR 77.04, the Circuit Court Clerk shall serve notice of the entry of this Judgment and Order of Sale.

DATED this 19 day of Jan., 2021.

/S/ KIMBERLY N. BUNNELL
A TRUE COPY
ATTEST, VINCENT RIGGS, CLERK
FAYETTE CIRCUIT COURT
BY ______ D.C.

JUDGE, FAYETTE ~~CIRCUIT COURT~~

**TO BE ENTERED:**

STOLL KEENON OGDEN PLLC
300 W. Vine Street, Suite 2100
Lexington, Kentucky 40507
Phone: (859) 231-3000

By: ______
GREGORY D. PAVEY
ATTORNEYS FOR CENTRAL BANK

**HAVE SEEN AND APPROVED:**

/s/ JAMES H. FRAZIER, III
______
HON. JAMES H. FRAZIER, III
MASTER COMMISSIONER,
FAYETTE CIRCUIT COURT

**CLERK'S CERTIFICATE OF SERVICE**

This is to certify that a true copy of the foregoing was duly served by mail this 20 day of Jan, 2021, to:

James H. Frazier, III, Esq.
201 E. Main Street, Suite 770
Lexington, Kentucky 40507
MASTER COMMISSIONER

Gregory D. Pavey, Esq.
STOLL KEENON OGDEN PLLC
300 W. Vine Street, Suite 2100
Lexington, Kentucky 40507
ATTORNEYS FOR CENTRAL BANK

David W. Hemminger, Esq.
HEMMINGER LAW OFFICE, PSC
331 Townepark Circle, Suite 100-C
Louisville, Kentucky 40243
hemmingerlawoffice@gmail.com
ATTORNEY FOR DOUGLAS & ELISA WAIN

Paul M. Nalepka, Esq.
REISENFELD & ASSOCIATES LLC
3962 Red Bank Road
Cincinnati, OH 45227
KYE-Notifications@rslegal.com
ATTORNEYS FOR DITECH FINANCIAL, LLC,

Shannon O'Connell Egan
Nathan H. Blaske
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Shannon.Egan@dinsmore.com
Nathan.Blaske@dinsmore.com
ATTORNEYS FOR NEWREZ LLC d/b/a
SHELLPOINT MORTGAGE SERVICING,
ASSIGNEE OF DITECH FINANCIAL, LLC

Vincent Riggs

CLERK, FAYETTE CIRCUIT COURT

rdh/ 100443.163845
Doc#8403596.4

**PROPERTY DESCRIPTION**

Being all of Lot No. 17, Unit 1, of the Greenbriar Estates Subdivision, to the City of Lexington, Fayette County, Kentucky as shown by map or plat thereof of record in Plat Cabinet A, Slide 7, in the office of the Fayette County Clerk; said premises being known and designated as 2711 Barbados Lane, Lexington, Kentucky; and

Being the same property conveyed to Douglas A. Wain and Elisa Wain, husband and wife, by deed dated March 26, 1991 of record in Deed Book 1580, Page 347, in the office of the Fayette County Clerk.

**Parcel No. 22739900**

**EXHIBIT A**

# EXHIBIT B

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL BRANCH
NINTH DIVISION

CENTRAL BANK & TRUST CO. PLAINTIFF

V. **ORDER CONFIRMING REPORT OF SALE, FOR DELIVERY OF DEED AND PARTIAL DISTRIBUTION OF PROCEEDS** NO. 19-CI-00812

DOUGLAS A. WAIN;
ELISA WAIN; and DITECH
FINANCIAL LLC[1], successor by merger
to GREEN TREE SERVICING LLC DEFENDANTS

ENTERED
ATTEST, VINCENT RIGGS, CLERK
MAR 12 2021
FAYETTE CIRCUIT CLERK
BY ______ DEPUTY

**** **** ****

This cause having been heard upon the Motion of the Plaintiff, Central Bank & Trust Co. (hereinafter "Central Bank"), and the Court being sufficiently advised and having considered the same;

It is hereby ORDERED as follows:

1. The Master Commissioner of the Fayette Circuit Court is hereby directed to deliver a Deed conveying fee simple title in the subject real property known as 2711 Barbados Lane, Lexington, Fayette County, Kentucky, a description of which is attached hereto as Exhibit A, to Pavel Moskvich, the purchaser of said property, who has paid the Master Commissioner the full purchase price.

2. The Master Commissioner is hereby directed to disburse his costs and fees from the sale proceeds as follows:

---

[1] On May 1, 2020, Shannon O'Connell Egan and Nathan H. Blaske of Dinsmore & Shohl LLP, counsel for NewRez LLC d/b/a Shellpoint Mortgage Servicing ("NewRez"), assignee of Ditech Financial, LLC, successor by merger to Green Tree Servicing, LLC, filed an entry of appearance, submitting NewRez to the jurisdiction of this Court. NewRez has filed a Motion to be substituted for Ditech Financial, LLC.

| | | | |
|---|---|---|---|
| Master Commissioner | | | $630,003.00 |
| (a) | Fees | | |
| (b) | Appraisal | $ 5,000.00 | |
| (c) | Advertising | 350.00 | |
| (d) | Auctioneer Fee | 57.52 | |
| (e) | Report Fee: | 20,000.00 | |
| (f) | Deed Fee: | 50.00 | |
| (g) | Copies: | 50.00 | |
| (h) | Postage: | 7.00 | |
| | | 3.06 | |
| Less Deposit Paid by Plaintiff | | < 550.00> | |
| Net due Master Commissioner | | $24,967.58 | |
| Balance to be held by the Master Commissioner until further Order of the Court | | | < 24,967.58> $605,035.42 |

3. It is further ordered that the Defendants, Douglas A. Wain and Elisa Wain, and/or any current occupant, shall vacate the Property within 14 days from March 5, 2021. Defendants/occupants shall not remove any fixtures or improvements to the Property as they are part of the mortgaged Property. ~~In the event the Defendants/occupants fail to vacate the Property as ordered, the Sheriff shall forthwith remove the Defendants/occupants from the Property without further order of the Court~~. If the Defendants/occupants fail or refuse to vacate the Property as ordered, or if the Defendants/occupants remove any fixtures or improvements from the Property, they shall be subject to contempt of Court proceedings and damages.

4. The liens or interests of the parties hereto, and their successors in interest, and any *pendente lite* lienholder or claimant, existing against the Property herein are hereby released and discharged; provided, however, the mortgage liens of Central Bank and NewRez LLC d/b/a Shellpoint Mortgage Servicing, assignee of Ditech Financial LLC, shall attach to the sale proceeds held by the Master Commissioner in the same priority order of the original mortgage liens of each lender.

DATED this 12 day of March, 2021.

[signature]

JUDGE, FAYETTE CIRCUIT COURT

**HAVE SEEN AND APPROVED:**

JAMES H. FRAZIER III,
MASTER COMMISSIONER,
FAYETTE CIRCUIT COURT

**TENDERED BY:**

STOLL KEENON OGDEN PLLC
300 W. Vine Street, Suite 2100
Lexington, Kentucky 40507
(859) 231-3000

BY: GREGORY D. PAVEY, KBA 81049
ATTORNEYS FOR CENTRAL BANK

**HAVE SEEN**:

David W. Hemminger by permission GDP
DAVID W. HEMMINGER
ATTORNEY FOR DOUGLAS A. WAIN
AND ELISA WAIN

Shannon O'Connell Egan by permission GDP
SHANNON O'CONNELL EGAN
ATTORNEY FOR NEWREZ LLC d/b/a
SHELLPOINT MORTGAGE SERVICING,

**CLERK'S CERTIFICATE OF SERVICE**

This is to certify that a true copy of the foregoing was served by mail this 12 day of March, 2021 to:

James H. Frazier, III, Esq.
201 E. Main Street, Suite 770
Lexington, Kentucky 40507
MASTER COMMISSIONER

Gregory D. Pavey, Esq.
STOLL KEENON OGDEN PLLC
300 W. Vine Street, Suite 2100
Lexington, Kentucky 40507
ATTORNEYS FOR CENTRAL BANK

# EXHIBIT C

| | | |
|---|---|---|
| AOC-150.4<br>Rev. 5-06<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice<br>*www.kycourts.net*<br>CR 69.02 | **SHERIFF'S RETURN<br>FOR<br>WAGE GARNISHMENT** | Case No. 19-CI-[illegible]<br>Court CIRCUIT<br>County FAYETTE |

JUDGMENT DEBTOR:
ELISA WAIN

FILED
ATTEST: VINCENT RIGGS, CLERK
MAR 11 2021
FAYETTE CIRCUIT CLERK
BY [signature] DEPUTY

JUDGMENT CREDITOR: CENTRAL BANK & TRUST CO.

Amount Due: $ 358,412.72 + interest, atty. fees & costs (subject to credit)

Probable Court Costs: $ To be determined

THE GARNISHEE (EMPLOYER) IS:
**FAYETTE COUNTY PUBLIC SCHOOLS**
Payroll Department
1126 Russell Cave Road
Lexington, KY

Judgment Date: January 20, 2021

Creditor's Attorney:
STOLL KEENON OGDEN PLLC
300 W. Vine Street, Suite 2100
Lexington, KY 40507
Attn: R. Houston, Paralegal
(859) 231-3000

The Commonwealth of Kentucky
To the Sheriff of

FAYETTE County:

You are commanded to summon the Garnishee named above to answer in this action within twenty days from the service hereof; and you will make due return of this Order.

FAYETTE (County) Circuit Clerk, By: [signature] D.C. 3-3-21 (Date)

**SHERIFF'S RETURN**

The Order of Wage Garnishment was served by delivering to: Michelle Hash F.C.P.S. Payroll

this 5 day of March, 2021.

Served by: E. Sparks [signature]

NOTE TO SHERIFF:

Return original to Clerk (White) and retain copy (Canary).

Fayette County Constable 3rd District
Edward Sparks Constable
P.O. Box 1532
Lexington, KY 40588

TW

Court of Justice www.courts.ky.gov
KRS 425.501

AFFIDAVIT FOR WRIT OF NON-WAGE GARNISHMENT

Court CIRCUIT
County FAYETTE

Name : CENTRAL BANK & TRUST CO. JUDGMENT CREDITOR

FILED
ATTEST, VINCENT RIGGS, CLERK
MAR 03 2021
FAYETTE CIRCUIT CLERK
BY ______ DEPUTY

Name : DOUGLAS A. WAIN, ET AL JUDGMENT DEBTORS

The undersigned Affiant states she is counsel for the Judgment Creditor. Affiant further states:

1. The above-named Judgment Debtor is not now, nor has he been at any time during the pendency of this action in the active military service of the United States of America.
2. The Judgment is dated: **January 20, 2021**
3. The amount due on the judgment (subject to any credits due for any sums currently being processed) is **$358,412.72, plus interest, attorneys' fees and costs (subject to credit for proceeds from the sale of collateral, which have not yet been received)**
4. The following are indebted to said Judgment Debtor:

**FORCHT BANK**

**WHEREFORE:** Judgment Creditor prays for garnishment against Judgment Debtor; that the garnishee(s) named herein be made parties to action, and that the garnishee(s) be required to answer the garnishment(s) issued hereunder; and for its cost.

AFFIANT

Subscribed and sworn before me this 1st day of March, 20__

My commissi...

STOLL KEENON OGDEN PLLC

300 West Vine Street
Suite 2100
Lexington, KY 40507-1801
(859) 231-3000
www.skofirm.com

RHONDA D. HOUSTON
rhonda.houston@skofirm.com

March 5, 2021

VIA REGULAR MAIL AND
E-MAIL: hemmingerlawoffice@gmail.com

David W. Hemminger, Esq.
HEMMINGER LAW OFFICE, PSC
331 Townepark Circle, Suite 100-C
Louisville, Kentucky 40243

RE: Central Bank & Trust Co. v. Douglas A. Wain, Elisa Wain, et al
Fayette Circuit Court, Civil Action No. 19-CI-00812

Dear Mr. Hemminger:

Enclosed please find the Notice of Rights to Assert Exemption to Wage Garnishment regarding the Order of Wage Garnishment issued against Elisa Wain in the above-referenced matter.

Very truly yours,

STOLL KEENON OGDEN PLLC

Rhonda D. Houston, Paralegal

Enclosure
cc: Ms. Elisa Wain
2711 Barbados Lane
Lexington, Kentucky 40509

100443.163845/8474591.1

AOC-150 Doc Code: GW
Rev. 7-09

Commonwealth of Kentucky
Court of Justice www.courts.ky.gov

KRS 425.501-425.506;
CR 69.02

# NOTICE OF RIGHTS TO ASSERT EXEMPTION TO WAGE GARNISHMENT

Case No. 19-CI-00812

Court CIRCUIT

County FAYETTE

**TO JUDGMENT DEBTOR:**

ELISA WAIN
2711 Barbados Lane
Lexington, KY 40509
SSN: xxx-xx-1443

**JUDGMENT CREDITOR:** CENTRAL BANK & TRUST CO.

**Amount Due: $** 358,412.72 + interest, attorneys' fees & costs (subject to credit)

**Probable Court Costs: $** To be determined

**Judgment Date:** January 20, 2021

**Creditor's Attorney:**

STOLL KEENON OGDEN PLLC
300 W. Vine Street, Suite 2100
Lexington, KY 40507
Attn: R. Houston, Paralegal
(859) 231-3000

The Judgment Creditor is garnishing a portion of your wages to satisfy a judgment entered against you, which includes the Amount Due shown above, plus interest and costs. You may have a right to recover all or part of the money your employer will withhold, but you must follow the instructions given below.

**The Garnishee (Employer) is:**

**FAYETTE COUNTY PUBLIC SCHOOLS**
**Attention: Payroll**
**1126 Russell Cave Road**
**Lexington, KY 40505**

**IMPORTANT LEGAL NOTICE OF RIGHTS TO ASSERT EXEMPTION**

If you are not the actual Judgment Debtor named above, or if the judgment has been paid, immediately notify the Creditor's Attorney (or the Creditor if no attorney is named above) to avoid garnishment, or request a hearing from the Court (see below).

You are entitled to receive a copy of the first Affidavit and Answer of Garnishee (Employer) to be prepared by your employer in response to the garnishment of your wages. **Read it carefully.** Your employer is required to send you a copy of the form on the back of this notice each time garnished funds have been withheld from your paycheck **if the amount withheld is different from the amount previously withheld from your last paycheck.** If you do not receive a copy, request one from your employer. If refused, request a hearing from the Court (see below). **The percentage of disposable earnings exempted from each garnishment, where the pay period is weekly, is the greater of (A) 75% of disposable earnings or (B) for wages earned after 7/24/09 $217.50 (30 times the federal minimum hourly wage of $7.25).**

If you believe that your employer has completed the form incorrectly and withheld wages which are properly exempt, you must take the following steps: (1) Within thirteen (13) days of the **date on the payroll check from which funds have been withheld as a result of this garnishment,** go to the Circuit Clerk's office which issued this garnishment; (2) complete an Affidavit to Challenge Garnishment; (3) file the original of the Affidavit with the Clerk and keep a copy. The Clerk will set a hearing for you to appear in court to contest the garnishment of your wages. **The Clerk cannot give you legal advice. See a lawyer if you need legal advice.** If you do not appear in court for the hearing, you will lose your right to challenge that particular withholding. At the hearing, the judge will check the withholding made by your employer to determine if a mistake has been made. If a portion of your wages was improperly seized, the judge will order that it be returned to you. Otherwise, the judge will order that the garnishment proceed as planned. If you do not request a hearing within thirteen (13) days of the date on the payroll check, the wages withheld will be later sent to the Judgment Creditor. The Creditor's Attorney or the Clerk (if there is no Creditor's Attorney) will hold the garnished money received from your employer for 15 days from the issuance date on the employer's garnishment check. This is to allow you to assert any exemption.

***SEE REVERSE SIDE OF THIS NOTICE FOR SAMPLE OF ORDER OF WAGE GARNISHMENT***

AOC-150
Rev. 7-09

Commonwealth of Kentucky
Court of Justice www.courts.ky.gov

KRS 425.501-425.506;
CR 69.02

ORDER OF WAGE GARNISHMENT
(CONTINUOUS OR AS DESIGNATED)

Case No.________________

Court________________

County________________

JUDGMENT DEBTOR:

JUDGMENT CREDITOR:

Amount Due: $

Probable Court Costs: $

Judgment Date:

Creditor's Attorney:

TO THE GARNISHEE (EMPLOYER) NAMED BELOW:
You are hereby (1) restrained from paying to the Judgment Debtor, or to anyone for him/her, money, property or other evidence of debt in your possession belonging to him/her or in which he/she has any interest; and (2) **ordered to continuously withhold and safely remit to the creditor's attorney or to the Circuit Clerk (if there is no creditor's attorney) each pay period the non-exempt property of the Judgment Debtor withheld for that pay period until the amount due shown above plus interest and costs are paid in full, (or for only the succeeding pay periods _______).**

SEE REVERSE OF THIS ORDER FOR ADDITIONAL REQUIREMENTS AND INSTRUCTIONS.

______________________________Circuit Clerk, by:______________________________D.C.________________

Garnishee (Employer):

**<u>IMPORTANT NOTICE TO THE ABOVE JUDGMENT DEBTOR:</u> THE JUDGMENT CREDITOR IS GARNISHING A PORTION OF YOUR WAGES TO PAY A JUDGMENT ENTERED AGAINST YOU IN THE ABOVE COURT. YOU MAY HAVE A RIGHT TO RECOVER ALL OR PART OF THE MONEY YOUR EMPLOYER HAS WITHHELD FROM YOUR PAY. CAREFULLY REVIEW THIS FORM AND YOUR NOTICE OF RIGHTS TO ASSERT EXEMPTION TO WAGE GARNISHMENT YOU PREVIOUSLY RECEIVED. CLOSELY EXAMINE YOUR EMPLOYER'S CALCULATIONS REGARDING ANY WITHHOLDING PURSUANT TO THIS GARNISHMENT. IF YOU BELIEVE THAT YOUR EMPLOYER HAS WITHHELD TOO MUCH MONEY FROM YOU, GO TO THE OFFICE OF THE CIRCUIT CLERK WHICH ISSUED THIS GARNISHMENT WITHIN 13 DAYS OF THE DATE ON THE PAYROLL CHECK YOU RECEIVED FROM WHICH MONEY WAS WITHHELD PURSUANT TO THIS GARNISHMENT AND COMPLETE AN "AFFIDAVIT TO CHALLENGE GARNISHMENT".**

## GAG AFFIDAVIT AND ANSWER OF GARNISHEE (EMPLOYER)

Comes the undersigned Affiant, who after being duly sworn, states:

A. The social security number and name of the Judgment Debtor ("Employee") is:________________
Name:________________

B. The date on which this Order was originally served was:
________________

C. No funds are due employee because________________
________________

D. If no funds are withheld due to superior (earlier) garnishments, the number of those garnishments is:____.

E. The pay period of the remittance accompanying this return is from____________to____________.

F. The pay period of this employee is: (choose one)

( ) weekly ( ) bi-weekly ( ) semi-monthly ( ) monthly

1. Gross earnings $____________
2. Less amounts required by law to be withheld:
   Federal Income Tax $__________
   State Income Tax $__________
   Occupational Tax $__________
   Social Security $__________

TOTAL DEDUCTIONS $____________

3. Disposable earnings
   (Line 1 less Line 2) $____________
4. Exempt earnings:
   (a) 75% of line 3 $____________
   (b) $217.50 if weekly, or $471.25 if semi-monthly, or $942.50 if monthly $____________ — For wages earned after 7/24/09
   (c) **Enter greater of 4(a) and 4(b)** $____________
   (d) Ordered Child Support $____________
5. Non-exempt disposable earnings
   (Line 3 less Lines 4(c) and (d)) $____________

Remit the amount on Line 5 or the Amount Due shown at the top of this Order plus interest and costs, whichever is less, to the Creditor's Attorney or to the Circuit Clerk (if there is no Creditor's Attorney).

________________________________________
Affiant Position/Title

Subscribed and sworn to before me this___day of_______,
________. My Commission expires:

________________________________________Notary Public

It's about kids.
FAYETTE COUNTY PUBLIC SCHOOLS

March 17, 2021

Elisa Wain
2711 Barbados LN
Lexington, KY 40509

Dear Mrs. Wain,

Enclosed is a copy of an order garnishment for $358,412.72 which we received from Stoll Keenon Ogden, PLLC. Please keep enclosed copy for your personal records.

Deduction will begin on the next available pay date.

A phone number has been provided for further information. If the above Garnishment has been released or any type of payment arrangement made, we will require a copy of the release or payment arrangement **in writing** from the Creditor. All documentation can be faxed to the following number: 859-381-4208

If you have any questions, please call the Payroll Office at 859-381-4148

Thank you,

Adrian Thompson
Payroll Specialist

Enclosures

AN EQUAL OPPORTUNITY SCHOOL DISTRICT
Board of Education: Stephanie Spires, Chair • Raymond Daniels, Vice Chair • Daryl Love • Christy Morris • Tyler Murphy
Superintendent Emmanuel Caulk

AOC-150 Doc Code: GAG
Rev. 7-09

Commonwealth of Kentucky
Court of Justice www.courts.ky.gov

KRS 425.501-425.506;
CR 69.02

**ORDER OF WAGE GARNISHMENT**
**(CONTINUOUS OR AS DESIGNATED)**

Case No. 19-CI-00812
Court CIRCUIT
County FAYETTE

**JUDGMENT DEBTOR:**
ELISA WAIN
2711 Barbados Lane
Lexington, KY 40509
SSN: xxx-xx-1443

**JUDGMENT CREDITOR:** CENTRAL BANK & TRUST CO.

**Amount Due: $** 358,412.72 + interest, attorneys' fees & costs (subject to credit)

**Probable Court Costs: $** To be determined

**Judgment Date:** January 20, 2021

**Creditor's Attorney:**
STOLL KEENON OGDEN PLLC
300 W. Vine Street, Suite 2100
Lexington, KY 40507
Attn: R. Houston, Paralegal
(859) 231-3000

**TO THE GARNISHEE (EMPLOYER) NAMED BELOW:**
You are hereby (1) restrained from paying to the Judgment Debtor, or to anyone for him/her, money, property or other evidence of debt in your possession belonging to him/her or in which he/she has any interest; and (2) **ordered to continuously withhold and safely remit to the creditor's attorney or to the Circuit Clerk (if there is no creditor's attorney) each pay period the non-exempt property of the Judgment Debtor withheld for that pay period until the amount due shown above plus interest and costs are paid in full, (or for only the succeeding pay periods ______).**

SEE REVERSE OF THIS ORDER FOR ADDITIONAL REQUIREMENTS AND INSTRUCTIONS.

Fayette Circuit Clerk, by: [signature] D.C. 3/3/21
(Date)

**Garnishee (Employer):**

**FAYETTE COUNTY PUBLIC SCHOOLS**
**Attention: Payroll**
**1126 Russell Cave Road**
**Lexington, KY 40505**

**IMPORTANT NOTICE TO THE ABOVE JUDGMENT DEBTOR: THE JUDGMENT CREDITOR IS GARNISHING A PORTION OF YOUR WAGES TO PAY A JUDGMENT ENTERED AGAINST YOU IN THE ABOVE COURT. YOU MAY HAVE A RIGHT TO RECOVER ALL OR PART OF THE MONEY YOUR EMPLOYER HAS WITHHELD FROM YOUR PAY. CAREFULLY REVIEW THIS FORM AND YOUR NOTICE OF RIGHTS TO ASSERT EXEMPTION TO WAGE GARNISHMENT YOU PREVIOUSLY RECEIVED. CLOSELY EXAMINE YOUR EMPLOYER'S CALCULATIONS REGARDING ANY WITHHOLDING PURSUANT TO THIS GARNISHMENT. IF YOU BELIEVE THAT YOUR EMPLOYER HAS WITHHELD TOO MUCH MONEY FROM YOU, GO TO THE OFFICE OF THE CIRCUIT CLERK WHICH ISSUED THIS GARNISHMENT WITHIN 13 DAYS OF THE DATE ON THE PAYROLL CHECK YOU RECEIVED FROM WHICH MONEY WAS WITHHELD PURSUANT TO THIS GARNISHMENT AND COMPLETE AN "AFFIDAVIT TO CHALLENGE GARNISHMENT".**

**AFFIDAVIT AND ANSWER OF GARNISHEE (EMPLOYER)**

Comes the undersigned Affiant, who after being duly sworn, states:

A. The social security number and name of the Judgment Debtor ("Employee") is:________________
Name:________________

B. The date on which this Order was originally served was:
________________.

C. No funds are due employee because________________
________________.

D. If no funds are withheld due to superior (earlier) garnishments, the number of those garnishments is:____.

E. The pay period of the remittance accompanying this return is from__________to__________.

F. The pay period of this employee is: (choose one)
( ) weekly ( ) bi-weekly ( ) semi-monthly ( ) monthly

1. Gross earnings $__________
2. Less amounts required by law to be withheld:
   Federal Income Tax $__________
   State Income Tax $__________
   Occupational Tax $__________
   Social Security $__________

TOTAL DEDUCTIONS $__________

3. Disposable earnings (Line 1 less Line 2) $__________
4. Exempt earnings:
   (a) 75% of line 3 $__________
   (b) $217.50 if weekly, or $471.25 if semi-monthly, or $942.50 if monthly $__________ — For wages earned after 7/24/09
   (c) **Enter greater of 4(a) and 4(b)** $__________
   (d) Ordered Child Support $__________
5. Non-exempt disposable earnings (Line 3 less Lines 4(c) and (d)) $__________

Remit the amount on Line 5 or the Amount Due shown at the top of this Order plus interest and costs, whichever is less, to the Creditor's Attorney or to the Circuit Clerk (if there is no Creditor's Attorney).

________________________________
Affiant Position/Title

Subscribed and sworn to before me this___day of_______,
________. My Commission expires:

________________________________Notary Public

# EXHIBIT D

574227B8-BE18-45A4-A8C5-15A1B149A4C0 : 000001 of 000005

**COMMONWEALTH OF KENTUCKY**
**FAYETTE CIRCUIT COURT**
**DIVISION 9**
**CASE NO. 19-CI-00812**

***Electronically Filed***

**CENTRAL BANK & TRUST CO.** **PLAINTIFF**

**vs**

**DOUGLAS A. WAIN, *et al.*** **DEFENDANTS**

---

**ENTRY GRANTING SUMMARY JUDGMENT AND ORDER OF DISTRIBUTION OF SALE PROCEEDS**

---

This matter came before the Court on August 25, 2023, for a hearing on Substitute Defendant/Cross-Claimant U.S. Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For RCF 2 Acquisition Trust's ("U.S. Bank") *Motion For Summary Judgment On Its Cross-Claim* ("Motion for Summary Judgment") filed on July 3, 2023; Plaintiff Central Bank & Trust Co.'s ("Plaintiff") *Motion for Distribution* filed on May 22, 2023; and the parties' respective responses to and replies in support of the Motions. Central Bank, U.S. Bank, and Defendants Douglas A. Wain and Elisa Wain ("Defendants Wain") were represented by their respective counsel. The Court, having heard arguments of counsel, and having reviewed the pleadings, the Motions, the Affidavit of Jean Knowles, and other evidence, finds and orders as follows:

**<u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>**

1. U.S. Bank is the holder of a promissory note executed by Defendants Wain on March 5, 2008, in the original amount of $417,000.00 (the "Note"). The original, blank-endorsed Note was produced for inspection by U.S. Bank's counsel during the hearing on August 25, 2023.

JS : 000001 of 000005

Entered 19-CI-00812 03/07/2024 Vincent Riggs, Fayette Circuit Clerk

2. U.S. Bank is the mortgagee of record of a first mortgage that encumbered the real property commonly known as 2711 Barbados Lane, Lexington, Kentucky 40509 (the "Property"), along with all replacements and additions, and that was executed by Defendants Wain to secure the indebtedness evidenced by the Note (the "Mortgage"). The Mortgage was recorded in Book 6319, Page 226, and was assigned to U.S. Bank as evidenced by an Assignment of Mortgage recorded in Book 555, age 599, all in the office of the Clerk of Fayette County, Kentucky. The original Mortgage was produced for inspection by U.S. Bank's counsel during the hearing on August 25, 2023.

3. Defendants Wain are in default under the terms of the Note, as modified, and the terms of the Mortgage, and the sums due thereunder have been accelerated. There is due and owing to U.S. Bank on the Note and Mortgage the principal sum of $324,261.97, plus interest at the rate of 5.8750% per annum from July 1, 2019, as may be subsequently adjusted under the terms of the Note and 2019 Modification, together with a deferred principal balance of $106,431.58, plus late fees that continue to accrue, costs, attorney's fees, and other advances made pursuant to the terms of the Note as modified, Mortgage, and Kentucky law, for which U.S. Bank is entitled to a personal judgment against Defendants Wain.

4. On February 8, 2021, the Property was sold to a third party at a Master Commissioner's Sale pursuant to the *Partial Summary Judgment, Judgment on the Pleadings, and Order of Sale* entered in favor of Plaintiff on January 20, 2021. A portion of the sale proceeds were distributed under an *Order Confirming Report of Sale, For Delivery of Deed and Partial Distribution of Proceeds* entered on March 12, 2021, with the remaining sale proceeds of $605,035.42 being held pending further orders of the Court.

574227B8-BE18-45A4-A8C5-15A1B149A4C0 : 000002 of 000005

JS : 000002 of 000005

Entered 19-CI-00812 03/07/2024 Vincent Riggs, Fayette Circuit Clerk

574227B8-BE18-45A4-A8C5-15A1B149A4C0 : 000003 of 000005

5. There is no genuine issue of material fact, the equities favor U.S. Bank, and U.S. Bank is entitled to judgment on its Cross-Claim against Defendants Wain as a matter of law.

**SUMMARY JUDGMENT AND ORDER OF DISTRIBUTION**

6. IT IS ORDERED that U.S. Bank's Motion for Summary Judgment is GRANTED in its entirety.

7. IT IS FURTHER ORDERED that U.S. Bank is granted a *personal judgment* against Defendants Wain in the principal sum of $324,261.97, plus interest at the rate of 5.8750% per annum from July 1, 2019, as may be subsequently adjusted under the terms of the Note and 2019 Modification, together with a deferred principal balance of $106,431.58, plus late fees that continue to accrue, costs, attorney's fees, and other advances made pursuant to the terms of the Note as modified, Mortgage, and Kentucky law.

8. IT IS FURTHER ORDERED that Central Bank's Motion for Distribution is GRANTED IN PART AND DENIED IN PART. The Motion is granted to the extent that the remainder of the sale proceeds shall be distributed as set forth herein. The Motion is otherwise denied.

9. IT IS FURTHER ORDERED that the Master Commissioner is directed to disburse to U.S. Bank from the sale proceeds the following sums to satisfy its personal judgment against Defendants Wain:

| | |
|---|---|
| Unpaid principal balance: | $324,231.97 |
| Deferred balance: | $106,431.58 |
| Interest through 8/27/23: | $79,145.98 |
| Escrow/Other Advances: | $27,211.84 |
| Corporate Advance Balance: | $644.00 |
| Unpaid Late Charges: | $439.45 |
| Recording Fee: | $46.00 |
| **TOTAL:** | **$538,150.82** |

JS : 000003 of 000005

574227B8-BE18-45A4-A8C5-15A1B149A4C0 : 000004 of 000005

10. IT IS FURTHER ORDERED that after distribution of the sale proceeds to U.S. Bank as set forth herein, the remaining sale proceeds of $66,884.60 shall be distributed to Central Bank on its second mortgage lien as adjudicated in the *Partial Summary Judgment, Judgment on the Pleadings, and Order of Sale*.

11. Pursuant to CR 77.04, the Circuit Court Clerk shall serve notice of this Entry Granting Summary Judgment And Order Of Distribution Of Sale Proceeds.

12. There being no just cause for delay, this is a final and appealable matter.

/s/ HON. KIMBERLY BUNNELL
electronically signed
3/4/2024 6:58:46 PM ET

HON. KIMBERLY BUNNELL
JUDGE, FAYETTE CIRCUIT COURT

Prepared by:

/s/ *Shannon O'Connell Egan*
Shannon O'Connell Egan (87296)
Nathan H. Blaske (90369)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Tel: (513) 977-8261
Fax: (513) 977-8141
Email: shannon.egan@dinsmore.com
nathan.blaske@dinsmore.com

Have seen and approved:

/s/ James H. Frazier, III
Hon. James H. Frazier, III
Master Commissioner
Fayette Circuit Court

Have seen:

/s/ *Christopher G. Colson* (w/ em auth. 2/21/24)
Hon. Christopher G. Colson
Hon. Taft McKinstry
FOWLER BELL PLLC
300 W. Vine Street, Suite 600
Lexington, KY 40507
Email: CGColson@fowlerlaw.com
TMcKinstry@fowlerlaw.com
*Counsel for Plaintiff, Central Bank & Trust Co.*

Counsel refused to attest (per email 2/26/24)
Hon. David W. Hemminger
HEMMINGER LAW OFFICE, PSC
331 Townepark Circle, Suite 100-C
Louisville, KY 40243
Email: hemmingerlawoffice@gmail.com
*Counsel for Defendants Douglas and Elisa Wain*

JS : 000004 of 000005

Entered 19-CI-00812 03/07/2024 Vincent Riggs, Fayette Circuit Clerk

574227B8-BE18-45A4-A8C5-15A1B149A4C0 : 000005 of 000005

**CLERK'S CERTIFICATE OF SERVICE**

I hereby certify that on _______________, 2024, a true and correct copy of the foregoing was served through first class mail, upon:

Shannon O'Connell Egan, Esq.
Nathan H. Blaske, Esq.
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202

Hon. Christopher G. Colson
Hon. Taft McKinstry
FOWLER BELL PLLC
300 W. Vine Street, Suite 600
Lexington, KY 40507

Hon. David W. Hemminger
HEMMINGER LAW OFFICE, PSC
331 Townepark Circle, Suite 100-C
Louisville, KY 40243

Hon. Gregory D. Pavey
Hon. Timothy R. Wiseman
STOLL KEENON OGDEN, PLLC
300 W. Vine Street, Suite 2100
Lexington, KY 40507

_______________________________________
Clerk, Fayette Circuit Court

JS : 000005 of 000005

Entered 19-CI-00812 03/07/2024 Vincent Riggs, Fayette Circuit Clerk

# EXHIBIT E

Case 1:24-bk-11814-MB Claim 1-1 Filed 12/26/24 Main Document Page 1 of 3

**Fill in this information to identify the case:**

Debtor 1 Douglas Alan Wain

Debtor 2 (Spouse, if filing) Elisa Wain

United States Bankruptcy Court for the: Central District of California

Case number 1:24-bk-11814-MB

Official Form 410

# Proof of Claim

12/24

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

1. **Who is the current creditor?**

   Central Bank & Trust Co.
   Name of the current creditor (the person or entity to be paid for this claim)

   Other names the creditor used with the debtor ____________

2. **Has this claim been acquired from someone else?**

   ☑ No
   ☐ Yes. From whom? ____________

3. **Where should notices and payments to the creditor be sent?**

   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|
| Name: William E. Ireland; Haight, Brown & Bonesteel | Name: William E. Ireland; Haight, Brown & Bonesteel |
| Number Street: 555 S. Flower Street, 45th Floor | Number Street: 555 S. Flower Street, 45th Floor |
| City: Los Angeles State: CA ZIP Code: 90071 | City: Los Angeles State: CA ZIP Code: 90071 |
| Contact phone: (213) 542-8000 | Contact phone: (213) 542-8000 |
| Contact email: wireland@hbblaw.com | Contact email: wireland@hbblaw.com |

   Uniform claim identifier (if you use one):

   _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

4. **Does this claim amend one already filed?**

   ☑ No
   ☐ Yes. Claim number on court claims registry (if known) ______ Filed on ______ MM / DD / YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**

   ☑ No
   ☐ Yes. Who made the earlier filing? ____________

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

**6. Do you have any number you use to identify the debtor?**

☐ No
☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 1 7 9 2

**7. How much is the claim?**

$ 357,990.91. **Does this amount include interest or other charges?**

☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).
*See attached statement*

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Judgment; see attached declaration

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: ____________________

**Basis for perfection:** ____________________

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $____________

**Amount of the claim that is secured:** $____________

**Amount of the claim that is unsecured:** $____________ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $____________

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $____________

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: ____________________