amount then due and owing. Douglas Wain sent a reply on February 11, acknowledging receipt of the demand letter but disputing the interest rate and credit for payments previously made. The Wains also requested that Central Bank reinstate the loan. On February 22, Hall responded that Central Bank would only allow reinstatement of the loan under certain conditions and directed the Wains to respond to the offer by March 1. Prior to that date, Douglas Wain responded to Hall and expressed an interest in getting current on the loan. However, he did not accept Central Bank's condition of accepting an agreed judgment.

Thereafter, on March 6, 2019, Central Bank filed the current action against the Wains for breach of contract and foreclosure on the encumbered property.[1] The Wains filed an answer and counterclaim, asserting an affirmative defense of unclean hands on the part of Central Bank. Specifically, the Wains alleged that Central Bank failed to negotiate in good faith. The Wains also asserted claims for breach of contract, fraud, violation of the Truth-in-Lending Act (TILA), 15 U.S.C.[2] § 1666a, and the Kentucky Consumer Protection Act, KRS[3] 367.110 *et seq.*

---

[1] Subsequently, Central Bank filed an amended complaint naming the first mortgage-holder.

[2] United States Code.

[3] Kentucky Revised Statutes.

Following a period of discovery, Central Bank moved for partial summary judgment, judgment on the pleadings, and an order of sale. In support of the motion, Central Bank pointed to the following facts to which the Wains had admitted or were otherwise unrefuted:

- The Wains executed and delivered the Agreement, secured by a Mortgage, to Central Bank in June 2006;
- The Wains had access, at all relevant times, to their account information, including their outstanding balance and payment due, via Monthly Statements and Central Bank's online system, CardManager;
- The Wains accessed CardManager many times and used it to submit partial payments;
- The Wains have defaulted in payments on the Agreement;
- The amount owed on the Agreement is $380,684.43, with interest thereon at a variable rate as provided in the Agreement, currently at $31.13 per diem from July 8, 2020, until paid, and such other costs, expenses including collection costs, taxes and damages that may be incurred or to be incurred by Central Bank; and
- The Agreement is secured by the Mortgage, which is valid and enforceable to secure payment of the Agreement.

The trial court conducted a hearing on the motion on December 11, 2020. After considering the briefs and arguments of counsel, and after noting the undisputed facts set forth above, the trial court granted summary judgment and an

order of sale on January 20, 2021. The trial court found that Central Bank had a valid and enforceable second mortgage on the Wains' property to which it was entitled to foreclose. The judgment awarded Central Bank $358,412.72, plus interest from March 6, 2019, plus costs and attorney fees. The order of sale directed the Master Commissioner to sell the property and apply the proceeds among the lienholders. The trial court subsequently entered an order confirming the Commissioner's Report of Sale. Following the sale but prior to the confirmation of the Commissioner's Report, the Wains filed their current appeal.[4]

The sole question presented on appeal is whether Central Bank was entitled to summary judgment as a matter of law. "The proper function of summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[5] 56.03. The record must be viewed in a light most favorable to the party

[4] The Wains did not file a *supersedeas* bond or seek to stay the Commissioner's Sale.

[5] Kentucky Rules of Civil Procedure.

opposing the motion for summary judgment and all doubts are to be resolved in his favor. *Steelvest*, 807 S.W.2d at 480. The trial court must examine the evidence, not to decide any issue of fact, but to discover if a real issue exists. *Id.* Since a summary judgment involves no fact-finding, this Court's review is *de novo*, in the sense that we owe no deference to the conclusions of the trial court. *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

As discussed above, the Wains admitted that there was a valid mortgage on their property and that they were in default under the terms of the Agreement. However, the Wains argue that there were genuine issues of material fact which precluded summary judgment on their defense of unclean hands. The unclean hands doctrine is a rule of equity that forecloses relief to a party who has engaged in fraudulent, illegal, or unconscionable conduct but does not operate to "repel all sinners from courts of equity." *Dunscombe v. Amfot Oil Co.*, 201 Ky. 290, 256 S.W. 427, 429 (1923). "The transaction with respect to which there was misconduct must be connected with the matter in litigation in order for the doctrine of unclean hands to apply." *Eline Realty Co. v. Foeman*, 252 S.W.2d 15, 19 (Ky. 1952). *See Suter v. Mazyck*, 226 S.W.3d 837, 843 (Ky. App. 2007).

"In a long and unbroken line of cases this court has refused relief to one, who has created by his fraudulent acts the situation from which he asks to be extricated." *Asher v. Asher*, 278 Ky. 802, 129 S.W.2d 552, 553 (1939). A trial

court's decision to invoke the equitable defense of the unclean hands doctrine rests within its sound discretion. *See Petroleum Exploration v. Pub. Serv. Comm'n of Kentucky*, 304 U.S. 209, 218, 58 S. Ct. 834, 839, 82 L. Ed. 1294 (1938). The doctrine will not be applied to all misconduct, as when "the plaintiff has engaged in conduct less offensive than that of the defendant." *Suter*, 226 S.W.3d at 843. *See also Mullins v. Picklesimer*, 317 S.W.3d 569, 577 (Ky. 2010).

The Wains cite two cases in support of their contention that the doctrine of unclean hands is a fact-specific matter on which summary judgment is usually inappropriate. In *Memorial Hall Museum, Inc. v. Cunningham*, 455 F. Supp. 3d 347, 361 (W.D. Ky. 2020), a museum sued to recover two stolen Civil War uniforms that were in the possession of the defendant. The defendant argued that the museum's claim was barred by laches, but the museum argued that the defendant had unclean hands because he was aware that the uniforms had been stolen. Applying Kentucky law, the federal district court concluded that there were disputed issues of material fact regarding both parties' equitable claims. *Id.* at 362.

In *Cabot Turfway Ridge Defendants v. U.S. Bank National Association*, No. 2015-CA-001199-MR, 2017 WL 2211082, (Ky. App. May 12, 2017), a group of investors signed a promissory note and mortgage, but then turned over management of the encumbered property to their partners and tenants. When the Bank sought to foreclose on real property after a default, the investors argued

the Bank's action was precluded by laches and unclean hands. The investors argued that the Bank was aware of the tenants' misconduct and failed to require a timely cure to the tenants' defaults. This Court agreed that summary judgment was appropriate because the investors had not produced any evidence that the Bank aided in the tenants' fraud or that it knew of the improper conduct by the tenants. *Id.* at *7.

It is well-established that a party opposing a properly supported summary judgment motion cannot defeat it without presenting at least some affirmative evidence showing that there is a genuine issue of material fact for trial. *Steelvest*, 807 S.W.2d at 481. The facts and procedural posture of the current case are closer to those presented in *Cabot Turfway* than *Memorial Hall Museum*. The Wains contend that Central Bank failed to properly acknowledge their partial payments made in October 2018 but acknowledge that they remained in default under the Agreement. The Wains further assert that Hall misrepresented Central Bank's willingness to negotiate a resolution of their default without proceeding to foreclosure.

However, all of the conduct involving those negotiations occurred after Hall advised the Wains that Central Bank had elected to accelerate the balance due on the Agreement. Furthermore, Hall's February 22, 2019, email expressly conditioned any settlement on the Wains' agreement to pay all past due

amounts by March 15 and to execute an agreed judgment. The email also required the Wains' acceptance of these conditions by March 1. Douglas Wain's response did not clearly accept all of these conditions.

In any event, the negotiations did not involve the validity of the underlying loan or Central Bank's obligations involving that loan. Rather, the negotiations only concerned the Wains' efforts to seek Central Bank's forbearance on collection and foreclosure. Although Central Bank could have handled these matters differently, there is no showing that Hall's representations induced the Wains to act or fail to act to make a timely cure of their default. Under the circumstances, we agree with the trial court that there was no fraudulent, illegal, or unconscionable conduct that would preclude Central Bank from exercising its rights under the Agreement.

Accordingly, we affirm the summary judgment and order of sale entered by the Fayette Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANTS:

David W. Hemminger
Louisville, Kentucky

BRIEF FOR APPELLEE CENTRAL BANK AND TRUST COMPANY:

Gregory D. Pavey
Timothy R. Wiseman
Lexington, Kentucky

# EXHIBIT T

FAYETTE CIRCUIT COURT
CIVIL BRANCH
NINTH DIVISION

ENTERED
ATTEST, VINCENT RIGGS, CLERK
FEB 24 2021
FAYETTE CIRCUIT CLERK
BY ____ DEPUTY

CENTRAL BANK & TRUST CO. PLAINTIFF

VS. ORDER CONFIRMING SALE 19-CI-00812

DOUGLAS A. WAIN, ET AL DEFENDANT(S)

****************

It appearing to the court that ten (10) days have elapsed since the filing of the Master Commissioner's Report of Sale herein, no objections thereto having been filed, pursuant to RFCC (B) (5) it is hereby Ordered that the sale of 2711 BARBADOS LANE is now CONFIRMED.

Date: 2-23-21

JUDGE, NINTH DIVISION
JUDGE KIMBERLY N. BUNNELL

APPROVED BY:

JAMES H. FRAZIER, III
MASTER COMMISSIONER
FAYETTE CIRCUIT COURT

CERTIFICATE OF SERVICE

I do hereby certify that the above Order was entered and a filed copy of the Order mailed to the following persons this _____ day of FEB 24 2021, 2021.

Gregory D. Pavey
Stoll Kennon Ogden PLLC
300 West Vine Street, Ste. 2100
Lexington, KY 40507

David W. Hemminger
Hemminger Law Office, PSC
331 Townepark Circle, Ste. 100-C
Louisville, KY 40243

Paul M. Nalepka
Reisenfeld & Associates, LPA LLC
3962 Red Bank Road
Cincinnati, OH 45227

Shannon O'Connell Egan
Dinsmore & Shohl LLP
255 East Fifth Street, #1900
Cincinnati, OH 45202

Pavel Moskvich
217 Red Cedar Drive
Nicholasville, KY 40356

Kelli Shopshire
2357 Huguenard Drive
Lexington, KY 40503
Purchaser's Attorney

Fayette Circuit Court Clerk

By: Vincent Rigor
Deputy Clerk

# EXHIBIT U

# REPLACEMENT DEED OF THE MASTER COMMISSIONER

WHEREAS, in the equitable action of CENTRAL BANK & TRUST CO., Plaintiff V. DOUGLAS A. WAIN; ELISA WAIN; and NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING, ASSIGNEE OF DITECH FINANCIAL LLC, SUCCESSOR BY MERGER TO GREEN TREE SERVICING LLC, Defendant(s), being Civil Action No. 19-CI-00812 now pending in the Ninth Division of the Fayette Circuit Court, an Order was entered on January 20, 2021 directing the Master Commissioner of said Court to expose for sale the hereinafter described property; and whereas, said property was sold in accordance with said Order on February 8, 2021 and PAVEL MOSKVICH, a married person, became the purchaser at the price of Six Hundred Thirty Thousand Three And 00/100 Dollars ($630,003.00) which the undersigned Commissioner certifies to be the full consideration paid. Thereafter the report of said sale was approved and confirmed by said Court; and whereas, an Order was entered directing the Master Commissioner to execute a deed on behalf of all the parties to the above referenced action conveying all of their right, title and interest to PAVEL MOSKVICH, his heirs and assigns forever; and whereas said deed was delivered as ordered but was lost or misplaced and has not been filed of record in the Fayette County Clerk's Office.

NOW THEREFORE, this Indenture made and entered into this the 24th day of January, 2022 by and between JAMES H. FRAZIER, III, MASTER

Mail recorded deed to Purchaser
or to ____________________

COMMISSIONER OF THE FAYETTE CIRCUIT COURT, 201 East Main Street, Suite 770, Chase Tower, Lexington, KY 40507, for and on behalf of the above named parties, party of the first part, and, PAVEL MOSKVICH, 217 Red Cedar Drive, Nicholasville, Kentucky, 40356, party of the second part. The address for the purpose of mailing the property tax bill is: 217 Red Cedar Dr., Nicholasville, Ky 40356.

WITNESS TO: That for and in consideration of the full payment of the purchase price aforesaid, as appears of record in the above described action, the party of the first part has sold and by this writing does hereby grant and convey unto the party of the second part, his heirs and assigns forever, the following described property, to wit:

2711 BARBADOS LANE

Being all of Lot No. 17, Unit 1, of the Greenbriar Estates Subdivision, to the City of Lexington, Fayette County, Kentucky as shown by map or plat thereof of record in Plat Cabinet A, Slide 7, in the office of the Fayette County Clerk; said premises being known and designated as 2711 Barbados Lane, Lexington, Kentucky; and

Being the same property conveyed to Douglas A. Wain and Elisa Wain, husband and wife, by deed dated March 26, 1991 of record in Deed Book 1580, Page 347, in the office of the Fayette County Clerk.

TO HAVE AND TO HOLD the said property, together with all the rights, privileges and appurtenances thereunto belonging unto the party of the second part, his heirs and assigns forever.

The property conveyed hereby is conveyed "as is" "where is" without warranty.

This conveyance is made by the Master Commissioner only in his official capacity without any personal liability therefore.

IN TESTIMONY WHEREOF, the said James H. Frazier, III, as Master

Commissioner has hereunto subscribed his name this the 24th day of January, 2022.

JAMES H. FRAZIER, III
MASTER COMMISSIONER
FAYETTE CIRCUIT COURT

Examined and approved this
the 24th day of JAN., 2022.

JUDGE, NINTH DIVISION
JUDGE KIMBERLY N. BUNNELL

PURSUANT TO R.F.C.C. 2(d)

STATE OF KENTUCKY
FAYETTE CIRCUIT COURT

DATED: 1-24-22

The Master Commissioner produced to the Court the foregoing Deed to PAVEL MOSKVICH which was examined and approved by the Court and the said Commissioner acknowledged the same to be its act and deed; whereupon the same was Ordered to be and is hereby certified to the proper office for record.

ATTEST:
VINCENT RIGGS, CLERK
FAYETTE CIRCUIT COURT

BY: ______________________
DEPUTY CLERK

The undersigned grantee(s) hereby certifies that the purchase price heretofore set forth to be the full consideration paid for the above described property.

Pavel Moskvich
PAVEL MOSKVICH

STATE OF North Carolina

COUNTY OF Mecklenburg

Subscribed and sworn to before me by PAVEL MOSKVICH on this the 26 day of January, 2022.

My commission expires: 10/01/2026.

NOTARY PUBLIC

OFFICIAL SEAL
NOTARY PUBLIC, NORTH CAROLINA
JOSEPH GUERRERO
IREDELL COUNTY

PREPARED BY:

JAMES H. FRAZIER, III, MCFCC
201 EAST MAIN STREET
SUITE 770, CHASE TOWER
LEXINGTON, KENTUCKY 40507

I, Donald W Blevins Jr, County Court Clerk of Fayette County, Kentucky, hereby certify that the foregoing instrument has been duly recorded in my office.

By: MELISSA STELTER ,dc

202201310002

January 31, 2022 8:17:43 AM

| | | | |
|---|---|---|---|
| Fees | $50.00 | Tax | $.00 |

Total Paid $50.00

THIS IS THE LAST PAGE OF THE DOCUMENT

5 Pages

31 - 35

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and a Debtor in this bankruptcy case, appearing pro per. Service by a party is permitted under F.R.Civ.P. 5(b), made applicable by F.R.Bankr.P. 7005 and 9014. My business address is: P.O. Box 7473, Westlake Village, CA 91359

A true and correct copy of the foregoing document entitled (specify): Debtors' Objection to Payment of Claim No. 1 (Central Bank & Trust Co.) Under the Chapter 13 Plan; Request That Claim No. 1 Be Treated as Disputed Under Any Plan; Memorandum of Points and Authorities; Declaration of Douglas A. Wain; Index of Exhibits; Exhibits A–G, K–Q, S–U

will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) N/A — Debtors are not registered CM/ECF Users; this document was filed via the court's E-Dropbox (eDB) electronic filing system, and any NEF service is generated by the clerk upon entry. Service by Debtors on parties is set forth in Section 3 below.

☐ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>**: On (date) N/A — no service by United States mail was made.

☐ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) October 6, 2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Method of service for all parties listed below: EMAIL**

**COUNSEL FOR CREDITOR CENTRAL BANK & TRUST CO.:**
William E. Ireland, Esq.
Haight Brown & Bonesteel LLP
555 South Flower Street, Forty-Fifth Floor
Los Angeles, California 90071
Telephone: (213) 542-8000
Email: wireland@hbblaw.com

**CHAPTER 13 TRUSTEE:**
Elizabeth F. Rojas
S. Renee Sawyer Blume
Office of the Chapter 13 Trustee
15260 Ventura Blvd., Suite 830
Sherman Oaks, CA 91403
Email: lrojas@ch13wla.com
Email: rblume@ch13wla.com

**UNITED STATES TRUSTEE:**
Office of the United States Trustee
915 Wilshire Boulevard, Suite 1850
Los Angeles, CA 90017
Email: USTP.Region16@usdoj.gov

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| October 6, 2026 | Douglas A. Wain | |
| *Date* | *Printed Name* | *Signature* |